KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
JON B. STREETER - #101970
DARALYN J. DURIE - #169825
MICHAEL S. KWUN - #198945
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC., a California corporation,<br><br>Defendant. | Case No. C 02-01991 CRB ADR<br><br>**DEFENDANT GOOGLE INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Google Inc. ("Google") answers the complaint of Plaintiff Overture Services, Inc. ("Overture"), and alleges counterclaims against Overture, as follows:

**JURISDICTION AND VENUE**

1. Admitted.

**INTRADISTRICT ASSIGNMENT**

2. Google denies that assignment to the San Jose Division of this Court is "appropriate," because, pursuant to Civil Local Rule 3-2, patent infringement actions are properly assigned to any division of the Northern District of California.

**THE PARTIES**

3. Google is informed and believes that Overture is a Delaware corporation with its principal place of business at 75 North Pasadena Avenue, Pasadena, California 91103, and on that basis admits the allegations in paragraph 3 of Overture's complaint.

4. Admitted.

**INFRINGEMENT**

5. Google admits that the '361 patent issued on July 31, 2001, and that the assignee upon issuance was GoTo.com. Google is informed and believes that GoTo.com changed its name to Overture Services, Inc. on October 8, 2001, and on that basis admits that allegation. Except as expressly admitted, Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5 of Overture's complaint, and on that basis denies those allegations.

6. Google is informed and believes, and on that basis admits, that Overture operates a service located at www.overture.com that provides users the ability to search for paid listings. Except as expressly admitted, Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 6 of Overture's complaint, and on that basis denies those allegations.

7. Google admits that it operates a search engine located www.google.com. Google denies the remaining allegations in paragraph 7.

8. Denied.

9. Denied.

10. Denied.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**
**(Non-Infringement)**

11. Google repeats and realleges by reference paragraphs 1 through 10, above.

12. Google does not and has never infringed, contributorily infringed, or induced others to infringe any claim, properly construed, of U.S. Patent No. 6,269,361 (hereinafter, the

" '361 patent"), and is not liable for the alleged infringement of any such claim.

**Second Affirmative Defense**
**(Invalidity)**

13. Google repeats and realleges by reference paragraphs 1 through 10, above.

14. The '361 patent issued on July 31, 2001, after prosecution of U.S. Patent Application Serial No. 09/322,677, filed May 28, 1999. The patent identifies "GoTo.com" as the assignee of the patent at the time of issue.

15. Numerous printed publications dated more than one year prior to May 28, 1999 individually and/or in combination disclose the systems and services described and claimed by the '361 patent.

16. Google is informed and believes, and on that basis alleges, that GoTo.com operated a system as described and claimed by the '361 patent, which system was in public use and commercial use more than one year prior to May 28, 1999.

17. Google is informed and believes, and on that basis alleges, that by April 28, 1998, a system operated by GoTo.com in accordance with the description and claims of the '361 patent attracted more than 1,000 advertisers, including iVillage's The Women's Network, Gamespot, ABCnews.com, The Mining Company, NFL.com, CitySearch, eToys and ESPN SportsZone. Google is further informed and believes, and on that basis alleges, that, as of April 1998, GoTo.com's website was averaging seven million page views per month.

18. To the extent that there are any differences between the foregoing disclosures and public uses, individually and/or in combination, and the systems and services described and claimed by the '361 patent, those differences are such that the subject matter as a whole of the claims of the '361 patent would have been obvious to those of ordinary skill in the art as of more than one year prior to May 28, 1999.

19. For at least the foregoing reasons, Google is informed and believes, and on that basis alleges, that the '361 patent fails to meet one or more of the conditions for patentability and requirements set forth in 35 U.S.C. §§ 102, 103 and 112.

**Third Affirmative Defense**
**(Unenforceability)**

20. Google repeats and realleges by reference paragraphs 1 through 10 and 14 through 19, above.

21. During the prosecution of the patent application that led to the issuance of the '361 patent, GoTo.com submitted to the U.S. Patent and Trademark Office (hereinafter, the "USPTO") a declaration pursuant to 37 C.F.R. § 1.132 by Darren J. Davis, the lead named inventor of the '361 patent.

22. Google is informed and believes, and on that basis alleges, that the statements in Mr. Davis's declaration were false when made in at least the following respects:

    a. In paragraph 3 of his declaration, Mr. Davis states that the GoTo.com search engine as it existed in May 1998 "was a beta or test version of a system then under development," but Google is informed and believes, and on that basis alleges, that the GoTo.com search engine was a fully operational, public and commercial system as of May 1998.

    b. In paragraph 4 of his declaration, after discussing the account database limitation of claim 1 of the patent application, Mr. Davis states that the invention defined by claim 1 was not in existence as of May 1998, but Google is informed and believes, and on that basis alleges, that claim 1 of the patent application (including the account database limitation) read on the GoTo.com search engine that was in public and commercial use as of May 1998.

    c. In paragraph 15 of his declaration Mr. Davis states that the invention defined by claim 15 was not in existence as of May 1998, but Google is informed and believes, and on that basis alleges, that claim 15 of the patent application read on the GoTo.com search engine that was in public and commercial use as of May 1998.

