1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  JON B. STREETER - #101970
   DARALYN J. DURIE - #169825
3  MICHAEL S. KWUN - #198945
   710 Sansome Street
4  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
5  Facsimile:  (415) 397-7188

6  Attorneys for Defendant
   GOOGLE INC.
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

12 | OVERTURE SERVICES, INC., a Delaware corporation, | Case No. C 02-01991 CRB ADR |
|---|---|
13 | | **DEFENDANT GOOGLE INC.'S MOTION FOR AN ORDER EXTENDING GOOGLE'S TIME TO SERVE INITIAL INVALIDITY CONTENTIONS; MEMORANDUM OF POINTS AND AUTHORITIES** |
   | Plaintiff, | |
14 | v. | |
15 | GOOGLE INC., a California corporation, | |
16 | Defendant. | |
17 | | Date:      N/A (L.R. 6-3)<br>Time:      N/A (L.R. 6-3)<br>Courtroom: 8, 19th Floor<br>Judge:     Hon. Charles R. Breyer |

299351.01

GOOGLE'S MO. FOR AN EXT. OF TIME TO SERVE PRELIM. INVALIDITY CONTENTIONS
CASE NO. C 02-01991 CRB ADR

Dockets.Justia.com

**MOTION**

Defendant Google Inc. ("Google") hereby moves, pursuant to Civil L.R. 6-1 and 6-3, and paragraph 4 of the Honorable Charles R. Breyer's Standing Order, for an order extending its time to serve its Preliminary Invalidity Contentions. Pursuant to Civil L.R. 6-3(d), there will be no hearing on Google's motion unless the Court schedules a hearing. Paragraphs 5 through 13 of the concurrently filed Declaration of Michael S. Kwun ("Kwun Decl.") set forth the information required by Civil L.R. 6-3(a).

Google seeks an order extending its time to serve its Preliminary Invalidity Contentions (Patent L.R. 3-3) to forty-five days after plaintiff Overture Services, Inc. ("Overture") serves a revised Disclosure of Asserted Claims and Preliminary Infringement Contentions (hereinafter, "Preliminary Infringement Contentions") that fully complies with Patent L.R. 3-1. Google brings this motion because the claim chart attached to Overture's Preliminary Infringement Contentions fails to "identify[] specifically where each element of each asserted claim is found within each Accused Instrumentality[.]" Patent L.R. 3-1(c).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      STATEMENT OF FACTS**

By its complaint, Overture accuses Google of infringing U.S. Patent No. 6,269,361 (hereinafter, the "361 patent"; a copy of the 361 patent is attached as Exh. 1 to the Kwun Decl.[1]). *See generally* Overture's Complaint (filed Apr. 23, 2002). By its answer and counterclaims, Google denies infringement, and asserts that the claims of the 361 patent are invalid and unenforceable. *See generally* Google's Answer and Counterclaims (filed June 7, 2002). This District's Patent Local Rules require certain disclosures in patent cases. *See generally* Patent L.R. 3-1 – 3-8. In their initial Joint Case Management Statement, the parties proposed that this Court adopt as part of its initial Case Management Order the standard deadlines for such disclosures. *See* Exh. 2 at 4-6.

Patent L.R. 3-1 requires that, in its Preliminary Infringement Contentions, the patent

---

[1] All further citations herein to an "Exh." are to exhibits to the Kwun Decl. unless otherwise noted.

