1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  JON B. STREETER - #101970
   DARALYN J. DURIE - #169825
3  MICHAEL S. KWUN - #198945
   710 Sansome Street
4  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
5  Facsimile: (415) 397-7188

6  Attorneys for Defendant
   GOOGLE INC.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12  OVERTURE SERVICES, INC., a Delaware          Case No. C 02-01991 CRB ADR
    corporation,
13                                               **DECLARATION OF MICHAEL S. KWUN
                                      Plaintiff, IN SUPPORT OF DEFENDANT GOOGLE
14                                               INC.'S MOTION FOR AN ORDER
            v.                                   EXTENDING GOOGLE'S TIME TO
15                                               SERVE INITIAL INVALIDITY
    GOOGLE INC., a California corporation,        CONTENTIONS**
16
                                     Defendant.  Date:        N/A (L.R. 6-3)
17                                               Time:        N/A (L.R. 6-3)
                                                 Courtroom:   8, 19th Floor
18                                               Judge:       Hon. Charles R. Breyer

19

20

21

22

23

24

25

26

27

28

                            DECLARATION OF MICHAEL S. KWUN
                              CASE NO. C 02-01991 CRB ADR

Dockets.Justia.com

1    I, Michael S. Kwun, declare as follows:

2    1.    I am an associate at the law firm of Keker & Van Nest, LLP, counsel of record for

3    defendant Google Inc. ("Google") in the above-captioned matter.  I make this declaration in

4    support of Google's Motion for an Order Extending Google's Time to Serve Initial Invalidity

5    Contentions.  I make the following declaration based upon my personal knowledge, and could

6    and would testify thereto under oath if called upon to do so.

7    2.    Attached hereto as Exhibit 1 is a true and correct copy of U.S. Patent No.

8    6,269,361.

9    3.    Attached hereto as Exhibit 2 is a true and correct copy of the parties' initial Joint

10   Case Management Statement, which was filed on August 19, 2002.

11   4.    Attached hereto as Exhibits 3 and 4 is a true and correct copy of plaintiff Overture

12   Services, Inc.'s ("Overture's") Disclosure of Asserted Claims and Preliminary Infringement

13   Contentions (hereinafter, "Preliminary Infringement Contentions").  , which it served on Google

14   on September 16, 2002.  Exhibit 3 is the Preliminary Infringement Contentions, without the

15   "claim chart" that was originally attached thereto as Exhibit A.  Exhibit 4 is Overture's claim

16   chart.

17   5.    Prior to filing this motion, I requested that Overture supplement its Preliminary

18   Infringement Contentions.  I also noted that unless Overture promptly supplemented its

19   Preliminary Infringement Contentions, Google would want Overture to agree to extend Google's

20   time to serve its Preliminary Invalidity Contentions, because under the Patent Local Rules

21   Google's deadline is set relative to the time Overture serves its Preliminary Infringement

22   Contentions.

23   6.    I first raised this issue during a telephone conversation with counsel for Overture

24   on September 17, 2002, the day after Overture served its Preliminary Infringement Contentions.

25   Attached hereto as Exhibit 5 is a true and correct copy of a letter I sent to counsel for Overture

26   on September 17, 2002, shortly after that telephone conversation.

27   7.    Opposing counsel and I continued to discuss the matter by letter.  Attached hereto

28   as Exhibit 6 is a true and correct copy of a letter dated September 19, 2002 that I received from

1

counsel for Overture.  Attached hereto as Exhibit 7 is a true and correct copy of the September 19, 2002 letter that I sent to counsel for Overture in response to his letter.

8.     I again raised the issue briefly with counsel for Overture during a telephone conversation on September 23, 2002, and he stated that I should expect a letter on the subject the next day.  Attached hereto as Exhibit 8 is a true and correct copy of a letter dated September 24, 2002 that I received from counsel for Overture.

9.     We discussed the issue one final time during a telephone conversation on September 27, 2002.  During that conversation, we agreed that we had reached on impasse.

10.     In summary, after extensive efforts to resolve this issue without a motion, the parties were unable to resolve their differences.  Google still believes that Overture should supplement its Preliminary Infringement Contentions, and that Google's deadline for serving its Preliminary Invalidity Contentions should be extended accordingly.  Overture, however, has declined to supplement its Preliminary Infringement Contentions, and declined to stipulate to an extension of Google's deadline for serving its Preliminary Invalidity Contentions.

11.     Google will suffer substantial prejudice if its motion is not granted.  The Patent Local Rules require that a patent infringement plaintiff disclose its Preliminary Infringement Contentions forty-five days in advance of requiring that the defendant disclose its Preliminary Invalidity Contentions for good reason:  Fairness dictates that the party that initiated the court action – the patent infringement plaintiff – describe its affirmative case before the defendant is required to disclose its defenses.  Just as a plaintiff must file a complaint that complies with the applicable rules before a defendant can be required to answer, so too should a patent infringement plaintiff be required to serve Preliminary Infringement Contentions that comply with the Local Patent Rules before a defendant is required to serve Preliminary Invalidity Contentions.

12.     There have been no prior time modifications in this case, whether by stipulation or Court order.

13.     Because the schedule proposed by the parties in their Joint Case Management Statement included many dates that were based, directly or indirectly, on the date of service of

1  Overture's Preliminary Infringement Contentions, it is possible that further modifications to the

2  schedule for this case could be necessary if Google's motion is granted.  If, however, Google's

3  motion is granted and Overture promptly supplements its Preliminary Infringement Contentions,

4  it may be possible for the parties to agree to (and seek Court approval for) appropriately

5  modified dates for the deadlines required by Patent Local Rules 4-1 – 4-5, such that it would not

6  be necessary for the Claim Construction Hearing (currently scheduled for March 25, 2003) to be

7  rescheduled.

8          I declare under penalty of perjury under the laws of the United States of America that the

9  foregoing is true and correct.  Executed on this 7th day of October 2002 at San Francisco,

10  California.

11

12

13                                                    *s/Michael S. Kwun*
                                          MICHAEL S. KWUN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

299396.01