**Jack C. Berenzweig**
312-321-4212
Email JCB@brinkshofer.com

RECEIVED
SEP 2 3 2002
KEKER & VAN NEST



**BRINKS**
**HOFER**
**GILSON**
**& LIONE**

A PROFESSIONAL CORPORATION
INTELLECTUAL PROPERTY ATTORNEYS

NBC TOWER · SUITE 3600
455 N. CITYFRONT PLAZA DRIVE
CHICAGO, ILLINOIS 60611-5599
brinkshofer.com
FAX 312-321-4299
TELEPHONE 312-321-4200

SAN JOSE, CA
INDIANAPOLIS, IN
ANN ARBOR, MI
ARLINGTON, VA

September 19, 2002

Michael Kwun, Esq.
KEKER & VAN NEST, L.L.P.
710 Sansome Street
San Francisco, California 94111-1704

Re:  *Overture Services, Inc. v. Google Inc.*
     Civil Action No. C02-01991 CRB ADR
     Our Reference No. 9623/408

Dear Michael:

This letter is in response to the concerns that you expressed in our telephone conversation and in your letter dated September 17, 2002, requesting that Overture supplement its recently filed Disclosure of Asserted Claims and Preliminary Infringement Contentions. Specifically, we understand Google's position to be that Overture has not complied with Patent Local Rule 3-1 because Overture has not specifically pointed out structure in the Google AdWords Select System. On the contrary, we believe that Overture's preliminary contentions are clear and specific and comply with both the letter and spirit of the Local Rules.

Specifically, Overture has preliminarily identified Google's AdWords Select search system and method as an infringement of the '361 patent in suit (as required by Rule 3-1 (b)), and has provided a chart "identifying specifically where each element of each asserted claim is found within" the accused method. (Rule 3-1(c)). As you know, the claims at issue do not include mechanical structural limitations that can be applied simply to specific mechanical components in an accused device. Rather, the inventions relate to a method of generating a search result list, and a system and methods of enabling a network information provider to update information relating to a search listing on a search list. It is difficult to point to corresponding "structure" for each step in the claimed methods and system. Accordingly, Overture has carefully identified those features of Google's AdWords Select System, as well as steps performed by that system, that Overture believes correspond to the recited claim limitations. This comparison, by the way, is largely based upon and supported by Google's website pages, all of which are identified in

Michael Kwun, Esq.
September 19, 2002
Page 2

Overture's Disclosure of Asserted Claims and Preliminary Infringement Contentions.

Notwithstanding the foregoing, if you wish to particularly identify entries in Overture's claim chart that you think lack sufficient specificity to enable Google to determine the accused feature or functionality to which Overture refers, we will be pleased to review them and consider supplementation. We agree to do this provided, however, that Google will not use any such supplementation as a basis for delaying its own compliance with the Patent Local Rules, including the preparation of its preliminary invalidity contentions.

Sincerely yours,

Jack C. Berenzweig

JCB:mb

cc:   Anthony Fenwick, Esq.