LAW OFFICES
# KEKER & VAN NEST
LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188

MICHAEL S. KWUN
msk@kvn.com

September 19, 2002

**VIA FACSIMILE**

Jack C. Berenzweig, Esq.
Brinks Hofer Gilson & Lione
NBC Tower - Suite 3600
455 N. Cityfront Plaza Drive
Chicago, IL 60611

Re: *Overture v. Google*

Dear Jack:

Thank you for your September 19, 2002 letter concerning Google's request that Overture supplement its claim charts. As Jon and I expressed during our telephone conversation on September 17, we believe that a supplemental response is necessary because almost every entry on Overture's claim charts is purely conclusory.

We expect Overture to identify where each claim limitation is allegedly found in the AdWords Select service. To take but one example, one limitation of many of the claims in the patent-in-suit is "receiving a search request from the searcher." Overture has stated, in its claim charts, that "AWS receives a search request from the searcher." This is substantively no different than stating that Overture contends that AdWords Select meets this limitation. This plainly does not satisfy the disclosure requirements of Patent L.R. 3-1 – if it did, a patent plaintiff could simply list every claim limitation in the left-hand column of a chart, and in the right-hand column repeatedly state no more than that the accused method performs each limitation.

Continuing with this example, it is incumbent that Overture identify where the limitation is purportedly found in the AdWords Select service. For example, if Overture contends that this limitation is performed when a user types terms into the "search box" at the www.google.com website and "clicks" on the Google Search button, its claim charts must disclose this. If Overture contends that this limitation is met in some other way, then Overture should disclose that. Regardless, Google should not be left to guess what Overture might mean when it asserts that the AdWords Select system receives a "search request" from a "searcher."

As another example, nothing in Overture's claim charts indicates what Overture contends meets the "search result list" limitation. If Overture contends that something visible on either the

Jack C. Berenzweig, Esq.
September 19, 2002
Page 2

www.google.com web page, or some other web page, is a "search result list" within the meaning of the '361 patent, it would be a simple matter to print out that web page, and circle or otherwise indicate where the search result list appears. Alternatively, the purported "search result list" could be described in a narrative, or otherwise identified. Merely stating that there is such a list, however, is neither helpful and nor in compliance with Patent L.R. 3-1.

In your letter, you suggest that Google identify entries in Overture's claim charts that are problematic, and state that Overture will consider supplementing those entries, but only if Google does not rely on such supplementation to seek any changes to the current case management schedule. The problem is that nearly every entry in Overture's claim charts is merely a conclusory assertion, rather than the identification required by Patent L.R. 3-1. As such, it hardly seems necessary for Google to identify each deficiency. Moreover, absent prompt supplemental claim charts, we may well find it necessary to seek revisions to the case management schedule, because almost all of the dates in the schedule were chosen based on the agreed date on which Overture was to serve claim charts in accordance with the requirements of Patent L.R. 3-1.

Sincerely,

Michael S. Kwun

MSK/jlc

298608.01

```
                    *********************
                    ***   TX REPORT   ***
                    *********************

TRANSMISSION OK

TX/RX NO                0863
CONNECTION TEL          913123214299#5784
SUBADDRESS
CONNECTION ID
ST. TIME                09/19 15:35
USAGE T                 00'32
PGS. SENT               3
RESULT                  OK
```

LAW OFFICES

# KEKER & VAN NEST LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188

## FACSIMILE TRANSMISSION COVER SHEET

September 19, 2002

| | Telephone | Facsimile |
|---|---|---|
| **To**<br>Jack C. Berenzweig, Esq.<br>Brinks Hofer Gilson & Lione | (312) 321-4200 | (312) 321-4299 |

| | Telephone | Code |
|---|---|---|
| **From**<br>Michael S. Kwun, Esq. | (415) 391-5400 | 5784/jlc |

Re   Overture v. Google

**Number of Pages (Including Cover): 3**

NO ORIGINAL WILL FOLLOW THIS TRANSMISSION

### COMMENTS

➢ Please see attached correspondence.