**Jack C. Berenzweig**
312-321-4212
Email JCB@brinkshofer.com

CONFIRMATION COPY

BRINKS
HOFER
GILSON
& LIONE

September 24, 2002

RECEIVED
SEP 2 6 2002
KEKER & VAN NEST

A PROFESSIONAL CORPORATION
INTELLECTUAL PROPERTY ATTORNEYS

NBC TOWER · SUITE 3600
455 N. CITYFRONT PLAZA DRIVE
CHICAGO, ILLINOIS 60611-5599
brinkshofer.com
FAX 312-321-4299
TELEPHONE 312-321-4200

Michael Kwun, Esq.
Keker & Van Nest, L.L.P.
710 Sansome Street
San Francisco, CA 94111-1704

SAN JOSE, CA
INDIANAPOLIS, IN
ANN ARBOR, MI
ARLINGTON, VA

Re:    *Overture Services, Inc. v. Google Inc.*

Dear Michael,

Thank you for your letter of September 19, 2002 concerning Google's request that Overture supplement its claim charts. As we explained to you in our letter of the same date, we believe that Overture's preliminary infringement contentions are clear and specific, and comply with both the letter and spirit of the Local Rules. Nevertheless, we hereinafter address the two items raised in your letter.

You do not dispute that "AWS receives a search request from the searcher." Rather, we understand your complaint to be that Google is unable to identify from Overture's contention where this step is performed. The answer to the question can be found by going to the "search box" on either Google's site or the site of one of its partners. In either case, the search box invites a searcher to type in a search request and then click on a search button, whereupon Google or its partner receive a search request from the searcher. According to Google's website, this event occurs more than 150 million times a day as people use Google to find what they're looking for.

The second item raised in your letter concerns the term "search result list." For example, claim 1 recites, in part, "a method of generating a search result list, … in response to a search request from a searcher using a computer network." In its preliminary infringement contentions, Overture states that "Google's AWS is a system and method for enabling network information providers to use a computer network like the Internet to influence a position for a search listing within a search result list generated by a search engine in response to a searcher's request." Again, as we understand it, Google's present position is that Overture has not provided sufficient information for Google to determine whether or not its search engine generates a search result list. Alternatively, Google is prematurely and

Michael Kwun, Esq.
September 24, 2002
Page 2

improperly seeking a claim interpretation under the guise of alleged inadequacies with Overture's infringement contention chart.

In any event, were you to search a term on the Google site or the site of one of Google's affiliates, the AWS search engine would generate a search result list. The Overture claims speak to "generating" a search result list and do not speak to "displaying" a search result list on a page, as your letter implies. Had Google produced its documents in a timely manner, we would have been able to point to the search result list generated by AWS in Google's source code or system documentation. In the absence of these documents, we believe, however that an AWS-generated search result list is generated and subsequently presented to Google searchers in some form of a page display (which display varies in form and content among the Google site and that of its partners).

I trust that this answers your questions.

Very truly yours,

Jack C. Berenzweig

JCB:mb

cc:   Jeanine Hayes, Esq.
      Anthony I. Fenwick, Esq.