1  LATHAM & WATKINS
     Anthony I. Fenwick (Bar No. 158667)
2    Allon Stabinsky (Bar No. 197642)
   135 Commonwealth Drive
3  Menlo Park, California 94025
   Telephone:  (650) 328-4600
4  Facsimile:  (650) 463-2600

5  BRINKS HOFER GILSON & LIONE
     Jack C. Berenzweig (Admitted *Pro Hac Vice*)
6    William H. Frankel (Admitted *Pro Hac Vice*)
     Jason C. White (Admitted *Pro Hac Vice*)
7    Charles M. McMahon (Admitted *Pro Hac Vice*)
   NBC Tower - Suite 3600
8  455 North Cityfront Plaza Drive
   Chicago, Illinois 60611
9  Telephone:  (312) 321-4200
   Facsimile:  (312) 321-4299
10
   Attorneys for Plaintiff
11 OVERTURE SERVICES, INC.

12                UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                   SAN FRANCISCO DIVISION

15

16 OVERTURE SERVICES, INC., a            No. C02-01991 CRB
   Delaware Corporation,
17                                       **OVERTURE'S OPPOSITION TO
            Plaintiff,                   GOOGLE'S MOTION FOR AN ORDER
18                                       EXTENDING THE TIME TO SERVE
       vs.                               PRELIMINARY INVALIDITY
19                                       CONTENTIONS**
   GOOGLE INC., a California Corporation,
20
            Defendant.
21

**INTRODUCTION**

Google's motion is both procedurally and substantively defective and should be denied. First, Google's motion really is a discovery motion that seeks to compel additional disclosures from Overture under the local patent rules, and therefore should have been brought under Local Rules (L.R.) 7-2 and 37. Presumably for tactical reasons, Google improperly styled its motion as seeking only an extension of time under L.R. 6-3. Second, the motion is premised on a demonstrably incorrect assertion that Overture's preliminary infringement contentions fail to satisfy Patent L.R. 3-1. Google has unilaterally modified the discovery schedule in this case once, and now seeks to do so again. Google's motion should be denied.

**I.   GOOGLE IMPROPERLY BASED THIS MOTION ON LOCAL RULE 6-3**

Google improperly styled its motion as seeking only an extension of time, subject to the shortened response period of Local Rule 6-3. In its Proposed Order, however, Google seeks more than just an extension of time. Google's Proposed Order also *compels* Overture to revise its Disclosure of Asserted Claims and Preliminary Infringement Contentions. An order compelling discovery must be sought under L.R. 7-2 and 37, not L.R. 6-3. Google's reliance on L.R. 6-3 for both the discovery order and the extension of time appears deliberately designed to deprive Overture of both a hearing and the normal 14-day response period provided by L.R. 7-2 and 7-3. This procedural maneuvering should not be condoned or rewarded. Even if an extension of time is warranted, the other relief Google seeks should be denied.

**II.  GOOGLE HAS NOT SHOWN ANY RATIONALE OR PREJUDICE TO JUSTIFY AN EXTENSION OF TIME**

Without providing any factual basis for its assertion, Google summarily states that it will suffer substantial prejudice if its motion is not granted. (Google Mot., p. 5.) In reality, there is no prejudice to Google. Overture's Preliminary Infringement Contentions Satisfy Patent L.R. 3-1, and Google has all of the information it needs to prepare its Preliminary Invalidity Contentions.

OVERTURE'S OPP. TO MO. FOR AN EXT. OF TIME
TO SERVE PRELIM. INVALIDITY CONTENTIONS
C 02-01991 CRB
- 1 -

**BRINKS HOFER GILSON & LIONE**
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois  60611-5599
Telephone: (312) 321-4200
Facsimile:  (312) 321-4299

### A. Overture's Preliminary Infringement Contentions Satisfy Patent Local Rule 3-1

Google's entire motion is premised on its assertion that Overture's Disclosure of Asserted Claims and Preliminary Infringement Contentions is deficient. This premise is false. Google does not dispute that Overture identified both the claims that are infringed and the specific Google system that infringes those claims. Instead, Google challenges the sufficiency of Overture's specific infringement contentions. Overture's infringement contentions, however, satisfy Patent L.R. 3-1. In its infringement contentions, Overture identified the specific infringing features of Google's accused system and directed Google to pages from its own website that describe these features. For the Court's convenience, copies of the website pages that Overture identified are attached as Exhibit 1 to the Declaration of Charles M. McMahon, filed concurrently herewith. (*See* McMahon Decl., ¶ 2.)

