1  LATHAM & WATKINS
     Anthony I. Fenwick (Bar No. 158667)
2    Allon Stabinsky (Bar No. 197642)
   135 Commonwealth Drive
3  Menlo Park, California  94025
   Telephone:   (650) 328-4600
4  Facsimile:    (650) 463-2600

5  BRINKS HOFER GILSON & LIONE
     Jack C. Berenzweig (Admitted *Pro Hac Vice*)
6    William H. Frankel (Admitted *Pro Hac Vice*)
     Jason C. White (Admitted *Pro Hac Vice*)
7    Charles M. McMahon (Admitted *Pro Hac Vice*)
   NBC Tower - Suite 3600
8  455 North Cityfront Plaza Drive
   Chicago, Illinois  60611
9  Telephone:   (312) 321-4200
   Facsimile:    (312) 321-4299
10
   Attorneys for Plaintiff
11 OVERTURE SERVICES, INC.

12              UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14               SAN FRANCISCO DIVISION

15

16 OVERTURE SERVICES, INC., a        No.  C02-01991 CRB (EDL)
   Delaware Corporation,
17                                    **OVERTURE'S FURTHER OPPOSITION
             Plaintiff,               TO GOOGLE'S MOTION FOR AN
18                                    ORDER EXTENDING GOOGLE'S TIME
        vs.                           TO SERVE INITIAL INVALIDITY
19                                    CONTENTIONS**
   GOOGLE INC., a California Corporation,
20
             Defendant.
21

22

23

24

25

26

27

28

1  **I.      INTRODUCTION**

2          Pursuant to the Court's Order of December 2, 2002, Overture files this

3  supplemental memorandum in opposition to Google's motion.[1]

4          Google's motion offers only bald assertions that Overture's Preliminary

5  Infringement Contentions are insufficient.  Google does not dispute that Overture has

6  identified both the claims that are infringed and the specific Google system that infringes

7  those claims.  Overture also has identified specific infringing features of Google's

8  accused system, and has directed Google to pages from its own website that describe

9  those features.  Admittedly, Overture has not identified Google computer code

10 evidencing its infringement, but that is because Google has not yet produced its

11 computer code.  Accordingly, Overture's Preliminary Infringement Contentions satisfy

12 Patent L.R. 3-1.

13 **II.     OVERTURE'S INFRINGEMENT CONTENTIONS**

14         The patent in this case, Overture's U.S. Patent No. 6,269,361 (the "'361 patent"),

15 relates to the account management of bidded pay-per-click search systems on networks

16 such as the Internet.  In a bidded pay-per-click search system, an information provider

17 or advertiser places a bid for the opportunity of having its search listing included in a

18 search result list for a particular search term.  When a searcher enters a search for the

19 search term, the system produces a search result list that includes search listings from

20 advertisers that have bid on that search term.  By varying its bid amount, the advertiser

21 is able to influence the position of its search listing within the search result list.  The

22 advertiser then pays only for those instances when a searcher "clicks" through to the

23 advertiser's website.

24

25

---

26 [1] Google originally styled its motion as seeking only an extension of time under Local
   Rule (L.R.) 6-3.  (*See* Overture Opp'n, Dkt. No. 28.)  Recognizing that Google's motion
27 actually sought a substantive discovery order, the Court referred the motion to
   Magistrate Judge LaPorte as a motion to compel.  Judge LaPorte subsequently set the
28 present briefing.

OVERTURE'S FURTHER OPP'N TO MOT.
FOR EXT. OF TIME TO SERVE PRELIM.                    - 1 -
INVALIDITY CONTENTIONS
C 02-01991 CRB (EDL)

BRINKS HOFER GILSON & LIONE
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois  60611-5599
Telephone:  (312) 321-4200
Facsimile:   (312) 321-4299

1    Overture introduced the first bidded pay-per-click search system on the Internet

2    in 1998.  Until earlier this year, Google did not operate a bidded pay-per-click search

3    system.  Instead, Google operated an algorithmic search engine that did not require

4    information providers to pay for their search listings to be included in search results lists.

5    In February 2002, however, Google introduced a bidded pay-per-click search system

6    called AdWords Select.  The AdWords Select system includes the account

7    management features claimed in Overture's '361 patent.

