LATHAM & WATKINS
    Anthony I. Fenwick (Bar No. 158667)
    Allon Stabinsky (Bar No. 197642)
135 Commonwealth Drive
Menlo Park, California  94025
Telephone:    (650) 328-4600
Facsimile:     (650) 463-2600

BRINKS HOFER GILSON & LIONE
    Jack C. Berenzweig (Admitted *Pro Hac Vice*)
    William H. Frankel (Admitted *Pro Hac Vice*)
    Jason C. White (Admitted *Pro Hac Vice*)
    Charles M. McMahon (Admitted *Pro Hac Vice*)
NBC Tower - Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois  60611
Telephone:    (312) 321-4200
Facsimile:     (312) 321-4299

Attorneys for Plaintiff OVERTURE SERVICES, INC.

KEKER & VAN NEST, L.L.P.
    John W. Keker (Bar No. 49092)
    Jon B. Streeter (Bar No. 101970)
    Daralyn J. Durie (Bar No. 169825)
    Michael S. Kwun (Bar No. 198945)
710 Sansome Street
San Francisco, California 94111
Telephone: (415) 391-5400
Facsimile:   (415) 397-7188

Attorneys for Defendant GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a California Corporation,<br><br>Defendant. | No.  C02-01991 CRB<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

# STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, upon the consent and stipulation of the parties, Plaintiff Overture Services, Inc. ("Overture") and Defendant Google Inc. ("Google"), and for good cause shown,

IT IS HEREBY ORDERED BY THE COURT as follows:

1.      Any document, or portion thereof, and any other form of evidence or discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure which, in the good faith opinion of the Producing Party, contains any trade secret or other confidential commercial information, may be designated by the Producing Party as "Confidential." Confidential information, designated as such in accordance with this Order, shall be disclosed or made available only to persons specified in Paragraphs 4 and 5 herein. All copies of materials properly designated as "Confidential," and all extracts, abstracts, charts, summaries, and notes made from materials properly designated as "Confidential," shall be Confidential information.

2.   Any document, or portion thereof, and any other form of evidence or discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure which, in the good faith opinion of the Producing Party, contains any trade secret or other confidential or commercial information which the Producing Party believes in good faith gives a competitive advantage over others who do not possess such information, which is not generally known to others in the Producing Party's trade or business, which the Producing Party would normally not reveal to third parties except in confidence or has undertaken with others to maintain in confidence, and which is viewed by the Producing Party as more sensitive than Confidential Information, may be designated by the Producing Party as "Outside Counsel Only information."  Information designated as Outside Counsel Only in accordance with this Order, shall be disclosed or made available only to persons as described in Paragraphs 4 and 5 herein, and is not to be copied or otherwise reproduced except for the limited purpose of conducting this litigation, including preparing exhibits for affidavits, depositions, hearings, or for trial.  All copies of materials properly designated as "Outside

1  Counsel Only," and all extracts, abstracts, charts, summaries, and notes made from materials

2  properly designated as "Outside Counsel Only," shall be Outside Counsel Only information.

3      3.      Confidential Information and Outside Counsel Only information may be made

4  subject to the Protective Order as follows:

5          (a)      With respect to documents or copies provided by the Producing Party

6  to the party receiving the discovery responses (hereinafter "the Receiving Party"), by

7  marking the initial page and the page or pages on which any Confidential Information

8  appears with the legend "CONFIDENTIAL UNDER PROTECTIVE ORDER," and by

9  marking the initial page and the page or pages on which any Outside Counsel Only

10 information appears with the legend "OUTSIDE COUNSEL ONLY UNDER PROTECTIVE

11 ORDER." The Producing Party shall so mark documents or copies prior to or at the time of

12 supplying them to opposing counsel.

