BRINKS HOFER GILSON & LIONE
JACK C. BERENZWEIG (Admitted Pro Hac Vice)
WILLIAM H. FRANKEL (Admitted Pro Hac Vice)
JASON C. WHITE (Admitted Pro Hac Vice)
CHARLES M. MCMAHON (Admitted Pro Hac Vice)
NBC Tower - Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone:   (312) 321-4200
Facsimile:    (312) 321-4299

Attorneys for Plaintiff
OVERTURE SERVICES, INC.


KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
JON B. STREETER - #101970
DARALYN J. DURIE - #169825
MICHAEL S. KWUN - #198945
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC., a Delaware corporation,<br><br>                          Plaintiff,<br><br>  v.<br><br>GOOGLE INC., a California corporation,<br><br>                          Defendant. | Case No. C 02-01991 CRB ADR<br><br>**[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER RE OUTSIDE COUNSEL ONLY SOURCE CODE**<br><br>Judge:         Hon. Charles R. Breyer |

1     WHEREAS the parties on December 13, 2002 stipulated to a protective order governing the disclosure of confidential information, the Honorable Charles R. Breyer signed that order on December 16, 2002, and the order was filed on December 18, 2002 (hereinafter, the "Stipulated Protective Order");

    WHEREAS Paragraph 4(e) of the Stipulated Protective Order states that, pending further discussion regarding further restrictions applicable to source code, the parties need not produce source code that would otherwise be designated Outside Counsel Only; and

    WHEREAS the parties have met and conferred regarding further restrictions applicable to source code, and have stipulated to the following further restrictions;

    GOOD CAUSE APPEARING, IT IS HEREBY ORDERED BY THE COURT as follows:

    1.    As used herein, the terms "Outside Counsel Only," "Outside Counsel Only information," "Producing Party," and "Receiving Party" have the same meaning as they do in the Stipulated Protective Order.

    2.    Computer source code properly designated Outside Counsel Only is referred to herein as Outside Counsel Only Source Code. All Outside Counsel Only Source Code, as well as all excerpts, extracts, abstracts, charts, summaries, and notes made from Outside Counsel Only Source Code, shall be Outside Counsel Only Source Code information as well as Outside Counsel Only information.

    3.    In addition to the restrictions set forth in the Stipulated Protective Order, the following restrictions shall apply to the disclosure of any Outside Counsel Only Source Code information:

    (a)    Any Outside Counsel Only Source Code shall be produced in text file format (or another format agreed to by the Receiving Party) on a CD or other readily computer-accessible media (the "Source Code Media").

    (b)    The Receiving Party will not make any copies of the Source Code Media.

    (c)    The Receiving Party may use the Source Code Media to install the source code on a single, password-protected, non-networked computer at the offices of the Receiving

Party's outside counsel.

(d) The Receiving Party may use the Source Code Media to install the source code on a single, password-protected, non-networked computer at the offices of one independent expert or independent consultant that it has designated pursuant to Paragraph 4(a)(i) of the Stipulated Protective Order.

(e) Except when it is being used for the purposes of installing the Outside Counsel Only Source Code on computers, as allowed by subparagraphs (c) and (d), above, the Receiving Party shall maintain the Source Code Media in a secure location at the offices of its outside counsel.

4. No Outside Counsel Only Source Code information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in Paragraphs 4(a) or 4(b) of the Stipulated Protective Order, with the exception of outside counsel and the personnel of outside counsel as set forth in Paragraph 4(a) of the Stipulated Protective Order, or to any individual who is otherwise authorized to receive or view such information pursuant to Paragraph 5 of the Stipulated Protective Order, unless and until that individual (a) is entitled, under the terms of the Stipulated Protective Order, to review Outside Counsel Only information; (b) has been given a copy of this Order; and (c) has duly completed and signed an undertaking in the form attached hereto as Exhibit A ("Source Code Undertaking"). Any and all such signed Source Code Undertakings shall be retained in duplicate by outside counsel of record for the Receiving Party.

5. In addition, prior to revealing or disclosing, in whole or in part, directly or indirectly, any Outside Counsel Only Source Code information to any persons designated as independent expert witnesses or independent consultants pursuant to Paragraph 4(a)(i) of the Stipulated Protective Order, the disclosing party shall send to the other party by facsimile and first class mail a copy of the Source Code Undertaking executed by the independent expert witness or independent consultant.

6. The restrictions in this Order are not intended to preclude the Receiving Party from using reasonable excerpts of Outside Counsel Only Source Code in depositions exhibits,

1  trial exhibits, expert reports, and other documents for purposes of this action, subject to all of the
2  restrictions set forth in the Stipulated Protective Order that are applicable to Outside Counsel
3  Only information.  However, the parties shall make best efforts to limit the number and size of
4  excerpts of Outside Counsel Only Source Code so used.

5        IT IS SO ORDERED.

6  Dated:

8  By: _____
    THE HON. CHARLES R. BREYER
9      UNITED STATES DISTRICT JUDGE

10       SO STIPULATED.

11 Dated:  January 8, 2003            BRINKS HOFER GILSON & LIONE

14 By: _____
    CHARLES M. MCMAHON
    Attorneys for Plaintiff
15     OVERTURE SERVICES, INC.

16 Dated:  January 8, 2003            KEKER & VAN NEST, LLP

19 By: _____
    MICHAEL S. KWUN
    Attorneys for Defendant
20     GOOGLE INC.

21       I hereby attest that concurrence in the filing of this document has been obtained from
22 Charles M. McMahon.

23 Dated:  January 8, 2003            KEKER & VAN NEST, LLP

26 By: _____
    MICHAEL S. KWUN
    Attorneys for Defendant
27     GOOGLE INC.

# EXHIBIT A

# UNDERTAKING

1.  I have carefully read and understand the attached Supplemental Protective Order re Outside Counsel Only Source Code (the "Source Code Protective Order"), which has been entered by the United States District Court for the Northern District of California in an action captioned *Overture Services, Inc., v. Google Inc.*, Case No. C 02-01991 CRB ADR. The initially capitalized terms in this Undertaking shall have the meanings supplied in the Source Code Protective Order.

2.  Pursuant to the Source Code Protective Order, I may be given access to Outside Counsel Only Source Code information in the above-referenced action. As a condition of access to that Outside Counsel Only Source Code information, and in consideration of that access; (a) I agree that I shall be bound by and comply with all the terms of the Source Code Protective Order, including those limiting disclosure and use of the Outside Counsel Only Source Code information, and (b) I submit to the jurisdiction of the United States District Court for the Northern District of California for the enforcement of the Source Code Protective Order.

3.  By reason of this Undertaking, the obligations imposed on me by the Source Code Protective Order shall be enforceable by the Producing Party to redress any breach of the Source Code Protective Order or this Undertaking.

4.  I have executed this Undertaking in duplicate on _____ whereupon it becomes binding in accordance with its terms.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, 200_ in _____.

_____