BRINKS HOFER GILSON & LIONE
JACK C. BERENZWEIG (Admitted Pro Hac Vice)
WILLIAM H. FRANKEL (Admitted Pro Hac Vice)
JASON C. WHITE (Admitted Pro Hac Vice)
CHARLES M. MCMAHON (Admitted Pro Hac Vice)
NBC Tower - Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone:     (312) 321-4200
Facsimile:     (312) 321-4299

Attorneys For Plaintiff
OVERTURE SERVICES, INC.


KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
JON B. STREETER - #101970
DARALYN J. DURIE - #169825
MICHAEL S. KWUN - #198945
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendant
GOOGLE INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC., a California corporation,<br><br>Defendant. | Case No. C 02-01991 JSW ADR<br><br>**JOINT CASE MANAGEMENT STATEMENT, AND REQUEST FOR CASE MANAGEMENT CONFERENCE OR, IN THE ALTERNATIVE, FOR CASE MANAGEMENT ORDER**<br><br>Judge:          Hon. Jeffrey S. White |

Plaintiff Overture Services, Inc. ("Overture") and defendant Google Inc. ("Google")

hereby submit this Joint Case Management Statement, and request that the Court either set a

Case Management Conference or, in the alternative, that the Court adopt the proposed Case

1

1    Management Order that is being filed herewith.

2                          **I.    DESCRIPTION OF THE CASE**

3    **A.    Underlying Events**

4           Overture is a Delaware corporation headquartered in Pasadena, California that describes

5    itself as offering pay-per-click search engines and advertising services for computer networks,

6    including the Internet.  Overture is the owner of a number of patents that cover technologies,

7    devices, and systems for pay-per-click searching and advertising.  One of those patents is at issue

8    here:  United States Patent No. 5,269,361 ("the '361 patent"), entitled "System and Method for

9    Influencing a Position on a Search Result List Generated by a Computer Network Search

10   Engine."

11          Google is a California corporation headquartered in Mountain View, California that

12   describes itself as offering search engines and advertising services for computer networks,

13   including the Internet.

14   **B.    Disputed Factual and Legal Issues**

15          The parties do not intend any description in this Joint Case Management Statement of any

16   issue of law, or fact, or both, to constitute an admission or to be otherwise probative of any

17   matter in dispute.  The parties agree that no statement or omission herein shall constitute a

18   waiver of any of either party's claims or defenses to any issue.  Each party acknowledges that

19   disputed issues in addition to those described below may arise in this case.

20          The parties can be expected to dispute the proper construction of various terms found in

21   the claims of the '361 patent.

22          Overture alleges, and Google denies, that Google is directly infringing, inducing

23   infringement by others, and/or contributorily infringing the '361 patent, and that Google's

24   infringement is willful.  Overture seeks a permanent injunction, damages, attorneys' fees and

25   costs.

26          Google alleges, and Overture denies, that Google does not and has never infringed,

27   contributorily infringed, or induced others to infringe any claim, properly construed, of the '361

28   patent.  Google further alleges, and Overture further denies, that the '361 patent is invalid based

JOINT CASE MANAGEMENT STATEMENT
CASE NO. C 02-01991 JSW ADR

1    at least on Overture's prior public use of the claimed invention, and that the '361 patent is

2    unenforceable based at least on Overture's inequitable conduct during the prosecution of the

3    patent application that led to the grant of the '361 patent.

4    **C.**    **Other Disputed Factual Issues (Service of Process, Jurisdiction, and Venue)**

5          There are no disputed factual issues regarding service of process, personal jurisdiction,

6    subject matter jurisdiction, or venue.

7    **D.**    **Service**

8          All parties have been served.

9    **E.**    **Additional Parties**

10          At the present time, the parties do not intend to join any additional parties.

11    **F.**    **Procedural History**

12          Overture filed its complaint on April 23, 2002.  The case was initially assigned to

13    Magistrate Judge Zimmerman, but was reassigned to Judge Breyer upon Google's filing of a

14    request for reassignment to a District Court Judge.  Google filed its answer and counterclaims on

15    June 7, 2002, and Overture filed its reply to Google's counterclaims on June 25, 2002.

16          On August 19, 2002, the parties jointly proposed a case management schedule that, for

17    claim construction proceedings, substantially tracked the default deadlines set by the Patent

18    Local Rules.  At an August 30, 2002 Case Management Conference, Judge Breyer adopted the

19    proposed schedule for claim construction proceedings, and declined at that time to set dates for

20    post-claim construction proceedings.

21          Pursuant to the agreed upon schedule, Overture served its Disclosure of Asserted Claims

22    and Preliminary Infringement Contentions (hereinafter, "Preliminary Infringement Contentions")

23    on September 16, 2002.  On October 7, 2002, Google moved to compel Overture to supplement

24    its Preliminary Infringement Contentions, and to extend Google's time to serve Preliminary

25    Invalidity Contentions to forty-five days after Overture served revised Preliminary Infringement

26    Contentions.

27          Judge Breyer referred Google's motion to a Magistrate Judge.  At the parties' request,

28    Judge Breyer stayed all case management dates pending resolution of Google's motion.

1    Magistrate Judge Laporte granted Google's motion on December 18, 2002, as memorialized in

2    an order filed on January 6, 2003.  Based on Magistrate Judge Laporte's ruling, the parties

3    jointly proposed a revised case management schedule, which Judge Breyer adopted on January 7,

4    2003.

