BRINKS HOFER GILSON & LIONE
JACK C. BERENZWEIG (Admitted Pro Hac Vice)
WILLIAM H. FRANKEL (Admitted Pro Hac Vice)
JASON C. WHITE (Admitted Pro Hac Vice)
CHARLES M. MCMAHON (Admitted Pro Hac Vice)
Nbc Tower - Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone:     (312) 321-4200
Facsimile:     (312) 321-4299

Attorneys for Plaintiff and Counterdefendant
OVERTURE SERVICES, INC.


KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
DARALYN J. DURIE - #169825
MICHAEL S. KWUN - #198945
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendant and Counterclaimant
GOOGLE TECHNOLOGY INC., sued under its former name
GOOGLE INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC., a Delaware corporation, | Case No. C 02-01991 JSW (EDL) |
| Plaintiff and Counterdefendant, | **STIPULATED REQUEST FOR LEAVE TO DEFER ADJUDICATION OF WHETHER 35 U.S.C. § 112 ¶ 6 GOVERNS CERTAIN LIMITATIONS** |
| v. | |
| GOOGLE INC., a California corporation, | Judge:          Hon. Jeffrey S. White |
| Defendant and Counterclaimant. | |

312275.02

STIPULATED REQUEST FOR LEAVE TO DEFER ADJUDICATION OF WHETHER 35 U.S.C. § 112 ¶ 6
GOVERNS CERTAIN LIMITATIONS
CASE NO. C 02-01991 JSW (EDL)

Dockets.Justia.com

**STIPULATED REQUEST FOR LEAVE TO DEFER ADJUDICATION OF WHETHER 35 U.S.C. § 112 ¶ 6 GOVERNS CERTAIN LIMITATIONS**

Overture Services, Inc. ("Overture") and Google Technology Inc. ("Google") hereby jointly request that the Court defer briefing and resolution of whether 35 U.S.C. § 112 ¶ 6 governs certain claim terms.

Patent Local Rule 4-1(a) requires that each party simultaneously exchange "a list of claim terms, phrases, or clauses which that party contends should be construed by the Court" and that each party "identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6)." The parties timely exchanged disclosures pursuant to Patent Local Rule 4-1(a). After meeting and conferring about these disclosures, the parties agreed that twelve terms or phrases should be briefed for construction by the Court, and so notified the Court in a letter dated May 14, 2003.

In addition to identifying terms requiring construction, Google identified the following eight clauses in claim 14 of the patent-in-suit that it contends are governed by 35 U.S.C. § 112 ¶ 6:

programming code for providing the advertising web site promoter with login access in response to authentication, wherein the advertising web site promoter's login access grants the advertising web site promoter access to modify the advertising web site promoter's account, the advertising web site promoter not being provided with access to modify the accounts of others;

programming code on said computer system for adding money to the account of an advertising web site promoter in substantially real time upon receiving a request from said advertising web site promoter;

programming code on said computer system for adding a search listing to an account of an advertising web site promoter in substantially real time upon receiving a request from said advertising web site promoter;

programming code on said computer system for deleting a search listing to an account of an advertising web site promoter in substantially real time upon receiving a request  from said advertising web site promoter;

programming code on said computer system for modifying in substantially real time the search listing of an advertising web site promoter upon receiving a request from said advertising web site promoter;

programming code for generating in substantially real time an activity report for an advertising web site promoter upon receiving a request from said advertising web site promoter;

2

STIPULATED REQUEST FOR LEAVE TO DEFER ADJUDICATION OF WHETHER 35 U.S.C. § 112 ¶ 6
GOVERNS CERTAIN LIMITATIONS
CASE NO. C 02-01991 JSW (EDL)

312275.02

1
2
3

    programming code for receiving a search request from a remote computer, the
search request including at least one keyword, the search request being
received over the computer network from the remote computer through a web
site that is publicly accessible without authentication; and

4
5
6

    programming code for generating in substantially real time a search result list in
response to the search request, the search result list including search listings
from the accounts on the database, wherein the search term for each search
listing in the search result list generates a match with the search request, the
search listings in the search result list arranged in an order determined using
the bid amounts of the search listings.

7    Overture contends that these clauses are not governed by 35 U.S.C. § 112 ¶ 6.  The eight clauses

8    identified by Google appear only in claim 14.  Given that this dispute relates to only one of the

9    62 asserted claims (Overture has asserted that Google infringes claims 1-2, 4-5, 7-18, 20-30, and

10    33-67 of the patent-in-suit), the parties propose to defer briefing of this issue until after the Court

11    has issued a claim construction order addressing the twelve terms identified in the May 14, 2003

12    letter to the Court.

13        The parties jointly request that the Court enter an order deferring adjudication of whether

14    the eight clauses identified above are governed by 35 U.S.C. § 112 ¶ 6, and the subordinate issue

15    of what structure, acts, or materials correspond to those elements, if any of the identified clauses

16    are governed by 35 U.S.C. § 112 ¶ 6.  The parties further request that the Court hold a further

17    case management conference shortly after issuing a claim construction order addressing the

18    twelve terms identified in the May 14, 2003 letter to the Court, at which time the Court and the

19    parties can discuss whether and how the § 112 ¶ 6 issue should be addressed, and other case

20    management issues.

21    Dated:  May 29, 2003                BRINKS HOFER GILSON & LIONE

22

23

24                                  By:  ____s/Jason C. White_____

25                                    JASON C. WHITE
                                  Attorneys for Plaintiff and Counterdefendant
                                  OVERTURE SERVICES, INC.

26

27

28

312275.02

1  Dated:  May 29, 2003                    KEKER & VAN NEST, LLP

2

3

                                    By:    s/Michael S. Kwun_____
4                                          Defendant and Counterclaimant
                                           GOOGLE TECHNOLOGY INC., sued under its
5                                          former name GOOGLE INC.

6
                        **DECLARATION OF MICHAEL S. KWUN**
7

8          I, Michael S. Kwun, declare that prior to filing the above Stipulated Request, I sent it to

9  Jason C. White for his review, and he authorized me to file the Stipulated Request on his behalf.

10         I declare under penalty of perjury under the laws of the United States of America that the

11 foregoing is true and correct.  Executed on this 29th day of May 2003 at San Francisco,

12 California.

13

14

15                                         s/Michael S. Kwun_____
                                           MICHAEL S. KWUN
16

17

18

19

20

21

22

23

24

25

26

27

28

312275.02