UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC., a California corporation,<br><br>Defendant. | Case No. C 02-01991 JSW (EDL)<br><br>**[PROPOSED] ORDER GRANTING STIPULATED REQUEST** |

The Court has considered the May ___, 2003 joint request by Overture Services, Inc. ("Overture") and Google Technology Inc. ("Google"), sued under its former name Google Inc., for an order deferring adjudication of whether 35 U.S.C. § 112 ¶ 6 governs certain claim limitations. Good cause appearing, the Court GRANTS the parties' joint request.

Google contends that the following eight clauses, each of which appears only in claim 14 of the patent-in-suit, are governed by 35 U.S.C. § 112 ¶ 6, and Overture contends that they are not:

1    programming code for providing the advertising web site promoter with login access in response to authentication, wherein the advertising web site promoter's login access grants the advertising web site promoter access to modify the advertising web site promoter's account, the advertising web site promoter not being provided with access to modify the accounts of others;

4    programming code on said computer system for adding money to the account of an advertising web site promoter in substantially real time upon receiving a request from said advertising web site promoter;

6    programming code on said computer system for adding a search listing to an account of an advertising web site promoter in substantially real time upon receiving a request from said advertising web site promoter;

8    programming code on said computer system for deleting a search listing to an account of an advertising web site promoter in substantially real time upon receiving a request from said advertising web site promoter;

10   programming code on said computer system for modifying in substantially real time the search listing of an advertising web site promoter upon receiving a request from said advertising web site promoter;

12   programming code for generating in substantially real time an activity report for an advertising web site promoter upon receiving a request from said advertising web site promoter;

14   programming code for receiving a search request from a remote computer, the search request including at least one keyword, the search request being received over the computer network from the remote computer through a web site that is publicly accessible without authentication; and

17   programming code for generating in substantially real time a search result list in response to the search request, the search result list including search listings from the accounts on the database, wherein the search term for each search listing in the search result list generates a match with the search request, the search listings in the search result list arranged in an order determined using the bid amounts of the search listings.

Adjudication of whether the above-identified eight clauses are governed by 35 U.S.C. § 112 ¶ 6, and the subordinate issue of what structure, acts, or materials correspond to those elements, if any of the identified clauses are governed by 35 U.S.C. § 112 ¶ 6, is deferred.  The Court will hold a further case management conference shortly after issuing a claim construction order, at which time the Court and the parties can discuss whether and how the § 112 ¶ 6 issue should be addressed, and other case management issues.

///

///

///

1  For purposes of the upcoming claim construction proceedings, the parties need not
2  address the § 112 ¶ 6 issue in their Patent Local Rule disclosures and filings.
3  IT IS SO ORDERED.

6  Dated:

HON. JEFFREY S. WHITE
United States District Judge