

LATHAM & WATKINS
  Anthony I. Fenwick (Bar No. 158667)
135 Commonwealth Drive
Menlo Park, California 94025
Telephone:    (650) 328-4600
Facsimile:    (650) 463-2600

BRINKS HOFER GILSON & LIONE
  Jack C. Berenzweig (Admitted *Pro Hac Vice*)
  William H. Frankel (Admitted *Pro Hac Vice*)
  Jason S. White (Admitted *Pro Hac Vice*)
  Charles M. McMahon (Admitted *Pro Hac Vice*)
NBC Tower - Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone:    (312) 321-4200
Facsimile:    (312) 321-4299

Attorneys for Plaintiff
OVERTURE SERVICES, INC.

KEKER & VAN NEST, LLP
  John W. Keker (Bar No. 49092)
  Daralyn J. Durie (Bar No. 169825)
  Michael S. Kwun (Bar No. 198945)
710 Sansome Street
San Francisco, California 94111
Telephone:    (415) 391-5400
Facsimile:    (415) 397-7188

Attorneys for Defendant
GOOGLE TECHNOLOGY INC.,
sued under its former name GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC., a Delaware Corporation, | No. C02-01991 JSW |
| Plaintiff, | **JOINT REPORT, CASE MANAGEMENT STATEMENT, AND [PROPOSED] ORDER** |
| vs. | |
| GOOGLE INC., a California Corporation, | |
| Defendant. | |

Dockets.Justia.com

Plaintiff Overture Services, Inc. ("Overture") and defendant Google Technology Inc. ("Google") jointly submit this combined Report, Case Management Statement, and [Proposed] Order and request that the Court adopt it as its Case Management Order in this case.

## I. DESCRIPTION OF THE CASE

### A. Underlying Events

Overture is a Delaware corporation headquartered in Pasadena, California that describes itself as offering pay-per-click search engines and advertising services for computer networks, including the Internet. Overture is the owner of a number of patents that cover technologies, devices, and systems for pay-per-click searching and advertising. One of those patents is at issue here: United States Patent No. 5,269,361 ("the '361 patent"), entitled "System and Method for Influencing a Position on a Search Result List Generated by a Computer Network Search Engine."

Google is a California corporation headquartered in Mountain View, California that describes itself as offering search engines and advertising services for computer networks, including the Internet.

### B. Disputed Factual and Legal Issues

The parties do not intend any description in this Joint Case Management Statement of any issue of law, or fact, or both, to constitute an admission or to be otherwise probative of any matter in dispute. The parties agree that no statement or omission herein shall constitute a waiver of any of either party's claims or defenses to any issue. Each party acknowledges that disputed issues in addition to those described below may arise in this case.

Overture alleges, and Google denies, that Google is directly infringing, inducing infringement by others, and/or contributorily infringing the '361 patent, and that Google's infringement is willful. Overture seeks a permanent injunction, damages, attorneys' fees and costs.

Google alleges, and Overture denies, that Google does not and has never infringed, contributorily infringed, or induced others to infringe any claim, properly construed, of the

'361 patent.  Google further alleges, and Overture further denies, that the '361 patent is invalid based at least on Overture's prior public use of the claimed invention, and that the '361 patent is unenforceable based at least on Overture's inequitable conduct during the prosecution of the patent application that led to the grant of the '361 patent.

Pursuant to the Local Patent Rules, the parties have identified twelve terms found in the claims of the '361 patent for which the proper construction is disputed.

**C.    Other Disputed Factual Issues (Service of Process, Jurisdiction, and Venue)**

There are no disputed factual issues regarding service of process, personal jurisdiction, subject matter jurisdiction, or venue.

**D.    Service**

All parties have been served.

**E.    Additional Parties**

At the present time, the parties do not intend to join any additional parties.

**II.    ALTERNATIVE DISPUTE RESOLUTION**

**A.    Consent to Jurisdiction of Magistrate Judge for Trial**

The parties do not consent to the jurisdiction of a United States Magistrate Judge for trial.

**B.    Assigned Alternative Dispute Resolution Processes**

The parties have selected mediation as an alternative ADR process and have agreed to use a private mediator for this purpose.  Pursuant to the Court's March 31, 2003 Scheduling Order, the parties are scheduled to complete private mediation on or before September 22, 2003.

