LATHAM & WATKINS
Anthony I. Fenwick (Bar No. 158667)
Allon Stabinsky (Bar No. 197642)
135 Commonwealth Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

BRINKS HOFER GILSON & LIONE
Jack C. Berenzweig (Admitted *Pro Hac Vice*)
William H. Frankel (Admitted *Pro Hac Vice*)
Jason C. White (Admitted *Pro Hac Vice*)
Charles M. McMahon (Admitted *Pro Hac Vice*)
NBC Tower - Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

Attorneys for Plaintiff
OVERTURE SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a California Corporation,<br><br>Defendant. | No. C02-01991 JSW (EDL)<br><br>**OVERTURE'S MOTION FOR PROTECTIVE ORDER PREVENTING EXCESSIVE THIRD PARTY DISCOVERY**<br><br>**DISCOVERY MATTER**<br><br>Date: September 9, 2003*<br>Time: 9:30 a.m.<br>Courtroom: E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |

* Due to the urgent nature of the relief Overture seeks in this motion, Overture has filed concurrently herewith an Unopposed Motion to Shorten the Briefing and Hearing Schedule Pursuant to Civil Local Rule 6-3.

Dockets.Justia.com

## MOTION

Plaintiff Overture Services, Inc. ("Overture") hereby moves, pursuant to Fed. R. Civ. P. 26(c), for entry of a protective order preventing defendant Google Technologies Inc. ("Google") from pursuing excessive third party discovery. Pursuant to Civil L.R. 7-2, Overture has noticed this motion for hearing before the Honorable Elizabeth D. Laporte at 9:30 a.m. on Tuesday, September 9, 2003. However, due to the urgent nature of this motion, and in accordance with L.R. 6-3, Overture respectfully requests that the briefing and hearing schedule for this motion be shortened as described in Overture's Unopposed Motion to Shorten the Briefing and Hearing Schedule, filed concurrently herewith.

Google has expressed its intent to serve approximately three hundred (300) subpoenas on third parties in connection with this case. Such a large number of third party subpoenas is unreasonable and excessive, and Overture therefore seeks a protective order limiting Google to no more than twenty-five (25) third party subpoenas.

## I. FACTUAL BACKGROUND

On June 19, 2003, Google provided Overture with notice that it had served twenty-five (25) subpoenas on third parties who may have advertised with Overture's cost-per-click beta search system on or before May 28, 1998. (*See* Declaration of Charles M. McMahon in Support of Overture's Motion for a Protective Order Preventing Excessive Third Party Discovery ("McMahon Decl.") at ¶ 2, Ex. A.) The subpoenas sought production of "all documents relating to [any Overture system wherein paid search listings are ranked through an auction process] prior to June 1998" and "all financial records reflecting any payments to [Overture] relating to [Overture's system] prior to June 1998." (*See* McMahon Decl. at ¶ 2, Ex. B.)

On July 21, 2003, Google notified Overture that it was serving subpoenas on forty-six (46) *additional* third parties, seeking the same categories of documents as Google's twenty-five (25) earlier subpoenas. (*See* McMahon Decl. at ¶ 3, Exs. C & D.)



BRINKS HOFER GILSON & LIONE
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

Furthermore, counsel for Google has indicated that Google plans to serve *over 200 more* third party subpoenas seeking the same categories of documents. (*See* McMahon Decl. at ¶ 4, Ex. E)

Google thus plans to serve a total of approximately 300 such subpoenas on third parties, all seeking documents relating to Overture's system prior to June 1998 and payments made to Overture for its system prior to June 1998. These 300 subpoenas are redundant of discovery Overture already has provided to Google in this case. In particular, Overture produced archival copies of the beta search system source code as it existed on every day between March 3, 1998, and May 28, 1998. (*See* McMahon Decl. at ¶ 5.) This source code provides sufficient evidence of which features were present in Overture's system prior to June 1998. Moreover, to the extent that Overture has been able to locate any other documents that are related to the cost-per-click system prior to June 1998, and that are responsive to Google's discovery requests, Overture has produced those documents to Google as well. (*Id*.)

In addition, many of the third parties on whom Google has served or plans to serve subpoenas are still advertiser-customers of Overture. As such, Google's subpoenas also serve to harass Overture's customers and unreasonably interfere with Overture's ongoing business. Furthermore, many of the third parties here are small businesses without the resources to properly defend themselves against Google's subpoenas.

In accordance with Fed. R. Civ. P. 37 and Civil L.R. 37-1(a), Overture has attempted in good faith to resolve this issue in telephone conversations between counsel for both parties. (McMahon Decl. at ¶ 4, Ex. E.) In an effort to reach a compromise, Overture proposed limiting the number of third party subpoenas issued by Google on this issue to 25. *Id*. However, Google has stridently refused to withdraw any of its 71 pending subpoenas or modify its plan to serve a total of 300 such subpoenas. *Id*.



