1  LATHAM & WATKINS
     Anthony I. Fenwick (Bar No. 158667)
2  135 Commonwealth Drive
   Menlo Park, California 94025
3  Telephone: (650) 328-4600
   Facsimile: (650) 463-2600
4
   BRINKS HOFER GILSON & LIONE
5    Jack C. Berenzweig (Admitted *Pro Hac Vice*)
     William H. Frankel (Admitted *Pro Hac Vice*)
6    Jason S. White (Admitted *Pro Hac Vice*)
     Charles M. McMahon (Admitted *Pro Hac Vice*)
7  NBC Tower - Suite 3600
   455 North Cityfront Plaza Drive
8  Chicago, Illinois 60611
   Telephone: (312) 321-4200
9  Facsimile: (312) 321-4299

10 Attorneys for Plaintiff
   OVERTURE SERVICES, INC.
11
   KEKER & VAN NEST, LLP
12   John W. Keker (Bar No. 49092)
     Daralyn J. Durie (Bar No. 169825)
13   Michael S. Kwun (Bar No. 198945)
   710 Sansome Street
14 San Francisco, California 94111
   Telephone: (415) 391-5400
15 Facsimile: (415) 397-7188

16 Attorneys for Defendant
   GOOGLE TECHNOLOGY INC.,
17 sued under its former name GOOGLE INC.

18              UNITED STATES DISTRICT COURT

19              NORTHERN DISTRICT OF CALIFORNIA

20                  SAN FRANCISCO DIVISION

21

22 OVERTURE SERVICES, INC., a        | No. C02-01991 JSW (EDL)
   Delaware Corporation,
23                                   | **[PROPOSED] SUPPLEMENTAL**
           Plaintiff,                | **STIPULATED PROTECTIVE ORDER**
24                                   | **RE PRODUCTION OF EMAIL**
      vs.
25
   GOOGLE INC., a California Corporation,
26
           Defendant.
27

28

1  WHEREAS, in light of the volume of email currently used in the normal course of
2  business, and in light of the conventions for electronic storage of such email, the parties
3  have recognized and agreed that the process of identifying and reviewing email for
4  potential production in response to document requests presents special burdens; and

5  WHEREAS the parties have agreed to adopt and follow the following protocol
6  governing responses to document requests seeking email in this case;

7  GOOD CAUSE APPEARING, IT IS HEREBY ORDERED BY THE COURT as
8  follows:

## SUMMARY OF PROTOCOL

The general procedure to be followed by the party responding to any document requests seeking production of, inter alia, email (the "Responding Party") under this protocol comprises the following steps:

(1) <u>Identification of Likely Sources of Potentially Responsive Email Documents</u>: The Responding Party identifies custodians of email messages that are likely to be responsive to discovery requests, including but not limited to custodians of individually retained email, and custodians of group retained email (e.g. mailing list messages) (the "Custodians"), and creates a computer-searchable email data set or multiple data sets ("Email Discovery Data Set(s)"), as described below. The Email Discovery Data Set(s) may be, but need not necessarily be, the same for all document requests. The Email Discovery Data Set(s) include email messages stored on backup tapes or other backup media (collectively, "Backup Media") as well as email messages stored in more readily accessible form.

(2) <u>Electronic Identification of Potentially Responsive Email Documents in the Email Discovery Data Set(s)</u>: The Responding Party uses electronic queries to identify email messages in the Email Discovery Data Set(s) that may be responsive to discovery requests.

(3) <u>Human Identification of Potentially Responsive Email Documents</u>:  The Responding Party reviews email messages identified in the previous step and identifies email messages that are responsive to the discovery requests, subject to any appropriate objections and/or privileges.

(4) <u>Production of Non-Privileged, Non-Objectionable Responsive Email Documents</u>:  In this step, the Responding Party produces as electronic image files any non-privileged, non-objectionable responsive documents identified in the prior step.

Each of these steps is described in greater detail below.

## IDENTIFICATION OF LIKELY SOURCES OF POTENTIALLY RESPONSIVE EMAIL DOCUMENTS

A. The Responding Party shall identify the Custodians, either for a particular document request or requests, or for all document requests.  The Responding Party shall collect email messages from the Custodians and create one or more Email Discovery Data Sets according to the following criteria.

