1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  DARALYN J. DURIE - #169825
   MICHAEL S. KWUN - #198945
3  CHRISTINE P. SUN - #218701
   710 Sansome Street
4  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
5  Facsimile: (415) 397-7188

6  Attorneys for Defendant and Counterclaimant
   GOOGLE TECHNOLOGY, INC., sued under its former name
7  GOOGLE, INC.

8

                            UNITED STATES DISTRICT COURT
9
                           NORTHERN DISTRICT OF CALIFORNIA
10
                                 SAN FRANCISCO DIVISION
11

12
    OVERTURE SERVICES, INC., a Delaware         Case No. C 02-01991 JSW (EDL)
13  corporation,
                                                 **DECLARATION OF CHRISTINE P. SUN
14             Plaintiff and Counterdefendant,   IN SUPPORT OF GOOGLE'S
                                                 OPPOSITION TO OVERTURE'S
15       v.                                      MOTION FOR PROTECTIVE ORDER**

16  GOOGLE INC., a California corporation,      Date:   August 19, 2003
                                                Time:   9:30 a.m.
17             Defendant and Counterclaimant.   Dept:   E, 15th Floor
                                                Judge:  Hon. Elizabeth Laporte
18

19

20

21

22

23

24

25

26

27

28

316909.01
         DECLARATION OF CHRISTINE P. SUN IN SUPPORT OF GOOGLE'S OPPOSITION TO OVERTURE'S
                                MOTION FOR PROTECTIVE ORDER
                                 CASE NO. C 02-01991 JSW (EDL)

Dockets.Justia.com

I, CHRISTINE P. SUN, declare and state as follows:

1. I am an attorney licensed to practice law in the State of California and am an associate in the law firm of Keker & Van Nest, LLP, counsel for Google in the above-captioned matter. This declaration is in support of Google's Opposition to Overture's Motion for Protective Order. Except as otherwise noted, I have personal knowledge of the facts stated in this Declaration, and if called as a witness I could and would competently testify to them under oath.

2. Attached hereto as Exhibit A is a true and correct copy of United States Patent No. 6,269,361 B1.

3. Attached hereto as Exhibit B is a true and correct copy of relevant portions of an Office Action dated January 17, 1999 regarding Patent Application No. 09/322,677.

4. Attached hereto as Exhibit C is a true and correct copy of a May 19, 1998 Press Release entitled "GoTo.com Announces First Round of Financing Totaling More Than 6 Million."

5. Attached hereto as Exhibit D is a true and correct copy of the Declaration of Darren Davis In Support of Petition and Motion to Make Application Special dated October 22, 1999 regarding Patent Application No. 09/322,677.

6. Attached hereto as Exhibit E is a true and correct copy of Information Disclosure Statement dated August 27, 1999 regarding Patent Application No. 09/322,677.

7. Attached hereto as Exhibit F is a true and correct copy of a Response dated April 6, 2000 regarding Patent Application No. 09/322,677.

8. Attached to Volume 2 of my Declaration, which has been filed under seal, as Exhibit G is a true and correct copy of excerpts of the Deposition of Darren Davis dated May 20-21, 2003.

9. Attached to Volume 2 of my Declaration, which has been filed under seal, as Exhibit H are excerpts of the Deposition of John Rauch dated July 23, 2003.

10. Attached hereto as Exhibit I is a true and correct copy of a Declaration of Darren J. Davis dated September 16, 2000 regarding Patent Application No. 09/322,677.

2

316909.01

DECLARATION OF CHRISTINE P. SUN IN SUPPORT OF GOOGLE'S OPPOSITION TO OVERTURE'S
MOTION FOR PROTECTIVE ORDER
CASE NO. C 02-01991 JSW (EDL)

11. Attached hereto as Exhibit J is a true an correct copy of the Notice of Allowability dated March 23, 2001 regarding Patent Application No. 09/322,677.

12. Attached hereto as Exhibit K is a true an correct copy of Google's First Request for Production of Documents dated September 20, 2002. This document request includes requests for information related to Google's prior public use defense. For example, Request No. 10 seeks, "All documents relating to the first sale or offer for sale of any product, device, or method that incorporates or embodies any of the subject matter claimed in the '361 patent.' Request No. 32 seeks, "Copies of all advertising and promotional materials for Overture's Paid Listing System." Request No. 77 seeks, "All documents provided by Overture at any conference, symposium seminar, exhibition, convention, or trade show at which any product, device, apparatus, or method that allegedly embodies, or falls within the scope of, any of the subject matter claimed in the '361 patent was discussed, referred to, advertised, displayed, demonstrated, or shown, including without limitation any such advertisements, brochures, articles, pamphlets, price lists, product specifications, or other promotional or marketing material."

