1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  JON B. STREETER - #101970
   DARALYN J. DURIE - #169825
3  ANDREA C. EVANS - #220433
   710 Sansome Street
4  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
5  Facsimile: (415) 397-7188

6  Attorneys for Defendant
   GOOGLE INC.

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11

12  OVERTURE SERVICES, INC., a Delaware        Case No. C 02-01991 CRB
    corporation,
13
                          Plaintiff,           **DEFENDANT GOOGLE INC.'S FIRST**
14                                             **REQUEST FOR PRODUCTION OF**
          v.                                   **DOCUMENTS TO PLAINTIFF**
15                                             **OVERTURE SERVICES, INC.**
    GOOGLE INC., a California corporation,
16
                          Defendant.
17

18

19

20

21         PROPOUNDING PARTY:    GOOGLE INC.

22         RESPONDING PARTY:     OVERTURE SERVICES, INC.

23         SET NO.:              ONE

24

25

26

27

28

1    Pursuant to Federal Rule of Civil Procedure 34, Defendant Google Inc. ("Google")

2  requests that Plaintiff Overture Services, Inc. ("Overture") respond to the following Request for

3  Production of Documents within 30 days of their service.

4

5                                    **DEFINITIONS**

6    1. "GOOGLE" means Google, Inc., its subsidiaries, divisions, predecessor companies,

7  any joint venture to which it may be a party, and/or each of its employees, agents, officers,

8  directors, representatives, consultants, accountants, and attorneys, including any person who

9  served in any such capacity at any time.

10    2. "OVERTURE SERVICES" means Overture, Inc., its subsidiaries, divisions,

11  predecessor companies, any joint venture to which it may be a party, and/or each of its

12  employees, agents, officers, directors, representatives, consultants, accountants, and attorneys,

13  including any person who served in any such capacity at any time.

14    3. "The '361 patent" means United States Patent No. 6,269,361.

15    4. The term "Overture's Paid Listing System" means any and all systems made, used,

16  sold, or offered by sale by or on behalf of Overture that (a) it contends embody one or more of

17  the claims of the '361 patent, as well as any prior versions (including development versions) of

18  any such systems; (b) was available to the public at the website http://www.goto.com and

19  associated web pages as of May 28, 1998; as well as any prior versions of any such systems;

20  and/or (c) is or was based on a cost-per-click pricing model or structure.

21    5. The term "Sponsored Search System" means any and all systems Overture contends

22  embody one or more of the claims of the '361 patent, as well as any systems that Overture

23  contends are non-infringing alternatives to such systems.

24    6. "DOCUMENT(S)" means and includes any kind of written, typewritten, or printed

25  material whatsoever, and any computer readable media, including, but without limitation, papers,

26  agreements, contracts, notes, memoranda, presentations, presentation materials, correspondence,

27  letters, telegrams, statements, invoices, personal diaries, records, books, maps, blueprints, forms,

28  transcriptions and recordings, magnetic tapes, discs, printed cards, programming instructions,

1 | assembly diagrams, schematic diagrams, data books and manuals, of which Overture has

2 | knowledge or information, either in Overture's possession or under Overture's custody or

3 | control, relating or pertaining in any way to the subject matters in connection with which it is

4 | used and includes, with but without limitation, originals, all file copies, and other copies, no

5 | matter how or by whom prepared, and all drafts prepared in connection with any such writings,

6 | whether used or not, regardless of whether the document still exists, and regardless of who has

7 | maintained custody of such documents.

8 | 7. The term "COMMUNICATION(S)" means every manner or method of disclosure or

9 | transfer or exchange of information, whether oral or by document, and whether face-to-face, by

10 | telephone, mail, personal delivery or otherwise.

11 | 8. The term "RELATING TO" means concerning, referring to, summarizing, reflecting,

12 | constituting, containing, embodying, pertaining to, involved with, mentioning, discussing,

13 | consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise

14 | RELATING TO the subject matter.

