JAN-21-2003 12:33          BGH & L                    312 321 4299       P.02

**BRINKS**
**HOFER**
**GILSON**
**& LIONE**

Charles M. McMahon
312·321·4782
cmcmahon@brinkshofer.com

January 21, 2003

A PROFESSIONAL CORPORATION
INTELLECTUAL PROPERTY ATTORNEYS

NBC TOWER · SUITE 3600
455 N. CITYFRONT PLAZA DRIVE
CHICAGO, ILLINOIS 60611·5599
www.brinkshofer.com
FAX 812·921·4299
TELEPHONE 312·321·4200

*via facsimile*
(415) 397-7188

SAN JOSE, CA
INDIANAPOLIS, IN
ANN ARBOR, MI
ARLINGTON, VA

Christine P. Sun, Esq.
KEKER & VAN NEST, L.L.P.
710 Sansome Street
San Francisco, CA 94111-1704

Re:   *Overture Services, Inc. v. Google Inc.,*
      Civ. No. C02-01991 (N.D. Cal.)

Dear Christine:

    I write in response to the concerns you have raised regarding Overture's discovery objections. In an effort to resolve these disputes, as described below, Overture will produce certain documents and information notwithstanding its continuing objections.

    Overture has not withheld, and has no current plans to withhold, any documents or information on the basis that such documents or information are confidential or proprietary. Since Overture served its objections to Google's first round of discovery requests, the court entered a Stipulated Protective Order, as well as a Supplemental Protective Order re Outside Counsel Only Source Code. Overture has produced confidential and proprietary documents and information pursuant to the terms of those orders. However, Overture reserves its right to seek further protective orders from the court if it determines that particular documents or information merit additional protection.

    We do not believe the cases you cited support your positions regarding the disclosure of information created after the filing date of this lawsuit or information related to pending patent applications. However, in an effort to resolve this dispute, Overture will produce certain documents responsive to particular requests, as described below.

    You are correct in your characterization of the parties' agreement to defer discovery of information that is related only to damages. We disagree, however, with your assertions that particular damages documents and information are relevant to other issues in this case. Nevertheless, as part of our effort to resolve this dispute, Overture will produce certain categories of documents and information at this time, as described below.

Christine P. Sun, Esq.
January 21, 2003
Page 2

**Response to RFP No. 13**

In further response to this request, and to the extent such documents can be located after a reasonable search, Overture will produce responsive, relevant, non-privileged documents that relate to possible infringement of the '361 patent by Sponsored Search Systems other than Google's AdWords Program or AdWords Select Program.

**Response to RFP Nos. 16-22**

As a preliminary matter, we again confirm that Overture has not withheld, and does not intend to withhold, documents related to Overture's cost-per-click beta system on the basis that such documents are not related to the conception or reduction to practice of the inventions claimed in the '361 patent. Overture also has not withheld any relevant, non-privileged documents related to the conception and reduction to practice of those inventions. Indeed, such documents were included in both Overture's preliminary production pursuant to Patent L.R. 3-2 and its more recent production responsive to Google's document requests.

You assert that other technical documents sought by RFP Nos. 16-22, such as technical documents related to Overture's current sponsored search system, should be produced on the basis that they are relevant to the commercial success of the patented invention. However, if necessary, it will be Overture's burden to establish the commercial success of the invention. Accordingly, Overture will produce sufficient documents and information to establish that the current sponsored search system is covered by the '361 patent, and that the claimed invention is responsible for Overture's commercial success.

**Response to RFP No. 23**

As stated above, we do not believe that the cases you cited support your positions regarding the disclosure of patents and patent applications. Nevertheless, as a compromise, we are willing to produce copies of Overture's U.S. patent applications that claim priority to the '361 patent.

**Response to RFP No. 24**

We disagree with your assertion that invention disclosures for inventions other than those claimed in the '361 patent are relevant to this case. Overture maintains its objections to producing such documents.

Christine P. Sun, Esq.
January 21, 2003
Page 3

**Response to RFP Nos. 25 and 26**

We confirm that Overture has not withheld, and does not intend to withhold, any relevant, non-privileged documents related to Overture's decision to introduce its cost-per-click beta system, or to any perceived need for such a system in the marketplace, to the extent that term is understood.

**Response to RFP No. 28**

In further response to this request, and to the extent that such documents can be located after a reasonable search, Overture will produce responsive, relevant, non-privileged documents that relate to comparisons of Overture's Paid Listing System, to the extent that we understand that term, and other Sponsored Search Systems.

**Response to RFP Nos. 30-42, 47-49, 69, 70, 77, 94, and 95**

In further response to these requests, to the extent that such documents can be located after a reasonable search, Overture will produce relevant, non-privileged documents that are responsive to RFP Nos. 30-33, 47-49, 70, 77, 94, and 95, to the extent that we understand these requests. Overture, however, will defer production of documents related to revenue forecasts and marketing spending, as well as documents responsive to RFP Nos. 34-41 and 69. Such documents relate only to damages under the terms of the parties' agreement, and therefore will be produced during the damages phase of discovery.

Overture maintains its objection that, to the extent RFP No. 42 can be understood, it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Because Overture's entire business is related to sponsored search systems, this request effectively seeks all licenses, agreements, partner agreements, and letters of intent ever entered into by Overture. As a compromise, to the extent such documents can be located after a reasonable search, Overture will produce responsive, relevant, non-privileged licenses, agreements, partner agreements, and letters of intent concerning the '361 patent, as well as agreements concerning sponsored search services provided by Overture to its affiliates.

**Response to RFP No. 51**

Overture maintains its objection that, to the extent this request can be understood, it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Again, because Overture's entire business is related to sponsored search systems, this request effectively seeks documents related to all disputes in which

Christine P. Sun, Esq.
January 21, 2003
Page 5


**Response to RFP No. 73**

We disagree with your assertions regarding this request, but we are willing to compromise. To the extent such documents can be located after a reasonable search, Overture will produce responsive, relevant, non-privileged documents.

**Response to RFP Nos. 84 and 86**

Again, we do not believe that the cases you cited support your positions regarding the disclosure of patents and patent applications. Nevertheless, as described above with respect to RFP No. 23, we are willing to produce copies of Overture's U.S. patent applications that claim priority to the '361 patent.

**Response to RFP No. 92**

Overture maintains its objection that, to the extent this request can be understood, it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Again, because Overture's entire business is related to sponsored search systems, this request effectively seeks documents related to every actual or potential agreement to which Overture has ever been a party. As a compromise, to the extent such documents can be located after a reasonable search, Overture will produce responsive, relevant, non-privileged agreements involving the '361 patent.

**Response to RFP No. 96**

In further response to this request, to the extent that such documents can be located after a reasonable search, Overture will produce responsive, relevant, non-privileged documents.

**Response to RFP No. 97**

In further response to this request, to the extent that such documents can be located after a reasonable search, Overture will produce responsive, relevant, non-privileged documents.

Christine P. Sun, Esq.
January 21, 2003
Page 7

    With respect to all of the document requests and interrogatories described above, Overture specifically maintains its objection to producing documents protected by the attorney-client privilege or the work-product doctrine.

    If you have any questions or would like to discuss these matters, please call me.

Best Regards,

Charles M. McMahon