KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
JON B. STREETER - #101970
DARALYN J. DURIE - #169825
CHRISTINE P. SUN - #218701
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC., a California corporation,<br><br>Defendant. | Case No. C 02-01991 CRB<br><br>**DEFENDANT GOOGLE INC.'S SECOND SET OF INTERROGATORIES TO PLAINTIFF OVERTURE SERVICES, INC.** |

PROPOUNDING PARTY:   GOOGLE INC.

RESPONDING PARTY:   OVERTURE SERVICES, INC.

SET NO.:   TWO

Pursuant to Federal Rule of Civil Procedure 33, Defendant Google Inc. requests that Plaintiff Overture Services, Inc. respond to the following Interrogatories within 30 days of their service.

## DEFINITIONS

1. "GOOGLE" means Google, Inc., its subsidiaries, divisions, predecessor companies, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time.

2. "OVERTURE" means Overture Services, Inc., its subsidiaries, divisions, predecessor companies, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time.

3. "The '361 patent" means United States Patent No. 6,269,361.

4. "COST-PER-CLICK SYSTEM" means the cost-per-click system which was available to the public at the website http://www.goto.com and associated web pages as of May 28, 1998; as well as any prior versions of any such systems, including but not limited to the "cost-per-click beta system" which OVERTURE began developing in January or February 1998, as described in OVERTURE's November 6, 2002 Response to Google's Interrogatory No. 2.

## INSTRUCTIONS

1. In answering these interrogatories, OVERTURE is required to furnish all information available to OVERTURE, not merely such information as the persons preparing the responses know of their own personal knowledge. In answering these interrogatories, OVERTURE is requested to make a diligent search of its records or other papers and materials in its possession or the possession of its employees, attorneys, consultants, or other representatives, to the extent necessary to provide responsive information.

2. Unless otherwise indicated, these interrogatories seek information through the present. The interrogatories shall be deemed continuing so as to require prompt and further supplemental response if OVERTURE obtains additional responsive information at any time

1  between the time for the initial response and the time of hearing or trial.

2      3. If OVERTURE cannot respond to an interrogatory fully, after a diligent attempt to obtain the requested information, OVERTURE is required to answer the interrogatory to the extent possible, specify the portion of the interrogatory OVERTURE is unable to answer, and provide whatever information OVERTURE has regarding the unanswered portion.

## INTERROGATORIES

**INTERROGATORY NO. 7:**

Identify all attorneys who participated in the prosecution of the '361 patent, including but not limited to all attorneys who billed time in connection with the prosecution of the patent.

**INTERROGATORY NO. 8:**

Identify all customers and potential customers of the COST-PER-CLICK SYSTEM, including but not limited to the name, address, and contact person at each company, firm, or entity that has purchased, been approached to purchase, or considered purchasing services in connection with the COST-PER-CLICK SYSTEM.

Dated: December 11, 2002

KEKER & VAN NEST, LLP

By: _____
CHRISTINE P. SUN
Attorneys for Defendant
GOOGLE INC.

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On December 11, 2002, I served the following document(s):

**GOOGLE INC.'S SECOND SET OF INTERROGATORIES TO PLAINTIFF OVERTURE SERVICES, INC.**

☑ by FACSIMILE TRANSMISSION (IKON) AND UNITED STATES MAIL, by placing a true and correct copy with IKON Office Solutions, the firm's in-house facsimile transmission center provider, for transmission on this date. The transmission was reported as complete and without error. Additionally, the original was placed in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

| | |
|---|---|
| Jack C. Berenzweig, Esq. | Anthony I. Fenwick, Esq. |
| Brinks Hofer Gilson & Lione | Latham & Watkins |
| NBC Tower - Suite 3600 | 135 Commonwealth Drive |
| 455 N. Cityfront Plaza Drive | Menlo Park, CA 94025 |
| Chicago, IL 60611 | Facsimile No.: (650) 463-2600 |
| Facsimile No.: (312) 321-4299 | |

Executed on December 11, 2002, at San Francisco, California.

I, Lauren Hartz-Lewis, declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Lauren Hartz Lewis*
Lauren Hartz Lewis

303289.01

PROOF OF SERVICE
CASE NO. C 02-01991 CRB