UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OVERTURE SERVICES, INC.,

    Plaintiff,

v.

GOOGLE, INC.

    Defendant.
_____/

No. C-02-1991 JSW (EDL)

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

## I. BACKGROUND

One of defendant's defenses in this patent infringement case is that plaintiff's United States Patent 6,269,361 ("the '361 patent"), which discloses a "pay for placement" Internet search engine, is invalid because the patented invention was in public use more than one year prior to May 28, 1999, the filing date of the application ("the critical date"). 35 U.S.C. § 102(b). In June 2003, defendant served twenty-five subpoenas to advertisers located in California who may have used plaintiff's cost-per-click beta search system to advertise on or before May 28, 1998. (McMahon Dec. Ex. A.) The subpoenas sought production of "all documents relating to [any Overture system wherein paid search listings are ranked through an auction process] prior to June 1998" and "all financial records reflecting any payments to [Overture] relating to [Overture's system] prior to June 1998." (McMahon Dec. Ex. B.) Defendant received only one substantive response to its twenty-five subpoenas. In July 2003, defendant served an additional forty-six subpoenas to advertisers in California seeking the same categories of documents. (McMahon Dec. Exs. C and D.) The response date for those subpoenas was August 12,

2003. Counsel for defendant plan to serve over 200 additional third-party subpoenas seeking the same categories of documents unless they receive sufficient responsive documents from the July 2003 subpoenas.

On August 4, 2003, plaintiff moved for a protective order, pursuant to Federal Rule of Civil Procedure 26(c) preventing defendant from serving excessive third-party subpoenas. On August 4, 2003, the Court granted plaintiff's unopposed request that the motion for protective order be heard on shortened time. On August 11, 2003, defendant filed an opposition. On August 19, 2003, the Court heard oral arguments.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) provides that upon a showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "The party seeking a protective order has the burden of showing the existence of good cause. To establish good cause, a party must submit a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." United States v. Bagley, 204 F.R.D. 170, 175 (C.D. Cal. 2001). However, "[e]ven if good cause is shown, the court must balance the competing interests of allowing discovery and the relative burdens to the parties." Cobb v. Danzig, 190 F.R.D. 564, 566 (S.D. Cal. 1999) (citing Wood v. McEwen, 644 F.2d 797, 801-802 (9th Cir.1981)).

## III.  DISCUSSION

The Court notes that there is a threshold issue as to whether plaintiff has standing to challenge the third-party subpoenas. Compare In re Seagate Tech. II Sec. Litig., 1993 WL 293008 (N.D. Cal. 1993) ("A motion to quash, or for a protective order, should be made by the person from whom the documents or things are requested")(quoting Wright & Miller, Federal Practice and Procedure, § 2457 at 431 (1990 Supp), with Marvin Lumber and Cedar Co. v. PPG Industries, Inc., 177 F.R.D. 443, 445 (D. Minn. 1997)("where the effort is not to quash a Subpoena, as allowed by Rule 45(c) – which limits such remedies to the 'persons subject to the subpoenas' – the issue is not one of privity between a party and the subpoenaed third-person, but is one of case management under Rules 16 and 26").

The Court need not resolve this issue, however, because plaintiff has not shown good cause for

a protective order. Defendant seeks relevant information, and plaintiff has failed to show any harm.
While plaintiff argues that the discovery is duplicative of the source code produced by plaintiff, the source code does not reflect aspects of the pre-critical date system that, according to Overture's lead inventor, were

manually implemented by Overture employees. Moreover, none of the advertisers subpoenaed by Google has objected to the scope or the subject matter of the subpoenas, despite their right to do so under Federal Rule of Civil Procedure 45(c) and inclusion of a letter with each subpoena advising the advertiser to contact Google's attorneys or Google's vendor "if [they] would like to discuss an extension of time to respond to the subpoena or have any other questions or concerns." (Sun Dec. Ex. P.) While plaintiff speculated that its relations with the subpoenaed advertisers could be harmed, it had not received any complaints from them and could not say whether any, or if so how many, were current customers.

While at first glance up to 300 subpoenas seems excessive, in the circumstances here the subpoenas are warranted, given defendant's representation that it will stop serving subpoenas once it receives sufficient responsive documents and the lack of evidence of any undue burden on the recipients so far. Therefore, plaintiff's motion for a protective order is DENIED without prejudice.

IT IS SO ORDERED.

Dated: August 20, 2003                    /s/ Elizabeth D. Laporte
                                          ELIZABETH D. LAPORTE
                                          United States Magistrate Judge

**United States District Court**
For the Northern District of California