KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
DARALYN J. DURIE - #169825
MICHAEL S. KWUN - #198945
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendant and Counterclaimant
GOOGLE TECHNOLOGY INC., sued under its former name
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC., a Delaware corporation,<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>GOOGLE INC., a California corporation,<br><br>Defendant and Counterclaimant. | Case No. C 02-01991 JSW (EDL)<br><br>**GOOGLE TECHNOLOGY INC.'S RESPONSE TO OVERTURE SERVICES, INC.'S MISCELLANEOUS ADMINISTRATIVE REQUEST FOR GUIDANCE REGARDING EXISTENCE OF LIMITATIONS ON THE LENGTH OF PLAINTIFF'S REPLY BRIEF REGARDING CLAIM CONSTRUCTION** |

Pursuant to Civil Local Rule 7-10(b)(2), Google Technology Inc. ("Google") hereby responds to Overture Services, Inc.'s ("Overture's") Miscellaneous Administrative Request for Guidance Regarding Existence of Limitations on the Length of Plaintiff's Reply Brief Regarding Claim Construction.

Overture seeks leave to file and/or clarification that it is allowed to file a reply brief regarding claim construction that exceeds fifteen pages. In the alternative, Overture requests that the Court strike Google's August 22, 2003 responsive claim construction brief; order Google to file a brief that is no more than twenty-five pages in length, and that Overture's deadline for filing its reply brief be extended until seven court days after the filing of Google's revised brief. Google does not oppose Overture first request, but does oppose Overture's alternative request.

1

As noted in footnote 1 of Google's responsive claim construction brief, Google believes that briefs submitted in claim construction proceedings (which are not described by the Patent Local Rules as a motion, and which do not involve the filing of a notice of motion and motion) are not subject to the page limits for motions that set forth in Civil Local Rules 7-2(b), 7-3(a) and 7-3(c). Google therefore believes that Overture is entitled to file a reply brief regarding claim construction that is in excess of fifteen pages.

Moreover, if claim construction proceedings are subject to page limits that apply to motions, Google notes that the applicable page limit for opening and responsive briefs, in light of the Court's Standing Order, would be *fifteen* pages, not *twenty-five* pages. This Court's Standing Order provides,

> Briefs or Memoranda of Points and Authorities in support of, or in opposition to, any motion, with the exception of summary judgment motions, may not exceed fifteen pages in length, exclusive of title pages, indices of cases, table of contents, exhibits, affidavits, and summaries of argument, if required.

Standing Order ¶ 7. Because claim construction proceedings are not case dispositive, they are not summary judgment motions. Thus, if they are subject to page limits applicable to motions, this Court's fifteen-page limit applies.

Google respectfully submits that the issues presented by the parties' sixty-six page joint claim construction statement merit more than fifteen-page briefs. Thus, while Google does not oppose Overture's request for leave to file and/or clarification that it is allowed to file a reply brief regarding claim construction that exceeds fifteen pages, Google does oppose Overture's alternative request that Google's responsive claim construction brief be stricken, and Google ordered to file a revised brief that does not exceed twenty-five pages in length.

Dated: August 25, 2003                          KEKER & VAN NEST, LLP


By:   s/Michael S. Kwun
      MICHAEL S. KWUN
      Attorneys for Defendant and
      Counterclaimant GOOGLE
      TECHNOLOGY INC., sued under its
      former name GOOGLE INC.