1  LATHAM & WATKINS
     Anthony I. Fenwick (Bar No. 158667)
2    Allon Stabinsky (Bar No. 197642)
   135 Commonwealth Drive
3  Menlo Park, California  94025
   Telephone:   (650) 328-4600
4  Facsimile:   (650) 463-2600

5  BRINKS HOFER GILSON & LIONE
     Jack C. Berenzweig (Admitted *Pro Hac Vice*)
6    William H. Frankel (Admitted *Pro Hac Vice*)
     Jason C. White (Admitted *Pro Hac Vice*)
7    Charles M. McMahon (Admitted *Pro Hac Vice*)
   NBC Tower - Suite 3600
8  455 North Cityfront Plaza Drive
   Chicago, Illinois  60611
9  Telephone:   (312) 321-4200
   Facsimile:   (312) 321-4299
10
   Attorneys for Plaintiff
11 OVERTURE SERVICES, INC.

12                     UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14                         SAN FRANCISCO DIVISION

15

16 | OVERTURE SERVICES, INC., a Delaware Corporation, | No. C02-01991 JSW (EDL) |
   | --- | --- |
   | Plaintiff, | **OVERTURE'S MOTION TO COMPEL GOOGLE TO RESPOND TO INTERROGATORY NO. 10** |
   | vs. | **DISCOVERY MATTER** |
   | GOOGLE INC., a California Corporation, | Date:    Tuesday, January 6, 2004 |
   | Defendant. | Time:    9:00 a.m. |
   |  | Courtroom:  E, 15th Floor |
   |  | Judge:    Hon. Elizabeth D. Laporte |

**MOTION**

Plaintiff Overture Services, Inc. ("Overture") hereby moves, pursuant to Fed. R. Civ. P. 37(a) and Civ. L.R. 37-2, for an order compelling Google to respond to Overture's Interrogatory No. 10. Pursuant to Civil L.R. 7-2, Overture has noticed this motion for hearing before the Honorable Elizabeth D. Laporte at 9:30 a.m. on Tuesday, December 30, 2003.

Overture's Interrogatory No. 10 seeks an explanation of Google's basis for its assertion that it does not infringe Overture's U.S. Patent No. 6,269,361 (the "'361 patent"). Google refused to provide any substantive response to this interrogatory. Instead, Google objected to the interrogatory in its entirety on the basis that the interrogatory allegedly includes multiple subparts beyond the number permitted by Fed. R. Civ. P. 33. Google also objected that the interrogatory is unduly burdensome and premature because the Court has not construed the claims of the '361 patent. Google's objections are baseless.

Google has asserted non-infringement as both an affirmative defense and a declaratory judgment counterclaim in this case. Interrogatory 10 merely requires Google to explain the basis for its assertion of non-infringement. The interrogatory is limited to this single discrete question; it does not include multiple subparts. Moreover, the interrogatory is neither unduly burdensome nor premature. Google does not need a final claim construction to respond to Interrogatory 10. In that sense, Interrogatory 10 is no more burdensome than Patent L.R. 3-1, which required Overture to fully explain the basis for its assertion of infringement prior to the claim construction proceedings. Google can respond to the interrogatory based on its proposed interpretations of the disputed claim terms and, if necessary, supplement its response after the Court construes those terms.

For these reasons, and as further explained in the following Memorandum of Points and Authorities, Overture respectfully requests that the Court order Google immediately to provide a complete response to Interrogatory No. 10.

OVERTURE'S MOTION TO COMPEL GOOGLE
TO RESPOND TO INTERROGATORY NO. 10
C 02-01991 JSW (EDL)
- 1 -

**BRINKS HOFER GILSON & LIONE**
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

Overture alleges that Google is infringing the '361 patent. (Amended Complaint, Dkt. No. 57.) By its answer and counterclaims, Google has asserted an affirmative defense of non-infringement. (Answer and Counterclaim, Dkt. No. 60.) Google also has asserted a counterclaim for declaratory judgment of non-infringement. (*Id.*)

Pursuant to the Patent Local Rules, the parties have exchanged preliminary contentions regarding the infringement and validity of the '361 patent. On September 16, 2002, Overture provided its Disclosure of Asserted Claims and Preliminary Infringement Contentions pursuant to Patent L.R. 3-1. (*See* December 2, 2003 Declaration of Charles M. McMahon, ¶ 2.) Overture supplemented its preliminary infringement contentions on January 14 and February 28, 2003. (*See id.* at ¶ 3.) As part of its contentions, Overture identified 62 claims of the '361 patent that it alleges Google infringes. Google has since provided its Preliminary Invalidity Contentions pursuant to Patent L.R. 3-3, and the parties have been engaged in the claim construction process required by Patent L.R. 4. (*See id.* at ¶¶ 4-5.)

On September 22, 2003, Overture served Google with Overture's Fourth Set of Interrogatories. (*See id.* at ¶ 6.) The fourth set included a single interrogatory:

> 10. Fully describe Google's bases for its assertion of noninfringement of the '361 patent, including an identification of each claim limitation that Google contends is not present in Google's Sponsored Search System, and a statement of whether Google's Sponsored Search System provides an equivalent to each claim limitation that Google alleges is not present in Google's Sponsored Search System.

