LATHAM & WATKINS
  Anthony I. Fenwick (Bar No. 158667)
  Allon Stabinsky (Bar No. 197642)
135 Commonwealth Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

BRINKS HOFER GILSON & LIONE
  Jack C. Berenzweig (Admitted *Pro Hac Vice*)
  William H. Frankel (Admitted *Pro Hac Vice*)
  Jason C. White (Admitted *Pro Hac Vice*)
  Charles M. McMahon (Admitted *Pro Hac Vice*)
NBC Tower - Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

Attorneys for Plaintiff
OVERTURE SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a California Corporation,<br><br>Defendant. | No. C02-01991 JSW (EDL)<br><br>**DECLARATION OF CHARLES M. McMAHON IN SUPPORT OF OVERTURE'S MOTION TO COMPEL GOOGLE TO RESPOND TO INTERROGATORY NO. 10**<br><br>**DISCOVERY MATTER**<br><br>Date: Tuesday, January 6, 2003<br>Time: 9:00 a.m.<br>Courtroom: E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |

I, Charles M. McMahon, declare as follows:

1. I am an associate at the law firm of Brinks Hofer Gilson & Lione, counsel of record for plaintiff Overture Services, Inc. ("Overture") in this matter. I make this declaration in support of Overture's Motion to Compel Google to Respond to Interrogatory No. 10. I make the following declaration based upon my personal knowledge, and I could and would testify thereto under oath if called upon to do so.

## BACKGROUND

2. Pursuant to Patent L.R. 3-1, Overture served Google with a copy of Overture's Disclosure of Asserted Claims and Preliminary Infringement Contentions on September 16, 2002.

3. Overture supplemented its preliminary infringement contentions on January 14 and February 28, 2003. As part of its supplemental preliminary infringement contentions, Overture identified 62 claims of the '361 patent that it alleges Google infringes.

4. Pursuant to Patent L.R. 3-3, Google subsequently served Overture with its Preliminary Invalidity Contentions.

5. Pursuant to Patent L.R. 4, the parties have engaged in the claim construction process, exchanging proposed interpretations of the disputed claim terms and filing a Joint Claim Construction Statement. (*See* Dkt. No. 67.) The Court has scheduled a claim construction hearing for March 24, 2004. (*See* Dkt. No. 98.)

## THE DISPUTED INTERROGATORY

6. On September 22, 2003, Overture served Google with Overture's Fourth Set of Interrogatories. A copy of Overture's Fourth Set of Interrogatories is attached as Exhibit A to this declaration. The fourth set included a single interrogatory:

> 10. Fully describe Google's bases for its assertion of noninfringement of the '361 patent, including an identification of each claim limitation that Google contends is not present in Google's Sponsored Search System, and a statement of whether Google's Sponsored Search System provides an equivalent to each claim limitation that Google alleges is not present in Google's Sponsored Search System.

DECLARATION OF CHARLES M. McMAHON         - 1 -
C 02-01991 JSW (EDL)

BRINKS HOFER GILSON & LIONE
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

7. Google served its Objections to Overture's Fourth Set of Interrogatories (No. 10) on October 24, 2003. A copy of Google's objections is attached as Exhibit B to this Declaration. Google did not provide any substantive response to Interrogatory No. 10. Google's objections to Interrogatory No. 10 are reproduced below in their entirety:

> Google objects to this interrogatory and to Overture's definitions to the extent that they are vague, ambiguous, overly broad, or unduly burdensome.
>
> Google objects to this interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.
>
> Google objects to the definitions to the extent they purport to give meaning or legal significance to a document, fact or purported fact, whose meaning or significance is the subject of dispute between the parties.
>
> Google objects to this interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or protection. Any inadvertent disclosure of such information shall not be deemed a waiver of any such privilege or protection.
>
> Google objects to this interrogatory to the extent that it seeks to impose obligations beyond that imposed by the Federal Rules of Civil Procedure and applicable case law.
>
> Google objects to this interrogatory to the extent that it seeks information concerning any Google's Sponsored Search System that ceased to be used prior to the issuance of the Patent-in-Suit, on July 31, 2001. Google's response is limited to Google's Sponsored Search Systems that have been in use since the issuance of the Patent-in-Suit.
>
> Based on discussions between counsel for Overture and Google, Google understands the term "Google's Sponsored Search System" to be limited to advertising models that are priced on a "cost-per-click" pricing model. Based on that understanding and the time limitation noted above, as well as Google's objections, Google understands the term "Google's Sponsored Search System" to be limited to its AdWords Select service ("AWS").
>
> The interrogatory seeks "bases . . . including" claim limitations not present in AWS and a statement of whether AWS provides an equivalent to each claim limitation that is not present in AWS, thereby implying that Overture may be

