| | |
|---|---|
| 1 | KEKER & VAN NEST, LLP |
| | JOHN W. KEKER - #49092 |
| 2 | DARALYN J. DURIE - #169825 |
| | RAVIND S. GREWAL - #220543 |
| 3 | 710 Sansome Street |
| | San Francisco, CA  94111-1704 |
| 4 | Telephone:  (415) 391-5400 |
| | Facsimile:  (415) 397-7188 |

Attorneys for Defendant and Counterclaimant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC., | Case No. C 02-01991 JSW (EDL) |
| Plaintiff and Counterdefendant, | **GOOGLE INC.'S OPPOSITION TO OVERTURE SERVICES, INC.'S MOTION TO COMPEL RESPONSE TO INTERROGATORY NO. 10** |
| v. | |
| GOOGLE INC., | **DISCOVERY MATTER** |
| Defendant and Counterclaimant. | Date:   January 6, 2004 |
| | Time:   9:00 a.m. |
| | Dept:   Courtroom E, 15th Fl. |
| | Judge:  Hon. Elizabeth D. Laporte |

322991.01

GOOGLE INC.'S OPPOSITION TO OVERTURE SERVICES, INC.'S MOTION TO COMPEL RESPONSE TO
INTERROGATORY NO. 10
CASE NO. C 02-01991 JSW (EDL)

Dockets.Justia.com

## I. INTRODUCTION

Overture's motion seeks an immediate response to a sweeping contention interrogatory, which requests all of the bases for Google's defense and counterclaim of non-infringement of Overture's '361 patent-in-suit, without any compelling justification.  Not only is the interrogatory of vast and ill-defined scope, but it seeks responses from Google that Overture itself admits will only be preliminary, and which may soon require amendment.  Under the Federal Rules and applicable caselaw, contention interrogatories such as the one at issue should be deferred until the close of discovery proceedings.  Despite its burden to do so, Overture has provided no specific reason why Google should respond to the interrogatory prior to the resolution of claim construction proceedings, service of Overture's final infringement contentions, or further development of its theory of the case in fact and expert discovery.  The Court should deny Overture's motion.

## II. ARGUMENT

### A. Overture's Interrogatory No. 10 is Overbroad and Compound

Interrogatory No. 10 seeks information relating to a lengthy series of distinct questions, violating Rule 33(a)'s limit on the number of interrogatories that may be served without leave of court.  As Overture itself notes, Rule 33(a) permits a party to serve "written interrogatories, not exceeding 25 in number <u>including all discrete subparts</u> . . . ." Fed. R. Civ. P. 33(a) (emphasis added).  Interrogatory subparts may only be counted as part of a single interrogatory "if they are logically or factually subsumed within and necessarily related to the primary question." *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997) (citation and internal quotation omitted).  The best test of whether subsequent questions, within a single interrogatory, are "subsumed within" the first question is whether those subsequent questions "stand alone" or are "independent of the first question," or "whether the first question is primary and subsequent questions are secondary to the primary question." *Id.*

Interrogatory No. 10 contains discrete subparts – and Overture exceeds the bounds of Rule 33(a) – for at least two reasons.  First, the interrogatory requests that Google describe all the bases for its assertion that it does not infringe <u>each</u> of the 67 claims of the '361 patent.

1
GOOGLE INC.'S OPPOSITION TO OVERTURE SERVICES, INC.'S MOTION TO COMPEL RESPONSE TO INTERROGATORY NO. 10
CASE NO. C 02-01991 JSW (EDL)

322991.01

1  Whether one claim of a patent is infringed is distinct from whether some other claim of a patent
2  is infringed.  This is why the Northern District's Patent Local Rules require that parties asserting
3  patent infringement make disclosures on a claim-by-claim basis.  *See*, *e.g.*, Patent L.R. 3-3(b)
4  ("Separately for each asserted claim . . . .").  Thus, by seeking Google's non-infringement
5  contentions for all of the claims of the '361 patent, Overture poses not one question, but dozens.
6  *See Kendall*, 174 F.R.D. at 685.  Overture's argument that the entire Interrogatory constitutes a
7  single "primary question" is sophistry.  If Overture's position were correct, parties could
8  propound a single interrogatory requesting that the opposing party "state all facts that support
9  each contention in your answer and counterclaims," or even one asking another party to
10 "describe the bases for all of your defenses in this case," without running afoul of Rule 33(a),
11 because either of these interrogatories seeks the answer to a single "primary question."  This
12 cannot be the law.

