ROBERT T. HASLAM (#71134)
ROBERT D. FRAM (#126750)
M. PATRICIA THAYER (#90818)
S. ELIZABETH MITCHELL (#187053)
ANDREW C. BYRNES (#191516)
HELLER EHRMAN WHITE & MCAULIFFE LLP
333 Bush Street
San Francisco, California 94104-2878
Telephone:   (415) 772-6000
Facsimile:   (415) 772-6268

JACK C. BERENZWEIG (Admitted *Pro Hac Vice*)
WILLIAM H. FRANKEL (Admitted *Pro Hac Vice*)
JASON C. WHITE (Admitted *Pro Hac Vice*)
CHARLES M. MCMAHON (Admitted *Pro Hac Vice*)
BRINKS HOFER GILSON & LIONE
NBC Tower - Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Telephone:   (312) 321-4200
Facsimile:   (312) 321-4299

Attorneys for Plaintiff
OVERTURE SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a California Corporation,<br><br>Defendant. | No. C02-01991 JSW (EDL)<br><br>**OVERTURE'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL GOOGLE'S RESPONSE TO INTERROGATORY 10** |

## INTRODUCTION

Google provides no legitimate reason why it should not respond to Interrogatory No. 10 at this time. Indeed, Google concedes one of its three objections completely, and the remaining objections lack merit. Accordingly, Google should be required to provide a complete response to Interrogatory 10 at this time.

## ARGUMENT

### I. Google Concedes That Interrogatory 10 is Not Unduly Burdensome

Google's opposition does not even address its objection that Interrogatory No. 10 is unduly burdensome. Accordingly, it seems Google wisely concedes that responding to the interrogatory does not present an undue burden.

### II. Google's Prematurity Argument is Without Merit

Google's prematurity argument is undermined by the very cases that Google cites for support. Google argues that Interrogatory No. 10 is a contention interrogatory, which purportedly should be deferred until the end of discovery. One of the cases Google cites, however, explicitly recognizes that at least part of Interrogatory 10 does not seek contention discovery and therefore may not be deferred. *See B. Braun Med. Inc. v. Abbot Labs*., 155 F.R.D. 525, 527 (E.D. Penn. 1994) (interrogatory seeking an identification of each claim element or limitation that is absent from the accused system is *not* a contention interrogatory). Thus, Google must at least identify which claim limitations are absent from Google's Sponsored Search System.

The other case Google cites explicitly recognizes that *even some contention interrogatories* are best answered early in the pretrial period because they help to clarify and narrow the disputed issues for discovery. *See In re Convergent Techs. Secs. Litig.*, 108 F.R.D. 328, 337 (N.D. Cal. 1985) (it is unwise to create a rigid rule deferring all contention interrogatories to the end of discovery because some kinds of contention interrogatories can clarify and narrow the issues in litigation *early* in the pretrial period). Interrogatory 10 is a perfect example of an interrogatory that, if answered now, would narrow the issues for further discovery. Given an explanation of the bases for Google's

OVERTURE'S REPLY RE MOTION TO COMPEL
GOOGLE'S RESPONSE TO INTERROGATORY 10
C 02-01991 JSW (EDL)
- 1 -
**BRINKS HOFER GILSON & LIONE**
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois  60611-5599
Telephone:  (312) 321-4200
Facsimile:   (312) 321-4299

assertion of non-infringement, Overture will be able to focus its discovery efforts on the truly disputed issues. This will save Overture significant time and effort reviewing Google's voluminous source code. It also will save both parties time and effort in preparing for and attending future depositions and exchanging written discovery.

Requiring Google to answer Interrogatory 10 at this time also is consistent with Rule 11 of the Federal Rules of Civil Procedure. *See O'Connor v. Boeing North Am., Inc.*, 185 F.R.D. 272, 281 (C.D. Cal. 1999) (quoting *In re One Bancorp Securities Litigation*, 134 F.R.D. 4, 8 (D. Me. 1991). As the court in *One Bancorp Securities Litigation* explained in the context of disputed contention interrogatories:

> Consistent with Rule 11 of the Federal Rules of Civil Procedure, plaintiffs must have had some factual basis for the allegations in their complaint. Plaintiffs must answer [defendant's] interrogatories with such information as they now possess; furthermore, plaintiffs should supplement their responses to reflect new information developed as their own discovery progresses.

*One Bancorp Securities Litigation*, 134 F.R.D. 4, 8 (D. Me. 1991). Likewise, Rule 11 requires that defendant Google must have had some factual basis for the allegations in its answer and counterclaims. Google should be required to answer Interrogatory 10 with such information as it now possesses, and should supplement that answer to reflect new information as discovery progresses.

### III. Google Has Not Shown That Interrogatory 10 Includes D*iscrete* Subparts

Google provides little more than conclusory assertions that Interrogatory No. 10 improperly includes multiple discrete subparts. First, Google asserts that Interrogatory 10 is compound because it requires Google to explain its noninfringement position for all 67 patent claims. Google does not dispute, however, that these alleged "subparts" are both "logically and factually subsumed within and necessarily related to the primary question," that is, why Google believes it does not infringe the '361 patent. *See Kendall v. GES Exposition Servs., Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997). Rather, Google attempts to confuse the issue by basing its arguments on hypothetical interrogatories that cover *all* contentions or *all* defenses. Such interrogatories are not at issue here.

OVERTURE'S REPLY RE MOTION TO COMPEL
GOOGLE'S RESPONSE TO INTERROGATORY 10
C 02-01991 JSW (EDL)
- 2 -

**BRINKS HOFER GILSON & LIONE**
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

1  The interrogatory at issue covers one specific allegation—Google's allegation that it
2  does not infringe the '361 patent. Overture is entitled to an explanation of Google's
3  bases for this allegation, and Overture should not be required to serve "dozens" of
4  separate interrogatories to get a complete explanation.

Second, Google distinguishes between literal infringement and infringement under the doctrine of equivalents, arguing that each of these components constitutes a discrete subpart. Although literal infringement and infringement under the doctrine of equivalents also are part of the *common non-infringement theme*, and therefore constitute a single question for purposes of Rule 33(a),[1] this prong of Google's argument is hardly worth debating. If it will bring closure to this dispute, Overture is willing to count Google's explanation of literal non-infringement and non-infringement under the doctrine of equivalents as two separate interrogatories. Each of these responses, however, should address all 67 of the claims that Google apparently alleges it does not infringe.

## CONCLUSION

For the reasons set forth in Overture's motion and in this reply, Overture respectfully requests that the Court order Google to provide a complete response to Interrogatory No. 10 at this time.

Dated: December 23, 2003        By:    /s/ *Charles M. McMahon*
                                       Charles M. McMahon
                                       BRINKS HOFER GILSON & LIONE
                                       NBC Tower - Suite 3600
                                       455 North Cityfront Plaza Drive
                                       Chicago, Illinois  60611
                                       Telephone:   (312) 321-4200
                                       Facsimile:   (312) 321-4299

                                       Attorneys for Plaintiff
                                       OVERTURE SERVICES, INC.

---

[1] *See id.*, 181 F.R.D. at 444 (quoting 8A CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2168.1, at 261 (2d ed. 1994)).

OVERTURE'S REPLY RE MOTION TO COMPEL  - 3 -
GOOGLE'S RESPONSE TO INTERROGATORY 10
C 02-01991 JSW (EDL)

**BRINKS HOFER GILSON & LIONE**
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois  60611-5599
Telephone:  (312) 321-4200
Facsimile:  (312) 321-4299