ROBERT T. HASLAM (#71134)
ROBERT D. FRAM (#126750)
M. PATRICIA THAYER (#90818)
S. ELIZABETH MITCHELL (#187053)
ANDREW C. BYRNES (#191516)
HELLER EHRMAN WHITE & MCAULIFFE LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

BRINKS HOFER GILSON & LIONE
JACK C. BERENZWEIG
WILLIAM H. FRANKEL
JASON C. WHITE
NBC Tower--Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

Attorneys for Plaintiff,
OVERTURE SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC.,<br><br>                            Plaintiff,<br><br>    v.<br><br>GOOGLE INC.,<br><br>                            Defendant. | **E-Filing Case No.**: 02-01991 JSW (EDL)<br><br>**PLAINTIFF OVERTURE SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DAMAGES DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>Hearing Date: March 2, 2004<br>Hearing Time: 9:00 a.m.<br>Hon. Elizabeth D. Laporte |

**NOTICE OF MOTION AND MOTION TO COMPEL**

TO GOOGLE INC. AND ITS COUNSEL:

PLEASE TAKE NOTICE THAT on March 2, 2004, at 9 a.m., or at such time as the parties may agree and the court may allow, at the United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, in the Courtroom of Magistrate Elizabeth D. Laporte, plaintiff Overture Services, Inc. ("Overture") will move this Court for an order compelling defendant Google Inc. ("Google") to produce on or before April 1, 2004 documents relating to damages and responsive to outstanding document requests, which documents Google has refused to produce and for which Google has refused to agree to a date certain for their production.

Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 37(a)(2)(B), Overture moves this Court for an order compelling Google to produce on or before April 1, 2004 all documents relating to damages and responsive to Overture's document requests, including documents responsive to Requests for Production Nos. 26-29, 31-66, 78, 99, 107-110 and 112. This motion is based on the Memorandum of Points and Authorities below, Appendix A attached to this brief, the Declaration of Andrew C. Byrnes ("Byrnes Decl.") filed herewith, and any oral argument or further briefing the Court may permit.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   STATEMENT OF ISSUE TO BE DECIDED**

The issue to be decided by the Court is whether Google should be compelled to produce to Overture unquestionably responsive documents regarding damages on a date certain after the claim construction hearing, *i.e.*, April 1, 2004, where Google's justification for delaying production to date has been the parties' 2002 informal agreement that damages discovery should be produced only after the claim construction hearing, then set for March 2003.

**II.   FACTUAL BACKGROUND**

Overture brought the instant patent infringement lawsuit against Google on April 23, 2002. In August 2002, at the parties' request, the Court set the claim construction hearing

1

for March 25, 2003. Byrnes Decl., Ex. A (8/19/2002 Joint Report, Case Management Statement and [Proposed] Order); *id*., Ex. B (8/30/2002 Minute Order). That same month, on August 5, 2002, Overture propounded its first set of document requests, which included Requests Nos. 1-72. *Id*., Ex. C (8/5/2002 Overture's First Set of Document Requests). Shortly thereafter, the parties came to an informal agreement that damages discovery would be postponed until after the claim construction hearing. *See*, *e.g*., *id*., Ex. D (9/18/2002 Berenzweig to Kwun Letter) at 3. While Google's written responses to Overture's document requests, for the most part, did not proffer the agreement as a specific objection to requests calling for damages discovery, Google in fact refrained from producing damages documents on that basis.

Later, in January 2003, the date for the claim construction hearing was extended to "on or after" July 9, 2003 due to the Magistrate Judge's granting Google's motion to extend time to provide its preliminary invalidity contentions. Byrnes Decl., Ex. E (1/7/2003 Order). After the case was reassigned, Judge White first reset the claim construction hearing for July 17, 2003, *id*., Ex. F (1/31/2003 Case Management Order), and subsequently reset it to August 7, 2003, *id*., Ex. G (2/7/2003 Second Case Management Order). Later, the Court again continued the hearing, to October 22, 2003. *Id*., Ex. H (3/31/2003 Order). Most recently, on September 2, 2003, upon granting Overture's miscellaneous administrative request to strike Google's oversized Responsive Claim Construction Brief, the Court set the hearing for its currently scheduled date, March 24, 2004. *Id*., Ex. I (9/2/2003 Order). Therefore, the date for the claim construction hearing has been changed five times since the parties' agreement, and is now almost exactly one year after its originally scheduled date.

