ROBERT T. HASLAM (#71134)
ROBERT D. FRAM (#126750)
M. PATRICIA THAYER  (#90818)
S. ELIZABETH MITCHELL (#187053)
ANDREW C. BYRNES (#191516)
HELLER EHRMAN WHITE & MCAULIFFE LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone:  (415) 772-6000
Facsimile: (415) 772-6268

BRINKS HOFER GILSON & LIONE
JACK C. BERENZWEIG
WILLIAM H. FRANKEL
JASON C. WHITE
NBC Tower--Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois  60611
Telephone: (312) 321-4200
Facsimile:  (312) 321-4299

Attorneys for Plaintiff,
OVERTURE SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC., | **E-Filing Case No.**: 02-01991 JSW (EDL) |
| Plaintiff, | **APPENDIX A TO MOTION TO COMPEL PRODUCTION OF DAMAGES DOCUMENTS** |
| v. | |
| GOOGLE INC., | Hearing Date:  March 2, 2004 |
| Defendant. | Hearing Time:  9:00 a.m. |
| | Hon. Elizabeth D. Laporte |

# APPENDIX A TO MOTION TO COMPEL PRODUCTION OF DAMAGES DOCUMENTS

Plaintiff Overture Services, Inc.'s ("Overture") Motion to Compel requests that the Court set April 1, 2004 as the date for the production of "damages documents," as to which the parties agreed to delay production until after the claim construction hearing. Defendant Google, Inc. ("Google"), for the most part, did not proffer this agreement as an objection in its written responses to Overture's document requests, but rather simply has refrained from producing documents that could be characterized as related to damages and now refuses to agree to any date certain or timeframe within which such documents will be produced.

Pursuant to Civil Local Rule 37-2, Overture sets forth below the document requests that call for documents related to damages, Google's written objections and responses thereto, and Overture's contention as to why Overture is entitled to production of these documents on or before April 1, 2004. Please note that, even where Google's written response agrees to produce the responsive documents and makes no mention of the parties' agreement to delay production until after the claim construction hearing, it is Overture's understanding that these requests call for the "damages documents" that were the subject of the parties' agreement and are now those documents as to which Google has refused to provide any date certain or timeframe within which such documents will be produced.

## OVERTURE'S FIRST SET OF REQUESTS

REQUEST FOR PRODUCTION NO. 26:

All documents relating to any trade research, market research, consumer research, or other research conducted by or on behalf of Google in connection with its decision to design, develop, market, or operate Google's Sponsored Search System.

RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Google objects to this request on the ground that the term "Google's Sponsored Search System" is vague, ambiguous and compound; and renders the request overbroad and unduly burdensome. Subject to and without waiving the foregoing objection, Google responds that it will produce documents within its possession that are responsive to this

1

1   request.

2       WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

3       Overture is entitled to discovery from Google that relates to facts about Google's

4   accused Sponsored Search System that could form the basis for Overture's damages claim,

5   including those requested in Request No. 26.  Documents about the market for the accused

6   system are relevant to the damages to which Overture is entitled by this lawsuit.  *See* Fed.

7   R. Civ. P. 26(b)(1).  The discovery requested is proportional to the importance of the

8   damages issue to the case and Overture's need for the information to prepare its damages

9   case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from

10  a source other than Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P.

11  26(b)(2).

12      There is no justification for further delay in Google's producing these documents.

13  The claim construction hearing, which was set for March 2003 when the parties' made their

14  agreement to postpone damages discovery, is currently set for March 24, 2004.  In addition,

15  this case is now nearly two years old.  The vast majority of the document requests at issue

16  have been outstanding since August 2002; all will have been outstanding at least roughly

17  four months on April 1, 2004. Finally, Overture is requesting that Google be compelled to

18  produce the documents *after* the claim construction hearing, which accords in full with the

19  parties' 2002 agreement.

20      REQUEST FOR PRODUCTION NO. 27:

21      All documents relating to any need, or to any perceived need, in the marketplace for

22  Google's Sponsored Search System.

23      RESPONSE TO REQUEST FOR PRODUCTION NO 27:

24      Google objects to this request on the ground that the term "Google's Sponsored

25  Search System" is vague, ambiguous and compound, and renders the request overbroad and

26  unduly burdensome.  Subject to and without waiving the foregoing objection, Google

27  responds that it will produce documents within its possession that are responsive to this

28  request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim, including those requested in Request No. 27. Documents about the market for the accused system are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 28:

All documents relating to Google's knowledge or awareness of Overture's design, development, or operation of Overture's Sponsored Search System.

RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Google objects to this request on the ground that the term "Overture's Sponsored Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome. Google further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or the work-product doctrine. Google further objects to this request to the extent that interpretation of the request calls for a legal conclusion. Google further objects to this request to the extent that it is inconsistent with Patent L.R. 2-5. Subject to and without waiving the foregoing objections, Google responds that it will produce nonprivileged documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Documents about Google's knowledge and use of information regarding Overture's system are relevant to the damages to which Overture is entitled by this lawsuit, as well as

3

the willfulness of Google's infringement.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery

requested is proportional to the importance of the damages issue to the case and Overture's

need for the information to prepare its damages case and analysis, is not unreasonably

cumulative or duplicative, and cannot be found from a source other than Google without

substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

Patent Local Rule 2-5, read in conjunction with Patent Local Rule 3-8, suggest only

that a party may withhold until 50 days after service of the Court's claim construction ruling

an opinion of counsel proffered to defend against a charge of willful infringement and

documents relating to that opinion.  Request No. 28 includes, but is not limited to, such

documents.

