1  ROBERT T. HASLAM (#71134)
2  ROBERT D. FRAM (#126750)
   M. PATRICIA THAYER (#90818)
3  S. ELIZABETH MITCHELL (#187053)
   ANDREW C. BYRNES (#191516)
4  HELLER EHRMAN WHITE & MCAULIFFE LLP
5  333 Bush Street
   San Francisco, CA  94104-2878
6  Telephone:  (415) 772-6000
7  Facsimile: (415) 772-6268

8  BRINKS HOFER GILSON & LIONE
   JACK C. BERENZWEIG
9  WILLIAM H. FRANKEL
   JASON C. WHITE
10 NBC Tower--Suite 3600
11 455 North Cityfront Plaza Drive
   Chicago, Illinois  60611
12 Telephone: (312) 321-4200
   Facsimile:  (312) 321-4299
13

14 Attorneys for Plaintiff,
   OVERTURE SERVICES, INC.
15

16
                    UNITED STATES DISTRICT COURT
17
                   NORTHERN DISTRICT OF CALIFORNIA
18
                        SAN FRANCISCO DIVISION
19

20 | OVERTURE SERVICES, INC., | **E-Filing Case No.**: 02-01991 JSW (EDL) |
   |---|---|
21 | Plaintiff, | **DECLARATION OF ANDREW C. BYRNES IN SUPPORT OF PLAINTIFF OVERTURE SERVICES, INC.'S MOTION TO COMPEL PRODUCTION OF DAMAGES DOCUMENTS** |
22 | v. | |
23 | GOOGLE INC., | |
24 | | |
25 | Defendant. | Hearing Date:  March 2, 2004<br>Hearing Time:  9:00 a.m.<br>Hon. Elizabeth D. Laporte |

27
28

DECL. OF ANDREW C. BYRNES IN SUPP. OF PL.'S MOT. TO COMPEL PRODUCTION
02-01991 JSW (EDL)

1    I, Andrew C. Byrnes, declare:

2    1.    I am an associate with the law firm of Heller Ehrman White & McAuliffe LLP, counsel to plaintiff Overture Services, Inc. in this action. I make this declaration in support of plaintiff's Motion to Compel Production of Damages-Related Documents by defendant Google Inc. Unless otherwise noted, the factual assertions herein are made on my personal knowledge and, if called upon to do so, I could and would testify competently thereto.

   2.    I am admitted to practice law in the courts of California

   3.    Attached hereto as Exhibit A is a true and correct copy of the Joint Report, Case Management Statement and [Proposed] Order submitted jointly by plaintiff and defendant on August 19, 2002.

   4.    Attached hereto as Exhibit B is a true and correct copy of the Court's August 30, 2002 Minute Order.

   5.    Attached hereto as Exhibit C is a true and correct copy of Overture's First Set of Document Requests served on defendant Google on August 5, 2002.

   6.    Attached hereto as Exhibit D is a true and correct copy of a letter from Jack Berenzweig to Michael Kwun dated September 18, 2002.

   7.    Attached hereto as Exhibit E is a true and correct copy of the Joint Case Management Statement and Order dated January 7, 2003.

   8.    Attached hereto as Exhibit F is a true and correct copy of the Court's Case Management Order dated January 31, 2003.

   9.    Attached hereto as Exhibit G is a true and correct copy of the Court's Second Case Management Order dated February 7, 2003.

   10.   Attached hereto as Exhibit H is a true and correct copy of the Court's Order Granting Stipulated Request For an Order Changing Time, dated March 31, 2003.

   11.   Attached hereto as Exhibit I is a true and correct copy of the Court's Order Granting Plaintiff's Miscellaneous Requests and Setting New Dates, dated September 2, 2003.

2

12. Attached hereto as Exhibit J is a true and correct copy of Overture's Fourth Set of Document Requests served on defendant Google on August 12, 2003.

13. Attached hereto as Exhibit K is a true and correct copy of Overture's Fifth Set of Document Requests served on defendant Google on December 5, 2003.

14. Attached hereto as Exhibit L is a true and correct copy of a letter from Andrew Byrnes to Daralyn Durie, dated January 8, 2004.

15. Attached hereto as Exhibit M is a true and correct copy of a letter sent via facsimile from Christine Sun to Andrew Byrnes, dated January 9, 2004.

16. Attached hereto as Exhibit N is a true and correct copy of a letter from Andrew Byrnes to Christine Sun, dated January 12, 2004.

17. On January 20, I telephoned Ms. Sun and left a voicemail message stating that Overture was interested in reaching a compromise and avoiding motion practice on the issue of damages discovery, and requesting that Ms. Sun return my call. I spoke with her the following day, January 21, in which conversation I made a compromise proposal that the parties set a date certain shortly after the claim construction hearing, such as but not necessarily April 1, 2004, on which they would exchange damages discovery. During that conversation, I emphasized the need for timely resolution of the dispute (preferably by compromise between the parties but by the Court if necessary) and, in turn, timely production of the documents.

18. Attached hereto as Exhibit O is a true and correct copy of a letter from Andrew Byrnes to Christine Sun, dated January 22, 2004, memorializing our January 21 telephone conversation.

19. Attached hereto as Exhibit P is a true and correct copy of a letter from Andrew Byrnes to Christine Sun, dated January 23, 2004, noting that if Overture did not receive a response to its compromise proposal by Monday, Overture would seek the Court's assistance in resolving the matter.

20. Attached hereto as Exhibit Q is a true and correct copy of a letter sent via facsimile from Christine Sun to Andrew Byrnes, dated January 23, 2004, stating that "Google

3

is still considering Overture's proposal regarding damages discovery."

21.     Ms. Sun telephoned me on Monday, January 26. She made a counterproposal that Google produce "summary financial data" in "early April," and produce the remaining damages discovery in "phases" at an unspecified later time. I told her that Overture could not accept the counterproposal as proposed because it failed to provide any date certain for the document production as we had discussed previously. In addition, I told Ms. Sun that Overture continued to reserve its right to ask the Court to compel Google to produce the damages documents on or before a date certain, specifically April 1, 2004, and that I would inform her in advance if Overture decided to make such a motion.

22.     Attached hereto as Exhibit R is a true and correct copy of a letter from Andrew Byrnes to Christine Sun, dated January 27, 2004, in which I memorialized our January 26 telephone conversation and indicated that if Google was not willing to provide a date certain by which damages discovery will be produced by noon Wednesday, January 28, Overture would move to compel. Google did not provide a date certain or any further counterproposal.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct of my own knowledge and that this Declaration is executed this 28th day of January, 2004 in San Francisco, California.

/s/ Andrew C. Byrnes