ROBERT T. HASLAM (#71134)
ROBERT D. FRAM (#126750)
M. PATRICIA THAYER  (#90818)
S. ELIZABETH MITCHELL (#187053)
ANDREW C. BYRNES (#191516)
HELLER EHRMAN WHITE & MCAULIFFE LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone:  (415) 772-6000
Facsimile: (415) 772-6268

BRINKS HOFER GILSON & LIONE
JACK C. BERENZWEIG
WILLIAM H. FRANKEL
JASON C. WHITE
NBC Tower--Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois  60611
Telephone: (312) 321-4200
Facsimile:  (312) 321-4299

Attorneys for Plaintiff,
OVERTURE SERVICES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC., | **E-Filing Case No.**: 02-01991 JSW (EDL) |
| Plaintiff, | **CORRECTED APPENDIX A TO MOTION TO COMPEL PRODUCTION OF DAMAGES DOCUMENTS** |
| v. | |
| GOOGLE INC., | Hearing Date:  March 9, 2004 |
| Defendant. | Hearing Time:  9:00 a.m. |
| | Hon. Elizabeth D. Laporte |

CORRECTED APPENDIX A TO OVERTURE'S MOT. TO COMPEL
02-01991 JSW (EDL)

# CORRECTED APPENDIX A TO MOTION TO COMPEL PRODUCTION OF DAMAGES DOCUMENTS

Plaintiff Overture Services, Inc.'s ("Overture") Motion to Compel requests that the Court set April 1, 2004 as the date for the production of "damages documents," as to which the parties agreed to delay production until after the claim construction hearing. Defendant Google, Inc. ("Google"), for the most part, did not proffer this agreement as an objection in its written responses to Overture's document requests, but rather simply has refrained from producing documents as to certain document requests that could be characterized as related to damages and now refuses to agree to any date certain or timeframe within which such documents will be produced.

Pursuant to Civil Local Rule 37-2, Overture sets forth below (1) document requests that Google stated were the Overture requests subject to the parties' 2002 agreement to delay production of documents related to damages (Requests Nos. 26, 32, 36-45, 52-57, 59-60), and (2) document requests as to which Google proffered a specific written objection that it would delay production of responsive damages-related documents (Requests Nos. 99, 107-110 and 112). For each request, Overture also sets forth Google's written objections and responses thereto, and Overture's contention as to why Overture is entitled to production of these documents on or before April 1, 2004.

Please note that, even where Google's written response agrees to produce the responsive documents and makes no mention of the parties' agreement to delay production until after the claim construction hearing, it is Overture's understanding that it is these requests as to which Google has withheld responsive documents to date and as to which Google has refused to provide any date certain or timeframe within which such documents will be produced. Overture's failure to identify a Request for Production below does not constitute an admission that such a Request is irrelevant to damages or that Google need not, if the Court grants Overture's motion, produce damages documents responsive to such a Request on or before April 1, 2004.

1

## OVERTURE'S FIRST SET OF REQUESTS

REQUEST FOR PRODUCTION NO. 26:

All documents relating to any trade research, market research, consumer research, or other research conducted by or on behalf of Google in connection with its decision to design, develop, market, or operate Google's Sponsored Search System.

RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Google objects to this request on the ground that the term "Google's Sponsored Search System" is vague, ambiguous and compound; and renders the request overbroad and unduly burdensome. Subject to and without waiving the foregoing objection, Google responds that it will produce documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim, including those requested in Request No. 26. Documents about the market for the accused system are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

There is no justification for further delay in Google's producing these documents. The claim construction hearing, which was set for March 2003 when the parties' made their agreement to postpone damages discovery, is currently set for March 24, 2004. In addition, this case is now nearly two years old. The vast majority of the document requests at issue have been outstanding since August 2002; all will have been outstanding at least roughly four months on April 1, 2004. Finally, Overture is requesting that Google be compelled to

2

produce the documents *after* the claim construction hearing, which accords in full with the parties' 2002 agreement.

REQUEST FOR PRODUCTION NO. 32:

All documents relating to advertising plans, business plans, estimates, revenue forecasts; web traffic reports, marketing plans or efforts, promotional programs, or strategies on the part of Google concerning Google's Sponsored Search System.

RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Google objects to this request on the ground that the term "Google's Sponsored Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome. Subject to and without waiving the foregoing objection, Google responds that it will produce documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim, including those requested in Request No. 32. Documents responsive to Request No. 32 are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 36:

All documents relating to the total revenue that Google has earned, directly or indirectly, from the sale or advertisement of products or services through or in conjunction with Google's Sponsored Search System.

RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

3

Google objects to this request on the ground that the term "Google's Sponsored Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome.  Subject to and without waiving the foregoing objection, Google responds that it will produce documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim, including those requested in Request No. 36.  Documents related to the revenue earned from the accused system are relevant to the damages to which Overture is entitled by this lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 37:

All documents relating to the profits earned by Google from the sale or advertisement of products or services through or in conjunction with Google's Sponsored Search System.

RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

Google objects to this request on the ground that the term "Google's Sponsored Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome.  Google further objects to this request on the ground that the phrase "through or in conjunction with" is vague and ambiguous.  Subject to and without waiving the foregoing objections, Google responds that it will produce documents within its possession that are responsive to this request.

4

1    WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

2    Overture is entitled to discovery from Google that relates to facts about Google's

3    accused Sponsored Search System that could form the basis for Overture's damages claim,

4    including those requested in Request No. 37.  Documents related to Google's profits related

5    to the accused system are relevant to the damages to which Overture is entitled by this

6    lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the

7    importance of the damages issue to the case and Overture's need for the information to

8    prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and

9    cannot be found from a source other than Google without substantial difficulty, if at all.  *See*

10   Fed. R. Civ. P. 26(b)(2).

11   Overture hereby incorporates by reference its discussion of the lack of justification

12   for further delay regarding Request No. 26.

13   REQUEST FOR PRODUCTION NO. 38:

14   All income statements relating to Google's Sponsored Search System.

15   RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

16   Google objects to this request on the ground that the term "Google's Sponsored

17   Search System" is vague, ambiguous and compound, and renders the request overbroad and

18   unduly burdensome.  Subject to and without waiving the foregoing objection, Google

19   responds that it will produce documents within its possession that are responsive to this

20   request.

21   WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

22   Overture is entitled to discovery from Google that relates to facts about Google's

23   accused Sponsored Search System that could form the basis for Overture's damages claim,

24   including those requested in Request No. 38.  Income statements relating to Google's

25   accused system are relevant to the damages to which Overture is entitled by this lawsuit.

26   *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the importance of

27   the damages issue to the case and Overture's need for the information to prepare its

28   damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be

5

found from a source other than Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 39:

All balance sheets relating to Google's Sponsored Search System.

RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

Google objects to this request on the ground that the term "Google's Sponsored Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome.  Subject to and without waiving the foregoing objection, Google responds that it will produce documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim, including those requested in Request No. 39.  Balance sheets related to Google's accused system are relevant to the damages to which Overture is entitled by this lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 40:

All profit and loss statements relating to Google's Sponsored Search System.

RESPONSE TO REQUEST FOR PRODUCTION NO 40:

Google objects to this request on the ground that the term "Google's Sponsored

6

Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome. Subject to and without waiving the foregoing objection, Google responds that it will produce documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim, including those requested in Request No. 40. Profit and loss statements relating to Google's accused system are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 41:

All audited or un-audited financial reports relating to Google's Sponsored Search System

RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

Google objects to this request on the ground that the term "Google's Sponsored Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome. Subject to and without waiving the foregoing objection, Google responds that it will produce documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim,

7

including those requested in Request No. 41.  Financial reports relating to Google's accused system are relevant to the damages to which Overture is entitled by this laws uit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 42:

All documents that identify any fees or costs incurred by Google in the design; development, and operation of Google's Sponsored Search System.

RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

Google objects to this request on the ground that the term "Google's Sponsored Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome.  Subject to and without waiving the foregoing objection, Google responds that it will produce documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim, including those requested in Request No. 42.  Documents regarding Google's fees or costs related to its accused system are relevant to the damages to which Overture is entitled by this lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

8

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 43:

Documents sufficient to identify the amount and nature of all investments made by Google in facilities and equipment to design, develop, and operate Google's Sponsored Search System.

RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

Google objects to this request on the ground that the term "Google's Sponsored Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome. Subject to and without waiving the foregoing objection, Google responds that it will produce documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim, including those requested in Request No. 43. Documents regarding Google's investments in its accused system are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 44:

Documents sufficient to establish the cost to Google of advertising, marketing, and providing the products or services that it offers through or in conjunction with Google's Sponsored Search System.

9

RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

Google objects to this request on the ground that the term "Google's Sponsored Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome.  Subject to and without waiving the foregoing objection, Google responds that it will produce documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim, including those requested in Request No. 44.  Documents regarding Google's costs relating to the accused system are relevant to the damages to which Overture is entitled by this lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 45:

All documents that identify and explain Google's accounting books and records as they relate to Google's Sponsored Search System.

RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

Google objects to this request on the ground that the term "Google's Sponsored Search System" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome.  Subject to and without waiving the foregoing objection, Google responds that it will produce documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

10

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim, including those requested in Request No. 45. Google's accounting books and records relating to the accused system are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 52:

All documents relating to any patent license(s) that Google contends are relevant to their issues of damages or a reasonable royalty in this case.

RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

Google objects to this request to the extent that it tails for documents protected by the attorney-client privilege, or the work-product doctrine. Subject to and without waiving the foregoing objection, Google responds that it will produce non-privileged documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Documents relating to licenses that Google believes are relevant to damages in this case are, in fact, relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification

11

1  for further delay regarding Request No. 26.

2         REQUEST FOR PRODUCTION NO. 53:

3         All documents relating to or upon which Google will rely in support of any amount

4  or rate that Google considers to be a reasonable royalty for their use or operation of

5  Google's Sponsored Search System, as it relates to the `361 patent.

6         RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

7         Google objects to this request on the ground that the term "Google's Sponsored

8  Search System" is vague, ambiguous and compound, and renders the request overbroad and

9  unduly burdensome.  Google further objects to this request to the extent that it calls for

10 documents protected by the attorney-client privilege or the work-product doctrine.  Subject

11 to and without waiving the foregoing objection, Google responds that it will produce non-

12 privileged documents within its possession that are responsive to this request.

13        WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

14        Overture is entitled to discovery from Google that relates to facts about Google's

15 accused Sponsored Search System that could form the basis for Overture's damages claim,

16 including those requested in Request No. 53.  Documents relating to Google's position on

17 reasonable royalty are relevant to the damages to which Overture is entitled by this lawsuit.

18 *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the importance of

19 the damages issue to the case and Overture's need for the information to prepare its

20 damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be

21 found from a source other than Google without substantial difficulty, if at all.  *See* Fed. R.

22 Civ. P. 26(b)(2).

23        Overture hereby incorporates by reference its discussion of the lack of justification

24 for further delay regarding Request No. 26.

25        REQUEST FOR PRODUCTION NO. 54:

26        All documents relating to the nature, size, and scope of the market for, the

27 availability of, and the demand for Sponsored Search Systems in general or Google's

28 Sponsored Search System in particular.

RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

Google objects to this request on the ground that the terms "Sponsored Search Systems" and "Google's Sponsored Search System" are vague, ambiguous and compound, and render the request overbroad and unduly burdensome.  Google further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or the work-product doctrine.  Subject to and without waiving the foregoing objection, Google responds that it will produce non-privileged documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Documents relating to the market for the accused system and sponsored search systems generally are relevant to the damages to which Overture is entitled by this lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 55:

All documents relating to Google's market share as a percentage of total sales in the Sponsored Search Systems industry, whether expressed in units or dollars.

RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

Google objects to this request on the ground that the term "Sponsored Search Systems" is vague, ambiguous and compound, and renders the request overbroad and unduly burdensome.  Google further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or the work-product doctrine.  Subject to and without waiving the foregoing objection, Google responds that it will produce non-privileged documents within its possession that are responsive to this request.

13

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Documents relating to Google's market share are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 56:

All documents relating to Sponsored Search System products or services that have been marketed or sold in competition with Google's Sponsored Search System, including any competitive analyses of such products or services.

