| | |
|---|---|
| 1 | ROBERT T. HASLAM (#71134) |
| 2 | ROBERT D. FRAM (#126750) |
|   | M. PATRICIA THAYER (#90818) |
| 3 | S. ELIZABETH MITCHELL (#187053) |
|   | ANDREW C. BYRNES (#191516) |
| 4 | HELLER EHRMAN WHITE & MCAULIFFE LLP |
| 5 | 333 Bush Street |
|   | San Francisco, CA  94104-2878 |
| 6 | Telephone:  (415) 772-6000 |
| 7 | Facsimile: (415) 772-6268 |
| 8 | BRINKS HOFER GILSON & LIONE |
|   | JACK C. BERENZWEIG |
| 9 | WILLIAM H. FRANKEL |
|   | JASON C. WHITE |
| 10 | NBC Tower--Suite 3600 |
| 11 | 455 North Cityfront Plaza Drive |
|   | Chicago, Illinois  60611 |
| 12 | Telephone: (312) 321-4200 |
| 13 | Facsimile:  (312) 321-4299 |
| 14 | Attorneys for Plaintiff, |
|   | OVERTURE SERVICES, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC., | **E-Filing Case No.**: 02-01991 JSW (EDL) |
| Plaintiff, | **CORRECTED DECLARATION OF ANDREW C. BYRNES IN SUPPORT OF PLAINTIFF OVERTURE SERVICES, INC.'S CORRECTED MOTION TO COMPEL PRODUCTION OF DAMAGES DOCUMENTS** |
| v. | |
| GOOGLE INC., | |
| Defendant. | Hearing Date:  March 9, 2004 |
| | Hearing Time:  9:00 a.m. |
| | Hon. Elizabeth D. Laporte |

CORRECTED DECL. OF ANDREW C. BYRNES IN SUPP. OF CORRECTED MOT. TO COMPEL
02-01991 JSW (EDL)

I, Andrew C. Byrnes, declare:

1. I am an associate with the law firm of Heller Ehrman White & McAuliffe LLP, counsel to plaintiff Overture Services, Inc. ("Overture") in this action. I make this declaration in support of Overture's Corrected Motion to Compel Production of Damages Documents. Unless otherwise noted, the factual assertions herein are made on my personal knowledge and, if called upon to do so, I could and would testify competently thereto.

2. I am admitted to practice law in the courts of California

3. Attached hereto as Exhibit A is a true and correct copy of the Joint Report, Case Management Statement and [Proposed] Order submitted jointly by plaintiff and defendant on August 19, 2002.

4. Attached hereto as Exhibit B is a true and correct copy of the Court's August 30, 2002 Minute Order.

5. Attached hereto as Exhibit C is a true and correct copy of Overture's First Set of Document Requests served on defendant Google Inc. ("Google") on August 5, 2002.

6. Attached hereto as Exhibit D is a true and correct copy of a letter from Jack Berenzweig to Michael Kwun dated September 18, 2002.

7. Attached hereto as Exhibit E is a true and correct copy of the Joint Case Management Statement and Order dated January 7, 2003.

8. Attached hereto as Exhibit F is a true and correct copy of the Court's Case Management Order dated January 31, 2003.

9. Attached hereto as Exhibit G is a true and correct copy of the Court's Second Case Management Order dated February 7, 2003.

10. Attached hereto as Exhibit H is a true and correct copy of the Court's Order Granting Stipulated Request For an Order Changing Time, dated March 31, 2003.

11. Attached hereto as Exhibit I is a true and correct copy of the Court's Order Granting Plaintiff's Miscellaneous Requests and Setting New Dates, dated September 2, 2003.

2

12. Attached hereto as Exhibit J is a true and correct copy of Overture's Fourth Set of Document Requests served on defendant Google on August 12, 2003.

13. Attached hereto as Exhibit K is a true and correct copy of Overture's Fifth Set of Document Requests served on defendant Google on December 5, 2003.

14. Attached hereto as Exhibit L is a true and correct copy of a letter from me to Daralyn Durie, dated January 8, 2004, in which I explained that the rescheduling of the claim construction hearing warranted starting damages discovery and requesting that Google produce such discovery by February 6.

