# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a California Corporation,<br><br>Defendant. | No. C02-01991 CRB<br><br>**JOINT REPORT, CASE MANAGEMENT STATEMENT, AND [PROPOSED] ORDER** |

Plaintiff Overture Services, Inc. ("Overture") and defendant Google Inc. ("Google") jointly submit this combined Report, Case Management Statement, and [Proposed] Order and request that the Court adopt it as its Case Management Order in this case.

I.  **DESCRIPTION OF THE CASE**

   A.  **Underlying Events**

Overture is a Delaware corporation headquartered in Pasadena, California that describes itself as offering pay-per-click search engines and advertising services for computer networks, including the Internet. Overture is the owner of a number of patents that cover technologies, devices, and systems for pay-per-click searching and

advertising. One of those patents is at issue here: United States Patent No. 5,269,361 ("the '361 patent"), entitled "System and Method for Influencing a Position on a Search Result List Generated by a Computer Network Search Engine."

Google is a California corporation headquartered in Mountain View, California that describes itself as offering search engines and advertising services for computer networks, including the Internet.

### B.   Disputed Factual and Legal Issues

The parties do not intend any description in this Joint Case Management Statement of any issue of law, or fact, or both, to constitute an admission or to be otherwise probative of any matter in dispute. The parties agree that no statement or omission herein shall constitute a waiver of any of either party's claims or defenses to any issue. Each party acknowledges that disputed issues in addition to those described below may arise in this case.

The parties can be expected to dispute the proper construction of various terms found in the claims of the '361 patent.

Overture alleges, and Google denies, that Google is directly infringing, inducing infringement by others, and/or contributorily infringing the '361 patent, and that Google's infringement is willful. Overture seeks a permanent injunction, damages, attorneys' fees and costs.

Google alleges, and Overture denies, that Google does not and has never infringed, contributorily infringed, or induced others to infringe any claim, properly construed, of the '361 patent. Google further alleges, and Overture further denies, that the '361 patent is invalid based at least on Overture's prior public use of the claimed invention, and that the '361 patent is unenforceable based at least on Overture's inequitable conduct during the prosecution of the patent application that led to the grant of the '361 patent.

C. **Other Disputed Factual Issues (Service of Process, Jurisdiction, and Venue)**

There are no disputed factual issues regarding service of process, personal jurisdiction, subject matter jurisdiction, or venue.

D. **Service**

All parties have been served.

E. **Additional Parties**

At the present time, the parties do not intend to join any additional parties. However, Overture is presently investigating whether to seek to amend its complaint, to include one or more affiliates of Google, in accordance with the provisions of the Federal Rules of Civil Procedure.

II. **ALTERNATIVE DISPUTE RESOLUTION**

A. **Consent to Jurisdiction of Magistrate Judge for Trial**

The parties do not consent to the jurisdiction of a United States Magistrate Judge for trial.

B. **Assigned Alternative Dispute Resolution Processes**

The parties will prepare and file a Stipulation and Proposed Order Selecting an ADR Process. The parties have elected mediation and have agreed to use a private mediator for this purpose. The parties agree that mediation would be most useful if scheduled around the time of, but prior to, the Court's claim construction hearing.

III. **DISCLOSURES**

A. **Discovery Plan**

The parties agree to the following discovery plan:

1. **Discovery limits**

Based on the facts currently known to each party and the contentions to date, the parties agree that the presumptive limit on the number of depositions should be increased to 15 per party, exclusive of expert depositions. The parties do not at this time anticipate requiring specific relief from any other discovery limitations, but

JOINT REPORT, CASE MANAGEMENT
STATEMENT, AND [PROPOSED] ORDER
- 3 -

respectfully reserve their rights to seek such relief, including additional depositions, by stipulation or by application to the Court as warranted.

The parties expect to prepare and file a proposed form of Protective Order specifically tailored to the kind of information that will be generated by discovery in this case. For example, many of the writings that will be exchanged in document discovery will be in electronic form. The parties will seek to work out a protocol governing the scope of search obligations for electronically stored writings and the manner in which such information will be exchanged.

**2.     Discovery and claim construction schedule**

The parties agree to the following non-expert discovery and claim construction schedule:

| Event | Patent Local Rule | Proposed Date |
|---|---|---|
| Last Day for Overture to Serve Disclosure of Asserted Claims, Preliminary Infringement Contentions, Documents in Support Thereof | Patent L.R. 3-1 & 3-2 | 9/16/02 |
| Last Day for Google to Serve Preliminary Invalidity Contentions and Documents in Support Thereof | Patent L.R. 3-3 & 3-4 | 10/31/02 |
| Last Day for Simultaneous Exchange of Proposed Terms and Claim Elements for Construction and/or Governed by 35 U.S.C. § 112(6) | Patent L.R. 4-1 | 11/15/02 |
| Last Day for Simultaneous Exchange of Preliminary Claim Constructions and Extrinsic Evidence | Patent L.R. 4-2 | 12/4/02 |
| Last Day for Parties to File Joint Claim Construction and Prehearing Statement | Patent L.R. 4-3 | 1/8/03[1] |
| Last Day to Take Discovery Relating to Claim Construction | Patent L.R. 4-4 | 1/29/03[2] |

---

[1] The default deadline, per Patent L.R. 4-3, would be 12/30/02 (sixty calendar days after Google's service of preliminary invalidity contentions).

