# EXHIBIT T

## FACSIMILE COVER SHEET

| | | |
|---|---|---|
| Date: | February 12, 2003 | |
| To: | Christine P. Sun | |
| Fax No: | (415) 397-7188 | |
| From: | Charles M. McMahon | |
| Tel. No: | (312) 321-4782 | |
| Client No: | 9623 | |

No. of Pages
(inc. this page):    6

Confirmation Copy To Follow:    Yes ☐    No ☒

IF YOU HAVE ANY PROBLEMS RECEIVING THIS MESSAGE,
PLEASE CALL 312-321-4200 AND ASK FOR: <u>Bridget Nwaokai</u>

THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED. IT MAY CONTAIN PRIVILEGED, CONFIDENTIAL, ATTORNEY WORK PRODUCT, OR TRADE SECRET INFORMATION WHICH IS EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAWS. IF YOU ARE NOT THE INTENDED RECIPIENT, OR AN EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE (AND ALL COPIES) TO US BY MAIL AT THE ABOVE ADDRESS. WE WILL REIMBURSE YOU FOR POSTAGE.

## COVER MESSAGE:

BRINKS
HOFER
GILSON
& LIONE

A Professional Corporation
Intellectual Property Attorneys

NBC Tower - Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Facsimile 312-321-4299
Telephone 312-321-4200

San Jose, CA
Indianapolis, IN
Ann Arbor, MI
Arlington, VA

**Charles M. McMahon**
312-321-4782
cmcmahon@brinkshofer.com

**BRINKS**
**HOFER**
**GILSON**
**& LIONE**

February 12, 2003

A PROFESSIONAL CORPORATION
INTELLECTUAL PROPERTY ATTORNEYS

NBC TOWER - SUITE 3600
455 N. CITYFRONT PLAZA DRIVE
CHICAGO, ILLINOIS 60611-5599
www.brinkshofer.com
FAX 312-321-4299
TELEPHONE 312-321-4200

*via facsimile*
(415) 397-7188

SAN JOSE, CA
INDIANAPOLIS, IN
ANN ARBOR, MI
ARLINGTON, VA

Christine P. Sun, Esq.
KEKER & VAN NEST, L.L.P.
710 Sansome Street
San Francisco, CA 94111-1704

Re: ***Overture Services, Inc. v. Google Inc.,***
**Civ. No. C02-01991 (N.D. Cal.)**

Dear Christine:

This is in response to your letter of February 5, 2003, regarding Overture's objections to Google's first set of discovery requests.

First, Overture maintains its objection to the production of documents created after the filing date of the lawsuit, not just as to particular requests, but as to all requests. However, Overture has not withheld any documents on this basis, and has no present plans to do so.

The following are Overture's responses to your letter with respect to particular document requests.

**Response to RFP Nos. 16-22**

Overture maintains its objection that RFP Nos. 16-22 are overly broad and unduly burdensome, particularly to the extent that those requests seek production of additional source code for every version of Overture's sponsored search systems. Overture already has produced over 400 separate versions of its source code relating to sponsored search systems that existed prior to the date Overture filed its application for the '361 patent. This production included over 35 gigabytes of data that Overture produced on 14 DVD-ROMs. Production of additional source code for Overture's sponsored search systems that existed since the patent application filing date would involve at least three times that volume of data.

Notwithstanding its objections, in an effort to resolve this dispute, and to the extent such documents can be located after a reasonable search, Overture will produce non-privileged documents, other than additional source code, that are responsive RFP Nos. 16-22.

Christine P. Sun, Esq.
February 12, 2003
Page 2

If Google believes that production of additional Overture source code is important enough to justify the extensive burden of its production, please explain the basis of your belief.

**Response to RFP No. 23**

We confirm that Overture will produce the file histories of all the U.S. patent applications that claim priority to the '361 patent. With respect to the file histories of foreign counterpart applications, however, Overture maintains its objection on the grounds of relevance. Please explain your basis for seeking foreign file histories.

**Response to RFP No. 24**

Overture maintains its objection to RFP No. 24 on the basis that it is overly broad and unduly burdensome. However, we can we can confirm that after a reasonable search, we have found no non-privileged documents that are responsive to this request.