23. Google is informed and believes, and on that basis alleges, that Mr. Davis knew that the statements in his declaration were false when made.

24. Google is informed and believes, and on that basis alleges, that the false

1 statements made by Mr. Davis were material to the decision by the USPTO to grant the '361
2 patent.

3     25.    At the same time the Davis Declaration was submitted to the USPTO, John G.
4 Rausch, outside patent counsel for GoTo.com, submitted an Amendment to the patent
5 application and accompanying Remarks. In the Remarks, counsel represented that Mr. Davis in
6 his declaration "specifies limitations of each independent claim, claims 1 as amended herein and
7 claims 11, 14, 15, 30, 52 and 68 that were not disclosed" in a May 19, 1998 press release that the
8 patent examiner had asserted was prior art that anticipated and/or rendered obvious the claims of
9 the patent application.

10     26.    Counsel's statement was false when made, because Mr. Davis's declaration failed
11 to specify any limitation of claims 15, 30, 52 or 68 that purportedly was not disclosed in the May
12 19, 1998 press release. Instead, for each of these claims Mr. Davis stated only that "the subject
13 matter of this claim as a whole was not disclosed in the May 19, 1998 press release."

14     27.    Google is informed and believes, and on that basis alleges, that counsel knew that
15 his statement was false when made.

16     28.    Google is informed and believes, and on that basis alleges, that the false statement
17 made by counsel was material to the decision by the USPTO to grant the '361 patent.

18     29.    The '361 patent is unenforceable for at least the foregoing acts of inequitable
19 conduct during the prosecution of the patent application that led to the grant of the '361 patent.

## COUNTERCLAIMS

### General Allegations

22     30.    As a result of Overture's allegations of infringement against Google, an actual
23 controversy exists as to issues of infringement, validity, and enforceability (or lack thereof with
24 respect to each issue) of the '361 patent.

25     31.    These counterclaims arise under the United States patent laws, 35 U.S.C. § 100 *et*
26 *seq.*, and the provisions for declaratory judgment under 28 U.S.C. §§ 2201-2202. This Court has
27 jurisdiction over the subject matter of these counterclaims under 28 U.S.C. § 1338.

28     32.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

33. Counterclaimant Google is a California corporation with its principal place of business in Mountain View, California.

34. On information and belief, Counterdefendant Overture is a Delaware corporation with its principal place of business in Pasadena, California.

**First Counterclaim**
**(Declaratory Judgment of Non-Infringement)**

35. Google repeats and realleges by reference paragraphs 1 through 10, 12, and 30 through 34, above.

36. A judicial declaration that Google does not infringe the '361 patent is necessary and appropriate at this time so that Google can ascertain its rights and duties with respect to the development, marketing and sale of its products and services.

37. This case is exceptional and, accordingly, Google is entitled to its costs, expenses, and disbursements in this action, including attorneys' fees, pursuant to 35 U.S.C. § 285.

**Second Counterclaim**
**(Declaratory Judgment of Invalidity)**

38. Google repeats and realleges by reference paragraphs 1 through 10, 14 through 19, and 30 through 34, above.

39. A judicial declaration that the '361 patent is invalid for failing to meet the conditions for patentability and requirements of one or more of 35 U.S.C. §§ 102, 103 and 112 is necessary and appropriate at this time so that Google can ascertain its rights and duties with respect to the development, marketing and sale of its products and services.

40. This case is exceptional and, accordingly, Google is entitled to its costs, expenses, and disbursements in this action, including attorneys' fees, pursuant to 35 U.S.C. § 285.

**Third Counterclaim**
**(Declaratory Judgment of Unenforceability)**

41. Google repeats and realleges by reference paragraphs 1 through 10, 14 through 19, and 21 through 34, above.

42. A judicial declaration that the '361 patent is unenforceable for at least the

1  foregoing acts of inequitable conduct during the prosecution of the patent application that led to
2  the grant of the '361 patent is necessary and appropriate at this time so that Google can ascertain
3  its rights and duties with respect to the development, marketing and sale of its products and
4  services.

5       43.    This case is exceptional and, accordingly, Google is entitled to its costs, expenses,
6  and disbursements in this action, including attorneys' fees, pursuant to 35 U.S.C. § 285.

## PRAYER

WHEREFORE, Google prays for judgment as follows:

(a)    That Overture take nothing by its complaint and that the Court dismiss the complaint with prejudice;

(b)    Declaring that Google has not and does not infringe any claim of the '361 patent;

(c)    Declaring that the claims of the '361 patent are invalid;

(d)    Declaring that the claims of the '361 patent are unenforceable;

(e)    Awarding Google its fees and costs, as provided in 35 U.S.C. § 285; and

(f)    Awarding Google such other and further relief as it deems just and proper.

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Kleiner, Perkins, Caulfield & Byers and Sequoia Capital (and various affiliated entities of Kleiner, Perkins, Caulfield & Byers and Sequoia Capital).

**JURY DEMAND**

Google hereby demands a jury trial as to all issues triable before a jury.

Dated: June 7, 2002                                     KEKER & VAN NEST, LLP

By: _____
MICHAEL S. KWUN
Attorneys for Defendant and
Counterclaimant GOOGLE INC.