1  plaintiff (a) identify each claim of the patent in suit that is allegedly infringed (the "asserted
2  claims"); (b) separately for each asserted claim, identify each apparatus, product, device,
3  process, method, act, or other instrumentality of which the plaintiff is aware and contends
4  infringes each asserted claim (the "accused instrumentalities"); (c) provide a chart identifying
5  "specifically where each element of each asserted claim is found" within each accused
6  instrumentality (the "claim chart"); (d) state whether each element of each claim is claimed to be
7  literally present in the accused instrumentality, or under the doctrine of equivalents; (e) state the
8  priority date that the plaintiff is claiming for the patent; and (f) identify, for each asserted claim,
9  any instrumentality of its own that it intends to assert practices the invention claimed by the
10 patent. *See* Patent L.R. 3-1.
11     Overture served its Preliminary Infringement Contentions on September 16, 2002. *See*
12 Exh. 3. In its Preliminary Infringement Contentions, Overture asserts that Google infringes 64 of
13 the 67 claims of the 361 patent – every claim except claims 3, 6, and 19. *Id.* at 2:4-6. It also
14 identifies Google's "AdWords Select" program as the accused instrumentality. *Id.* at 2:8-11.
15     Overture further purports to have provided a claim chart identifying where each claim
16 element is found in AdWords Select. *See id.* at 6:11-15 & Exh. A to Overture's Preliminary
17 Infringement Contentions (Overture's Claim Chart – originally attached as Exhibit A to its
18 Preliminary Infringement Contentions – is attached as Exh. 4 to the Kwun Decl.). However, for
19 almost every element of every asserted claim, Overture's claim chart does no more than state that
20 the element is, in fact, present in AdWords Select, without identifying where or how that element
21 is present. *See, e.g.,* Exh. 4 at 1 (stating, with respect to the element of claim 1 of "receiving a
22 search request from the searcher," that "AWS receives a search request from the searcher"); *see*
23 *generally* Exh. 4 at 1-11.
24     **II.    GOOGLE'S ATTEMPTS TO RESOLVE THIS DISPUTE INFORMALLY**
25     In a telephone conversation the day after Overture served its Preliminary Infringement
26 Contentions, counsel for Google requested that Overture supplement its claim chart. *See* Kwun
27 Decl. ¶¶ 5-6 & Exh 5. The parties discussed their respective positions in several letters, and in
28 further telephone conversation on September 23 and 27, 2002, *see* Kwun Decl. ¶¶ 7-9 & Exhs. 6-

1  8, but were unable to resolve their differences, *see* Kwun Decl. ¶ 10.  This motion followed.

2                                        III.      ARGUMENT

3  **A.      Overture's Claim Chart does not comply with Patent L.R. 3-1(c)**

4          For nearly every element of every asserted claim, Overture's Claim Chart does nothing

5  other than state that the element at issue is found in Google's AdWords Select program.  *See,*

6  *e.g.,* Exh. 4 at 1 (stating, with respect to the element of claim 1 of "receiving a search request

7  from the searcher," that "AWS receives a search request from the searcher").  Upon even the

8  most cursory review it is readily apparently that there is, practically speaking, almost no

9  difference between the left-hand column of the chart (identifying elements of the asserted

10 claims) and the right-hand column of the chart (purportedly identifying where those elements are

11 found in AdWords Select).  *See generally* Exh. 4 at 1-11.

12         A conclusory statement that a given element is present in an accused instrumentality does

13 not satisfy a patent plaintiff's obligations under Patent L.R. 3-1(c).  With few exceptions,

14 Overture's Claim Chart offers no information whatsoever beyond the fact that Overture contends

15 that each element of each asserted claim is present in AdWords Select.  But that contention – that

16 every element of every asserted claim can be found in the only accused instrumentality – is

17 already implicit in Overture's assertion that Google's AdWords Select program infringes the

18 asserted claims; in order for an accused instrumentality to infringe a patent claim, it already must

19 be true that every element of the claim be found in the accused instrumentality.  *See, e.g.,*

20 *Kustom Signals, Inc. v. Applied Concepts, Inc.,* 264 F.3d 1326, 1333 (Fed. Cir. 2001) ("The all-

21 elements rule is that an accused device must contain every claimed element of the invention or

22 the equivalent of every claimed element.") (citing *Warner-Jenkinson Co. v. Hilton Davis Chem.*

23 *Co.,* 520 U.S. 17, 29 (1997)).