The patent in this case, Overture's U.S. Patent No. 6,269,361 (the "'361 patent"), relates to the account management of bidded pay-per-click search systems on networks such as the Internet. In a bidded pay-per-click search system, an information provider or advertiser places a bid for the opportunity of having its search listing included in a search result list for a particular search term. When a searcher enters a search for the search term, the system produces a search result list that includes search listings from advertisers that have bid on that search term. By varying its bid amount, the advertiser is able to influence the position of its search listing within the search result list. The advertiser then pays only for those instances when a searcher "clicks" through to the advertiser's website.

Overture introduced the first bidded pay-per-click search system on the Internet in 1998. Until earlier this year, Google did not operate a bidded pay-per-click search system. Instead, Google operated an algorithmic search engine that did not require information providers to pay for their search listings to be included in search results lists. In February 2002, however, Google introduced a bidded pay-per-click search system

OVERTURE'S OPP. TO MO. FOR AN EXT. OF TIME
TO SERVE PRELIM. INVALIDITY CONTENTIONS
C 02-01991 CRB
- 2 -

**BRINKS HOFER GILSON & LIONE**
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois  60611-5599
Telephone: (312) 321-4200
Facsimile:  (312) 321-4299

called AdWords Select. The AdWords Select system includes the account management features claimed in Overture's '361 patent.

All but one of the asserted claims relate to methods of generating search result lists or methods of enabling a network information provider to update information relating to search listings on search results lists. (*See* Kwun Decl., Exh. 1.) These method claims do not include mechanical structural limitations that can be applied simply to specific mechanical components in the accused system. Instead, Overture carefully identified those features of Google's AdWords Select System, as well as the steps performed by that system, that Overture believes correspond to the recited method claim limitations. (See Kwun Decl., Exh. 4.) Overture also identified numerous pages from Google's own website that explain the operation of Google's AdWords Select system. (*See* Kwun Decl., Exh. 3, p. 2; McMahon Decl., ¶ 2, Exh. 1.) In its Preliminary Infringement Contentions, Overture directed Google to these website pages to support its assertion that the AdWords Select system infringes the asserted claims. Read in context with the Google website pages that Overture identified, Overture's Preliminary Infringement Contentions satisfy both the letter and the spirit of Patent L.R. 3-1.

### B. Google Refused To Identify The Specific Entries In Overture's Claim Chart That Allegedly Are Deficient

Overture has made every effort to provide information to satisfy Google's concerns. (*See* McMahon Decl., ¶¶ 4, 7; Kwun Decl., Exh. 6.) In fact, Overture provided Google with additional information regarding the only two claim chart entries that Google has specifically identified as allegedly deficient. (*See* McMahon Decl., ¶¶ 5-6; Kwun Decl., Exh. 8.) Since then, Google has declined Overture's invitation to identify any other specific entries alleged to be deficient. (*See* McMahon Decl., ¶ 7.) Overture remains willing to provide additional information where possible, should the Court deem it necessary or should Google decide to identify any further specific deficiencies.

OVERTURE'S OPP. TO MO. FOR AN EXT. OF TIME
TO SERVE PRELIM. INVALIDITY CONTENTIONS     - 3 -
C 02-01991 CRB

**BRINKS HOFER GILSON & LIONE**
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois  60611-5599
Telephone: (312) 321-4200
Facsimile:  (312) 321-4299

### C. Google Already Has Sufficient Information To Prepare Its Preliminary Invalidity Contentions

Google seeks an extension of time on the basis that Overture's infringement contentions are deficient. As demonstrated above, this premise is false. Regardless, Google has sufficient information to prepare its Preliminary Invalidity Contentions. Overture identified the claims that are infringed, provided a claim chart that explains what features and steps constitute the infringement, and directed Google to specific pages on its own website that explain the relevant features of the AdWords Select System. (*See* Kwun Decl., Exh. 3, p. 2; McMahon Decl., ¶ 2, Exh. 1.) Google does need any further information to prepare its invalidity contentions. Accordingly, Google's motion should be denied.