8    All but one of the asserted claims are method claims.  (*See* '361 patent claims,

9    Exh. 1 to Kwun Decl., col. 22-30.)  These method claims do not include mechanical

10   structural limitations that can be applied simply to specific mechanical components in

11   the accused system.  Instead, in its Preliminary Infringement Contentions, Overture

12   carefully identified those features of Google's AdWords Select system and the actions

13   performed by that system that Overture believes correspond to the recited method claim

14   limitations.  (*See* Overture's Preliminary Infringement Contention claim chart, Exh. 4 to

15   Kwun Decl.)

16   The only asserted non-method claim is claim 14.  Most of the limitations recited

17   in claim 14 relate to computer programming code.  Overture explained its belief that the

18   AdWords Select system includes programming code that meets the limitations of claim

19   14.  Until Google produces that code, however, Overture cannot be more specific with

20   respect to those limitations.[2]

21   Overture also identified numerous pages from Google's own website that explain

22   the operation of Google's AdWords Select system.[3]  (*See* Overture's Preliminary

23   Infringement Contentions, Exh. 3 to Kwun Decl., p. 2.)  In its Preliminary Infringement

24   Contentions, Overture directed Google to these website pages to support its assertion

25

26   _____
     [2] The parties are involved in ongoing negotiations regarding the terms of a protective
     order that would govern the production of computer source code.

27
     [3] Copies of these website pages are attached as Exhibit 1 to the Declaration of Charles
28   M. McMahon (Dkt. No. 29).

BRINKS HOFER GILSON & LIONE
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois  60611-5599
Telephone: (312) 321-4200
Facsimile:  (312) 321-4299

that the AdWords Select system infringes the asserted claims.  Read in context with the
Google website pages that Overture identified, Overture's Preliminary Infringement
Contentions satisfy both the letter and the spirit of Patent L.R. 3-1.

**III.    OVERTURE'S PRELIMINARY INFRINGEMENT CONTENTIONS SATISFY
PATENT L.R. 3-1**

Overture's Preliminary Infringement Contentions satisfy the requirements of
Patent L.R. 3-1 for at least the following reasons:

1.    As described above, the '361 patent is not directed to a simple mechanical
system in which independent parts may easily be identified.  Rather, most of the claims
are method claims that read on particular actions performed by the infringing AdWords
Select system.  The only system claim is directed primarily to programming code, and
Google has not yet produced its code.  Accordingly, Overture's Preliminary Infringement
Contentions adequately identify the asserted claims, the infringing system, and the
features of that system that infringe the claims.

2.    In many instances, Overture's Preliminary Infringement Contentions are
more specific than Google implies.  For instance, Overture identified at least the
following specific infringing features of Google's AdWords Select system: (a) multiple
search term matching options (*i.e.,* broad matches, negative matches, and exact
matches) (claims 1, 11, and 16); (b) subaccounts in the form of ad groups (claim 5); (c)
rank values, as shown in an advertiser's hyperlink (claim 8); (d) the Google
TrafficEstimator tool, which estimates the cost of a search listing (claims 11, 12, 43, 44,
59, and 60); (e) the ability to bill advertisers' credit cards in real time if they reach a set
account limit (claims 14, 39, and 55); and (f) Google's assurance on its website that new
ads go live "instantly once you create them" (claims 14 and 53).   This list is not
exhaustive, but merely illustrates the specificity of Overture's infringement contentions.
In addition to the claim chart, Overture also directed Google to particular pages from

OVERTURE'S FURTHER OPP'N TO MOT.
FOR EXT. OF TIME TO SERVE PRELIM.                    - 3 -
INVALIDITY CONTENTIONS
C 02-01991 CRB (EDL)

BRINKS HOFER GILSON & LIONE
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois  60611-5599
Telephone:  (312) 321-4200
Facsimile:   (312) 321-4299

Google's own website that describe in detail the infringing features identified in the claim chart. In this way, Overture provided Google with more detail than Patent L.R. 3-1 requires.

3. In some instances, Overture was not able to provide the same level of detail. This is because Overture's patent relates to the account management features of pay-per-click systems. Google acknowledges that AdWords Select is a pay-per-click system. However, many of the details ultimately necessary to establish additional elements of infringement, both of the method claims and the system claim, lie in the AdWords Select computer code, which Google has not yet produced.