13         (b)      With respect to documents or copies produced by the Producing Party

14 for inspection by opposing counsel, such documents are deemed to be, and shall be treated

15 as, Outside Counsel Only documents, whether or not so marked, unless and until opposing

16 counsel requests copies of such documents and the Producing Party supplies such copies to

17 opposing counsel. Copies of such documents supplied to opposing counsel shall be made

18 subject to this Order if, prior to or at the time of supplying them to opposing counsel, the

19 Producing Party marks such copies as "CONFIDENTIAL UNDER PROTECTIVE ORDER"

20 or "OUTSIDE COUNSEL ONLY UNDER PROTECTIVE ORDER," as provided in

21 Paragraph 3(a) above.

22         (c)      Testimony or information disclosed at a deposition may be designated

23 by a Producing Party as Confidential or Outside Counsel Only information by indicating on

24 the record at the deposition the specific testimony or subject matter of the testimony which

25 contains Confidential information or Outside Counsel Only information that is to be made

26 subject to the provisions of this Order. The parties will use their best efforts to make all such

27 designations during the deposition. A Producing Party may later designate testimony or

28 information disclosed at a deposition as Confidential or Outside Counsel Only by notifying

1  all parties in writing, within thirty days of receipt of the transcript, of the specific pages and

2  lines of the transcript, or the subject matter of the testimony that is to be designated

3  Confidential or Outside Counsel Only.  Each party shall attach a copy of such written

4  statement to the face of the transcript and each copy thereof in its possession, custody or

5  control.  If no confidentiality designation is made at the time of a deposition, such deposition

6  nonetheless shall be treated as Outside Counsel Only information from the taking of the

7  deposition until thirty days after receipt of the transcript, or until receipt of the notice referred

8  to in this paragraph, whichever occurs sooner.

9          (d)     In the case of responses to interrogatories, or other discovery requests,

10  or responses, affidavits, briefs, memoranda or other papers filed with the Court, information

11  contained therein may be designated as Confidential or Outside Counsel Only by

12  prominently marking such paper "CONFIDENTIAL UNDER PROTECTIVE ORDER" or

13  "OUTSIDE COUNSEL ONLY UNDER PROTECTIVE ORDER."

14          (e)     Tangible objects may be designated as Confidential or Outside Counsel

15  Only by affixing to the object or its container a label or tag marked "CONFIDENTIAL

16  UNDER PROTECTIVE ORDER" or "OUTSIDE COUNSEL ONLY UNDER

17  PROTECTIVE ORDER."

18          (f)     To the extent that information has been produced prior to the entry of

19  this Order which a Producing Party desires to designate as Confidential or Outside Counsel

20  Only, the Producing Party may, within twenty days of the entry of this Order, designate any

21  information as Confidential or Outside Counsel Only by identifying in writing to the

22  Receiving Party which such documents, testimony or tangible objects should be treated as

23  Confidential or Outside Counsel Only.

24      4.   (a)     Except as provided in Paragraph 5 herein, Confidential information,

25  and any analysis or report containing Confidential information, may be made available to and

26  inspected by:

27          (i)     up to six persons per party who have been designated as either

28

1   independent expert witnesses or independent consultants and personnel acting under their

2   direct or indirect supervision; and

3             (ii)    the parties' outside counsel and personnel of outside counsel,

4   including specifically the following outside counsel set forth below and their personnel:

5

6           BRINKS HOFER GILSON & LIONE
        NBC Tower - Suite 3600

7           455 Cityfront Plaza Drive
        Chicago, Illinois 60611-5599

8

9           LATHAM & WATKINS
        135 Commonwealth Drive

10          Menlo Park, California  94025

11          KEKER & VAN NEST, LLP
        710 Sansome Street

12          San Francisco, California 94111

13

14            (iii)    Trial and appellate courts for this action, and court reporters

15  and/or videographers and necessary support personnel of such court reporters and/or

16  videographers retained in connection with any hearing or trial of this action or in connection

17  with any depositions taken by any party in this litigation to the extent necessary to transcribe

18  and/or record the deposition testimony and identify exhibits marked in the course of the

19  deposition;

20            (iv)    Mock jurors, focus group members, or research group

21  participants selected by trial consultants, jury consultants or by trial counsel in preparation

22  for trial, provided that no documents or physical things embodying Confidential information

23  or Outside Counsel Only information of another party shall be left in the possession of any

24  such person;

25            (v)    Independent litigation support services, including legal

26  interpreters, document reproduction services, computer imaging services, and demonstrative

27  exhibit services, provided such individuals are merely performing clerical or ministerial

28  tasks;