5        On January 15, 2003, this case was reassigned to Judge White.  The parties understand

6    that all of the pending case management dates, including all of the dates set by the orders dated

7    January 6 and 7, 2003 by Magistrate Judge Laporte and Judge Breyer, were vacated by the

8    reassignment order.

9                    **II.      ALTERNATIVE DISPUTE RESOLUTION**

10   **A.      Consent to Jurisdiction of Magistrate Judge for Trial**

11       The parties do not consent to the jurisdiction of a United States Magistrate Judge for trial.

12   **B.      Assigned Alternative Dispute Resolution Processes**

13       The parties have agreed to mediate the case before a private mediator, and intend to

14   mediate the case around the time of, but prior to, the Court's claim construction hearing.  On

15   August 6, 2002, Judge Breyer approved the parties' stipulation regarding ADR.

16                          **III.     DISCLOSURES**

17   **A.      Discovery Plan**

18           **1.      Discovery limits**

19       Based on the facts currently known to each party and the contentions to date, the parties

20   agree that the presumptive limit on the number of depositions should be increased to fifteen per

21   party, exclusive of expert depositions.  The parties do not at this time anticipate requiring

22   specific relief from any other discovery limitations, but respectfully reserve their rights to seek

23   such relief, including additional depositions, by stipulation or by application to the Court as

24   warranted.

25       Judge Breyer has previously entered two stipulated protective orders regarding discovery

26   in this case.   The first order, dated December 18, 2002, addresses generally the disclosure of

27   confidential information in this case.  The second order, dated January 9, 2003, addresses the

28   disclosure of confidential source code in this action.  The parties are still in the process of

meeting and conferring regarding an appropriate protocol for the production of electronic mail in this case.

**2.     Discovery and claim construction schedule**

In light of Judge Breyer's previous decision to defer the setting of any post-claim construction dates, the parties do not propose any such dates below.  However, the parties are prepared to propose such dates, should the Court so desire.

With respect to claim construction proceedings, the parties jointly propose a schedule that is similar to the schedule set by the orders dated January 6 and 7, 2003 by Magistrate Judge Laporte and Judge Breyer.  However, due to technical difficulties with Overture's production of source code, the dates in the schedule below are one week later than the dates previously ordered by Magistrate Judge Laporte and Judge Breyer.

| Event | Patent L.R. | Old Date | New Date |
|---|---|---|---|
| Last Day for the Parties to Exchange Source Code Responsive to Discovery Requests Served Prior to December 18, 2002, Subject to Any Appropriate Objections | | 1/17/03 | 1/24/03 |
| Last Day for Overture to Serve Revised Preliminary Infringement Contentions with Respect to Claim 14 of the '361 Patent | 3-1 | 1/31/03 | 2/7/03 |
| Last Day for Google to Serve Preliminary Invalidity Contentions | 3-3 | 2/14/03 | 2/21/03 |
| Last Day for Simultaneous Exchange of Proposed Terms and Claim Elements for Construction and/or Governed by 35 U.S.C. § 112 ¶ 6 | 4-1 | 3/3/03 | 3/10/03 |
| Last Day for Simultaneous Exchange of Preliminary Claim Constructions and Extrinsic Evidence | 4-2 | 3/24/03 | 3/31/03 |
| Last Day for Parties to File Joint Claim Construction and Prehearing Statement | 4-3 | 4/15/03 | 4/22/03 |
| Last Day to Take Discovery Relating to Claim Construction | 4-4 | 5/15/03 | 5/22/03 |
| Last Day for Overture to File Opening Claim Construction Brief and Supporting Evidence | 4-5 | 5/30/03 | 6/6/03 |

305451.02

| Event | Patent L.R. | Old Date | New Date |
|---|---|---|---|
| Last Day for Google to File Responsive Claim Construction Brief and Supporting Evidence | 4-5 | 6/13/03 | 6/20/03 |
| Last Day for Overture to File Reply Claim Construction Brief and Rebuttal Evidence | 4-5 | 6/24/03 | 7/1/03 |
| Technology Tutorial for Court and Claim Construction Prehearing Conference; Claim Construction Hearing | 4-6 | 7/8/03, 2:30 p.m. (tutorial)<br><br>7/9/03, 2:30 p.m. (claim construction) | On or after 7/15/03 |

## IV.    TRIAL SCHEDULE

### A.    Trial Date

In light of Judge Breyer's previous decision to defer the setting of any post-claim construction dates, the parties do not propose a trial schedule at this time.  However, the parties are prepared to propose such dates, should the Court so desire.

### B.    Trial Length

The parties expect that the trial will last approximately 15 days.

Dated:  January 24, 2003                    BRINKS HOFER GILSON & LIONE


By:   /s/ *Jack C. Berenzweig*
      JACK C. BERENZWEIG
      Attorneys for Plaintiff
      OVERTURE SERVICES, INC.

Dated:  January 24, 2003                    KEKER & VAN NEST, LLP


By:   /s/ *Daralyn J. Durie* by Michael S. Kwun
      DARALYN J. DURIE
      Attorneys for Defendant
      GOOGLE INC.

I hereby attest that concurrence in the filing of this document has been obtained from

6

305451.02

1   Jack C. Berenzweig and Daralyn J. Durie.

2   Dated:  January 24, 2003                KEKER & VAN NEST, LLP

3

4

5                                    By:   /s/ Michael S. Kwun
                                     MICHAEL S. KWUN
6                                    Attorneys for Defendant
                                     GOOGLE INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

305451.02