///
///
///
///

## III.    DISCLOSURES

### A.    Discovery Plan

The parties agree to the following discovery plan:

#### 1.    Discovery limits

The parties previously agreed that the presumptive limit on the number of depositions should be increased to 15 per party, exclusive of expert depositions. The parties also expressly reserved their rights to seek further modifications to discovery limitations, including additional depositions, as warranted.

Google proposes that, in light of information learned through discovery, the presumptive limit on the number of depositions now be increased to a total of 20 per party, exclusive of expert depositions. The face of the patent-in-suit lists ten inventors. Overture has revealed, in discovery, that it has petitioned the U.S. Patent and Trademark Office to add two additional inventors, which would bring the total to twelve. Moreover, in response to interrogatories, Overture has stated it is unable to provide anything beyond the barest information regarding each purported inventor's role in the conception and reduction to practice of the claimed inventions. As such, Google now believes that it may be necessary to take the depositions of most or all of the named inventors. In light of this development, Google respectfully requests that the Court increase the presumptive limit on non-expert depositions to 20 per party.

Overture opposes any further increase in the presumptive limit on the number of depositions. Overture also objects to Google's characterization of Overture's discovery disclosures. In response to Google's interrogatories, Overture has provided detailed descriptions of the conception and reduction to practice of the claimed inventions.

It was Google that originally insisted on the current limit of 15 depositions per party. At that time, Google was aware of at least the ten inventors named on the face of the patent-in-suit. Nevertheless, Google chose to proceed with a limitation of 15 depositions. Moreover, Google has taken only three depositions so far in this case. Thus, it is premature for Google to seek an increase in the presumptive limit of 15 depositions. Overture sees no

1  reason to depart from that limit at this point in discovery, and respectfully requests that the

2  Court decline Google's request to increase the deposition limit.

3        The parties do not at this time anticipate requiring specific relief from any other

4  discovery limitations, but respectfully reserve their rights to seek such relief, including

5  additional depositions, by stipulation or by application to the Court as warranted.

6        **2.**      **Discovery and claim construction schedule**

7        The Court set the following claim construction schedule in its scheduling order of

8  March 31, 2003:

| Event | Patent Local Rule | Proposed Date |
|---|---|---|
| Last Day for Overture to File Opening Claim Construction Brief and Supporting Evidence | Patent L.R. 4-5 | 8/8/03 |
| Last Day for Google to File Responsive Claim Construction Brief and Supporting Evidence | Patent L.R. 4-5 | 8/22/03 |
| Last Day for Overture to File Reply Claim Construction Brief and Rebuttal Evidence | Patent L.R. 4-5 | 9/3/03 |
| Last Day to Complete Mediation Before a Private Mediator | N/A | 9/22/03 |
| Last Day for Simultaneous Exchange of Proposed Exhibits for Claim Construction Prehearing Conference and Claim Construction Hearing | N/A | 10/10/03 |
| Technology Tutorial for Court and Claim Construction Prehearing Conference (if desired by the Court separate from the Claim Construction hearing) | N/A | 10/15/03 2:00 p.m. |
| Claim Construction Hearing | Patent L.R. 4-6 | 10/22/03 2:00 p.m. |

1   In addition to the foregoing claim construction schedule, Overture proposes the

2   following discovery and pre-trial schedule. Google opposes Overture's schedule, and

3   respectfully requests that the Court defer the setting of post-claim construction dates until

4   after the claim construction ruling is served, at which point further case management dates

5   can be addressed in the context of the case management conference that the Court has

6   already indicated it will conduct after issuing the claim construction ruling. *See* Order

7   Granting Stipulated Request at 2 (May 29, 2003). Google notes that Overture has not

8   proposed dates certain, but dates that are relative to an as-yet unfixed date, the date on which

9   the claim construction ruling is served. Google and counsel for Google are unable to

10  evaluate whether the proposed dates are reasonable, because it is impossible at this time to

11  determine where those dates fall relative to holidays, pre-trial deadlines and trial dates in

12  other cases, and other pre-existing commitments. For these reasons, Google believes it is

13  appropriate to continue to defer the setting of further case management deadlines until after