**BRINKS HOFER GILSON & LIONE**
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), Overture moves this Court for a protective order limiting Google to its first twenty-five (25) third party subpoenas, of which Google provided notice to Overture on June 19, 2003.

## II. CONTROLLING LAW

Rule 26(c) states that a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." The rule "provides the courts with the authority to regulate discovery by the imposition of a flexible array of protective orders." *Priest v. Rotary*, 98 F.R.D. 755, 757 (N.D. Cal. 1983).

In 1983, Rule 26 was amended "to deal with the problem of over-discovery." Fed. R. Civ. P. 26 advisory committee's notes. "The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry." *Id*. A court may "prevent use of discovery to wage a war of attrition or as a device to coerce a party, whether financially weak or affluent." *Id*. Thus, a protective order is appropriate where "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive" or where "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).

## III. GOOGLE'S MYRIAD THIRD PARTY SUBPOENAS ARE AN ABUSE OF THE DISCOVERY PROCESS

A protective order preventing Google from seeking excessive third party discovery is appropriate for two reasons. First, the discovery that Google seeks from hundreds of third parties is duplicative of discovery already provided by Overture. In fact, Overture produced archival copies of the beta search system source code as it existed on every day between March 3, 1998, and May 28, 1998. This source code provides the best evidence of exactly which features were present in Overture's system prior to June 1998. Moreover, to the extent that Overture has been able to locate any



BRINKS HOFER GILSON & LIONE
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

other documents that are related to the cost-per-click system prior to June 1998, and that are responsive to Google's discovery requests, Overture has produced those documents to Google as well. To the extent Google is still seeking such documents, twenty-five (25) third party subpoenas is more than sufficient for Google to obtain them.

In light of the information Overture already produced to Google, the service of approximately 300 third party subpoenas constitutes an oppressive abuse of the discovery process. The fact that Google can imagine these subpoenas leading to the discovery of admissible evidence is not alone sufficient to justify their enforcement. *See Perry v. Best Lock Corp.*, No. IP 98-C-0936-H/G, 1999 WL 33494858, at *2-*3 (S.D. Ind. Jan. 21, 1999) (McMahon Decl., Ex. F) (quashing 19 non-party subpoenas served by defendant, who was not entitled "to use the compulsory process of the United States courts to pursue the information it hopes exists"). Indeed, the substantial burden resulting from anything more than 25 third party subpoenas outweighs any likely benefit. This burden exists not only for the myriad third parties Google has subpoenaed, but also for Overture. As stated by the court in *Marvin Lumber & Cedar Co. v. PPG Industries, Inc.*, 177 F.R.D. 443, 445 (D. Minn. 1997):

> The obligation of a party to monitor an opponent's discovery, as allowed by Rule 45 Subpoenas, is no less burdensome or expensive than that demanded by the other methods of formal discovery and, in fact, can be considerably more burdensome and expensive than those forms of discovery which are unquestionably regulated by Rule 16. Frequently, Rule 45 Subpoenas *duces tecum* are served, and enforced, at great distances from the residences of the parties, and from the forum in which the underlying proceedings pend, thereby necessitating the expenditure of travel time and money that can be avoided by the employment of other discovery mechanisms.

The second reason that a protective order is appropriate is that Google should not be permitted to harass so many of Overture customers and unreasonably interfere with Overture's ongoing business. *See Joy Techs. v. Flakt, Inc.*, 772 F. Supp. 842 (D. Del. 1991) (granting protective order where party sought discovery from third party customers that was arguably available from opposing party and where parties were



**BRINKS HOFER GILSON & LIONE**
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

competitors); *Harris v. Wells*, Nos. B-89-391 and B-89-482 (WWE), 1990 WL 150445, at *4 (D. Conn. Sep. 5, 1990) (McMahon Decl., Ex. G) (granting protective order staying duplicative discovery against party's business associates in order to minimize damage to party's business during litigation). Furthermore, many of the third parties here are small businesses without the resources to properly defend themselves against Google's subpoenas. Unless the Court intervenes at this time, Google will continue to harass Overture and its customers with over 200 more third party subpoenas.

Overture is not trying to completely prevent Google's use of third party discovery. Overture merely asks the Court to impose reasonable and proportional limits on this discovery, in accordance with Rule 26(c). A limit of twenty-five (25) third party subpoenas would provide Google with the information it seeks, to the extent it exists, without placing undue burden and expense on Overture and myriad third parties.

## IV. CONCLUSION

For the foregoing reasons, Overture moves the Court to issue a protective order limiting Google to the twenty-five (25) third party subpoenas of which Google notified Overture on June 19, 2003. A proposed order is filed concurrently herewith.

.

Dated: August 4, 2003

By: *s/Charles M. McMahon*
Charles M. McMahon
BRINKS HOFER GILSON & LIONE

Attorneys for Plaintiff
OVERTURE SERVICES, INC.



**BRINKS HOFER GILSON & LIONE**
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Telephone: (312) 321-4200
Facsimile: (312) 321-4299