(1) The Email Discovery Data Set(s) may or may not be composed of a unified database, and may or may not reside on a single computer hard-disk or other media, but will be designed to facilitate and allow text-based computer searching across the data set using query language.  To the extent reasonably possible, the Email Discovery Data Set(s) shall be designed to allow searching of attachments.  However, due to the multitude of file formats for email attachments and other complicating factors (such as the possibility that the attachments may be encrypted, compressed, or may include imaged data (e.g. TIFF files)), the parties recognize that that not every attachment will be searchable.

(2) The Email Discovery Data Set(s) shall include all email messages in the Custodians' active corporate email accounts, as well as email messages stored on the hard drives and network storage locations of the Custodians.  The Email Discovery Data Set(s) shall also include restored copies of email

messages obtained from Backup Media, subject to and as limited by Subsections A(3)-(9) below.

(3) Because the process of restoring email from Backup Media is extraordinarily time consuming and burdensome compared to its discovery value, the Responding Party need not include in the Email Discovery Data Set(s) email messages from all backups of active corporate email accounts. Instead, the Responding Party shall initially include email messages from Backup Media that were created on three specific days.

(4) The party serving discovery ("Propounding Party"), once and only once for the entire case, shall be entitled to designate the specific dates for the three days' worth of backups of the Custodians corporate email accounts to be included in the Email Discovery Data Set(s). Designated dates may be but need not be chronologically contiguous.

(5) If the Responding Party does not have Backup Media for one or more of the identified dates, it shall identify the closest previous and later dates for which it does have Backup Media, and the Propounding Party will be entitled either to select one of those dates, or another date. If the Propounding Party selects another date, this step, (Subsection A(5)) will be repeated.

(6) The Responding Party shall determine whether any Custodian has stored email messages in any network storage location(s) other than the Custodian's active corporate email account. If so, the Responding Party shall include in the Email Discovery Data Set(s) email messages from backups of such network storage location(s) created on the three specific dates designated according to Subsections A(4)-(5).

(7) If any messages included in the Email Discovery Data Set(s) included attachments, such attachments shall be included in the Email Discovery Data Set(s).

(8) The Responding Party shall make reasonable efforts to eliminate duplicate email messages in the Email Discovery Data Set(s).  For purposes of this subsection, a duplicate email message is defined to be any message that has exactly the same content as any other message in the Email Discovery Data Set for all of the following fields: Author, To, CC, BCC, Subject, Body, Attachment, and Source Folder.  The Source Folder is defined as the email folder from which the message was collected.

(9) In order to satisfy continuing discovery obligations under the Federal Rules so that supplemental productions may be made, and subject to document retention policies and practices applicable in the normal course of business, the Email Discovery Data Set(s) shall be updated from time to time while discovery remains open in this case.  Under no circumstances, however, will this obligation to update the Email Discovery Data Set expand or increase the initial limit of three days of email backups to be included in the data set.

B. Upon request, the Responding Party shall identify to the Propounding Party the Custodians the Responding Party identified for the Email Discovery Data Set(s) for one or more document requests, as well as the sources from which email messages were collected for those Custodians.  The Propounding Party may object to the Responding Party's selection of Custodians for any particular document request, in which case the parties shall meet and confer regarding the selected Custodians.  Should the parties be unable to resolve their differences concerning the selected Custodians, the propounding party may file an appropriate discovery motion to resolve the dispute.

**ELECTRONIC IDENTIFICATION OF POTENTIALLY RESPONSIVE EMAIL DOCUMENTS IN THE EMAIL DISCOVERY DATA SET(S)**

C. For each document request, the Propounding Party may, but is not required to, provide the Responding Party with query language ("Search Queries")

designed to facilitate a text-searchable computer search of the Email Discovery Data for responsive email messages and attachments. The Responding Party will be entitled to object to the provided Search Queries, if it believes they are unreasonable, in which case the parties shall meet and confer regarding the Search Queries. Should the parties be unable to resolve their differences concerning the provided Search Queries, the propounding party may file an appropriate discovery motion to resolve the dispute. Assuming the parties are able to resolve any differences regarding Search Queries provided by the Propounding Party, the Responding Party shall use any such provided Search Queries in conducting its search for responsive email messages.