13. With respect to Request 10, Overture agreed in its initial response to produce responsive documents, subject to its objections. With respect to Requests 32 and 77, Overture initially stated that it would withhold responsive documents until the damages phase of discovery. After meet and confer, Overture agreed to produce documents responsive to those requests, subject to its objections, prior to the damages phase of discovery. Attached hereto as Exhibit L is a true an correct copy of a Letter from C. McMahon to C. Sun dated January 21, 2003.

14. As of this writing, Overture has not produced any billing statements to customers of the pre-critical date system, or information sufficient to determine what Overture told customers about the features and costs of the pre-critical date system.

15. Attached hereto as Exhibit M is a true an correct copy of Google's Second Set of Interrogatories dated December 12, 2002. Interrogatory 8 asks, "Identify all customers and potential customers of the COST-PER-CLICK SYSTEM, including but not limited to the name,

DECLARATION OF CHRISTINE P. SUN IN SUPPORT OF GOOGLE'S OPPOSITION TO OVERTURE'S MOTION FOR PROTECTIVE ORDER
CASE NO. C 02-01991 JSW (EDL)
316909.01

1  address, and contact person at each company, firm, or entity that has purchased, been approached
2  to purchase, or considered purchasing services in connection with the COST-PER-CLICK
3  SYSTEM." "COST-PER-CLICK SYSTEM" is defined as, "the cost-per-click system which was
4  available to the public at the website http://www.goto.com and associated web pages <u>as of
5  May 28, 1998</u>; as well as any prior versions of any such systems, including but not limited to the
6  "cost-per-click beta system" which OVERTURE began developing in January or February 1998,
7  as described in OVERTURE's November 6, 2002 Response to Google's Interrogatory No. 2."
8  (emphasis added).  On January 10, 2003, Overture responded to Google's interrogatory with a
9  list of approximately 500 names and addresses.  Attached hereto as Exhibit N is a true an correct
10 copy of Overture's Objections and Response to Google's Second Set of Interrogatories (Nos.7-8)
11 dated January 10, 2003.  Google eventually culled down the list to about 300 advertisers that,
12 based on Google's research, are still in business.
13         16.     Attached hereto as Exhibit O is a true an correct copy of the Davis Declaration
14 dated October 22, 1999 regarding Patent Application No. 09/322,677.
15         17.     In June 2003, I served on behalf of my client Google 25 subpoenas to advertisers,
16 identified by Overture in its interrogatory response, located in California.  With each subpoena, I
17 enclosed a letter advising the advertiser that it could contact Google's attorneys or Google's
18 vendor, Compex Legal Services, if the advertiser had any concerns about the subpoena.
19 Attached hereto as Exhibit P is a true an correct copy of a Letter to Egghead from C. Sun dated
20 July 8, 2003, which is an example of the letters I enclosed with each subpoena.  No advertiser
21 has contacted Google, or upon information and belief, Google's vendor to express any such
22 concern.  Further, Google and, upon information and belief, Google's vendor have granted
23 extensions of time to each advertiser who has made such a request.
24         18.     As of this writing, Google has received only one substantive response to the 25
25 subpoenas served in June, which consists of a bill for month ending January 31, 2000.  Attached
26 hereto as Exhibit Q is a true and correct copy of documents numbered THD 00009 and 00010
27 received in response to a Google's subpoena to Attorneys Trust Service.
28         19.     Attached hereto as Exhibit R is a true an correct copy of all the documents

4
DECLARATION OF CHRISTINE P. SUN IN SUPPORT OF GOOGLE'S OPPOSITION TO OVERTURE'S
MOTION FOR PROTECTIVE ORDER
CASE NO. C 02-01991 JSW (EDL)

316909.01

1  received as of this writing (THD 0001-21) in response to Google's subpoenas served on entities
2  that advertised on the pre-critical date system.

3      20.    When I spoke with Charles McMahon, counsel for Overture, on July 23, 2003, I
4  asked Mr. McMahon if Overture had received any complaints from any advertisers that the
5  subpoenas constituted harassment or undue burden. Mr. McMahon was unable to name a single
6  advertiser who believed that the subpoenas constituted harassment. Nor could Mr. McMahon
7  identify one single customer who believed that the subpoenas were overly burdensome. When I
8  spoke with Mr. McMahon on August 4, 2003 to discuss Overture's request for a shortened
9  briefing schedule, Mr. McMahon was still unable to name a single advertiser who had
10 complained about the subpoenas from Google. Moreover, as stated above, not one advertiser has
11 complained to Google about these subpoenas.

12     I declare under penalty of perjury under the laws of the State of California that the
13 foregoing is true and correct and that this Declaration was executed on August 11, 2003, at
14 San Francisco, California.

16                                    /s/ Christine P. Sun
17                                    CHRISTINE P. SUN

5
DECLARATION OF CHRISTINE P. SUN IN SUPPORT OF GOOGLE'S OPPOSITION TO OVERTURE'S
MOTION FOR PROTECTIVE ORDER
CASE NO. C 02-01991 JSW (EDL)

316909.01