15 | **INSTRUCTIONS**

16 | 1.    Overture is required to produce all DOCUMENTS in the manner, form and

17 | position in which they are kept in the ordinary course of business, as required by Federal Rule of

18 | Civil Procedure Rule 34(b), including, where applicable, any index tabs, file dividers,

19 | designations or information as to the location of DOCUMENTS.

20 | 2.    If Overture cannot respond to a document request fully, after a diligent attempt to

21 | attain the requested information, Overture must answer the document request to the extent

22 | possible, specify the portion of the document request Overture is unable to answer, and provide

23 | whatever information Overture has regarding the unanswered portion.

24 | 3.    In the event that any DOCUMENT called for by the requests has been destroyed,

25 | lost, discarded or is otherwise no longer in Overture's' possession, custody or control, Overture

26 | shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal

27 | of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the

28 | disposal, and the person disposing of the DOCUMENT.

4.      In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, Overture is required to provide a privilege log which includes at least the following information:  the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which Overture asserts supports any claim of privilege.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents relating to the '361 patent, including any documents relating to the conception and reduction to practice of any invention allegedly described therein; the preparation, filing, and prosecution of any patent application(s) related thereto (including the application(s) that matured into the '361 patent, continuation applications, continuation-in-part applications, divisional applications, and foreign counterpart applications); and any documents related to any attempt to license, enforce, or sell the '361 patent.

**REQUEST FOR PRODUCTION NO. 2:**

All documents that support, contradict, or relate to Overture's claim that Google infringes the '361 patent.

**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to Overture's contention that the '361 patent is valid, including without limitation all evidence relating to objective indicia of non-obviousness and other alleged evidence of alleged novelty or non-obviousness.

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to any study, analysis, review, conclusions, opinions, whether written or oral, as to the patentability, validity, novelty, obviousness, invalidity, enforceability, non-enforceability, infringement, or non-infringement of any claim of the '361 patent, or to the research, investigation or preparation of any such opinions.

297555.02

1  **REQUEST FOR PRODUCTION NO. 5:**

2      All documents relating to any oral or written opinion of legal counsel with respect to

3  infringement, non-infringement, validity, invalidity, enforceability, interpretation or scope of any

4  claim of the '361 patent.

5  **REQUEST FOR PRODUCTION NO. 6:**

6      All documents relating to the first written description of the subject matter of each claim

7  of the '361 patent.

8  **REQUEST FOR PRODUCTION NO. 7:**

9      All documents relating to the first disclosure to a person other than a listed inventor of the

10  subject matter of each claim of the '361 patent.

11  **REQUEST FOR PRODUCTION NO. 8:**

12      All documents published or publicly presented by the inventors named in the '361 patent.

13  **REQUEST FOR PRODUCTION NO. 9:**

14      All documents relating to the first use or demonstration of any product, device, or method

15  that incorporates or embodies any of the subject matter claimed in the '361 patent.

16  **REQUEST FOR PRODUCTION NO. 10:**

17      All documents relating to the first sale or offer for sale of any product, device, or method

18  that incorporates or embodies any of the subject matter claimed in the '361 patent.

19  **REQUEST FOR PRODUCTION NO. 11:**

20      All documents relating to Overture's first knowledge of Google's alleged infringement of

21  the '361 patent.

22  **REQUEST FOR PRODUCTION NO. 12:**

23      All documents relating to any comparison of the functions, features, or characteristics of

24  Google's AdWords Program or AdWords Select Program with any claim or portion of the '361

25  patent.

26  **REQUEST FOR PRODUCTION NO. 13:**

27      All documents relating to any discussion or communication, whether written or oral,

28  relating to possible infringement of the '361 patent, including, without limitation, recorded notes,

1  minutes, or memoranda of any meeting relating to whether Google's AdWords Program or

2  AdWords Select Program or any other Sponsored Search System infringes the '361 patent.

3  **REQUEST FOR PRODUCTION NO. 14:**

4      All documents relating to any patent, literature or prior art search, study, investigation or

5  evaluation conducted with respect to the '361 Patent or any U.S. or foreign patents or patent

6  applications that discloses or claims any of the subject matter disclosed or claimed in the '361

7  patent.