(*See id.*) Google served its objections to Interrogatory 10 on October 24, 2003. (*See id.* at ¶ 7.) Google raised a number of objections, but counsel for Google has indicated that Google's refusal to respond is based on three specific objections:

> Google objects to this interrogatory and to Overture's definitions to the extent that they are vague, ambiguous, overly broad, or unduly burdensome.

\* \* \*

OVERTURE'S MOTION TO COMPEL GOOGLE TO RESPOND TO INTERROGATORY NO. 10
C 02-01991 JSW (EDL)                                 - 2 -

BRINKS HOFER GILSON & LIONE
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois  60611-5599
Telephone:  (312) 321-4200
Facsimile:   (312) 321-4299

> Google objects to this interrogatory because it is premature, because the Court has not yet construed the asserted claims, and Overture has not yet served its final infringement contentions.
>
> Google objects to this interrogatory because it is compound, in that it seeks information concerning each limitation of each of the sixty-two asserted claims of the '361 patent, and also in that it seeks information concerning both the lack of literal infringement and the lack of infringement under the doctrine of equivalents. In light of the compound nature of this request, Google objects to this interrogatory in its entirety.

(*See id.* at ¶¶ 7, 10.)

Other than the general averments in Google's answer and counterclaim, Google has never explained the bases for its assertion of non-infringement. (*See id.* at ¶ 8.) Indeed, Google has not even identified which of the 67 claims it alleges are not infringed. (*See id.*)

## II. OVERTURE'S ATTEMPTS TO RESOLVE THIS DISPUTE INFORMALLY

In a letter dated November 4, 2003, counsel for Overture requested that Google withdraw its objections and provide a substantive response to Interrogatory 10. (*See* McMahon Decl. ¶ 9.) In subsequent telephone conversations on November 12 and 14, 2003, counsel for the parties discussed their respective positions, but were unable to resolve their differences. (*See id.* at ¶¶ 10-11.) Google maintained its objections and refused to provide a substantive response to the interrogatory. (*See id*. at ¶ 13.) As a result, Overture filed this motion.

## III. LEGAL STANDARDS

Rule 33(a) provides in part, "[w]ithout leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts . . . ." Fed. R. Civ. P. 33(a). An interrogatory is not necessarily objectionable simply because it is compound or contains subparts. *Zapata v. IBP, Inc.*, No. C93-2366, 1997 WL 50474, at *1 (D. Kan., Feb. 4, 1997). Interrogatory subparts are objectionable only when then pose separate ***discrete*** questions. *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 443-44 (C.D. Cal. 1998). A

OVERTURE'S MOTION TO COMPEL GOOGLE
TO RESPOND TO INTERROGATORY NO. 10
C 02-01991 JSW (EDL)
- 3 -
**BRINKS HOFER GILSON & LIONE**
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

subpart is discrete and regarded as a separate interrogatory when it is ***logically or factually independent*** of the question posed by the basic interrogatory. *Kendall v. GES Exploration Svcs., Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997).

The numerical limit was added to Rule 33(a) in 1993. *See Safeco*, 181 F.R.D. at 443. Before then, sheer numerosity of interrogatories was not a valid objection. *See id.* The amendment was intended to prevent harassment in the form of excessively numerous interrogatories. *See id.* For this reason, the amendment also limited the number of discrete subparts so that a party could not evade the numerical limit by joining as subparts unrelated questions that seek information about discrete and separate subjects. *See id.*

The amended rule, however, does not prohibit the use of subparts altogether. Rather, the "discrete subparts" language was intended to provide a balanced approach to determining when subparts should and should not count as separate interrogatories. For instance,

> a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

*See id.* (quoting Advisory Committee Note to 1993 Amendment to Fed. R. Civ. P. 33, 146 F.R.D. 675, 675-76 (1993)).

Although the question of discrete subparts depends largely on the facts of a given case, the Rule 33(a) standard may be summarized as follows:

> ***[I]t would appear that an interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question,*** although the breadth of an area inquired about may be disputable. On the other hand, an interrogatory with subparts inquiring into discrete areas is more likely to be counted as more than one for purposes of the limitation.

*See id.*, 181 F.R.D. at 444 (quoting 8A CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2168.1, at 261 (2d ed. 1994)) (emphasis added).

OVERTURE'S MOTION TO COMPEL GOOGLE
TO RESPOND TO INTERROGATORY NO. 10
C 02-01991 JSW (EDL)

- 4 -

**BRINKS HOFER GILSON & LIONE**
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

## IV. ARGUMENT

None of its objections excuse Google from responding to Interrogatory No. 10 at this time. It appears that Google is attempting to stall legitimate discovery by hiding behind illegitimate objections. The Rule 33(a) standards set forth above reveal that Interrogatory 10 does not include multiple discrete subparts, and it does not place an undue burden on Google. Accordingly, Google must provide a complete response to the interrogatory. Moreover, Interrogatory 10 is not premature at this time, so Google cannot wait until after claim construction to provide its response; Google must respond to Interrogatory 10 now.