DECLARATION OF CHARLES M. McMAHON
C 02-01991 JSW (EDL)
- 2 -

BRINKS HOFER GILSON & LIONE
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois  60611-5599
Telephone:  (312) 321-4200
Facsimile:   (312) 321-4299

       seeking further information beyond missing claim limitations and/or equivalents. Google objects to this interrogatory to the extent that it seeks any such further information, because to that extent "bases" is vague, ambiguous and unintelligible.

       Google objects to this interrogatory because it is premature, because the Court has not yet construed the asserted claims, and Overture has not yet served its final infringement contentions.

       Google objects to this interrogatory because it is compound, in that it seeks information concerning each limitation of each of the sixty-two asserted claims of the '361 patent, and also in that it seeks information concerning both the lack of literal infringement and the lack of infringement under the doctrine of equivalents. In light of the compound nature of this request, Google objects to this interrogatory in its entirety.

    8.    Other than the general averments in Google's Answer and Counterclaim (see Dkt. No. 60), Google has never informed Overture of the bases for its assertion of non-infringement. Google has not identified which of the 67 claims of the '361 patent it alleges are not infringed.

**OVERTURE'S ATTEMPTS TO RESOLVE THIS DISPUTE INFORMALLY**

    9.    Attached as Exhibit C is a copy of a letter dated November 4, 2003, in which counsel for Overture requested that Google withdraw its objections and provide a substantive response to Interrogatory No. 10.

    10.    On November 12, 2003, I participated in a telephone call with Mr. Ravind Grewal, counsel for Google, during which we discussed the parties' positions but were unable to resolve their differences. During this conversation, Mr. Grewal explained that Google's refusal to provide a substantive response is based on three specific objections:

       Google objects to this interrogatory and to Overture's definitions to the extent that they are vague, ambiguous, overly broad, or unduly burdensome.

       * * *

       Google objects to this interrogatory because it is premature, because the Court has not yet construed the asserted claims, and Overture has not yet served its final infringement contentions.

DECLARATION OF CHARLES M. McMAHON
C 02-01991 JSW (EDL)     - 3 -

BRINKS HOFER GILSON & LIONE
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois  60611-5599
Telephone:  (312) 321-4200
Facsimile:   (312) 321-4299

> Google objects to this interrogatory because it is compound, in that it seeks information concerning each limitation of each of the sixty-two asserted claims of the '361 patent, and also in that it seeks information concerning both the lack of literal infringement and the lack of infringement under the doctrine of equivalents. In light of the compound nature of this request, Google objects to this interrogatory in its entirety.

11. On November 14, 2003, I participated in a second telephone call with Mr. Grewal, during which we again discussed the parties positions but still were unable to resolve their differences.

12. Overture maintains that Interrogatory No. 10 is proper and that Google should immediately provide a complete response to the interrogatory.

13. Google maintains its objections to Interrogatory No. 10 and refuses to provide a substantive response.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 10th day of October 2002 at Chicago, Illinois.

        /s/ *Charles M. McMahon*
        Charles M. McMahon

DECLARATION OF CHARLES M. McMAHON
C 02-01991 JSW (EDL)        - 4 -

**BRINKS HOFER GILSON & LIONE**
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

# Exhibit A

| | |
|---|---|
| 1 | LATHAM & WATKINS |
| |    Anthony I. Fenwick (Bar No. 158667) |
| 2 |    Allon Stabinsky (Bar No. 197642) |
| | 135 Commonwealth Drive |
| 3 | Menlo Park, California 94025 |
| | Telephone: (650) 328-4600 |
| 4 | Facsimile: (650) 463-2600 |
| 5 | BRINKS HOFER GILSON & LIONE |
| |    Jack C. Berenzweig (Admitted *Pro Hac Vice*) |
| 6 |    William H. Frankel (Admitted *Pro Hac Vice*) |
| |    Jason C. White (Admitted *Pro Hac Vice*) |
| 7 |    Charles M. McMahon (Admitted *Pro Hac Vice*) |
| | NBC Tower - Suite 3600 |
| 8 | 455 North Cityfront Plaza Drive |
| | Chicago, Illinois 60611 |
| 9 | Telephone: (312) 321-4200 |
| | Facsimile: (312) 321-4299 |