13        Second, the interrogatory is compound because it poses another, entirely different range
14 of questions.  In addition to seeking all of the bases for Google's assertion that the accused
15 product does not infringe each claim of Overture's patent, Interrogatory No. 10 requests "a
16 statement of whether Google's Sponsored Search System provides an equivalent to each claim
17 limitation that Google alleges is not present in Google's Sponsored Search System."  The two
18 lines of inquiry are distinct.  Whether Google's AWS service infringes any of the claims of the
19 '361 patent under the doctrine of equivalent is not "subsumed within" the inquiry into whether
20 Google's product literally infringes each of those claims.  *See id.* at 685.  While the subject
21 matter of the two lines of inquiry may be related, they are separate and distinct questions that
22 require separate analysis, for each claim of the '361 patent.  Because "discrete or separate
23 questions should be counted as separate interrogatories, notwithstanding [that] they are joined by
24 a conjunctive word and may be related," the Court should find, for this independent reason, that
25 Interrogatory No. 10 violates the rule against subparts and exceeds the numerical limitations
26 established by Rule 33(a).  *See id.*[1]

27
28 [1] Overture's motion to compel should also be denied because Google has not been given adequate notice of what information Interrogatory No. 10 actually seeks.  In its motion, Overture

### B. Interrogatory No. 10 is Premature

Even if Interrogatory No. 10 were not objectionable in form, Google should not be compelled to respond to it before discovery has been substantially completed. Interrogatory No. 10 is a contention interrogatory, seeking all facts or evidence upon which Google bases its contention that its AWS service does not infringe the '361 patent. *See B. Braun Medical Inc. v. Abbott Labs*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (interrogatory requesting defendant in patent infringement action to describe all facts which supported its contention that it has not infringed any valid claim of the patent-in-suit is a contention interrogatory);[2] *see also In re Convergent Techs. Secs. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985). While an interrogatory is "not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact," the Federal Rules expressly permit the Court to "order that such an interrogatory need not be answered until after designated discovery has been completed or until after a pre-trial conference or other later time." Fed. R. Civ. P. 33(c); *see also* Advisory Committee Notes, 1970 Amendments to Fed. R. Civ. P. 33 ("Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are best resolved after much or all of discovery has been completed, the court is expressly authorized to defer an answer.") "Indeed, there is considerable support for deferring contention interrogatories until the end of the discovery period." *B. Braun Medical*, 155 F.R.D. at 527 (citing *In re Convergent Techs.*, 108 F.R.D. at 336).

As the propounding party, Overture bears a "burden of justification" as to why Google

---

[2] suggests that Google should identify the "claim limitations that it alleges to be missing from its accused system." Motion at 6. The interrogatory itself, however, seeks the bases of Google's contentions of non-infringement, "including" claim limitations not present in the allegedly infringing system and a statement of whether that system provides an equivalent to each non-present claim limitation. Thus, the interrogatory implies that Overture seeks additional information beyond missing claim limitations and their equivalents. Yet it is not clear what such information would encompass, beyond information protected by the work product doctrine. Google should not be compelled to respond to such a vague, ambiguous and unintelligible interrogatory.

[2] The interrogatory at issue in *B. Braun Medical* stated "With respect to that portion of defendants' Answer and Counterclaim . . . which alleges that Abbott has not infringed any valid claim of the [patent-in-suit]: (a) Describe all facts which support this contention." *Id.* at 527, n.1.

---

3

GOOGLE INC.'S OPPOSITION TO OVERTURE SERVICES, INC.'S MOTION TO COMPEL RESPONSE TO INTERROGATORY NO. 10
CASE NO. C 02-01991 JSW (EDL)

322991.01

1  must answer its contention interrogatory at this preliminary stage of the discovery period.  *In re*

2  *Convergent Techs.*, 108 F.R.D. at 338; *see also B. Braun Medical*, 155 F.R.D. 527 ("The party

3  serving contention interrogatories bears the burden of proving how an earlier response assists the

4  goals of discovery").  To meet that burden, Overture is required to show that its contention

5  interrogatory is a "well-tailored" question calling for an answer that "will contribute

6  meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up

7  early settlement discussions, or that such answers are likely to expose a substantial basis for a

8  motion under Rule 11 or Rule 56." *In re Convergent Techs.*, 108 F.R.D. at 338-39.  Vague or

9  speculative statements as to what might occur if the Court does not compel an early answer do

10  not suffice; "[r]ather, the propounding party must present specific, plausible grounds for

11  believing that securing early answers will materially advance the goals of the Federal Rules of

12  Civil Procedure."  *Id.* at 339.

13       Overture has advanced no such "specific, plausible grounds" to support its argument that

14  the Court should compel Google to respond to Interrogatory No. 10 prior to the close of

15  discovery – and, indeed, before the Court has construed the claims of the '361 patent, and

16  Overture has served its Final Infringement Contentions.  Overture advances only two arguments,

17  both of which are meritless.  First, Overture states that if the Court does not compel an

18  immediate response to the interrogatory, "Google could withhold its non-infringement

19  contentions and ambush Overture at trial."  Motion at 6.  Even were it justified, this concern does

20  not suggest that Interrogatory No. 10 must be answered immediately.  A response by Google at

21  or near the end of the discovery period, as contemplated by Rule 33(c), would still give Overture

22  notice of Google's non-infringement position prior to the trial.