In the interim, on August 12, 2003, Overture propounded its Fourth Set of Document Requests, which included Request No. 78. *Id*., Ex. J (8/12/2003 Overture's Fourth Set of Document Requests). Later, on December 5, 2003, Overture propounded its Fifth Set of Document Requests, which included Requests Nos. 99, 107-110 and 112. *Id*., Ex. K (12/5/2003 Overture's Fifth Set of Document Requests).

On January 8, 2004, counsel for Overture requested that Google, in light of the rescheduling of the claim construction hearing and the length of time the case has been pending, respond to Overture's damages discovery in full by February 6, 2004. *Id*., Ex. L (1/8/2004 Byrnes to Durie Letter). Google rejected Overture's proposal, citing the parties' 2002 agreement. *Id*., Ex. M (1/9/2004 Sun to Byrnes Letter). On January 12, Overture's counsel wrote to ask that Google reconsider its objection, *id*., Ex. N (1/12/2004 Byrnes to Sun letter), and, having received no response in one week, left a voicemail message for Google's counsel on January 20 suggesting that Overture was interested in reaching a compromise and avoiding motion practice on this issue. *Id*., ¶ 17. In a telephone conversation on January 21, Overture made a compromise proposal that the parties set a date certain shortly after the claim construction hearing, *e.g.*, April 1, 2004, on which they would exchange damages discovery, emphasizing the need for timely resolution of the parties' dispute and timely production of the responsive documents. *See id*.; *id*., Ex. O (1/22/2004 Byrnes to Sun Letter); *id*., Ex. P (1/23/2004 Byrnes to Sun Letter). Google's counsel stated that she would try, if possible, to respond to Overture's proposal on or before January 23, 2004. *See id*.; *see also id*., Ex. Q (1/23/2004 Sun to Byrnes Letter). On January 26, Google's counsel phoned Overture's counsel and made a counterproposal that Google produce "summary financial data" in "early April" and the remaining damages discovery at some unspecified later time. *Id*., ¶ 21; *id*., Ex. R (1/27/2004 Byrnes to Sun Letter). Overture rejected that proposal as failing to provide the appropriate certainty and timeliness of the production, and now brings this motion. *Id*., ¶¶ 21-22; *see id*., Ex. R.

## III.   ARGUMENT

Overture is entitled to discovery from Google that relates to facts that could form the basis for Overture's damages claim. There is no question that the documents responsive to the requests at issue are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information, is not unreasonably cumulative or duplicative, and for the most part cannot be found from a

3

source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2). Overture has a substantial need to obtain these critical documents now to conduct its damages analysis and prepare its case. The recent mediation, in particular, further highlighted the need for this information.

Google's justification for postponing its production of these documents is the parties' August 2002 informal agreement to delay production until after the claim construction hearing, which was then set for March 2003 and is now set to occur on March 24, 2004. Given the repeated postponement of the claim construction hearing, and the continued pendency of this now nearly-two-year-old case, Google's justification no longer makes sense. Even assuming *arguendo* that the justification retains merit, it will be moot by April 1, 2004, the date by which Overture requests the production be made.

Nor is there justification for further delay, particularly since the vast majority of the document requests at issue have been outstanding since August 2002 and Google will have had ample time, prior to the press of the claim construction hearing, to search for responsive documents.

In Appendix A, attached to this motion, Overture sets forth each request that calls for documents related to damages and is therefore the subject of this motion, Google's written objections and responses, and Overture's contention regarding why Overture is entitled to production of these documents on or before April 1, 2004. Civ. L. R. 37-2.[1]

## IV.  CONCLUSION

For all of the reasons stated above, this Court should require that Google produce on or before April 1, 2004 all "damages documents" responsive to Overture's outstanding document requests, including Requests Nos. 26-29, 31-66, 78, 99, 107-110 and 112.

---

[1] Overture is, of course, willing to reciprocate and produce damages documents responsive to Google's outstanding document requests on the same date.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: January 28, 2004 | HELLER EHRMAN WHITE & McAULIFFE LLP |

By //s// Andrew C. Byrnes
ANDREW C. BYRNES

Attorneys for Plaintiff
OVERTURE SERVICES, INC.