Overture hereby incorporates by reference its discussion of the lack of justification

for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 29:

All documents relating to any comparison of Google's Sponsored Search System and

other Sponsored Search System, including Overture's Sponsored Search System.

RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Google objects to this request on the ground that the terms "Google's Sponsored

Search System" and "Overture's Sponsored Search System" are vague, ambiguous and

compound, and render the request overbroad and unduly burdensome.  Google further

objects to this request to the "tent that it calls for documents protected by the attorney-client

privilege or the work product doctrine.  Google further objects to this request to the extent

that interpretation of the request calls for a legal conclusion.  Google further objects to this

request to the extent that it is inconsistent with Patent L.R. 2-5.  Subject to and without

waiving the foregoing objections, Google responds that it will produce non-privileged

documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's

accused Sponsored Search System that could form the basis for Overture's damages claim,

4

including those requested in Request No. 29. Documents relating to comparisons between Google's accused system and other systems in the marketplace are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Patent Local Rule 2-5 is inapposite to Request No. 29. Rule 2-5 permits a party to object to discovery as premature where, *inter alia*, it seeks a comparison between the claims and the accused system, *i.e.*, infringement contentions. Request No. 29 requests documents relating to a comparison between the accused system and other systems, *not* between the accused system and the claims.

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 31:

All annual reports for Google.

RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Google responds that it will produce documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

There is no question that Google's annual reports are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google more easily than from Google itself. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

1    REQUEST FOR PRODUCTION NO. 32:

2        All documents relating to advertising plans, business plans, estimates, revenue

3    forecasts; web traffic reports, marketing plans or efforts, promotional programs, or

4    strategies on the part of Google concerning Google's Sponsored Search System.

5        RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

6        Google objects to this request on the ground that the term "Google's Sponsored

7    Search System" is vague, ambiguous and compound, and renders the request overbroad and

8    unduly burdensome.  Subject to and without waiving the foregoing objection, Google

9    responds that it will produce documents within its possession that are responsive to this

10   request.

11       WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

12       Overture is entitled to discovery from Google that relates to facts about Google's

13   accused Sponsored Search System that could form the basis for Overture's damages claim,

14   including those requested in Request No. 32.  Documents responsive to Request No. 32 are

15   relevant to the damages to which Overture is entitled by this lawsuit.  *See* Fed. R. Civ. P.

16   26(b)(1).  The discovery requested is proportional to the importance of the damages issue to

17   the case and Overture's need for the information to prepare its damages case and analysis, is

18   not unreasonably cumulative or duplicative, and cannot be found from a source other than

19   Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

20       Overture hereby incorporates by reference its discussion of the lack of justification

21   for further delay regarding Request No. 26.

22       REQUEST FOR PRODUCTION NO. 33:

23       Copies of all advertising and promotional materials for Google's Sponsored Search

24   System.

25       RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

26       Google objects to this request on the ground that the term "Google's Sponsored

27   Search System" is vague, ambiguous and compound, and renders the request overbroad and

28   unduly burdensome.  Subject to and without waiving the foregoing objection, Google

6

responds that it will produce documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim, including those requested in Request No. 33. Google's advertising and promotional materials for the accused system are relevant to the damages to which Overture is entitled by this laws uit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 34:

All documents relating to any representation or submission made by Google to another about Google's Sponsored Search System, including, but not limited to, advertisements, promotional materials, data sheets, brochures, reports, catalogues, call reports by inside or field sales people, internal or external communications, letters, memoranda, notes, electronic mail transmissions, and submissions to any local, state, federal, or foreign Governmental entity.

RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

Google objects to this request on the ground that the term "Google's Sponsored Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome. Subject to and without waiving the foregoing objection, Google responds that it will produce documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

7

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim, including those requested in Request No. 34. Documents related to Google's representations or submissions regarding the accused system are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 35:

All documents relating to any comments received by Google from another regarding Google's Sponsored Search System, including, but not limited to, complaints, praise, or suggestions regarding Google's Sponsored Search System.

RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

Google objects to this request on the ground that the term "Google's Sponsored Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome. Subject to and without waiving the foregoing objection, Google responds that it will produce documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim, including those requested in Request No. 35. Documents regarding comments about the accused system are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its

8

damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 36:

All documents relating to the total revenue that Google has earned, directly or indirectly, from the sale or advertisement of products or services through or in conjunction with Google's Sponsored Search System.

RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

Google objects to this request on the ground that the term "Google's Sponsored Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome.  Subject to and without waiving the foregoing objection, Google responds that it will produce documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim, including those requested in Request No. 36.  Documents related to the revenue earned from the accused system are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 37:

9

1    All documents relating to the profits earned by Google from the sale or

2    advertisement of products or services through or in conjunction with Google's Sponsored

3    Search System.

4    RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

5    Google objects to this request on the ground that the term "Google's Sponsored

6    Search System" is vague, ambiguous and compound, and renders the request overbroad and

7    unduly burdensome.  Google further objects to this request on the ground that the phrase

8    "through or in conjunction with" is vague and ambiguous.  Subject to and without waiving

9    the foregoing objections, Google responds that it will produce documents within its

10   possession that are responsive to this request.

11   WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

12   Overture is entitled to discovery from Google that relates to facts about Google's

13   accused Sponsored Search System that could form the basis for Overture's damages claim,

14   including those requested in Request No. 37.  Documents related to Google's profits related

15   to the accused system are relevant to the damages to which Overture is entitled by this

16   lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the

17   importance of the damages issue to the case and Overture's need for the information to

18   prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and

19   cannot be found from a source other than Google without substantial difficulty, if at all.  *See*

20   Fed. R. Civ. P. 26(b)(2).

21   Overture hereby incorporates by reference its discussion of the lack of justification

22   for further delay regarding Request No. 26.