RESPONSE TO REQUEST FOR PRODUCTION NO. 56:

Google objects to this request on the ground that the terms "Sponsored Search Systems" and "Google's Sponsored Search System" are vague, ambiguous and compound, and render the request overbroad and unduly burdensome. Google further objects to this request to the extent that it calls for documents protected by the attorney-client privilege or the work-product doctrine Subject to and without waiving the foregoing objection, Google responds that it will produce non-privileged documents within its possession that are responsive to this request.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Documents relating to products and services competing with the accused system are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

14

1    Overture hereby incorporates by reference its discussion of the lack of justification

2  for further delay regarding Request No. 26.

3    REQUEST FOR PRODUCTION NO. 57:

4    All documents relating to each product, system, or service that Google contends is an

5  acceptable non-infringing alternative to the apparatus, systems, or methods claimed in the

6  `361 patent.

7    RESPONSE TO REQUEST FOR PRODUCTION NO. 57:

8    Google objects to this request to the extent that it calls for documents protected by

9  the attorney-client privilege or the work-product doctrine.  Subject to and without waiving

10  the foregoing objection.  Google responds that it will produce non-privileged documents

11  within its possession that are responsive to this request.

12    WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

13    Documents relating to alleged non-infringing alternatives are relevant to the damages

14  to which Overture is entitled by this lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery

15  requested is proportional to the importance of the damages issue to the case and Overture's

16  need for the information to prepare its damages case and analysis, is not unreasonably

17  cumulative or duplicative, and cannot be found from a source other than Google without

18  substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

19    Overture hereby incorporates by reference its discussion of the lack of justification

20  for further delay regarding Request No. 26.

21    REQUEST FOR PRODUCTION NO. 59:

22    All documents relating to any consideration, negotiation, recommendation, or

23  proposal to license, buy, acquire, or otherwise obtain rights under the `361 patent.

24    RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

25    Google objects to this request to the extent that it calls for documents protected by

26  the attorney-client privilege or the work-product doctrine.  Google further objects to this

27  request to the extent that it calls for documents that are readily obtainable from Plaintiff or

28  from other sources which are less burdensome and/or less expensive.  Subject to and

15

1  without waiving the foregoing objections, Google responds that it will produce non-

2  privileged documents within its possession that are responsive to this request.

3        WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

4        Documents relating to obtaining the rights to the '361 patent at issue in this lawsuit

5  are relevant to the damages to which Overture is entitled by this lawsuit.  *See* Fed. R. Civ.

6  P. 26(b)(1).  The discovery requested is proportional to the importance of the damages issue

7  to the case and Overture's need for the information to prepare its damages case and

8  analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source

9  other than Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

10        Overture hereby incorporates by reference its discussion of the lack of justification

11  for further delay regarding Request No. 26.

12        REQUEST FOR PRODUCTION NO. 60:

13        All documents relating to any money or monetary funds that have ever been set

14  aside, put in escrow, or designated for settlement or payment of damages relating to

15  Google's infringement or potential infringement of the `361 patent or any other patent.

16        RESPONSE TO REQUEST FOR PRODUCTION NO. 60:

17        Google objects to this request to the extent that it calls for documents protected by

18  the attorney-client privilege or the work-product doctrine.  Subject to and without waiving

19  the foregoing objection, Google responds that it will produce non-privileged documents

20  within its possession that are responsive to this request.

21        WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

22        Documents relating to money set aside for settlement or damages payments for

23  patent infringement are relevant to the damages to which Overture is entitled by this

24  lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the

25  importance of the damages issue to the case and Overture's need for the information to

26  prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and

27  cannot be found from a source other than Google without substantial difficulty, if at all.  *See*

28  Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

OVERTURE'S FIFTH SET OF REQUESTS

REQUEST FOR PRODUCTION NO. 99:

All documents relating to any discussions, meetings, or communications of any sort between Google and Terra Lycos concerning the '361 patent.

RESPONSE TO REQUEST FOR PRODUCTION NO. 99:

Google objects to this request to the extent that it calls for documents protected by the attorney-client privilege, the work product doctrine, and/or any other privileges or immunities. Google further objects to this request to the extent-that the phrase "concerning the '361 patent" calls for a legal conclusion. Subject to any without waiving the foregoing objections, Google responds that it will produce non-privileged documents responsive to this request to the extent that they exist and have not already been produced. To the extent that any such documents relate only to damages issues, pursuant to the parties' agreement to phase damages discovery, such documents will be produced in the damages phase of discovery.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Documents relating to discussions and the like between Google and Terra Lycos regarding the '361 patent at issue in this lawsuit are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 107:

All documents relating to any licenses, agreements, partner agreements, or letters of

17

CORRECTED APPENDIX A TO OVERTURE'S MOT. TO COMPEL
02-01991 JSW (EDL)

intent entered into by Google and Terra Lycos relating to Google's Sponsored Search System, including, but not limited to any licenses, agreements, partner agreements, or letters of intent.