15. Attached hereto as Exhibit M is a true and correct copy of a letter sent via facsimile from Christine Sun to me, dated January 9, 2004, in which Ms. Sun rejected Google's proposal, citing to the parties' 2002 agreement that damages discovery would be postponed until after the claim construction hearing.

16. Attached hereto as Exhibit N is a true and correct copy of a letter from me to Christine Sun, dated January 12, 2004, in which I further explained Overture's position and requested that Google provide damages discovery on February 13, on which date the parties had agreed to supplement their discovery responses generally. In the January 12 letter, I inaccurately stated that "[w]ith respect to damages discovery, the parties made their informal agreement deferring damages discovery until after the Markman hearing when that hearing was scheduled for October 22, 2003." The hearing was scheduled for *March 25, 2003* when, in August or September 2002, the parties came to their agreement. *See supra* Ex. B.

17. On January 20, I telephoned Ms. Sun and left a voicemail message stating that Overture was interested in reaching a compromise and avoiding motion practice on the issue of damages discovery, and requesting that Ms. Sun return my call. I spoke with her the following day, January 21, in which conversation I made a compromise proposal that the parties set a date certain shortly after the claim construction hearing, such as but not necessarily April 1, 2004, on which they would exchange damages discovery. During that conversation, I emphasized the need for timely resolution of the dispute (preferably by

3

1 compromise between the parties but by the Court if necessary) and, in turn, timely
2 production of the documents.

3     18.     Attached hereto as Exhibit O is a true and correct copy of a letter from me to
4 Christine Sun, dated January 22, 2004, memorializing our January 21 telephone
5 conversation.

6     19.     Attached hereto as Exhibit P is a true and correct copy of a letter from me to
7 Christine Sun, dated January 23, 2004, noting that if Overture did not receive a response to
8 its compromise proposal by Monday, January 26, 2004, Overture would seek the Court's
9 assistance in resolving the matter.

10     20.     Attached hereto as Exhibit Q is a true and correct copy of a letter sent via
11 facsimile from Christine Sun to Andrew Byrnes, dated January 23, 2004, stating that "Gogle
12 is still considering Overture's proposal regarding damages discovery."

13     21.     Ms. Sun telephoned me on Monday, January 26. She made a counterproposal
14 that Google produce "summary financial data" in "early April," and produce the remaining
15 damages discovery in "phases" at an unspecified later time. I told her that Overture could
16 not accept this counterproposal because it failed to provide any date certain for the
17 document production as we had discussed previously. In addition, I told Ms. Sun that
18 Overture continued to reserve its right to ask the Court to compel Google to produce the
19 damages documents on or before a date certain, specifically April 1, 2004, and that I would
20 inform her in advance if Overture decided to make such a motion.

21     22.     Attached hereto as Exhibit R is a true and correct copy of a letter from me to
22 Christine Sun, dated January 27, 2004, in which I memorialized our January 26 telephone
23 conversation and indicated that if Google was not willing to provide a date certain by which
24 damages discovery will be produced by noon Wednesday, January 28, Overture would
25 move to compel. Google did not provide a date certain or any further counterproposal prior
26 to the filing of this motion.

27     23.     Attached hereto as Exhibit S is a true and correct copy of a letter sent via
28 facsimile from Michael Kwun to Jack Berenzweig, dated September 26, 2002.

4

1    24.    Attached hereto as Exhibit T is a true and correct copy of a letter sent from Charles McMahon to Christine Sun, dated February 12, 2003.

25.    Attached hereto as Exhibit U is a true and correct copy of a letter sent via facsimile from Michael Kwun to Jason White, dated March 12, 2003.

26.    Attached hereto as Exhibit V is a true and correct copy of a three-page letter sent via facsimile from Michael Kwun to Jason White, dated April 17, 2003.

27.    Attached hereto as Exhibit W is a true and correct copy of a one-page letter sent via facsimile from Michael Kwun to Jason White, dated April 17, 2003.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct of my own knowledge and that this Declaration is executed this 29th day of January, 2004 in Menlo Park, California.

/s/ Andrew C. Byrnes

CORRECTED DECL. OF ANDREW C. BYRNES IN SUPP. OF CORRECTED MOT. TO COMPEL
02-01991 JSW (EDL)