[2] By default, per Patent L.R. 4-4, claim construction discovery closes thirty calendar days after filing of the joint claim construction statement. The parties' proposed date for the close of claim construction

JOINT REPORT, CASE MANAGEMENT STATEMENT, AND [PROPOSED] ORDER      - 4 -

| Event | Patent Local Rule | Proposed Date |
|---|---|---|
| Last Day for Overture to File Opening Claim Construction Brief and Supporting Evidence | Patent L.R. 4-5 | 2/13/03[3] |
| Last Day for Google to File Responsive Claim Construction Brief and Supporting Evidence | Patent L.R. 4-5 | 2/27/03 |
| Last Day for Overture to File Reply Claim Construction Brief and Rebuttal Evidence | Patent L.R. 4-5 | 3/10/03 |
| Last Day for Simultaneous Exchange of Proposed Exhibits for Claim Construction Prehearing Conference and Claim Construction Hearing | | 3/13/03 |
| Technology Tutorial for Court and Claim Construction Prehearing Conference (if desired by the Court separate from the Claim Construction hearing) | | on or about 3/17/03 |
| Claim Construction Hearing | Patent L.R. 4-6 | on or about 3/24/03 |
| Service of Markman Ruling by Court | | To be determined by the Court |
| Last Day for Overture to Serve Final Infringement Contentions | Patent L.R. 3-6(a) | 30 days after service of the Markman ruling |
| Last Day for Google to Serve Final Invalidity Contentions | Patent L.R. 3-6(b) | 50 days after service of the Markman ruling |
| Non-Expert Discovery Cut-Off | 8/29/03 | 8/29/03 |

///

///

---

discovery is thirty days after 12/30/02 (the default deadline for the filing of a joint claim construction statement).

[3] By default, per Patent L.R. 4-5, the opening claim construction brief is due forty-five calendar days after filing of the joint claim construction statement. The parties' proposed due date for the opening claim construction brief is forty-five days after 12/30/02 (the default deadline for the filing of a joint claim construction statement).

JOINT REPORT, CASE MANAGEMENT STATEMENT, AND [PROPOSED] ORDER - 5 -

The parties propose the following alternative expert discovery and pre-trial schedules:

| Event | Overture's Proposed Date | Google's Proposed Date |
|---|---|---|
| Last Day to Disclose Affirmative Experts (*i.e.*, any expert who will testify on an issue for which the disclosing party bears the burden of proof) | 9/29/03 | 9/19/03 |
| Last Day to Disclose Rebuttal Experts (*i.e.*, any expert who will offer evidence intended solely to contradict or rebut an Affirmative Expert on the same subject matter disclosed by the Affirmative Expert) | 10/29/03 | 10/10/03 |
| Expert Discovery Cut-Off | 11/21/03 | 10/31/03 |
| Last Day to File Dispositive Motions | 12/12/03 | 11/12/03[4] |
| Last Day to File Oppositions to Dispositive Motions | 1/8/04 | 11/26/03 |
| Last Day to File Replies in Support of Dispositive Motions | 1/22/04 | 12/5/03 |
| Last Day for Hearings on Dispositive Motions | 2/5/04 | 12/19/03 |
| Pre-Trial Conference | on or about 4/5/04 | on or about 1/12/04 |

## IV. TRIAL SCHEDULE

### A. Trial Date

Overture requests that trial be set on or about: May 4, 2004.

Google requests that trial be set on or about: February 9, 2004.

///

///

///

---

[4] The briefing schedule proposed by Google departs slightly from the default deadlines, per the Local Rules; Google's proposed changes are intended to accommodate the Thanksgiving holiday.

JOINT REPORT, CASE MANAGEMENT STATEMENT, AND [PROPOSED] ORDER - 6 -

**B. Trial Length**

The parties expect that the trial will last approximately 15 days.

Dated: August 19, 2002          BRINKS HOFER GILSON & LIONE


By: _____/s/_____
Jack C. Berenzweig
Attorney for Plaintiff
OVERTURE SERVICES, INC.

Dated: August 19, 2002          KEKER & VAN NEST, L.L.P


By: _____/s/_____
Jon B. Streeter
Attorney for Defendant
GOOGLE INC.

SO ORDERED.

Dated: _____
                                Hon. Charles R. Breyer
                                Judge, United States District Court

I hereby attest, pursuant to section X of General Order 45, that concurrence in the filing of this document has been obtained from Jack C. Berenzweig and Jon B. Streeter.

Dated: August 19, 2002    By: _____/s/_____
Charles M. McMahon
BRINKS HOFER GILSON & LIONE
Attorney for Plaintiff
OVERTURE SERVICES, INC.