**Response to RFP No. 26**

Google's RFP No. 26 includes two phrases that are vague and ambiguous— "Overture's Paid Listing System" and "the marketplace." In responding to this request, Overture has interpreted "Overture's Paid Listing System" to include the paid listing system that Overture (formerly GoTo) began developing in January or February 1998, as well as all subsequent commercial embodiments of the invention claimed in the '361 patent. Similarly, Overture has interpreted "the marketplace" to mean the market for such systems and the services they provide.

**Response to RFP No. 28**

In responding to this request, Overture interpreted "Overture's Paid Listing System" as described above with respect to RFP No. 26.

**Response to RFP Nos. 30-42, 47-49, 69, 70, 77, 94, and 95**

In responding to RFP Nos. 30-33, 47-49, 70, 77, 94, and 95, Overture has interpreted "Overture's Paid Listing System" as described above with respect to RFP No. 26.

With respect to RFP Nos. 34-41 and 69, we remind you of the agreement we reached with Jon Streeter and Michael Kwun regarding the phasing of damages discovery. The

Christine P. Sun, Esq.
February 12, 2003
Page 3

parties agreed to phase damages discovery, including at least the production of documents and information that contain only financial figures. Based on this agreement, Overture maintains its objection to RFP Nos. 34-41 and 69, which seek documents such as income statements, balance sheets, and profit and loss statements, because these documents relate only to damages. Overture will produce such documents during the damages phase of discovery. Presumably, this is Google's intent as well, given that Google has not yet produced documents responsive to Overture's similar RFP Nos. 38-42.

If Google wishes to rescind the agreement to phase damages discovery, we trust that Google also will produce damages-related documents and information at this time. Please confirm whether or not your intent is to rescind that agreement.

**Response to RFP No. 51**

Overture maintains its objection to this request, as stated in our letter of January 21, 2003. Again, Overture will produce relevant, non-privileged documents related to disputes involving the '361 patent. You have agreed to limit this request to documents related to disputes concerning the '361 patent, all patents and applications that claim priority to the '361 patent, all patents and applications that relate to Overture's Paid Listing System, and all trade secret disputes concerning Overture's Paid Listing System. Overture believes that even this limited version of RFP No. 51 is objectionable on the grounds of relevancy and undue burden. However, we can confirm that after a reasonable search, we have found no non-privileged documents that are responsive to this limited version of RFP No. 51, other than those Overture already has agreed to produce. In coming to this conclusion, we have interpreted "Overture's Paid Listing System" as described above with respect to RFP No. 26.

**Response to RFP Nos. 53 and 54**

Overture maintains its objection to these requests on the grounds of relevancy and undue burden. Overture does not know the identities of all Google customers. Even to the extent that some Google customers may also be Overture customers, Overture does not know which customers those may be. Moreover, RFP Nos. 53 and 54 call for even routine communications with such customers, which have nothing to do with any claim or defense involved in the present lawsuit.

To be sure, to the extent that non-privileged documents responsive to RFP Nos. 53 and 54 are also responsive to other requests, such as RFP Nos. 25, 28, or 52, Overture has produced or will produce those documents. However, Overture cannot agree to produce all documents responsive to RFP Nos. 53 and 54 because those requests are overbroad, unduly burdensome, and not relevant to any claim or defense in this case.

Christine P. Sun, Esq.
February 12, 2003
Page 4

**Response to RFP Nos. 65-66**

In its original response, Overture objected to RFP Nos. 65 and 66 on the grounds that these requests are overly broad and unduly burdensome, and Overture maintains that objection. To the extent that documents responsive to these requests are also responsive to other non-objectionable requests, Overture will produce those documents.

**Response to RFP No. 71**

We do not understand what Google means by its request for "documents sufficient to identify the titles and responsibilities" of the individuals described. To the extent that relevant, non-privileged documents contain the names and/or responsibilities of such individuals, Overture has produced or will produce those documents. If RFP No. 71 is intended to be broader than this, please explain how we should interpret this request.

**Response to RFP Nos. 84 and 86**

Your letter appears to contain an internal inconsistency with respect to requests for patent applications. With respect to RFP No. 23, Google has agreed that the proper scope of discovery includes only file histories for those U.S. patent applications that claim priority to the '361 patent. By comparison, RFP No. 84 calls for the same patents and file histories sought by RFP No. 23, plus all documents relating to communications with any third party about any specific Overture patent application. We can confirm that after a reasonable search, we have found no non-privileged documents relating to communications with a third party about a specific Overture patent application. The remainder of RFP No. 84 is merely redundant of RFP No. 23.