24         Patent L.R. 3-1(c) requires the patent plaintiff to <u>identify specifically</u> where each element

25 of each asserted claim is found in the accused instrumentality.  For almost every element of

26 every asserted claim, Overture's Claim Chart does nothing more than dress in new clothing the

27 information that Overture is required to disclose pursuant to subparts (a) and (b) of Patent L.R. 3-

28 1 – which claims it asserts are infringed, and the instrumentalities by which that purported

1  infringement occurs.  Were such a disclosure sufficient to satisfy the requirements of Patent L.R.
2  3-1(c), there would be no need for subpart (c) of Patent L.R. 3-1, because the information that
3  patent plaintiff would be required to disclose pursuant to subpart (c) would be <u>identical</u> to the
4  information already disclosed by the combination of the disclosures required under subparts (a)
5  and (b).

6  **B.     Overture should be required to serve a revised Claim Chart**

7  During the parties' attempt to resolve this dispute informally, counsel for Overture
8  argued that "[i]t is difficult to point to a corresponding 'structure' for each step in the claimed
9  methods and system."  Exh. 6 at 1.  In response, counsel for Google offered two specific
10 examples of how Overture could identify with the necessarily precision where the claim
11 elements are supposedly found in AdWords Select.  Exh. 7 at 1-2.  For example, counsel for
12 Google suggested that if its website's "search box" is the method by which Overture claims
13 AdWords Select satisfies the "receiving a search request from the search" element, Overture's
14 Claim Chart should so state.  *Id.* at 1.

15 As another example, if Overture contends that some portion of some web page at
16 Google's website is a "search result list" (another element of many claims of the 361 patent),
17 counsel for Google suggested that Overture print out that web page and circle or otherwise
18 indicate where the "search result list" is.  Indeed, in a portion of the specification describing a
19 preferred embodiment of the 361 patent, this is exactly what the patent itself does.  *See* Exh. 1 at
20 col 18, ll. 4-8 (referring to "[s]earch result list entries **710*a*-710*h***") and Exh. 1, fig. 7 (illustrating
21 items **710*a*-710*h*** as parts of a web page).

22 These are merely illustrative examples.  The point is, simply, that Overture certainly can
23 (and should) provide a more informative claim chart than it has.  Merely restating its
24 infringement <u>conclusions</u> does not satisfy Patent L.R. 3-1(c)'s requirement that Overture
25 <u>specifically identify</u> where each element of each asserted claim is found in the accused
26 instrumentality.

27
28

4

GOOGLE'S MO. FOR AN EXT. OF TIME TO SERVE PRELIM. INVALIDITY CONTENTIONS
CASE NO. C 02-01991 CRB ADR

299351.01

**C.   Google's deadline for serving its Preliminary Invalidity Contentions should be extended**

Google's current deadline for serving its Preliminary Invalidity Contentions is October 31, 2002 – forty-five days after Overture's September 16, 2002 deadline for serving its Preliminary Infringement Contentions. Exh. 2 at 4:14-17; Patent L.R. 3-3 (Preliminary Invalidity Contentions are due forty-five days after Preliminary Infringement Contentions). Google agreed to that that deadline based on the assumption that Overture's Preliminary Infringement Contentions would fully comply with Patent L.R. 3-1.

Google will suffer substantial prejudice if its motion is not granted. Fairness dictates that the party that initiates a patent infringement action – the plaintiff – describe its affirmative case before the defendant is required to disclose its defenses. Just as a plaintiff must file a complaint that complies with the applicable rules before a defendant can be required to answer, so too should a patent infringement plaintiff be required to serve Preliminary Infringement Contentions that comply with the Patent Local Rules before a defendant is required to serve Preliminary Invalidity Contentions. Because Overture's Preliminary Infringement Contentions do not comply with Patent L.R. 3-1, Google is entitled to an extension of its deadline for serving its Preliminary Invalidity Contentions.

### IV.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court extend its deadline for serving its Preliminary Invalidity Contentions to forty-five days after the date on which Overture serves revised Preliminary Infringement Contentions that fully comply with Patent L.R. 3-1.

Dated:  October 7, 2002                                     KEKER & VAN NEST, LLP


                                                            By:  *s/Michael S. Kwun*
                                                                 MICHAEL S. KWUN
                                                                 Attorneys for Defendant
                                                                 GOOGLE INC.