### III. GOOGLE UNILATERALLY DELAYED THE SCHEDULE IN THIS CASE BY REFUSING TO PRODUCE DOCUMENTS BEFORE OVERTURE SERVED ITS PRELIMINARY INFRINGEMENT CONTENTIONS

Google already has unilaterally modified the discovery schedule in this case once by delaying its document production. Knowing that its Preliminary Infringement Contentions must be served early in the case, Overture served document requests on Google on August 5, 2002—the day of the initial discovery conference. According to Fed. R. Civ. P. 34(b), Google was required to produce the requested documents on September 4, 2002. That would have allowed Overture nearly two weeks to review Google's documents before serving its infringement contentions. Unfortunately, Google refused to produce responsive documents on time. Instead, Google unilaterally decided that it would produce documents on October 11, 2002—thirty-seven days after they were due. Overture nevertheless served its Preliminary Infringement Contentions on schedule.

Having unilaterally delayed the discovery schedule once in this case, Google cannot now complain that it lacks sufficient information to prepare its Preliminary Invalidity Contentions. Google's motion therefore should be denied on this basis alone.

OVERTURE'S OPP. TO MO. FOR AN EXT. OF TIME TO SERVE PRELIM. INVALIDITY CONTENTIONS
C 02-01991 CRB
- 4 -

**BRINKS HOFER GILSON & LIONE**
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois  60611-5599
Telephone: (312) 321-4200
Facsimile:  (312) 321-4299

### IV. OVERTURE IS NOT OPPOSED TO A REASONABLE EXTENSION OF TIME

Google failed to justify its request for an order compelling Overture to revise its Preliminary Infringement Contentions, and it failed to follow the proper procedural rules for seeking such an order. Google also has not shown any rationale or prejudice to support its request for a 45-day extension. Google's request seeks to modify the case management schedule upon which the parties agreed less than two months ago. Nevertheless, to the extent that Google requires additional time to prepare its Preliminary Invalidity Contentions, Overture is not opposed to granting a more reasonable extension of time, such as fourteen days. It should be noted, however, that any extension, even for just fourteen days, likely will impact subsequent deadlines in the case management schedule.

Overture has filed concurrently herewith an alternative Proposed Order denying Google's motion, but granting Google a fourteen-day extension of time to serve its Preliminary Invalidity Contentions. The Proposed Order also directs the parties to confer regarding any necessary adjustments to the remainder of the case management schedule that will result from this extension.

### CONCLUSION

For the foregoing reasons, Overture respectfully requests that the Court deny Google's motion. If the Court determines that Google is entitled to an extension of time to file its Preliminary Invalidity Contentions, Overture respectfully requests that the Court enter Overture's alternative Proposed Order.

Dated: October 10, 2002      By: _____/s/_____
　　　　　　　　　　　　　　　　Charles M. McMahon
　　　　　　　　　　　　　　　　BRINKS HOFER GILSON & LIONE
　　　　　　　　　　　　　　　　NBC Tower - Suite 3600
　　　　　　　　　　　　　　　　455 North Cityfront Plaza Drive
　　　　　　　　　　　　　　　　Chicago, Illinois 60611
　　　　　　　　　　　　　　　　Telephone:　(312) 321-4200
　　　　　　　　　　　　　　　　Facsimile:　(312) 321-4299

　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　OVERTURE SERVICES, INC.

OVERTURE'S OPP. TO MO. FOR AN EXT. OF TIME TO SERVE PRELIM. INVALIDITY CONTENTIONS
C 02-01991 CRB — 5 —

BRINKS HOFER GILSON & LIONE
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Telephone: (312) 321-4200
Facsimile: (312) 321-4299