4. Overture has made every effort to provide information to satisfy Google's concerns. (*See* McMahon Decl., ¶¶ 4, 7; Kwun Decl., Exh. 6.) In fact, Overture provided Google with additional information regarding the only two claim chart entries that Google has specifically identified as allegedly deficient. (*See* McMahon Decl., ¶¶ 5-6; Kwun Decl., Exh. 8.) Since then, Google has declined Overture's invitation to identify any other specific entries alleged to be deficient. (*See* McMahon Decl., ¶ 7.)

Where Patent L.R. 3-1 calls for infringement contentions that are "preliminary," Google attempts to prematurely and improperly substitute the word "detailed." Google's motion appears to be an attempt to prematurely compel a claim interpretation from Overture, with specific reference to a particular embodiment of the accused AdWords Select system. This is contrary to the schedule set forth in the Patent Local Rules, which contemplates that "preliminary" infringement contentions are the beginning, and not the end, of plaintiff's infringement proofs. Overture satisfied its burden of providing preliminary infringement contentions. As a result, Google now knows (a) which Overture patent claims are allegedly infringed, (b) which Google product is alleged to infringe those claims, and (c) which specific features of the accused product correspond

BRINKS HOFER GILSON & LIONE
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Telephone: (312) 321-4200
Facsimile:   (312) 321-4299

1    to the limitations of each asserted claim.  Google should now produce its source code

2    documentation and its Preliminary Invalidity Contentions so that discovery may proceed.

3    **IV.     CONCLUSION**

4           For the foregoing reasons, Overture respectfully requests that the Court deny

5    Google's motion.

6

7           Dated: December 9, 2002          By: _____/s/_____

8                                            Charles M. McMahon
                                             BRINKS HOFER GILSON & LIONE
9                                            NBC Tower - Suite 3600
                                             455 North Cityfront Plaza Drive
10                                           Chicago, Illinois  60611
                                             Telephone:     (312) 321-4200
11                                           Facsimile:     (312) 321-4299

12                                           Attorney for Plaintiff
                                             OVERTURE SERVICES, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRINKS HOFER GILSON & LIONE
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois  60611-5599
Telephone: (312) 321-4200
Facsimile:  (312) 321-4299

1  LATHAM & WATKINS
     Anthony I. Fenwick (Bar No. 158667)
2    Allon Stabinsky (Bar No. 197642)
   135 Commonwealth Drive
3  Menlo Park, California  94025
   Telephone:   (650) 328-4600
4  Facsimile:    (650) 463-2600

5  BRINKS HOFER GILSON & LIONE
     Jack C. Berenzweig (Admitted *Pro Hac Vice*)
6    William H. Frankel (Admitted *Pro Hac Vice*)
     Jason C. White (Admitted *Pro Hac Vice*)
7    Charles M. McMahon (Admitted *Pro Hac Vice*)
   NBC Tower - Suite 3600
8  455 North Cityfront Plaza Drive
   Chicago, Illinois  60611
9  Telephone:   (312) 321-4200
   Facsimile:    (312) 321-4299
10
   Attorneys for Plaintiff
11 OVERTURE SERVICES, INC.

12                UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14                  SAN FRANCISCO DIVISION

15

16 OVERTURE SERVICES, INC., a            No.  C02-01991 CRB (EDL)
   Delaware Corporation,
17
                 Plaintiff,
18                                        **[PROPOSED] ORDER**
          vs.
19
   GOOGLE INC., a California Corporation,
20
                 Defendant.
21

22

23     Before the Court is defendant Google Inc.'s ("Google's") motion, pursuant to Civil

24 L.R. 6-1 and 6-3, and paragraph 4 of the Court's Standing Order, for an order extending

25 its time to serve its Preliminary Invalidity Contentions and compelling Overture to serve

26 revised Preliminary Infringement Contentions.  Having considered all of the papers filed

27 in support of and opposition to the motions, the Court DENIES Google's motion.

28

1    The parties are ORDERED to meet and confer about the case management

2    schedule, and to file with the Court within ten court days of the date of this Order a joint

3    case management statement addressing any scheduling modifications that may be

4    necessary in light of this Order.

5

6    Dated: _____

7                                         HON. ELIZABETH D. LAPORTE
                                          United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRINKS HOFER GILSON & LIONE
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois  60611-5599
Telephone: (312) 321-4200
Facsimile:  (312) 321-4299