1        (vi)     Non-party individuals who are designated in the document or

2  material itself as an author or recipient of the designated document or material;

3        (vii)    Up to three employees of the parties who are designated and

4  identified to the other party within thirty days of the effective date of this Stipulated

5  Protective Order; and

6        (viii)   The following in-house counsel for the parties:

7        for Overture:

8        Joshua Metzger, Esq.

9        Lynn Loeb, Esq.

10       Jeanine L. Hayes, Esq.

11

12       For Google:

13       David Drummond, Esq.

14       Kulpreet Rana, Esq.

15       Karl Sun, Esq.

16

17  If one or more of the foregoing in-house counsel leaves the employ of his or her respective

18  employer, the affected party may designate, for purposes of this protective order,

19  replacement in-house counsel upon written notice to the other party.

20        (b)     Except as provided in Paragraph 5 herein, Outside Counsel Only

21  information, and any analysis or report containing Outside Counsel Only information, may

22  be made available to and inspected by persons described in Paragraph 4(a)(i)-(vi)

23

24       For purposes of persons designated as independent expert witnesses or independent

25  consultants pursuant to Paragraph 4(a)(i), each party shall disclose to the other party, by

26  facsimile and first class mail, the identity, residence, signed undertaking, and curriculum

27  vitae of each independent expert witness or independent consultant at least five (5) business

28  days prior only to the first disclosure of Confidential information or Outside Counsel Only

information to that independent expert witness or independent consultant. If a party objects to the identified expert or consultant, it shall make its objections known in writing within five (5) business days of notification. If agreement on the independent expert or consultant cannot be reached, the objecting party shall have ten (10) business days after making its objections known to seek a protective order from the Court. In such case, no disclosure shall be made to the expert until the Court has ruled on the motion for a protective order. If the objecting party fails to seek a protective order within that time, the objection shall be deemed waived and Confidential information or Outside Counsel Only information may be disclosed to the independent expert subject only to this Protective Order.

It is the specific intent of this subparagraph that Outside Counsel Only information shall not be available to other individuals including the parties, or their employees, except as may be permitted pursuant to Paragraph 5 herein.

(c)    No Confidential information or Outside Counsel Only information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in Paragraphs 4(a) or 4(b), with the exception of outside counsel and the personnel of outside counsel as set forth in Paragraph 4(a), or to any individual who is otherwise authorized to receive or view such information pursuant to Paragraph 5, unless and until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached as Exhibit A, any and all of which signed undertakings shall be retained in duplicate by outside counsel of record for the Receiving Party.

(d)    The limitations on the disclosure of Confidential information apply to all Confidential information, including but not limited to draft memoranda, expert reports, and briefs.  The limitations on the disclosure of Outside Counsel Only information apply to all Outside Counsel Only information, including but not limited to draft memoranda, expert reports, and briefs.

(e)    The parties will meet and confer regarding further restrictions applicable to source  code.  Pending such discussions, the parties need not produce source code that would otherwise be designated Outside Counsel Only.

5.      In the event that counsel for a party deems it necessary to disclose any information of the Producing Party designated Confidential or Outside Counsel Only to any person not specified in Paragraph 4 herein, said counsel first shall notify counsel for the Producing Party in writing of (a) the information or documents to be disclosed, and (b) the person(s) to whom such disclosure is to be made, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the party wishing such disclosure shall make an appropriate motion. In the event of such motion, this Court shall rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure. Until such motion is decided finally by this Court, no disclosure shall be made.

6.      The Clerk of the Court is provisionally directed to maintain under seal all information, documents, objects and other materials filed with the Court that have been designated by a party to this action as Confidential or Outside Counsel Only. To assist the Clerk, any document or object that a party wishes to have placed under seal pursuant to this Order shall be filed in the Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of this action, an identification of the nature of the contents of the sealed envelope or container, the words "CONFIDENTIAL UNDER PROTECTIVE ORDER" or "OUTSIDE COUNSEL ONLY UNDER PROTECTIVE ORDER," and a statement substantially in the following form:

> SUBJECT TO PROTECTIVE ORDER ENTERED IN CASE NO. C02-01991 CRB.  This envelope, containing documents that are filed in this case by [name of party], is not to be opened nor are the contents thereof to be displayed or revealed except by order of the Court.