14  the claim construction ruling is served. However, if the Court concludes that it is appropriate

15  to set further dates now, Google requests that the Court set a briefing schedule for a motion

16  to bifurcate the issue of willfulness for separate trial.

| Event | Patent Local Rule | Proposed Date |
|---|---|---|
| Service of Claim Construction Ruling by Court | | To be determined by the Court |
| Last Day for Overture to Serve Final Infringement Contentions | Patent L.R. 3-6(a) | 30 days after service of the Claim Construction Ruling |
| Last Day for Google to Serve Final Invalidity Contentions | Patent L.R. 3-6(b) | 50 days after service of the Claim Construction Ruling |

| Event | Patent Local Rule | Proposed Date |
|---|---|---|
| Last Day for Google to Provide "Willfulness" Discovery | Patent L.R. 3-8 | 50 days after service of the Claim Construction Ruling |
| Non-Expert Discovery Cut-Off | N/A | 120 days after service of the Claim Construction Ruling |
| Last Day to Disclose Affirmative Experts (*i.e.*, any expert who will testify on an issue for which the disclosing party bears the burden of proof) | N/A | 3 weeks after Non-Expert Discovery Cut-Off |
| Last Day to Disclose Rebuttal Experts (*i.e.*, any expert who will offer evidence intended solely to contradict or rebut an Affirmative Expert on the same subject matter disclosed by the Affirmative Expert) | N/A | 6 weeks after Non-Expert Discovery Cut-Off |
| Expert Discovery Cut-Off | N/A | 9 weeks after Non-Expert Discovery Cut-Off |
| Last Day to File Dispositive Motions | N/A | 13 weeks after Non-Expert Discovery Cut-Off |
| Pre-Trial Conference | N/A | 22 weeks after Non-Expert Discovery Cut-Off |

## IV.     TRIAL SCHEDULE

### A.     Trial Date

Overture requests that trial be set approximately one month after the Pre-Trial Conference.  Google proposes that the parties and the Court address the trial date after the claim construction ruling, for the reasons expressed above.

### B.     Trial Length

The parties expect that the trial will last approximately 15 days.

## V.     PRE-CLAIM CONSTRUCTION DISPOSITIVE MOTIONS

The parties disagree about a proposal Google has raised regarding the filing of summary judgment motions before the claim construction hearing.  The parties respective positions on this issue are described below.

### A.     Google's Position

Google is considering filing an early motion for summary judgment based on its inequitable conduct defense and counterclaim.  Two depositions that are potentially relevant to this motion are set for today, July 18, 2003, and next Wednesday, July 23, 2003.  Google anticipates that it may be able to file a motion for summary judgment that could be heard in conjunction with the claim construction hearing that is set for October 22, 2003.

Although Google has not yet determined that it definitely will file an early motion on the inequitable conduct issue, Google requests that the Court adopt the following schedule, which would apply if either party files a dispositive motion prior to the claim construction hearing:

| Event | Date |
|---|---|
| Last Day for the Parties to File Early Dispositive Motions | 8/29/03 |

| Event | Date |
|---|---|
| Last Day to File an Opposition to any Early Dispositive Motions that are Filed | 9/19/03 |
| Last Day to File a Reply to any Opposition to any Early Dispositive Motions that are Filed | 10/3/03 |
| Hearing on any Early Dispositive Motions that are Filed | 10/22/03 (a.m.), 10/23/03, or at the Court's convenience |

The filing of any early dispositive motion would be without prejudice to the filing party's right to file further dispositive motions on other bases at a future date. Google believes that this proposal is consistent with the Court's standing orders. Although paragraph 9 of the Court's general standing order states that all issues for summary judgment should ordinarily be contained in one motion, paragraph 12(b) of the Court's standing order for patent cases specifically contemplates that multiple dispositive motions may be appropriate in patent cases, and invites the parties to submit proposals for the grouping and timing of such motions. Although the Court's standing order for patent cases directs that such proposals be submitted *after* the claim construction ruling, given that Google is considering filing a dispositive motion *before* the claim construction hearing, Google believes that it is prudent for it to propose a schedule for that motion now. Google has proposed a briefing schedule for its possible early dispositive motion that is slightly longer than the default briefing schedule for motions, because the parties would also be briefing claim construction issues in this approximate time period.