  D. For purposes of document requests served prior to the parties' agreement to this email document discovery protocol, the propounding party may, but is not required to, provide the Responding Party with Search Queries within three weeks of the date that the parties agree to this protocol. The Responding Party may object to any such Search Queries within three weeks of the service of those Search Queries.

  E. The use of Search Queries provided by the Propounding Party does not relieve the Responding Party of its obligation to conduct a reasonable search for all relevant documents. Accordingly, if necessary, or if the Propounding Party does not provide Search Queries for a particular document request, the Responding Party shall formulate additional Search Queries that, in combination with any Search Queries provided by the Propounding Party, are reasonably designed to identify all email messages and attachments that are responsive to the document request. For instance, the Responding Party should include in its Search Queries any internal code words that are relevant to particular document requests. Upon request, the Responding Party shall disclose to the Propounding Party the Search Queries used to search for email messages and attachments responsive to particular document requests.

  F. Unless otherwise ordered by the Court or stipulated between the parties, the Responding Party need not search for email messages responsive to any document requests beyond the Email Discovery Data Set(s).

SUPPLEMENTAL STIPULATED
PROTECTIVE ORDER RE EMAIL
C 02-01991 JSW (EDL)
- 6 -

### HUMAN IDENTIFICATION OF POTENTIALLY RESPONSIVE EMAIL DOCUMENTS

G. Nothing herein is intended to presume or require that all "hits" generated by a Search Query pursuant to Sections C-F above will be discoverable. Rather, the purpose of this provision is to create an efficient framework for the document gathering process applicable to email (*i.e.* for identifying and defining the universe of emails that should be reviewed for potential production).

### PRODUCTION OF NON-PRIVILEGED, NON-OBJECTIONABLE RESPONSIVE EMAIL DOCUMENTS

H. Except as otherwise ordered by the Court or stipulated between the parties, the Responding Party shall bear the cost of assembling and searching the Email Discovery Data Set, as well as producing any relevant email messages and attachments. The Responding Party shall produce such documents as electronic image files, such as TIFF-formatted files.

I. Because the process of creating an Email Discovery Data Set under this Section will be very time-consuming, the parties agree that the due dates for physical document production that would otherwise apply under the Federal Rules of Civil Procedure shall not apply to production of emails and that, instead, the parties will engage in meet-and-confer discussions for the purpose of establishing appropriate schedules for production; provided that, for any document requests served before an Email Discovery Data Set is created, the due date for physical production of email shall be presumed to be at least 90 days beyond the normally applicable production deadline under the Federal Rules.

### MISCELLANEOUS

J. Nothing in this email discovery protocol is intended to relieve any party of the obligation to identify, gather and produce records kept in hard-copy form or any other form (including electronic documents and data) that is readily accessible through a manual search, subject to all objections that would normally apply.

K. For good cause shown, either party may seek an order from the Court suspending or varying the terms of the email document discovery protocol set forth above, including but not limited to seeking an order requiring the other party to include email messages from Backup Media for dates beyond the initially identified three dates. In crafting such an order, the Court may make any appropriate modification to or suspension of the foregoing protocol, including but not limited to shifting costs to be borne by the parties.

IT IS SO ORDERED.

Dated:  By: _____
The Hon. Elizabeth D. Laporte
UNITED STATES MAGISTRATE JUDGE

SO STIPULATED.

Dated: August 11, 2003         BRINKS HOFER GILSON & LIONE

By:  *s/ Charles M. McMahon*
Charles M. McMahon
Attorneys for Plaintiff
OVERTURE SERVICES, INC.

Dated: August 11, 2003         KEKER & VAN NEST, LLP

By:  *s/ Michael S. Kwun*
Michael S. Kwun
Attorneys for Defendant
GOOGLE TECHNOLOGY, INC.,
sued under its former name GOOGLE, INC.

## DECLARATION OF CHARLES M. MCMAHON

I, Charles M. McMahon, declare that prior to filing the above Proposed Stipulated Supplemental Protective Order re Email, I sent it to Michael S. Kwun for his review, and he authorized me to file the Proposed Order on his behalf.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 11th day of August 2003 at Chicago, Illinois.

*s/ Charles M. McMahon*
Charles M. McMahon