8  **REQUEST FOR PRODUCTION NO. 15:**

9      All documents relating to any communication between Overture, or anyone acting on its

10  behalf, and any customer, potential customer, distribution partner, field representative, supplier,

11  manufacturer, or any other third party about the patentability, validity, enforceability, scope, or

12  infringement of any claim of the '361 patent.

13  **REQUEST FOR PRODUCTION NO. 16:**

14      All documents relating to the conception, design, development, reduction to practice,

15  testing, or operation of Overture's Paid Listing System, including, without limitation, any

16  engineering, design, or laboratory notebooks, drawings, block diagrams, functional

17  specifications, design reviews, schematics, flow charts, minutes of design reviews, declarations,

18  publications, notes, memoranda, correspondence, invention disclosure forms, customer

19  specifications, source code, customer requests, or prototypes of any invention, Beta versions, or

20  components of Overture's Paid Listing System.

21  **REQUEST FOR PRODUCTION NO. 17:**

22      A copy or sample of each executable version of Overture's Paid Listing System made,

23  used, or sold by or on behalf of Overture.

24  **REQUEST FOR PRODUCTION NO. 18:**

25      All documents related to each executable version of Overture's Paid Listing System

26  made, used, or sold by Overture, including source code, functional specifications, network

27  architectures, descriptions of co-location facilities, flowcharts, system descriptions, presentation

28  materials (e.g., PowerPoint presentations), and other such documents.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and things sufficient to show the structure or architecture of the computer system or software that operates, supports, or maintains Overture's Paid Listing System, including block diagrams, data structure diagrams, system architecture diagrams, and database layouts.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and things sufficient to show the performance, specifications, and functional characteristics and capabilities of Overture's Paid Listing System.

**REQUEST FOR PRODUCTION NO. 21:**

All documents relating to agreements, licenses, permissions, term sheets, memoranda of understanding, and letters of intent related to third-party developed technology used by Overture as part of Overture's Paid Listing System.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to identify each and every Overture officer, manager, director, agent, and employee who had responsibility for, or who are or were, involved with the design, research, development, testing, and operation of Overture's Paid Listing System.

**REQUEST FOR PRODUCTION NO. 23:**

All documents relating to patent and patent applications, whether or not such patent application was filed, issued, or abandoned, that claim or relate to Overture's Paid Listing System.

**REQUEST FOR PRODUCTION NO. 24:**

All invention disclosures submitted to Overture by its employees, or any other person, relating to Overture's Paid Listing System.

**REQUEST FOR PRODUCTION NO. 25:**

All documents relating to any trade research, market research, consumer research, or other research conducted by or on behalf of Overture in connection with its decision to design, develop, market, or operate Overture's Paid Listing System.

**REQUEST FOR PRODUCTION NO. 26:**

All documents relating to any need, or to any perceived need, in the marketplace for Overture's Paid Listing System.

**REQUEST FOR PRODUCTION NO. 27:**

All documents relating to Overture's knowledge or awareness of Google's design, development, or operation of Google's AdWords Program or AdWords Select Program.

**REQUEST FOR PRODUCTION NO. 28:**

All documents relating to any comparison of Overture's Paid Listing System and any other Sponsored Search System, including Google's AdWords Program or AdWords Select Program.

**REQUEST FOR PRODUCTION NO. 29:**

All documents relating to the organizational structure of Overture, including without limitation documents identifying departments, divisions, or business units, and persons having managerial responsibility or an ownership interest in Overture.

**REQUEST FOR PRODUCTION NO. 30:**

All annual reports for Overture.

**REQUEST FOR PRODUCTION NO. 31:**

All documents relating to advertising plans, business plans, estimates, revenue forecasts, web traffic reports, marketing plans or efforts, promotional programs, or strategies on the part of Overture concerning Overture's Paid Listing System, including the amount spent on marketing and advertising plans, and the target(s) of any such marketing plans.