### A. Interrogatory No. 10 Does Not Include Multiple Subparts

Interrogatory 10 poses a single question—Google must explain the bases for its assertion of non-infringement. Google asserts that Interrogatory 10 includes multiple discrete subparts because it requires Google to identify each claim limitation that Google contends is absent in the accused system. This information, however, is essential to an explanation of Google's bases for alleging non-infringement. As a result, Interrogatory 10 does not include multiple *discrete* subparts.

To establish non-infringement, Google must demonstrate that at least one limitation of every asserted claim is absent from its accused system. Thus, to explain the bases for its assertion of non-infringement, Google necessarily must identify each limitation that it believes is absent from the accused system. Google's so-called "subparts" are *logically and factually subsumed* within the single primary question. *See Kendall*, 174 F.R.D. at 685 (subparts are considered part of a single interrogatory when they are logically or factually subsumed within the basic interrogatory). Likewise, the alleged "subparts" are not discrete for purposes of Rule 33(a) because they are "directed at eliciting details concerning the common theme" and "should be considered a single question." *See Safeco*, 181 F.R.D. at 444 (quoting WRIGHT & MILLER § 2168.1). Accordingly, Interrogatory No. 10 constitutes a single interrogatory under Rule 33(a).

OVERTURE'S MOTION TO COMPEL GOOGLE
TO RESPOND TO INTERROGATORY NO. 10
C 02-01991 JSW (EDL)

- 5 -

**BRINKS HOFER GILSON & LIONE**
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois  60611-5599
Telephone:  (312) 321-4200
Facsimile:   (312) 321-4299

### B. Interrogatory No. 10 Is Not Unduly Burdensome To Google

Google also objects to Interrogatory No. 10 on the basis that it is unduly burdensome. Apparently, Google believes that it would be an undue burden to identify all of the claim limitations that it alleges to be missing from its accused system. This objection is entirely unfounded. Overture is entitled to explore all the bases underlying Google's affirmative defense and counterclaim of non-infringement. Otherwise, Google could withhold its non-infringement contentions and ambush Overture at trial.

The insufficiency of Google's objection is apparent in view of the Patent Local Rules. Patent Local Rule 3-1 requires Overture to provide Preliminary Infringement Contentions that address *every* limitation of *every* asserted claim. Yet, this rule cannot be said to place an undue burden on Overture. By comparison, Interrogatory 10 is even less burdensome on Google. Interrogatory 10 does not require Google to address every claim limitation, but only those limitations that Google alleges are absent from its accused system. Just as Patent Local Rule 3-1 requires Overture to fully explain its infringement contentions, Google should be required to fully explain its non-infringement contentions in response to Interrogatory No. 10. There simply is no undue burden.

### C. Interrogatory No. 10 Is Not Premature

Finally, Google objects to Interrogatory No. 10 as premature because the Court has not yet construed the disputed claim terms. This objection is just as improper as Google's other objections. Google does not need a final claim construction before responding to Interrogatory 10. By necessity, Google must already have identified the bases for its assertion of non-infringement. At least that much was necessary for Google's answer and counterclaim to satisfy Fed. R. Civ. P. 11. Overture is entitled to discover those bases now—without waiting for a final claim construction.

Moreover, Google will not be prejudiced by responding to Interrogatory 10 now. Pursuant to Fed. R. Civ. P. 26(e), Google will have the opportunity—indeed, the duty— to supplement its interrogatory response if necessary after the Court construes the disputed claim terms. Accordingly, there is no risk of prejudice to Google in explaining

OVERTURE'S MOTION TO COMPEL GOOGLE TO RESPOND TO INTERROGATORY NO. 10
C 02-01991 JSW (EDL)    - 6 -    **BRINKS HOFER GILSON & LIONE**
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

1  its non-infringement allegations before a final claim construction, and Google should
2  provide a complete response to Interrogatory 10 at this time.

## V. CONCLUSION

Google's objections are improper and do not excuse Google from providing a response to Interrogatory No. 10 at this time. Overture respectfully requests that the Court order Google to explain fully and immediately the bases for its assertion of non-infringement in response to Interrogatory No. 10.

Dated: December 2, 2003            By:   /s/ *Charles M. McMahon*
                                         Charles M. McMahon
                                         BRINKS HOFER GILSON & LIONE
                                         NBC Tower - Suite 3600
                                         455 North Cityfront Plaza Drive
                                         Chicago, Illinois  60611
                                         Telephone:   (312) 321-4200
                                         Facsimile:   (312) 321-4299

                                         Attorneys for Plaintiff
                                         OVERTURE SERVICES, INC.

OVERTURE'S MOTION TO COMPEL GOOGLE
TO RESPOND TO INTERROGATORY NO. 10           - 7 -
C 02-01991 JSW (EDL)

**BRINKS HOFER GILSON & LIONE**
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois  60611-5599
Telephone:   (312) 321-4200
Facsimile:   (312) 321-4299