Attorneys for Plaintiff
OVERTURE SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a California Corporation,<br><br>    Defendant. | No. C02-01991 JSW<br><br>**OVERTURE SERVICES, INC.'S FOURTH SET OF INTERROGATORIES (NO. 10) TO GOOGLE INC.** |

    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Overture Services Inc. ("Overture") propounds the following interrogatory to Defendant, Google Inc. ("Google") to be answered fully, in writing and under oath, by an officer or agent within 30 days after service hereof, in accordance with the provisions of Rule 33 of the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

The definitions and instructions set forth in Overture's First Set of Requests for Production of Documents are hereby incorporated by reference.

## INTERROGATORIES

10. Fully describe Google's bases for its assertion of noninfringement of the '361 patent, including an identification of each claim limitation that Google contends is not present in Google's Sponsored Search System, and a statement of whether Google's Sponsored Search System provides an equivalent to each claim limitation that Google alleges is not present in Google's Sponsored Search System.

Dated: September 22, 2003            By: _____

BRINKS HOFER GILSON & LIONE
   Jack C. Berenzweig (*Pro Hac Vice*)
   William H. Frankel (*Pro Hac Vice*)
   Jason C. White (*Pro Hac Vice*)
   Charles M. McMahon (*Pro Hac Vice*)
NBC Tower - Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone: (312) 321-4200
Facsimile:  (312) 321-4299

LATHAM & WATKINS
   Anthony I. Fenwick (Bar No. 158667)
   Allon Stabinsky (Bar No. 197642)
135 Commonwealth Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile:  (650) 463-2600

OVERTURE SERVICES, INC.'S FOURTH SET OF INTERROGATORIES TO GOOGLE INC.    - 2 -

BRINKS HOFER GILSON & LIONE
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing OVERTURE SERVICES, INC.'S FOURTH SET OF INTERROGATORIES (NO. 10) TO GOOGLE INC., was served this 22nd day of September, 2003, via facsimile, with confirmation copy via first-class mail, upon:

facsimile number (415) 397-7188

Michael S. Kwun, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA  94111-1704



# Exhibit B

```
1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  DARALYN J. DURIE - #169825
   MICHAEL S. KWUN - #198945
3  CHRISTINE P. SUN - #218701
   710 Sansome Street
4  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
5  Facsimile:  (415) 397-7188

6  Attorneys for Defendant and Counterclaimant
   GOOGLE INC.
7
```

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

| 12 | OVERTURE SERVICES, INC., a Delaware corporation, | Case No. C 02-01991 JSW (EDL) |
|---|---|---|
| 13 | | **GOOGLE INC.'S OBJECTIONS TO OVERTURE SERVICES, INC.'S FOURTH SET OF INTERROGATORIES (NO. 10)** |
| 14 | Plaintiff and Counterdefendant, | |
| 15 | v. | |
| 16 | GOOGLE INC., a California corporation, | |
| 17 | Defendant and Counterclaimant. | |

20  PROPOUNDING PARTY:   Overture Services, Inc.

21  RESPONDING PARTY:    Google Inc.

22  SET NUMBER:          Four (No. 10)

23       Google Inc. ("Google") hereby objects to Overture Services, Inc.'s ("Overture's") Fourth

24  Set of Interrogatories as follows:

25                       **OBJECTION TO INTERROGATORY**

26  **INTERROGATORY NO. 10:**

27       Fully describe Google's bases for its assertion of non-infringement of the '361 patent,

28  including an identification of each claim limitation that Google contends is not present in

---

1

GOOGLE'S OBJECTIONS. TO OVERTURE'S FOURTH SET OF INTERROGATORIES (NO. 10)
CASE NO. C 02-01991 JSW (EDL)

319849.01

1  Google's Sponsored Search System, and a statement of whether Google's Sponsored Search
2  System provides an equivalent to each claim limitation that Google alleges is not present in
3  Google's Sponsored Search System.

**RESPONSE TO INTERROGATORY NO. 10:**

Google objects to this interrogatory and to Overture's definitions to the extent that they are vague, ambiguous, overly broad, or unduly burdensome. Google objects to this interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Google objects to the definitions to the extent they purport to give meaning or legal significance to a document, fact or purported fact, whose meaning or significance is the subject of dispute between the parties.