23       Second, Overture argues that Google can always supplement or amend its response after

24  the Court construes the disputed claim terms.  In so arguing, Overture implicitly concedes that

25  any response that Google can currently offer to Interrogatory No. 10 is only preliminary, and

26  could well need to be revisited once claims have been construed and Overture has served its

27

28

4
GOOGLE INC.'S OPPOSITION TO OVERTURE SERVICES, INC.'S MOTION TO COMPEL RESPONSE TO
INTERROGATORY NO. 10
CASE NO. C 02-01991 JSW (EDL)

322991.01

Final Infringement Contentions.[3] Courts have consistently cited such concerns as reasons <u>not</u> to compel a response to a contention interrogatory prior to the close of discovery. *See B. Braun Medical*, 155 F.R.D. at 527 (denying motion to compel response to interrogatory seeking bases for defendants' contention of non-infringement of claims of patent-in-suit, on the ground that "if Defendants are forced to respond, they may have to articulate theories of their case not yet fully developed.")

The Northern District's Patent Local Rules also support Google's position. While the Patent Local Rules require the party making a claim of patent infringement to disclose its asserted claims and preliminary infringement contentions, there is no corresponding requirement that a defending party file preliminary (or final) contentions of non-infringement. Thus, the Patent Local Rules provide no relief from the general rule that interrogatories seeking the bases of a patent defendant's non-infringement contentions must wait – if they are to be answered at all – until the close of the discovery period.

That Google seeks a declaratory judgment of non-infringement, in addition to its affirmative defense that its AWS service does not infringe the claims of the '361 patent, does not alter this fact. Overture must prove that Google's AWS service infringes each of the asserted claims by a preponderance of the evidence (that is, Overture must prove that infringement is more likely than not). If Overture fails to carry its burden of proof with respect to any asserted claim of the '361 patent, it necessarily follows that it is more likely than not that Google does not infringe, and thus that Google will prevail on its declaratory judgment counterclaim. Thus, in bringing a counterclaim for declaratory judgment of non-infringement in addition to its affirmative defense that its AWS service does not infringe, Google did not assume any additional burden of proof in this litigation.[4]

---

[3] Discovery in the present case remains in its early stages. Not only has the Court yet to construe the disputed claims of the '361 patent, but the parties have only taken a total of three depositions (out of a current maximum of 20 per side), and no deadline for the completion of discovery has been set.

[4] Notably, Patent L.R. 3-5(a) provides that where a party seeks "a declaratory judgment that a patent is not infringed," no special disclosure requirements (of the kind imposed by Patent L.R. 3-1 and 3-2) apply "until a claim for patent infringement is made by a party."

Google may not infringe the various claims of the '361 patent for any number of reasons. The specific non-infringement contentions that Google will offer at trial will necessarily depend on Overture's final infringement contentions, and on the Court's construction of the disputed claim terms. At present, the reasons why Google's accused service does not infringe the claims of the '361 patent are potentially innumerable. Thus, even if Interrogatory No. 10 is not impermissible in form, the Court should deny Overture's current motion without prejudice. *See B. Braun Medical*, 155 F.R.D. at 527 (denying without prejudice motion to compel response to interrogatory seeking bases for non-infringement contentions prior to the end of the discovery period).

### III.   CONCLUSION

Overture's Interrogatory No. 10 seeks information relating to a lengthy series of discrete questions, in violation of the Federal Rules' prohibition against subparts in interrogatories, and is vague and ambiguous. Even were it not for these pressing formal problems, the interrogatory is premature. Because Overture has advanced no compelling reason why Google should face the burden of responding to the interrogatory prior to the completion of substantive discovery proceedings, the Court should deny Overture's motion to compel.

Dated:  December 16, 2003                                        KEKER & VAN NEST, LLP


By:    /s/ Ravind S. Grewal
RAVIND S. GREWAL
Attorneys for Defendant and
Counterclaimant GOOGLE INC.