23   REQUEST FOR PRODUCTION NO. 38:

24   All income statements relating to Google's Sponsored Search System.

25   RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

26   Google objects to this request on the ground that the term "Google's Sponsored

27   Search System" is vague, ambiguous and compound, and renders the request overbroad and

28   unduly burdensome.  Subject to and without waiving the foregoing objection, Google

10

responds that it will produce documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim, including those requested in Request No. 38. Income statements relating to Google's accused system are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 39:

All balance sheets relating to Google's Sponsored Search System.

RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

Google objects to this request on the ground that the term "Google's Sponsored Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome. Subject to and without waiving the foregoing objection, Google responds that it will produce documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim, including those requested in Request No. 39. Balance sheets related to Google's accused system are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the

11

damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 40:

All profit and loss statements relating to Google's Sponsored Search System.

RESPONSE TO REQUEST FOR PRODUCTION NO 40:

Google objects to this request on the ground that the term "Google's Sponsored Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome. Subject to and without waiving the foregoing objection, Google responds that it will produce documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim, including those requested in Request No. 40. Profit and loss statements relating to Google's accused system are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 41:

All audited or un-audited financial reports relating to Google's Sponsored Search

12

System

RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

Google objects to this request on the ground that the term "Google's Sponsored Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome.  Subject to and without waiving the foregoing objection, Google responds that it will produce documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim, including those requested in Request No. 41.  Financial reports relating to Google's accused system are relevant to the damages to which Overture is entitled by this lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 42:

All documents that identify any fees or costs incurred by Google in the design; development, and operation of Google's Sponsored Search System.

RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

Google objects to this request on the ground that the term "Google's Sponsored Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome.  Subject to and without waiving the foregoing objection, Google responds that it will produce documents within its possession that are responsive to this request.

13

1    WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

2    Overture is entitled to discovery from Google that relates to facts about Google's

3  accused Sponsored Search System that could form the basis for Overture's damages claim,

4  including those requested in Request No. 42.  Documents regarding Google's fees or costs

5  related to its accused system are relevant to the damages to which Overture is entitled by

6  this lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the

7  importance of the damages issue to the case and Overture's need for the information to

8  prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and

9  cannot be found from a source other than Google without substantial difficulty, if at all.  *See*

10  Fed. R. Civ. P. 26(b)(2).

11    Overture hereby incorporates by reference its discussion of the lack of justification

12  for further delay regarding Request No. 26.

13    REQUEST FOR PRODUCTION NO. 43:

14    Documents sufficient to identify the amount and nature of all investments made by

15  Google in facilities and equipment to design, develop, and operate Google's Sponsored

16  Search System.

17    RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

18    Google objects to this request on the ground that the term "Google's Sponsored

19  Search System" is vague, ambiguous and compound, and renders the request overbroad and

20  unduly burdensome.  Subject to and without waiving the foregoing objection, Google

21  responds that it will produce documents within its possession that are responsive to this

22  request.

23    WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

24    Overture is entitled to discovery from Google that relates to facts about Google's

25  accused Sponsored Search System that could form the basis for Overture's damages claim,

26  including those requested in Request No. 43.  Documents regarding Google's investments

27  in its accused system are relevant to the damages to which Overture is entitled by this

28  lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the

14

importance of the damages issue to the case and Overture's need for the information to
prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and
cannot be found from a source other than Google without substantial difficulty, if at all. *See*
Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification
for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 44:

Documents sufficient to establish the cost to Google of advertising, marketing, and
providing the products or services that it offers through or in conjunction with Google's
Sponsored Search System.

RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

Google objects to this request on the ground that the term "Google's Sponsored
Search System" is vague, ambiguous and compound, and renders the request overbroad and
unduly burdensome.  Subject to and without waiving the foregoing objection, Google
responds that it will produce documents within its possession that are responsive to this
request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's
accused Sponsored Search System that could form the basis for Overture's damages claim,
including those requested in Request No. 44.  Documents regarding Google's costs relating
to the accused system are relevant to the damages to which Overture is entitled by this
lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the
importance of the damages issue to the case and Overture's need for the information to
prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and
cannot be found from a source other than Google without substantial difficulty, if at all. *See*
Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification
for further delay regarding Request No. 26.

15

1    REQUEST FOR PRODUCTION NO. 45:

2    All documents that identify and explain Google's accounting books and records as

3    they relate to Google's Sponsored Search System.

4    RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

5    Google objects to this request on the ground that the term "Google's Sponsored

6    Search System" is vague, ambiguous and compound, and renders the request overbroad and

7    unduly burdensome.  Subject to and without waiving the foregoing objection, Google

8    responds that it will produce documents within its possession that are responsive to this

9    request.

10    WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

11    Overture is entitled to discovery from Google that relates to facts about Google's

12    accused Sponsored Search System that could form the basis for Overture's damages claim,

13    including those requested in Request No. 45.  Google's accounting books and records

14    relating to the accused system are relevant to the damages to which Overture is entitled by

15    this lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the

16    importance of the damages issue to the case and Overture's need for the information to

17    prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and

18    cannot be found from a source other than Google without substantial difficulty, if at all.  *See*

19    Fed. R. Civ. P. 26(b)(2).

20    Overture hereby incorporates by reference its discussion of the lack of justification

21    for further delay regarding Request No. 26.

22    REQUEST FOR PRODUCTION NO. 46:

23    All documents relating to any licenses, agreements, partner agreements, or letters of

24    intent entered into by Google relating to Google's Sponsored Search System, including, but

25    not limited to, any licenses, agreements, partner agreements, affiliate agreements, or letters

26    of intent.