RESPONSE TO REQUEST FOR PRODUCTION NO. 107:

Google objects to this request to the extent that it seeks documents concerning any Google's Sponsored Search System that ceased to be used prior to the issuance of the Patent-in-Suit, on July 31, 2001. Google's response is limited to Google's Sponsored Search Systems that have been in use since the issuance of Patent-in-Suit. Based on discussions between counsel for Overture and Google, Google understands the term "Google's Sponsored Search System" to be limited to advertising models that are priced on a "cost-per-click" pricing model. Based on that understanding and the time limitation noted above, Google understands the term "Google's Sponsored Search System" to be limited to AWS. Google further objects to this request to the extent that it purports to require the production of documents protected by the attorney-client privilege, the work product doctrine, or any other privileges or immunities. Subject to and without waiving the foregoing object, Google responds that, to the extent that there are nonprivileged documents within its possession, custody, or control that are responsive to this request, that relate to AWS, and that pre-date the filing of this lawsuit, Google will produce such documents to the extent that they exist and have not already been produced; to the extent that there are non-privileged documents within its possession, custody, or control that are responsive to this request, that relate to AWS, and that post-date the filing of this lawsuit, such documents can only be related to damages issues, and pursuant to the parties' agreement to phase damages discovery; such documents will be produced in the damages phase of discovery.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Overture is entitled to discovery from Google that relates to facts about Google's accused Sponsored Search System that could form the basis for Overture's damages claim, including those requested in Request No. 107. Documents relating to licenses or agreements between Google and Terra Lycos regarding the accused system, regardless of

18

their date, are relevant to the damages to which Overture is entitled by this lawsuit.  *See*

Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the

damages issue to the case and Overture's need for the information to prepare its damages

case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from

a source other than Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P.

26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification

for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 108:

All documents relating to any licenses, agreements, partner agreements, or letters of

intent entered into by Google and Terra Lycos relating to sponsored search links, including,

but not limited to, any licenses, agreements, partner agreements, or letters of intent.

RESPONSE TO REQUEST FOR PRODUCTION NO. 108:

Google objects to this request on the ground that the phrase "sponsored search links"

is overly broad to the extent that it includes sponsored search links" that are beyond the

scope of AWS, which is the only service that Overture has asserted allegedly infringes the

patent in suit, and thus this request seeks in part documents that are neither relevant to the

claims or defenses raised in this action, nor reasonably calculated to lead to the discovery of

admissible evidence.  Google objects to this request to the extent that it seeks documents

concerning any Google's Sponsored Search System that ceased to be used prior to the

issuance of the Patent-in-Suit, on July 31, 2001.  Google's response is limited to Google's

Sponsored Search Systems that have been in use since the issuance of the Patent-in-Suit.

Based on discussions between counsel for Overture and Google, Google understand the

term "Google's Sponsored Search System" to be limited to advertising models that are

priced on a "cost-per-click" pricing model.  Based on that understanding and the time

limitation noted above, Google understands the term "Google's Sponsored Search System"

to be limited to AWS.  Google further objects to this request to the extent that it purports to

require the production of documents protected by the attorney-client privilege, the work

19

product doctrine, and/or any other privileges or immunities. Subject to and without waiving the foregoing objections, Google responds that it will produce documents as stated in its response to Request for Production No. 107.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Documents relating to licenses or agreements between Google and Terra Lycos regarding sponsored search links, including regarding the accused system, are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 109:

All documents relating to any licenses, agreements, partner agreements, or letters of intent entered into by Google and Terra Lycos relating to sponsored links, including, but not limited to, any licenses, agreements, partner agreements, or letters of intent.