RFP No. 86 clearly is overly broad, in that seeks documents related to all of Overture's intellectual property, including even copyrights and trademarks. Such documents are not relevant to any claim or defense in this case. Nevertheless, we can confirm that after a reasonable search, we have found no responsive, non-privileged documents.

**Response to RFP No. 100**

Notwithstanding its objections to this request, Overture will produce presentations that relate to the paid listing system that Overture began developing in January or February 1998 and commercial embodiments of the inventions claimed in the '361 patent.

Christine P. Sun, Esq.
February 12, 2003
Page 5

**Response to Interrogatory No. 3**

We acknowledge your reference to Rule 33(d), but the problem lies in the scope of the interrogatory, not in the specificity of Overture's response. Interrogatory No. 3 is clearly objectionable, particularly given that Overture's entire business is related to sponsored search systems. A response of the type you seek would require a complete history of every aspect of Overture's business, which clearly is overly broad and unduly burdensome. As it stands, Overture's response under Rule 33(d) is not improper because every document Overture has produced or will produce is relevant to this interrogatory.

If Google reduces the scope of the interrogatory to a reasonable scope, Overture will provide a specific response or designate a more specific range of documents pursuant to Rule 33(d).

**Response to Interrogatory No. 6**

In response to your request for clarification, Overture will provide a supplemental response to Interrogatory No. 6, with the understanding that the phrase "any market for Sponsored Search Systems" refers to the market for the paid listing system that Overture (formerly GoTo) began developing in January or February 1998, as well as all subsequent commercial embodiments of the invention claimed in the '361 patent.

Further to our letter of January 21, 2003, Overture will produce supplemental technical and market research documents on or before Friday February 28, 2003. In the meantime, Overture will produce documents responsive to all other outstanding requests and responses to Google's Interrogatory Nos. 4 and 6 on or before Friday, February 21, 2003.

We believe that we have addressed your concerns completely, but are available to discuss any remaining issues more fully in a conference. If any issues do remain, we remind you of your obligation, under Local Rules 37-1 and 1-5(n), as well as Judge White's Standing Order, to arrange an in-person conference with us before filing a motion to compel.

If you have any questions or would like to arrange a conference, please call me.

Best Regards,

Charles M. McMahon

```
************ -COMM. JOURNAL- ******************* DATE FEB-12-2003 ***** TIME 18:01 **********

              MODE = MEMORY TRANSMISSION          START=FEB-12 17:58      END=FEB-12 18:01

              FILE NO.=386

        STN    COMM.    ONE-TOUCH/   STATION NAME/TEL NO.              PAGES       DURATION
        NO.             ABBR NO.

        001    OK       ☎            *#57-09623-9-14153977188          006/006     00:02:06


                                                         -BGH & L                  -

********************************** -BGH & L     - ***** -     312 321 4299- **********
```

# BRINKS HOFER GILSON & LIONE

**FACSIMILE COVER SHEET**

A Professional Corporation
Intellectual Property Attorneys

Date:         February 12, 2003

To:           Christine P. Sun
Fax No:       (415) 397-7188

NBC Tower - Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Facsimile 312-321-4299
Telephone 312-321-4200

From:         Charles M. McMahon
Tel. No:      (312) 321-4782

Client No:    9623

No. of Pages
(inc. this page):    6

San Jose, CA
Indianapolis, IN
Ann Arbor, MI
Arlington, VA

Confirmation Copy To Follow:    Yes ☐    No ☒

IF YOU HAVE ANY PROBLEMS RECEIVING THIS MESSAGE,
PLEASE CALL 312-321-4200 AND ASK FOR: Bridget Nwaokai

THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED. IT MAY CONTAIN PRIVILEGED, CONFIDENTIAL, ATTORNEY WORK PRODUCT, OR TRADE SECRET INFORMATION WHICH IS EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAWS. IF YOU ARE NOT THE INTENDED RECIPIENT, OR AN EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE (AND ALL COPIES) TO US BY MAIL AT THE ABOVE ADDRESS. WE WILL REIMBURSE YOU FOR POSTAGE.

**COVER MESSAGE:**