A second copy of any pleading or paper specifically intended for review by the Court may be hand-delivered to the Court's chambers appropriately marked, in order to assure that the same is brought promptly to the Court's attention.  Any party desiring to file any Confidential

1    information or Outside Counsel Only information under seal must comply fully with the

2    Local Rules concerning such filings.

3        7.    (a)    The parties shall provide, when practicable, advance notice to the Court

4    and other parties when they intend to use Confidential information or Outside Counsel Only

5    information in court proceedings. Nothing in this Order shall prevent a party from using,

6    during depositions, hearings, trial, or other proceedings held in this action, any information

7    or materials designated as Confidential or Outside Counsel Only..

8            (b)    At the deposition of a third party, such third party may be shown any

9    document or other material designated as Confidential or Outside Counsel Only, provided

10   that: (i) the third party authored, created, received, or knows of the document or other

11   material; or (ii) the third party is made subject to this Order, pursuant to Paragraphs 4 and/or

12   5 herein.

13       8.    The information produced by the parties pursuant to pretrial discovery in this

14   action may be used and disclosed only for purposes of this action.  No party or person shall

15   make any other use of any such information, including, but not limited to, use for

16   commercial or competitive purposes or use in any other legal proceeding, except as permitted

17   by a court order.

18       9.    No copies of Confidential information or Outside Counsel Only information

19   shall be made except by or on behalf of attorneys of record in this case or persons otherwise

20   bound by this Order. Any attorneys or other persons bound by this Order who make or cause

21   to be made copies of Confidential information or Outside Counsel Only information shall

22   maintain all such copies within their possession or the possession of others who are entitled

23   to access to such Confidential information or Outside Counsel Only information under this

24   Order.

25       10.    Nothing in this order shall be deemed to preclude any party from seeking and

26   obtaining modifications of this Order, including, but not limited to, modifications which

27   would provide additional protection with respect to the confidentiality of documents or other

28   discovery materials.

11.     Nothing herein shall be construed as preventing any party from using or continuing to use any information designated as Confidential or Highly Confidential under this Order if the Receiving Party, its counsel or independent consultants can show as a matter of written record that the information (a) was already known to the Receiving Party from legitimate sources, (b) was independently developed by the Receiving Party, (c) was obtained from the Producing Party without having been identified as Confidential or Outside Counsel Only, or (d) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence. Should a dispute arise as to any specific information or materials, the burden shall be upon the party claiming that such information or materials is or was publicly known or was lawfully obtained other than through discovery of the Producing Party.

12.     Nothing herein shall be construed as an agreement or admission: (a) that any information, document or the like designated as Confidential or Outside Counsel Only is in fact confidential or a trade secret; or (b) with respect to the competency, relevance or materiality of any such information, document, testimony, or tangible object. The parties reserve the right to make any and all objections as to the admissibility of the documents produced subject to this Order until trial of this case.

13.     A party shall not be obligated to challenge the propriety of a Confidential or Outside Counsel Only designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point in these proceedings with the designation by the Producing Party of any information as Confidential or Outside Counsel Only, the parties shall try first to dispose, of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party shall inform the opposing party or third party in writing that the document should not be deemed confidential and shall cite this paragraph. The party objecting to the "Confidential" or "Outside Counsel Only" status of a document must present a motion to the Court objecting to such status. On any such motion, the proponent of the "Confidential" or "Outside Counsel Only" designation

1    shall bear the burden of proof.  The document shall continue to have such status unless and

2    until such a motion is presented, and during the pendency of any such motion.