### B.    Overture's Position

Overture opposes Google's attempt to combine the claim construction proceedings with a summary judgment motion on its allegations of inequitable conduct. Google suggests that the summary judgment hearing should be scheduled *for the same day* as the claim construction hearing. However, Google has not provided any legitimate reason to justify this

- 9 -

1  change of schedule.  Rather, it appears that this scheduling maneuver is intended to confuse

2  the claim construction analysis with Google's allegations of inequitable conduct.

3      Contrary to Google's explanations, its proposal also is inconsistent with both the

4  Court's general Standing Order and the Court's Standing Order for Patent Cases.

5      The Court's Standing Order requires that all issues for summary judgment shall be

6  contained in one motion.  This rule ensures efficient summary judgment proceedings, and

7  prevents either party from harassing the other party with multiple dispositive motions.

8  Google plans to circumvent this provision by filing one summary judgment motion before

9  the claim construction hearing, while reserving the right to file additional summary judgment

10 motions after the claim construction hearing.  Yet Google has not provided any reason to

11 justify multiple summary judgment motions.  Accordingly, Google should be limited to one

12 summary judgment motion consistent with the Court's Standing Order.

13     Google also attempts to circumvent the Court's Standing Order for Patent Cases,

14 which requires that the parties propose a schedule for dispositive motions *after* issuance of

15 the claim construction ruling.  Again, it appears that Google's suggestion of an early

16 summary judgment motion is intended merely to cast Overture in a bad light during the claim

17 construction proceedings.

18     For these reasons, Overture respectfully requests that the Court limit Google to a

19 single summary judgment motion to be filed after the claim construction ruling.

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1   Dated:  July 18, 2003                    By:  _____*s/ Charles M. McMahon*_____
2                                                 Charles M. McMahon
                                                  BRINKS HOFER GILSON & LIONE
3                                                 NBC Tower - Suite 3600
                                                  455 North Cityfront Plaza Drive
4                                                 Chicago, Illinois  60611
                                                  Telephone:        (312) 321-4200
5                                                 Facsimile:         (312) 321-4299

6                                                 Attorneys for Plaintiff
7                                                 OVERTURE SERVICES, INC.

8

9   Dated:  July 18, 2003                    By:  _____*s/ Michael S. Kwun*_____
10                                                Michael S. Kwun
                                                  KEKER & VAN NEST, LLP
11                                                710 Sansome Street
                                                  San Francisco, California  94111
12                                                Telephone:        (415) 391-5400
                                                  Facsimile:         (415) 397-7188
13

14                                                Attorneys for Defendant
                                                  GOOGLE TECHNOLOGY INC., sued
15                                                under its former name GOOGLE INC.

16

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    Good cause appearing, the Court hereby adopts the jointly proposed portions of the

2  foregoing joint statement..

3    Google's request that the presumptive limit on depositions be increased to 20 per

4  party, exclusive of expert depositions is:

5    [  ] GRANTED.

6    [  ] DENIED.

7    The Court further:

8    [  ] ADOPTS Overture's proposed schedule for post-claim construction dates.

9    [  ] DEFERS the setting of any post-claim construction dates until after a claim

10  construction order has been served.

11    The Court further:

12    [  ] ADOPTS Google's proposed schedule for early dispositive motions.

13    [  ] DECLINES to adopt at this time a schedule for early dispositive motions.

14    SO ORDERED.

15

16    Dated: _____

17                                          Hon. Jeffrey S. White
                                           United States District Judge

18

19

20

21

22

23

24

25

26

27

28

1

**DECLARATION OF CHARLES M. MCMAHON**

2        I, Charles M. McMahon, declare that prior to filing the above Joint Report, Case

3  Management Statement, and [Proposed] Order, I sent it to Michael S. Kwun for his review,

4  and he authorized me to file the Joint Report, Case Management Statement, and [Proposed]

5  Order on his behalf.

6        I declare under penalty of perjury under the laws of the United States of America that

7  the foregoing is true and correct.  Executed on this 18th day of July 2003 at Chicago, Illinois.

8

9                               *s/ Charles M. McMahon*

10                            Charles M. McMahon

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28