**REQUEST FOR PRODUCTION NO. 32:**

Copies of all advertising and promotional materials for Overture's Paid Listing System.

**REQUEST FOR PRODUCTION NO. 33:**

All documents relating to any comments received by Overture from another regarding Overture's Paid Listing System, including, but not limited to, complaints, praise, or suggestions regarding Overture's Paid Listing System.

297555.02

**REQUEST FOR PRODUCTION NO. 34:**

All documents relating to the total revenue that Overture has earned, directly or indirectly, from the sale or advertisement of products or services through or in conjunction with Overture's Paid Listing System.

**REQUEST FOR PRODUCTION NO. 35:**

All income statements relating to Overture's Paid Listing System.

**REQUEST FOR PRODUCTION NO. 36:**

All balance sheets relating to Overture's Paid Listing System.

**REQUEST FOR PRODUCTION NO. 37:**

All profit and loss statements relating to Overture's Paid Listing System.

**REQUEST FOR PRODUCTION NO. 38:**

All of Overture's monthly, quarterly, and annual audited financial statements and annual reports, including all corresponding notes and schedules.

**REQUEST FOR PRODUCTION NO. 39:**

All documents that identify any fees or costs incurred by Overture in the design, development, and operation of Overture's Paid Listing System.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to establish the cost and fees to Overture of advertising, marketing, and providing the products or services that it offers through or in conjunction with Overture's Paid Listing System.

**REQUEST FOR PRODUCTION NO. 41:**

All documents that identify and explain Overture's accounting books and records as they relate to Overture's Paid Listing System.

**REQUEST FOR PRODUCTION NO. 42:**

All documents relating to any licenses, agreements, partner agreements, or letters of intent entered into by Overture relating to Overture's Paid Listing System, including, but not limited to, any licenses, agreements, partner agreements, affiliate agreements, or letters of intent.

297555.02

1  **REQUEST FOR PRODUCTION NO. 43:**

2       All documents relating to any indemnification, promise of any indemnification, or hold

3  harmless agreement given or received by Overture with respect to the '361 patent or any of the

4  claimed subject matter thereof.

5  **REQUEST FOR PRODUCTION NO. 44:**

6       All documents relating to any Overture policy, practice, guideline, or procedure with

7  respect to the preparation, submission, docketing, review, prosecution, or other processing of

8  invention disclosures, idea disclosures, patent applications, and/or patents.

9  **REQUEST FOR PRODUCTION NO. 45:**

10      All documents relating to any patent license(s) that Overture contends are relevant to the

11 issues of damages or a reasonable royalty in this case.

12 **REQUEST FOR PRODUCTION NO. 46:**

13      All documents relating to or upon which Overture will rely in support of any amount or

14 rate that Overture considers to be a reasonable royalty for Google's alleged use or operation of

15 Overture's Paid Listing System, as it relates to the '361 patent.

16 **REQUEST FOR PRODUCTION NO. 47:**

17      All documents relating to the nature, size, and scope of the market for, the availability of,

18 and the demand for Sponsored Search Systems in general or Overture's Paid Listing System in

19 particular.

20 **REQUEST FOR PRODUCTION NO. 48:**

21      All documents relating to Overture's market share as a percentage of total sales in the

22 Sponsored Search Systems industry, whether expressed in units or dollars.

23 **REQUEST FOR PRODUCTION NO. 49:**

24      All documents relating to Sponsored Search System products or services that have been

25 marketed or sold in competition with Overture's Paid Listing System, including any competitive

26 analyses of such products or services.

27 **REQUEST FOR PRODUCTION NO. 50:**

28      All documents relating to each product, system, or service that Overture contends is an

1   acceptable non-infringing alternative to the apparatus, systems, or methods claimed in the '361

2   patent.

3   **REQUEST FOR PRODUCTION NO. 51:**

4        All documents relating to any disputes, including, without limitation, cease and desist

5   matters, litigation, arbitration, or administrative procedures in which Overture was or is involved

6   and that relate to Overture's Paid Listing System.