Google objects to this interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or protection. Any inadvertent disclosure of such information shall not be deemed a waiver of any such privilege or protection.

Google objects to this interrogatory to the extent that it seeks to impose obligations beyond that imposed by the Federal Rules of Civil Procedure and applicable case law.

Google objects to this interrogatory to the extent that it seeks information concerning any Google's Sponsored Search System that ceased to be used prior to the issuance of the Patent-in-Suit, on July 31, 2001. Google's response is limited to Google's Sponsored Search Systems that have been in use since the issuance of the Patent-in-Suit.

Based on discussions between counsel for Overture and Google, Google understands the term "Google's Sponsored Search System" to be limited to advertising models that are priced on a "cost-per-click" pricing model. Based on that understanding and the time limitation noted above, as well as Google's objections, Google understands the term "Google's Sponsored Search System" to be limited to its AdWords Select service ("AWS").

The interrogatory seeks "bases . . . including" claim limitations not present in AWS and a statement of whether AWS provides an equivalent to each claim limitation that is not present in

1  AWS, thereby implying that Overture may be seeking further information beyond missing claim
2  limitations and/or equivalents.  Google objects to this interrogatory to the extent that it seeks any
3  such further information, because to that extent "bases" is vague, ambiguous and unintelligible.
4   Google objects to this interrogatory because it is premature, because the Court has not yet
5  construed the asserted claims, and Overture has not yet served its final infringement contentions.
6   Google objects to this interrogatory because it is compound, in that it seeks information
7  concerning each limitation of each of the sixty-two asserted claims of the '361 patent, and also in
8  that it seeks information concerning both the lack of literal infringement and the lack of
9  infringement under the doctrine of equivalents.  In light of the compound nature of this request,
10 Google objects to this interrogatory in its entirety.

12 Dated: October 24, 2003      KEKER & VAN NEST, LLP

By: _____
MICHAEL S. KWUN
Attorneys for Defendant and
Counterclaimant GOOGLE INC.

# Exhibit C

**Charles M. McMahon**
312-321-4782
cmcmahon@brinkshofer.com

**BRINKS**
**HOFER**
**GILSON**
**& LIONE**

A PROFESSIONAL CORPORATION
INTELLECTUAL PROPERTY ATTORNEYS

NBC TOWER · SUITE 3600
455 N. CITYFRONT PLAZA DRIVE
CHICAGO, ILLINOIS 60611-5599
www.brinkshofer.com
FAX 312-321-4299
TELEPHONE 312-321-4200

SAN JOSE, CA
INDIANAPOLIS, IN
ANN ARBOR, MI
ARLINGTON, VA

November 4, 2003

*via facsimile and first class mail*

Michael S. Kwun, Esq.
KEKER & VAN NEST, L.L.P.
710 Sansome Street
San Francisco, CA 94111-1704
Facsimile: (415) 397-7188

Re:   *Overture Services, Inc. v. Google Inc.*,
      Civ. No. C02-01991 (N.D. Cal.)

Dear Michael:

      We received Google's Objections to Overture's Fourth Set of Interrogatories (No. 10). Interrogatory No. 10 calls for Google's bases for its assertion of non-infringement of the '361 patent.

      Google objected to Interrogatory No. 10 in its entirety, and refused to provide any substantive response whatsoever, on the basis that the interrogatory is compound. Google's alleged basis for this objection is that the interrogatory seeks information concerning each limitation of each asserted claim, and also seeks information related to both literal infringement and infringement under the doctrine of equivalents.

      Google's objection that Interrogatory No. 10 is compound is not well-founded. Interrogatory No. 10 poses a single primary question—that is, to explain Google's bases for its assertion of non-infringement. Whether or not a particular claim limitation is absent from Google's Sponsored Search System is a secondary question that is both logically and factually subsumed within the primary question. Likewise, whether or not Google's Sponsored Search System provides an equivalent to an otherwise absent claim limitation also is a secondary question that is both logically and factually subsumed within the primary question. Because Interrogatory No. 10 poses only a single primary question, the interrogatory is not compound.

Michael S. Kwun
November 4, 2003
Page 2


      We request that Google withdraw this objection and immediately provide a substantive response to Interrogatory No. 10. If Google chooses to maintain this objection, please let me know when you will be available for a telephone conference on November 6 or 7, during which we may meet and confer pursuant to Local Rule 37-1(a).

                              Best regards,

                              Charles M. McMahon