27    RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

28    Google objects to this request on the ground that the term "Google's Sponsored

16

Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome.  Google further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or the work-product doctrine.  Subject to and without waiving the foregoing objection, Google responds that it will produce non-privileged documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim, including those requested in Request No. 46.  Documents relating to licenses or agreements regarding the accused system are relevant to the damages to which Overture is entitled by this lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 47:

All documents relating to any indemnification, promise of any indemnification, or hold harmless agreement given or received by Google with respect to the `361 patent or any of the claimed subject matter thereof.

RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

Google objects to this request to the extent that it calls for documents protected by the attorney-client privilege or the work-product doctrine.  Subject to and without waiving the foregoing objection, Google responds that it will produce non-privileged documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Documents relating to indemnification regarding the '361 patent are relevant to the

17

1  damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The

2  discovery requested is proportional to the importance of the damages issue to the case and

3  Overture's need for the information to prepare its damages case and analysis, is not

4  unreasonably cumulative or duplicative, and cannot be found from a source other than

5  Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

6      Overture hereby incorporates by reference its discussion of the lack of justification

7  for further delay regarding Request No. 26.

8      REQUEST FOR PRODUCTION NO. 48:

9      All documents relating to any indemnification, promise of any indemnification, or

10  hold harmless agreement given or received by Google with respect to Google's Sponsored

11  Search System.

12      RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

13      Google objects to this request on the ground that the term "Google's Sponsored

14  Search System" is vague, ambiguous and compound, and renders the request overbroad and

15  unduly burdensome. Google further objects to this request to the extent that it calls for

16  documents protected by the attorney-client privilege or the work-product doctrine. Subject

17  to and without waiving the foregoing objection, Google responds that it will produce non-

18  privileged documents within its possession that are responsive to this request.

19      WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

20      Documents relating to indemnification regarding the accused system are relevant to

21  the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The

22  discovery requested is proportional to the importance of the damages issue to the case and

23  Overture's need for the information to prepare its damages case and analysis, is not

24  unreasonably cumulative or duplicative, and cannot be found from a source other than

25  Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

26      Overture hereby incorporates by reference its discussion of the lack of justification

27  for further delay regarding Request No. 26.

28      REQUEST FOR PRODUCTION NO. 49:

All documents relating to any agreements or arrangements under which Google licensed, attempted to license, obtained a license, or attempted to obtain a license and that relate to Google's Sponsored Search System, including all documents relating to any negotiations leading to any such agreement or arrangement

RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

Google objects to this request on the ground that the term "Google's Sponsored Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome. Google further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objection. Google responds that it will produce non-privileged documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim, including those requested in Request No. 49. Documents relating to licensing of the accused system are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 50:

All documents relating to any agreements or arrangements under which Google licensed, attempted to license, obtained a license, or attempted to obtain a license, including all documents relating to any negotiations leading to any such agreement or arrangement.

RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

19

1  Google objects to this request to the extent that it calls for documents protected by

2  the attorney-client privilege or the work-product doctrine.  Subject to and without waiving

3  the foregoing objection, Google responds that it will produce non-privileged documents

4  within its possession that are responsive to this request.

5  WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

6  Documents relating to Google's licensing practices are relevant to the damages to

7  which Overture is entitled by this lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery

8  requested is proportional to the importance of the damages issue to the case and Overture's

9  need for the information to prepare its damages case and analysis, is not unreasonably

10  cumulative or duplicative, and cannot be found from a source other than Google without

11  substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

12  Overture hereby incorporates by reference its discussion of the lack of justification

13  for further delay regarding Request No. 26.

14  REQUEST FOR PRODUCTION NO. 51:

15  All documents relating to Google's patent licensing policies or practices.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

17  Google objects to this request to the extent that it calls for documents protected by

18  the attorney-client privilege or the work-product doctrine.  Subject to and without waiving

19  the foregoing objection, Google responds, at it will produce non privileged documents

20  within its possession that are responsive to this request.

21  WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

22  Documents relating to Google's licensing policies and practices are relevant to the

23  damages to which Overture is entitled by this lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The

24  discovery requested is proportional to the importance of the damages issue to the case and

25  Overture's need for the information to prepare its damages case and analysis, is not

26  unreasonably cumulative or duplicative, and cannot be found from a source other than

27  Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

28  Overture hereby incorporates by reference its discussion of the lack of justification

1    for further delay regarding Request No. 26.

2        REQUEST FOR PRODUCTION NO. 52:

3        All documents relating to any patent license(s) that Google contends are relevant to

4    their issues of damages or a reasonable royalty in this case.

5        RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

6        Google objects to this request to the extent that it tails for documents protected by

7    the attorney-client privilege, or the work-product doctrine.  Subject to and without waiving

8    the foregoing objection, Google responds that it will produce non-privileged documents

9    within its possession that are responsive to this request.

10       WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

11       Documents relating to licenses that Google believes are relevant to damages in this

12   case are, in fact, relevant to the damages to which Overture is entitled by this lawsuit.  *See*

13   Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the importance of the

14   damages issue to the case and Overture's need for the information to prepare its damages

15   case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from

16   a source other than Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P.

17   26(b)(2).

18       Overture hereby incorporates by reference its discussion of the lack of justification

19   for further delay regarding Request No. 26.