RESPONSE TO REQUEST FOR PRODUCTION NO. 109:

Google objects to this request on the ground that the phrase "sponsored links" is overly broad to the extent that it includes "sponsored links" that are beyond the scope of AWS, which is the only service that Overture has asserted allegedly infringes the patent in suit, and thus this request seeks in part documents that are neither relevant to the claims or defenses raised in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Google objects to this request to the extent that it seeks documents concerning any Google's Sponsored Search System that ceased to be used prior to the issuance of the Patent-in-Suit, on July 31, 2001. Google's response is limited to Google's sponsored Search Systems that have been in use since the issuance of the Patent-in-Suit. Based on discussions between counsel for Overture and Google, Google understands the

20

term "Google's Sponsored Search System" to be limited to advertising models that are priced on a "cost-per-click" pricing model. Based on that understanding and the time limitation noted above, Google understands the term "Google's Sponsored Search System" to be limited AWS. Google further objects to this request to the extent that it purports to require the production of documents protected by the attorney-client privilege, the work product doctrine, and/or any other privileges or immunities. Subject to and without waiving the foregoing objections Google responds that it will produce documents as stated in its response to Request for production No. 107.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Documents relating to licenses or agreements between Google and Terra Lycos regarding sponsored links, including regarding the accused system, are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 110:

All documents relating to any licenses, agreements, partner agreements, or letters of intent entered into by Google and Terra Lycos relating to paid links, including, but not limited to, any licenses, agreements, partner agreement, or letters of intent.

RESPONSE TO REQUEST FOR PRODUCTION NO. 110:

Google objects to this request on the ground that the phrase "paid links" is overly broad to the extent that it includes "paid links" at are beyond the scope of AWS, which is the only service that Overture has asserted allegedly infringes the patent in suit, and thus this request seeks in part documents that are neither relevant to the claims or defenses raised in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

21

Google objects to this request to the extent that it seeks document is concerning any Google's Sponsored Search System that ceased to be used prior to the issuance of the Patent-in-Suit, on July 31, 2001. Google's response is limited to Google's Sponsor Search Systems that have been in use since the issuance of the Patent-in-Suit. Based on discussions between counsel for Overture and Google, Google understands the term "Google's sponsored Search System" to be limited to advertising models that are priced on a "cost-per-click" pricing model. Based on that understanding and the time limitation noted above, Google and understands the term "Google's Sponsored Search System" to be limited to AWS. Google further o objects to this request to the extent that it purports to require the production of documents protected by the attorney-client privilege, the work product doctrine, and/or any other privileges or immunities. Subject to and without waiving the foregoing objections, Google responds that it will produce documents as stated in its response to Request for Production No. 107.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Documents relating to licenses or agreements between Google and Terra Lycos regarding paid links, including regarding the accused system, are relevant to the damages to which Overture is entitled by this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all. *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

REQUEST FOR PRODUCTION NO. 112:

All documents relating to any indemnification, promise of indemnification, or hold harmless agreement given by Google to Terra Lycos with respect to the '361 patent or any of the claimed subject matter thereof.

RESPONSE TO REQUEST FOR PRODUCTION NO. 112:

22

Google objects to this request to the extent that it calls for documents protected by the attorney-client privilege, the work product 'doctrine, and/or any other privileges or immunities. Google further objects to this request to the extent that the phrase "with respect to the '361 patent" calls for a legal conclusion.  Subject to and without waiving the foregoing objections, Google responds that it will produce non-privileged documents responsive to this request to the extent that they exist and have not already been produced. To the extent that any such documents relate only to damages issues, pursuant to the parties' agreement to phase damages discovery, such documents will be produced in the damages phase of discovery.

WHY OVERTURE IS ENTITLED TO THE REQUESTED DISCOVERY:

Documents relating to indemnification agreements given by Google to Terra Lycos with respect to the '361 patent at issue in this lawsuit are relevant to the damages to which Overture is entitled by this lawsuit.  *See* Fed. R. Civ. P. 26(b)(1).  The discovery requested is proportional to the importance of the damages issue to the case and Overture's need for the information to prepare its damages case and analysis, is not unreasonably cumulative or duplicative, and cannot be found from a source other than Google without substantial difficulty, if at all.  *See* Fed. R. Civ. P. 26(b)(2).

Overture hereby incorporates by reference its discussion of the lack of justification for further delay regarding Request No. 26.

CORRECTED APPENDIX A TO OVERTURE'S MOT. TO COMPEL
02-01991 JSW (EDL)