3        14.    Within sixty (60) days after the conclusion of this action, all documents,

4    objects, and other materials produced or designated as Confidential or Outside Counsel Only,

5    and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed,

6    at the option of the Producing Party. If the Producing Party directs the Receiving Party to

7    destroy such Confidential or Outside Counsel Only materials and copies, then the Receiving

8    Party, within ten days of destroying such materials and copies, must certify in writing that it

9    has destroyed such materials and copies, and serve said certification upon the Producing

10   Party.

11       Insofar as the provisions of this and any other Protective Orders entered in this action

12   restrict the communication and use of information produced thereunder, such Orders shall

13   continue to be binding after the conclusion of this litigation except (a) that there shall be no

14   restrictions on documents that are used as exhibits in Court (unless such exhibits were filed

15   under seal); and (b) that a party may seek the written permission of the Producing Party or

16   further order of the Court with respect to dissolution or modification of any such Protective

17   Orders.

18       15.    This Order has been entered to facilitate discovery and presentation of

19   evidence to the Court. Neither the designation of any information, document, testimony or

20   tangible object as Confidential or Outside Counsel Only, nor the failure to make such

21   designation, shall constitute evidence with respect to any issue in this action.

22       16.    The terms of this Protective Order shall be applicable to any third party who

23   produces information that is designated by such third party or a party hereto as Confidential

24   or Outside Counsel Only.

25       17.    This Order shall not prevent any party from applying to the Court for a further

26   order of injunctive or other relief, and shall not preclude any party from enforcing its rights

27   at law or in equity with respect to any information, document, or thing against any other

28   person, including another party, believed to be violating the rights of any party.

It is so Ordered.

_____
United States District Judge

_____
Date

STIPULATED TO:
**OVERTURE SERVICES, INC., Plaintiff**

By:   _/s/ Charles M. McMahon_____

BRINKS HOFER GILSON & LIONE
    Jack C. Berenzweig (*Pro Hac Vice*)
    William H. Frankel   (*Pro Hac Vice*)
    Jason C. White (*Pro Hac Vice*)
    Charles M. McMahon (*Pro Hac Vice*)
NBC Tower - Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone:  (312) 321-4200
Facsimile:   (312) 321-4299

LATHAM & WATKINS
    Anthony I. Fenwick (Bar No. 158667)
    Allon Stabinsky (Bar No. 197642)
135 Commonwealth Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile:  (650) 463-2600

**GOOGLE INC., Defendant**

By:   _/s/ Michael S. Kwun_____

KEKER & VAN NEST, L.L.P.
    John W. Keker (Bar No. 49092)
    Jon B. Streeter (Bar No. 101970)
    Daralyn J. Durie (Bar No. 169825)
    Michael S. Kwun (Bar No. 198945)
710 Sansome Street
San Francisco, California 94111
Telephone:  (415) 391-5400
Facsimile:   (415) 397-7188

1    I hereby attest, pursuant to section X of General Order 45, that concurrence in the

2  filing of this document has been obtained from Michael S. Kwun.

3

4    Dated: December 13, 2002        By:  __/s/ Charles M. McMahon_____

5                                                Charles M. McMahon
                                                 BRINKS HOFER GILSON & LIONE
6                                                Attorney for Plaintiff
                                                 OVERTURE SERVICES, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

UNDERTAKING

1.      I have carefully read and understand the attached Confidentiality Protective Order (the "Order") which has been entered by the United States District Court for the Northern District of California in an action captioned *Overture Services, Inc., v. Google Inc.* Case No. C02-01991 CRB.  The initially capitalized terms in this Undertaking shall have the meanings supplied in the Order.

2.      Pursuant to the Order, I may be given access to Confidential information and/or Outside Counsel Only information in the above-referenced action. As a condition of access to that Confidential information and/or Outside Counsel Only information, and in consideration of that access; (a) I agree that I shall be bound by and comply with all the terms of the Order, including those limiting disclosure and use of the Confidential information and Outside Counsel Only information, and (b) I submit to the jurisdiction of the United States District Court for the Northern District of California for the enforcement of the Order.

3.      By reason of this Undertaking, the obligations imposed on me by the Order shall be enforceable by the Producing Party to redress any breach of the Order or this Undertaking.

4.      I have executed this Undertaking in duplicate on _____ whereupon it becomes binding in accordance with its terms.

5.      My current address is _____, and my current occupation/job description is as follows:_____

_____

6.      I have no prior or current affiliation with either of the parties to this action, OR [explain any prior or current affiliation other than expert consultation in connection with this litigation]_____

_____

1         I declare under penalty of perjury under the laws of the United States of America that

2 the foregoing is true and correct.

3         Executed this _____day of _____, 200_ in _____.

4

5                   _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28