7   **REQUEST FOR PRODUCTION NO. 52:**

8        All documents relating to any comments, statements, or representations made by

9   Overture, or any other person, about the features, performance, advantages, or disadvantages of

10  Google's AdWords Program or AdWords Select Program or Overture's Paid Listing System or

11  any comparisons between Google's AdWords Program or AdWords Select Program and

12  Overture's Paid Listing System.

13  **REQUEST FOR PRODUCTION NO. 53:**

14       All documents relating to any efforts made by Overture, or anyone acting on its behalf, to

15  solicit, convince, or persuade any of Google's customers, affiliates, or advertisers to advertise on

16  Overture's website.

17  **REQUEST FOR PRODUCTION NO. 54:**

18       All documents relating to communications, letters, emails, comments, statements, or

19  representations made by Overture that were directed to any of Google's customers or advertisers.

20  **REQUEST FOR PRODUCTION NO. 55:**

21       All documents relating to any request or suggestion made by Overture to a third party

22  that such third party might or should become involved in, participate in, or join in this action, or

23  any conversation or discussion between Overture and another regarding such other's actual or

24  potential involvement, participation, or joinder in this case.

25  **REQUEST FOR PRODUCTION NO. 56:**

26       All documents relating to any document retention policy or document destruction policy

27  of Overture.

28

10

**REQUEST FOR PRODUCTION NO. 57:**

All documents provided to, used by, or received by any consulting or testifying experts or fact witnesses that may be called by Overture to testify at a hearing or at the trial of this case.

**REQUEST FOR PRODUCTION NO. 58:**

All documents relating to any expert or potential expert engaged by Overture or with whom Overture has consulted concerning any matter related to this action.

**REQUEST FOR PRODUCTION NO. 59:**

All documents that may be used as exhibits at any hearing in this case, including, but not limited to, a Markman or claim construction hearing and trial.

**REQUEST FOR PRODUCTION NO. 60:**

All documents sufficient to completely describe Overture's electronic mail, electronic mail backup, and electronic mail deletion policies.

**REQUEST FOR PRODUCTION NO. 61:**

All documents identified or used in responding to Google's First Set of Interrogatories to Plaintiff Overture, Inc.

**REQUEST FOR PRODUCTION NO. 62:**

All documents relating to the level of knowledge, schooling, experience, expertise, or relevant technical information of a person having ordinary skill in the art to which any of the inventions claimed in the '361 patent pertain.

**REQUEST FOR PRODUCTION NO. 63:**

All documents relating to the meaning of the claims of the '361 patent, including all documents relating to any communications between you and any other person or entity relating to the meaning of the claims, and any internal notes, analysis, or studies relating to the meaning of the claims.

**REQUEST FOR PRODUCTION NO. 64:**

All documents relating to any skepticism or disbelief expressed by anyone regarding any of the subject matter claimed in the '361 patent.

297555.02

**REQUEST FOR PRODUCTION NO. 65:**

All documents relating to sales presentations as to the methods, operations, or features of Overture's Paid Listing System.

**REQUEST FOR PRODUCTION NO. 66:**

All documents relating to training of Overture employees and/or Overture customers as to the methods, operations, or features of Overture's Paid Listing System.

**REQUEST FOR PRODUCTION NO. 67:**

All documents relating to the performance of Overture's Paid Listing System, including without limitation, quality control or reliability evaluations and reports, and performance evaluations and reports.

**REQUEST FOR PRODUCTION NO. 68:**

All documents relating to the testing of Overture's Paid Listing System.

**REQUEST FOR PRODUCTION NO. 69:**

All documents that reflect or relate to projections of expected revenues, net profits, and/or sales volume for Overture's Paid Listing Systems.

**REQUEST FOR PRODUCTION NO. 70:**

Documents sufficient to identify all customers or potential customers for Overture's Paid Listing System.

**REQUEST FOR PRODUCTION NO. 71:**

Documents sufficient to identify the titles and responsibilities of all persons who participated in the conception, reduction to practice and/or design, development, and engineering of any commercial embodiment of the invention claimed in the '361 patent.