20       REQUEST FOR PRODUCTION NO. 53:

21       All documents relating to or upon which Google will rely in support of any amount

22   or rate that Google considers to be a reasonable royalty for their use or operation of

23   Google's Sponsored Search System, as it relates to the `361 patent.

24       RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

25       Google objects to this request on the ground that the term "Google's Sponsored

26   Search System" is vague, ambiguous and compound, and renders the request overbroad and

27   unduly burdensome.  Google further objects to this request to the extent that it calls for

28   documents protected by the attorney-client privilege or the work-product doctrine.  Subject

21

1  to and without waiving the foregoing objection, Google responds that it will produce non-

2  privileged documents within its possession that are responsive to this request.

3        WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

4        Overture is entitled to discovery from Google that relates to facts about Google's

5  accused Sponsored Search System that could form the basis for Overture's damages claim,

6  including those requested in Request No. 53.  Documents relating to Google's position on

7  reasonable royalty are relevant to the damages to which Overture is entitled by this lawsuit.

8  *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the importance of

9  the damages issue to the case and Overture's need for the information to prepare its

10 damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be

11 found from a source other than Google without substantial difficulty, if at all.  *See* Fed. R.

12 Civ. P. 26(b)(2).

13       Overture hereby incorporates by reference its discussion of the lack of justification

14 for further delay regarding Request No. 26.

15       REQUEST FOR PRODUCTION NO. 54:

16       All documents relating to the nature, size, and scope of the market for, the

17 availability of, and the demand for Sponsored Search Systems in general or Google's

18 Sponsored Search System in particular.

19       RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

20       Google objects to this request on the ground that the terms "Sponsored Search

21 Systems" and "Google's Sponsored Search System" are vague, ambiguous and compound,

22 and render the request overbroad and unduly burdensome.  Google further objects to this

23 request to the extent that it calls for documents protected by the attorney-client privilege or

24 the work-product doctrine.  Subject to and without waiving the foregoing objection, Google

25 responds that it will produce non-privileged documents within its possession that are

26 responsive to this request.

27       WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

28       Documents relating to the market for the accused system and sponsored search

22

systems generally are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 55:

All documents relating to Google's market share as a percentage of total sales in the Sponsored Search Systems industry, whether expressed in units or dollars.

RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

Google objects to this request on the ground that the term "Sponsored Search Systems" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome. Google further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objection, Google responds that it will produce non-privileged documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Documents relating to Google's market share are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 56:

23

1    All documents relating to Sponsored Search System products or services that have

2    been marketed or sold in competition with Google's Sponsored Search System, including

3    any competitive analyses of such products or services.

4    RESPONSE TO REQUEST FOR PRODUCTION NO. 56:

5    Google objects to this request on the ground that the terms "Sponsored Search

6    Systems" and "Google's Sponsored Search System" are vague, ambiguous and compound,

7    and render the request overbroad and unduly burdensome.  Google further objects to this

8    request to the extent that it calls for documents protected by the attorney-client privilege or

9    the work-product doctrine Subject to and without waiving the foregoing objection, Google

10   responds that it will produce non-privileged documents within its possession that are

11   responsive to this request.

12   WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

13   Documents relating to products and services competing with the accused system are

14   relevant to the damages to which Overture is entitled by this lawsuit.  *See* Fed. R. Civ. P.

15   26(b)(1).  The discovery requested is proportional to the importance of the damages issue to

16   the case and Overture's need for the information to prepare its damages case and analysis, is

17   not unreasonably cumulative or duplicative, and cannot be found from a source other than

18   Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

19   Overture hereby incorporates by reference its discussion of the lack of justification

20   for further delay regarding Request No. 26.

21   REQUEST FOR PRODUCTION NO. 57:

22   All documents relating to each product, system, or service that Google contends is an

23   acceptable non-infringing alternative to the apparatus, systems, or methods claimed in the

24   `361 patent.

25   RESPONSE TO REQUEST FOR PRODUCTION NO. 57:

26   Google objects to this request to the extent that it calls for documents protected by

27   the attorney-client privilege or the work-product doctrine.  Subject to and without waiving

28   the foregoing objection.  Google responds that it will produce non-privileged documents

24

within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Documents relating to alleged non-infringing alternatives are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 58:

All documents relating to any disputes, including, without limitation, cease and desist matters, litigation, arbitration, or administrative procedures in which Google was or is involved and that relate to Google's Sponsored Search System.

RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

Google objects to this request on the ground that the term "Google's Sponsored Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome.  Google further objects to this request to the extent that it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Google further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or the work-product doctrine.  Subject to and without waiving the foregoing objection, Google responds that it will produce non-privileged documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim, including those requested in Request No. 58.  Documents relating to disputes regarding Google's accused system are relevant to the damages to which Overture is entitled by this

lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 59:

All documents relating to any consideration, negotiation, recommendation, or proposal to license, buy, acquire, or otherwise obtain rights under the `361 patent.

RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

Google objects to this request to the extent that it calls for documents protected by the attorney-client privilege or the work-product doctrine.  Google further objects to this request to the extent that it calls for documents that are readily obtainable from Plaintiff or from other sources which are less burdensome and/or less expensive.  Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Documents relating to obtaining the rights to the '361 patent at issue in this lawsuit are relevant to the damages to which Overture is entitled by this lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 60:

All documents relating to any money or monetary funds that have ever been set

26

1  aside, put in escrow, or designated for settlement or payment of damages relating to

2  Google's infringement or potential infringement of the `361 patent or any other patent.

3      RESPONSE TO REQUEST FOR PRODUCTION NO. 60:

4      Google objects to this request to the extent that it calls for documents protected by

5  the attorney-client privilege or the work-product doctrine.  Subject to and without waiving

6  the foregoing objection, Google responds that it will produce non-privileged documents

7  within its possession that are responsive to this request.