**REQUEST FOR PRODUCTION NO. 72:**

All documents relating to the identification, selection, or determination of the inventors of the '361 patent.

**REQUEST FOR PRODUCTION NO. 73:**

All documents relating to ownership, title, transfer, licensing, or assignment of the '361 patent, including without limitation all documents concerning Overture's claim of ownership of

1  the '361 patent, all documents relating to any ownership interest that anyone other than Overture

2  has in the '361 patent, and all documents relating to any transfer of ownership interest in the '361

3  patent.

4  **REQUEST FOR PRODUCTION NO. 74:**

5      All draft patent applications of the '361 patent or any U.S. or foreign patents or patent

6  applications that disclose or claim any of the subject matter disclosed or claimed in the '361

7  patent.

8  **REQUEST FOR PRODUCTION NO. 75:**

9      All documents relating to any decision as to what prior art references to cite or not to cite

10  during the prosecution of the '361 patent or any U.S. or foreign patents or patent applications

11  that disclose or claim any of the subject matter disclosed or claimed in the '361 patent.

12  **REQUEST FOR PRODUCTION NO. 76:**

13      All documents relating to publications, papers, presentations, or speeches authored in

14  whole or in party by Overture or any of its employees concerning any of the subject matter

15  claimed in the '361 patent.

16  **REQUEST FOR PRODUCTION NO. 77:**

17      All documents provided by Overture at any conference, symposium seminar, exhibition,

18  convention, or trade show at which any product, device, apparatus, or method that allegedly

19  embodies, or falls within the scope of, any of the subject matter claimed in the '361 patent was

20  discussed, referred to, advertised, displayed, demonstrated, or shown, including without

21  limitation any such advertisements, brochures, articles, pamphlets, price lists, product

22  specifications, or other promotional or marketing material.

23  **REQUEST FOR PRODUCTION NO. 78:**

24      All documents relating to any abandonment, suppression, or concealment, of any of the

25  inventions claimed in the '361 patent.

26  **REQUEST FOR PRODUCTION NO. 79:**

27      All documents relating to any communication between Overture any other person or

28  entity relating to the '361 patent, including without limitation, any demand letters, notice letters,

297555.02

1  presentations, claim charts, licenses, or correspondence in which any person or entity was

2  accused of, notified of, or charged with infringing or possibly infringing the '361 patent.

3  **REQUEST FOR PRODUCTION NO. 80:**

4      All documents relating to any communications with any audit form or auditor concerning

5  the '361 patent.

6  **REQUEST FOR PRODUCTION NO. 81:**

7      All documents relating to proposed, contemplated, or actual statements or explanations to

8  anyone, including but not limited to customers, or prospective customers, regarding this

9  litigation.

10  **REQUEST FOR PRODUCTION NO. 82:**

11      All discussions relating to any meetings of Overture's board of directors which discuss or

12  mention the '361 patent, including without limitation minutes of any board meetings at which the

13  '361 patent was discussed or mentioned.

14  **REQUEST FOR PRODUCTION NO. 83:**

15      All documents relating to the amount of damages adequate to compensate Overture for

16  Google's alleged infringement of the '361 patent.

17  **REQUEST FOR PRODUCTION NO. 84:**

18      Any and all documents relating to any patent or patent application issued to, owned by or

19  assigned to Overture, including but not limited to the '361 patent, and including documents

20  relating to any communication with any third party about any specific Overture patent or patent

21  application or about Overture patents or patent applications in general.

22  **REQUEST FOR PRODUCTION NO. 85:**

23      All documents provided to any prospective investor in Overture, prospective acquiror of

24  Overture, prospective lender to Overture, or any other kind of prospective business partner with

25  Overture, in order to satisfy any due diligence obligations, including specifically any reports,

26  descriptions or analysis of pending or contemplated litigation or of Overture's patents or other

27  intellectual property.