8      WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

9      Documents relating to money set aside for settlement or damages payments for

10  patent infringement are relevant to the damages to which Overture is entitled by this

11  lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the

12  importance of the damages issue to the case and Overture's need for the information to

13  prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and

14  cannot be found from a source other than Google without substantial difficulty, if at all.  *See*

15  Fed. R. Civ. P. 26(b)(2).

16      Overture hereby incorporates by reference its discussion of the lack of justification

17  for further delay regarding Request No. 26.

18      REQUEST FOR PRODUCTION NO. 61:

19      All documents relating to any comments, statements, or representations made by

20  Google, or any other person, about the features, performance, advantages, or disadvantages

21  of Google's sponsored Search System or Overture's Sponsored Search System or any

22  comparisons between Google's Sponsored Search System and Overture's Sponsored Search

23  System.

24      RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

25      Google objects to this request on the ground that the terms "Google's Sponsored

26  Search System" and "Overture's Sponsored Search System" are vague, ambiguous and

27  compound; and render the request overbroad and unduly burdensome.  Subject to and

28  without waiving the foregoing objection, Google responds that it will produce documents

1    within its possession that are responsive to this request.

2         WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

3         Documents relating to comments and the like about the features, advantages and

4    disadvantages of the accused system or Overture's system are relevant to the damages to

5    which Overture is entitled by this lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery

6    requested is proportional to the importance of the damages issue to the case and Overture's

7    need for the information to prepare its damages case and analysis, is not unreasonably

8    cumulative or duplicative, and cannot be found from a source other than Google without

9    substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

10        Overture hereby incorporates by reference its discussion of the lack of justification

11   for further delay regarding Request No. 26.

12        REQUEST FOR PRODUCTION NO. 62:

13        All documents relating to any efforts made by Google, or anyone acting on its behalf,

14   to solicit, convince, or persuade any of Overture's customers, affiliates, or advertisers to

15   advertise on Google's website.

16        RESPONSE TO REQUEST FOR PRODUCTION NO. 62:

17        Google objects to this request on the ground that it is overboard and unduly

18   burdensome, and to the extent that it seeks documents not reasonably calculated to lead to

19   the discovery or admissible evidence.  Subject to and without waiving the foregoing

20   objection, Google responds that it will produce documents within its possession that are

21   responsive to this request.

22        WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

23        Documents relating to efforts to promote advertising on Google's website are

24   relevant to the damages to which Overture is entitled by this lawsuit.  *See* Fed. R. Civ. P.

25   26(b)(1).  The discovery requested is proportional to the importance of the damages issue to

26   the case and Overture's need for the information to prepare its damages case and analysis, is

27   not unreasonably cumulative or duplicative, and cannot be found from a source other than

28   Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

28

1    Overture hereby incorporates by reference its discussion of the lack of justification

2    for further delay regarding Request No. 26.

3    REQUEST FOR PRODUCTION NO. 63:

4    All documents relating to communications, letters, emails, comments, statements, or

5    representations made by Google that were directed to any of Overture's customers or

6    advertisers.

7    RESPONSE TO REQUEST FOR PRODUCTION NO. 63:

8    Google objects to this request on the ground that it is overboard and unduly

9    burdensome, and to the extent that it seeks documents not reasonably calculated to lead to

10   the discovery or admissible evidence.  Subject to and without waiving the foregoing

11   objection, Google responds that it will produce documents within its possession that are

12   responsive to this request.

13   WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

14   There is no question that Google's statements to Overture's customers or advertisers

15   are relevant to the damages to which Overture is entitled by this lawsuit.  *See* Fed. R. Civ.

16   P. 26(b)(1).  The discovery requested is proportional to the importance of the damages issue

17   to the case and Overture's need for the information to prepare its damages case and

18   analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source

19   other than Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

20   Overture hereby incorporates by reference its discussion of the lack of justification

21   for further delay regarding Request No. 26.

22   REQUEST FOR PRODUCTION NO. 64:

23   All documents relating to any agreements or arrangements between Google and

24   America Online, Inc. ("AOL") that relate to Google's Sponsored Search System, including

25   all documents relating to any communications or negotiations leading to any such

26   agreement or arrangement.

27   RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

28   Google objects to this request on the ground that the term "Google's Sponsored

29

Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome. Google further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged document within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Documents relating to agreements regarding the accused system are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 65:

All documents relating to any agreements or arrangements between Google and AT&T that relate to Google's Sponsored Search System, including all documents relating to any communications or negotiations leading to any such agreement or arrangement.

RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

Google objects to this request on the ground that the term "Google's Sponsored Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome. Google further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged document within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture hereby incorporates by reference its discussion above regarding Request No. 64.

30

REQUEST FOR PRODUCTION NO. 66:

All documents relating to any agreements or arrangements between Google and Ask Jeeves, Inc. that relate to Google's Sponsored Search System, including all documents relating t any communications or negotiations leading to any such agreement or arrangement.

RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

Google objects to this request on the ground that the term "Google's Sponsored Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome. Google further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture hereby incorporates by reference its discussion above regarding Request No. 64.

<u>OVERTURE'S FOURTH SET OF REQUESTS</u>

REQUEST FOR PRODUCTION NO. 78:

All documents relating to any discussions, meetings, or communications of any sort concerning any acquisition or merger involving Google.

RESPONSE TO REQUEST FOR PRODUCTION NO. 78:

Google objects to this request on the ground that is overly broad, unduly burdensome, and harassing. Google further objects to this request on the ground that it seeks information that is neither relevant to the claims or defenses raised in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects to this request to the extent that it purports to require the production of documents protected by the attorney-client privilege, the work product doctrine, and/or any other privileges or immunities.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

31

Documents relating to acquisitions or mergers involving Google are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). In particularly, these documents are likely to include facts regarding the finances of Google's accused system. The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

OVERTURE'S FIFTH SET OF REQUESTS

REQUEST FOR PRODUCTION NO. 99:

All documents relating to any discussions, meetings, or communications of any sort between Google and Terra Lycos concerning the '361 patent.