28

297555.02

1  **REQUEST FOR PRODUCTION NO. 86:**

2     All audits, analyses, evaluations, reviews or other reports relating to Overture's patents or

3  other intellectual property.

4  **REQUEST FOR PRODUCTION NO. 87:**

5     All documents relating to any request or suggestion made by Overture to a third party

6  that such third party might or should become a licensee to the '361 patent.

7  **REQUEST FOR PRODUCTION NO. 88:**

8     Any and all documents relating to or which constitute prior art to '361 patent.

9  **REQUEST FOR PRODUCTION NO. 89:**

10     Any and all documents relating to any investigation or analysis of whether any product

11  made, used or sold by Google, any process or method used by Google, or any service directly or

12  indirectly provided by Google, infringes the '361 patent .

13  **REQUEST FOR PRODUCTION NO. 90:**

14     Any and all documents relating to any perceived need or belief on the part of Overture

15  that Google might need a license to any of Overture's patents, including but not limited to the

16  '361 patent.

17  **REQUEST FOR PRODUCTION NO. 91:**

18     Any and all documents relating to any opinions, written or oral, as to the patentability,

19  validity, novelty, obviousness, invalidity, enforceability, non-enforceability, infringement, or

20  non-infringement of any claim of the '361 patent, or to the research, investigation or preparation

21  of any such opinions, or which were considered in formulating any such opinions.

22  **REQUEST FOR PRODUCTION NO. 92:**

23     Any and all documents relating to any actual or proposed agreement between Overture

24  and any third party concerning Overture's Paid Listing Systems.

25  **REQUEST FOR PRODUCTION NO. 93:**

26     Any and all documents relating to any potential agreement between Overture and Google,

27  negotiations intended to lead to such an agreement, including documents relating to internal

28  Overture discussions relating to any such negotiations, or proposed agreement, or any Google

297555.02

1   technology or product.

2   **REQUEST FOR PRODUCTION NO. 94:**

3       Any and all documents relating to any report, evaluation, review or study concerning or

4   mentioning the competitive standing or market share of Google compared to Overture.

5   **REQUEST FOR PRODUCTION NO. 95:**

6       Any and all documents relating to any report, evaluation, review, or study concerning or

7   mentioning the habits or preferences of customers in using or choosing among any product or

8   service offered or developed by Google.

9   **REQUEST FOR PRODUCTION NO. 96:**

10       Any and all documents relating to any report, evaluation, review, or study concerning or

11   mentioning the habits or preferences of customers in using or choosing among any product or

12   service offered or developed by Overture.

13   **REQUEST FOR PRODUCTION NO. 97:**

14       Any and all documents relating to any report, evaluation, review, or study concerning or

15   mentioning the features, strengths or weaknesses of any product or service offered or developed

16   by Overture in comparison to any product or service offered or developed by Google.

17   **REQUEST FOR PRODUCTION NO. 98:**

18       Any and all documents relating to any lost profits or price erosion claimed by Overture as

19   a result of any alleged infringement by Google of the '361 patent.

20   **REQUEST FOR PRODUCTION NO. 99:**

21       Any and all documents relating to any report, evaluation, review, or study concerning the

22   development of or growth in any market for any invention embodied by any claim in the '361

23   patent.

24   **REQUEST FOR PRODUCTION NO. 100:**

25       Any and all documents presented to or used in connection with any presentation to

26   Overture's internal personnel, including without limitation Overture's management personnel,

27   relating to Overture's Paid Listing Systems.

28   **REQUEST FOR PRODUCTION NO. 101:**

GOOGLE INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
CASE NO. C 02-01991 CRB

1    Documents sufficient to show the names of all individuals employed by Overture from

2  1998 to the present.

3  **REQUEST FOR PRODUCTION NO. 101**

4    All documents relating to the prosecution of U.S. Patent Application Serial Number

5  09/322,677.