RESPONSE TO REQUEST FOR PRODUCTION NO. 99:

Google objects to this request to the extent that it calls for documents protected by the attorney-client privilege, the work product doctrine, and/or any other privileges or immunities. Google further objects to this request to the extent that the phrase "concerning the '361 patent" calls for a legal conclusion. Subject to any without waiving the foregoing objections, Google responds that it will produce non-privileged documents responsive to this request to the extent that they exist and have not already been produced. To the extent that any such documents relate only to damages issues, pursuant to the parties' agreement to phase damages discovery, such documents will be produced in the damages phase of discovery.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Documents relating to discussions and the like between Google and Terra Lycos regarding the '361 patent at issue in this lawsuit are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for

32

1   the information to prepare its damages case and analysis, is not unreasonably cumulative or

2   duplicative, and cannot be found from a source other than Google without substantial

3   difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

4         Overture hereby incorporates by reference its discussion of the lack of justification

5   for further delay regarding Request No. 26.

6         REQUEST FOR PRODUCTION NO. 107:

7         All documents relating to any licenses, agreements, partner agreements, or letters of

8   intent entered into by Google and Terra Lycos relating to Google's Sponsored Search

9   System, including, but not limited to any licenses, agreements, partner agreements, or letters

10  of intent.

11        RESPONSE TO REQUEST FOR PRODUCTION NO. 107:

12        Google objects to this request to the extent that it seeks documents concerning any

13  Google's Sponsored Search System that ceased to be used prior to the issuance of the

14  Patent-in-Suit, on July 31, 2001.  Google's response is limited to Google's Sponsored

15  Search Systems that have been in use since the issuance of Patent-in-Suit.  Based on

16  discussions between counsel for Overture and Google, Google understands the term

17  "Google's Sponsored Search System" to be limited to advertising models that are priced on

18  a "cost-per-click" pricing model.  Based on that understanding and the time limitation noted

19  above, Google understands the term "Google's Sponsored Search System" to be limited to

20  AWS.  Google further objects to this request to the extent that it purports to require the

21  production of documents protected by the attorney-client privilege, the work product

22  doctrine, or any other privileges or immunities.  Subject to and without waiving the

23  foregoing object, Google responds that, to the extent that there are nonprivileged documents

24  within its possession, custody, or control that are responsive to this request, that relate to

25  AWS, and that pre-date the filing of this lawsuit, Google will produce such documents to

26  the extent that they exist and have not already been produced; to the extent that there are

27  non-privileged documents within its possession, custody, or control that are responsive to

28  this request, that relate to AWS, and that post-date the filing of this lawsuit, such documents

33

1   can only be related to damages issues, and pursuant to the parties' agreement to phase

2   damages discovery; such documents will be produced in the damages phase of discovery.

3            WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

4            Overture is entitled to discovery from Google that relates to facts about Google's

5   accused Sponsored Search System that could form the basis for Overture's damages claim,

6   including those requested in Request No. 107.  Documents relating to licenses or

7   agreements between Google and Terra Lycos regarding the accused system, regardless of

8   their date, are relevant to the damages to which Overture is entitled by this lawsuit.  *See*

9   Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the

10  damages issue to the case and Overture's need for the information to prepare its damages

11  case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from

12  a source other than Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P.

13  26(b)(2).

14           Overture hereby incorporates by reference its discussion of the lack of justification

15  for further delay regarding Request No. 26.

16           REQUEST FOR PRODUCTION NO. 108:

17           All documents relating to any licenses, agreements, partner agreements, or letters of

18  intent entered into by Google and Terra Lycos relating to sponsored search links, including,

19  but not limited to, any licenses, agreements, partner agreements, or letters of intent.

20           RESPONSE TO REQUEST FOR PRODUCTION NO. 108:

21           Google objects to this request on the ground that the phrase "sponsored search links"

22  is overly broad to the extent that it includes sponsored search links" that are beyond the

23  scope of AWS, which is the only service that Overture has asserted allegedly infringes the

24  patent in suit, and thus this request seeks in part documents that are neither relevant to the

25  claims or defenses raised in this action, nor reasonably calculated to lead to the discovery of

26  admissible evidence.  Google objects to this request to the extent that it seeks documents

27  concerning any Google's Sponsored Search System that ceased to be used prior to the

28  issuance of the Patent-in-Suit, on July 31, 2001.  Google's response is limited to Google's

34

Sponsored Search Systems that have been in use since the issuance of the Patent-in-Suit. Based on discussions between counsel for Overture and Google, Google understand the term "Google's Sponsored Search System" to be limited to advertising models that are priced on a "cost-per-click" pricing model. Based on that understanding and the time limitation noted above, Google understands the term "Google's Sponsored Search System" to be limited to AWS. Google further objects to this request to the extent that it purports to require the production of documents protected by the attorney-client privilege, the work product doctrine, and/or any other privileges or immunities. Subject to and without waiving the foregoing objections, Google responds that it will produce documents as stated in its response to Request for Production No. 107.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Documents relating to licenses or agreements between Google and Terra Lycos regarding sponsored search links, including regarding the accused system, are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 109:

All documents relating to any licenses, agreements, partner agreements, or letters of intent entered into by Google and Terra Lycos relating to sponsored links, including, but not limited to, any licenses, agreements, partner agreements, or letters of intent.