6

7  Dated:  September 20, 2002                      KEKER & VAN NEST, LLP

8

9                                        By:  *Andrea Evans*

10                                            ANDREA C. EVANS
                                            Attorneys for Defendant
11                                            GOOGLE INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

297555.02

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On September 20, 2002, I served the following document(s):

## DEFENDANT GOOGLE INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF OVERTURE SERVICES, INC.

☑    by **FACSIMILE TRANSMISSION (IKON) AND UNITED STATES MAIL**, by placing a true and correct copy with IKON Office Solutions, the firm's in-house facsimile transmission center provider, for transmission on this date. The transmission was reported as complete and without error. Additionally, the original was placed in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

Jack C. Berenzweig, Esq.                Anthony I. Fenwick, Esq.
Brinks Hofer Gilson & Lione             Latham & Watkins
NBC Tower - Suite 3600                  135 Commonwealth Drive
455 N. Cityfront Plaza Drive            Menlo Park, CA 94025
Chicago, IL 60611                       Facsimile No.: (650) 463-2600
Facsimile No.: (312) 321-4299

Executed on September 20, 2002, at San Francisco, California.

I, Gabrielle J. Thormann, declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Gabrielle J. Thormann_
Gabrielle J. Thormann

297555.02

```
                    *****************************
                 ***    MULTI TX/RX REPORT    ***
                    *****************************

TX/RX NO            4175
PGS.                 32
TX/RX INCOMPLETE    -----
TRANSACTION OK      (1)    913123214299#5784
                    (2)    916504632600#5784

ERROR INFORMATION   -----
```

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188

## FACSIMILE TRANSMISSION COVER SHEET

September 20, 2002

| To | Telephone | Facsimile |
|---|---|---|
| Jack C. Berenzweig, Esq.<br>Brinks Hofer Gilson & Lione | (312) 321-4200 | (312) 321-4299 |
| Anthony I. Fenwick, Esq.<br>Latham & Watkins | (650) 326-4600 | (650) 463-2600 |

| From | Telephone | Code |
|---|---|---|
| Andrea C. Evans, Esq. | (415) 391-5400 | **5784/gjt** |

Re   **Overture v. Google**

**Number of Pages (Including Cover):**  _3/_

## ORIGINAL WILL FOLLOW THIS TRANSMISSION

## **COMMENTS**

Please see attached:

➤ Defendant Google Inc.'s First Set Of Interrogatories To Plaintiff Overture
   Services, Inc.

➤ Defendant Google Inc.'s First Request For Production Of Documents To Plaintiff
   Overture Services, Inc.

➤ Google Inc.'s Notice Of Deposition Of Overture Services, Inc. Pursuant To Fed.
   R. Civ. P. 30(b)(6)

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188

## FACSIMILE TRANSMISSION COVER SHEET

September 20, 2002

| To | Telephone | Facsimile |
|---|---|---|
| Jack C. Berenzweig, Esq.<br>Brinks Hofer Gilson & Lione | (312) 321-4200 | (312) 321-4299 |
| Anthony I. Fenwick, Esq.<br>Latham & Watkins | (650) 326-4600 | (650) 463-2600 |

| From | Telephone | Code |
|---|---|---|
| Andrea C. Evans, Esq. | (415) 391-5400 | **5784/gjt** |

Re    **Overture v. Google**

### Number of Pages (Including Cover):  *3 /*

## ORIGINAL WILL FOLLOW THIS TRANSMISSION

## <u>COMMENTS</u>

Please see attached:

➤ Defendant Google Inc.'s First Set Of Interrogatories To Plaintiff Overture Services, Inc.

➤ Defendant Google Inc.'s First Request For Production Of Documents To Plaintiff Overture Services, Inc.

➤ Google Inc.'s Notice Of Deposition Of Overture Services, Inc. Pursuant To Fed. R. Civ. P. 30(B)(6)

Operator _____                                Time Sent _____

## IF YOU ENCOUNTER ANY DIFFICULTIES RECEIVING THIS TRANSMISSION, PLEASE CALL (415) 676-2277 OR (415) 391-5400

The information contained in this facsimile transmission is legally privileged and confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone, and return the original transmission to us at the above address via the U.S. Postal Service. Thank you.

290088.01