RESPONSE TO REQUEST FOR PRODUCTION NO. 109:

Google objects to this request on the ground that the phrase "sponsored links" is overly broad to the extent that it includes "sponsored links" that are beyond the scope of AWS, which is the only service that Overture has asserted allegedly infringes the patent in

35

1   suit, and thus this request seeks in part documents that are neither relevant to the claims or

2   defenses raised in this action, nor reasonably calculated to lead to the discovery of

3   admissible evidence.  Google objects to this request to the extent that it seeks documents

4   concerning any Google's Sponsored Search System that ceased to be used prior to the

5   issuance of the Patent-in-Suit, on July 31, 2001.  Google's response is limited to Google's

6   sponsored Search Systems that have been in use since the issuance of the Patent-in-Suit.

7   Based on discussions between counsel for Overture and Google, Google understands the

8   term "Google's Sponsored Search System" to be limited to advertising models that are

9   priced on a "cost-per-click" pricing model.  Based on that understanding and the time

10  limitation noted above, Google understands the term "Google's Sponsored Search System"

11  to be limited AWS.  Google further objects to this request to the extent that it purports to

12  require the production of documents protected by the attorney-client privilege, the work

13  product doctrine, and/or any other privileges or immunities. Subject to and without waiving

14  the foregoing objections Google responds that it will produce documents as stated in its

15  response to Request for production No. 107.

16       WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

17       Documents relating to licenses or agreements between Google and Terra Lycos

18  regarding sponsored links, including regarding the accused system, are relevant to the

19  damages to which Overture is entitled by this lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The

20  discovery requested is proportional to the importance of the damages issue to the case and

21  Overture's need for the information to prepare its damages case and analysis, is not

22  unreasonably cumulative or duplicative, and cannot be found from a source other than

23  Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

24       Overture hereby incorporates by reference its discussion of the lack of justification

25  for further delay regarding Request No. 26.

26       REQUEST FOR PRODUCTION NO. 110:

27       All documents relating to any licenses, agreements, partner agreements, or letters of

28  intent entered into by Google and Terra Lycos relating to paid links, including, but not

36

1   limited to, any licenses, agreements, partner agreement, or letters of intent.

2   　　　　RESPONSE TO REQUEST FOR PRODUCTION NO. 110:

3   　　　　Google objects to this request on the ground that the phrase "paid links" is overly

4   broad to the extent that it includes "paid links" at are beyond the scope of AWS, which is

5   the only service that Overture has asserted allegedly infringes the patent in suit, and thus

6   this request seeks in part documents that are neither relevant to the claims or defenses raised

7   in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

8   Google objects to this request to the extent that it seeks document is concerning any

9   Google's Sponsored Search System that ceased to be used prior to the issuance of the

10  Patent-in-Suit, on July 31, 2001. Google's response is limited to Google's Sponsor Search

11  Systems that have been in use since the issuance of the Patent-in-Suit. Based on discussions

12  between counsel for Overture and Google, Google understands the term "Google's

13  sponsored Search System" to be limited to advertising models that are priced on a "cost-per-

14  click" pricing model. Based on that understanding and the time limitation noted above,

15  Google and understands the term "Google's Sponsored Search System" to be limited to

16  AWS. Google further o objects to this request to the extent that it purports to require the

17  production of documents protected by the attorney-client privilege, the work product

18  doctrine, and/or any other privileges or immunities. Subject to and without waiving the

19  foregoing objections, Google responds that it will produce documents as stated in its

20  response to Request for Production No. 107.

21  　　　　WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

22  　　　　Documents relating to licenses or agreements between Google and Terra Lycos

23  regarding paid links, including regarding the accused system, are relevant to the damages to

24  which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery

25  requested is proportional to the importance of the damages issue to the case and Overture's

26  need for the information to prepare its damages case and analysis, is not unreasonably

27  cumulative or duplicative, and cannot be found from a source other than Google without

28  substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

APPENDIX A TO OVERTURE'S MOT. TO COMPEL
02-01991 JSW (EDL)

1   Overture hereby incorporates by reference its discussion of the lack of justification

2   for further delay regarding Request No. 26.

3       REQUEST FOR PRODUCTION NO. 112:

4       All documents relating to any indemnification, promise of indemnification, or hold

5   harmless agreement given by Google to Terra Lycos with respect to the '361 patent or any

6   of the claimed subject matter thereof.

7       RESPONSE TO REQUEST FOR PRODUCTION NO. 112:

8       Google objects to this request to the extent that it calls for documents protected by

9   the attorney-client privilege, the work product 'doctrine, and/or any other privileges or

10  immunities. Google further objects to this request to the extent that the phrase "with respect

11  to the '361 patent" calls for a legal conclusion.  Subject to and without waiving the

12  foregoing objections, Google responds that it will produce non-privileged documents

13  responsive to this request to the extent that they exist and have not already been produced.

14  To the extent that any such documents relate only to damages issues, pursuant to the parties'

15  agreement to phase damages discovery, such documents will be produced in the damages

16  phase of discovery.

17      WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

18      Documents relating to indemnification agreements given by Google to Terra Lycos

19  with respect to the '361 patent at issue in this lawsuit are relevant to the damages to which

20  Overture is entitled by this lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested

21  is proportional to the importance of the damages issue to the case and Overture's need for

22  the information to prepare its damages case and analysis, is not unreasonably cumulative or

23  duplicative, and cannot be found from a source other than Google without substantial

24  difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

25      Overture hereby incorporates by reference its discussion of the lack of justification

26  for further delay regarding Request No. 26.

27

28

APPENDIX A TO OVERTURE'S MOT. TO COMPEL
02-01991 JSW (EDL)