# EXHIBIT U

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

MICHAEL S. KWUN
MSK@KVN.COM

March 12, 2003

**VIA FACSIMILE & U.S. MAIL**

Jason C. White, Esq.
Brinks Hofer Gilson & Lione
NBC Tower - Suite 3600
455 N. Cityfront Plaza Drive
Chicago, IL 60611

Re:  *Overture Services, Inc. v. Google Inc.*

Dear Jason:

I write to respond to various concerns you have raised about Google's responses to discovery propounded by Overture. At the outset, I note that the parties are still in discussions regarding an appropriate protocol for handling the search for electronic mail stored in electronic form that may be responsive to discovery requests. As you may be aware, Jon Streeter sent a proposal to Jack Berenzweig in mid-September about this. Sometime thereafter, there were some brief telephone discussions about it, and around that time Charlie agreed to send me comments on Jon's proposal.

This is approximately where things stood until the December hearing on Google's motion regarding Overture's preliminary infringement contentions. Immediately after that hearing, Charlie and I agreed that I would draft a supplemental protective order regarding source code, and that he would draft something regarding email discovery. The supplemental source code protective order entered in January. In mid-February, Charlie emailed me a proposed email discovery protocol. As I mentioned to you in our telephone conversation earlier this afternoon, I am hoping to get back to Charlie with a response next week.

Once the parties have reached an agreement regarding a protocol for email discovery, I expect that both parties will need to supplement their document productions. Such supplementation may include documents responsive to Overture's first set of document requests. I except such documents from the discussion below.

In addition, the parties have agreed to defer discovery that relates to damages only. This includes a number of the document requests you discussed in your February 18, 2003 letter. Again, my responses below are not intended to reach issues related to deferred discovery.

308760.01

Jason C. White, Esq.
March 12, 2003
Page 2

Moreover, as I am sure you understand, it is always possible that non-objectionable, non-privileged, responsive documents may have inadvertently been missed, notwithstanding Google's efforts to conduct a diligent search for such documents. If we locate such inadvertently omitted documents, we will of course produce them.

### Possession, Custody or Control

I can confirm that Google is not withholding documents on the ground that they are in its custody or control, but not in its literal "possession."

### Redacted Documents

The documents Bates-stamped GOG 551, 614, 647, 3040, and 3300 have been redacted to remove information that reflects privileged communications between Google employees and in-house counsel.

If there are other redactions that I have failed to mention, please call them to my attention.

### Confidential or Proprietary Information

In light of the stipulated protective orders that have entered since Google served responses to Overture's document requests, Google is not withholding documents based on their confidential or proprietary nature.

### RFP Nos. 1-15

I disagree with your statement that Google has produced no documents responsive to these requests. To take but the simplest example, Google has produced copies of the patent-in-suit, which is of course a document that relates to the 361 patent (RFP No. 3).

In any event, aside from electronically stored emails, and subject to its stated objections, Google has produced all non-privileged responsive documents that it has been able to locate after a diligent search, except that it appears that Google may have inadvertently omitted to produce a copy of the patent-in-suit's file history. Please let me know whether you want Google to produce a copy of the file history, or whether my representation, in this letter, that Google possessed a copy of the file history prior to Overture producing it suffices.

### RFP Nos. 1-3, 6, 7, 12, and 59

Google has not attempted to produce copies of documents that Overture has itself produced to Google in this litigation. With that caveat aside, I can confirm that Google is not withholding documents on the basis that those documents are more readily available from Overture or other sources.

308760.01

Jason C. White, Esq.
March 12, 2003
Page 3

### RFP Nos. 4-9, 13-15, 28, and 29

Patent L.R. 2-5 states that parties may object to discovery seeking opinions of counsel and related documents prior to the date set by the Patent Local Rules for such disclosure – fifty days after service of a claim construction order, per Patent L.R. 3-8. Google will not identify or produce such documents until required to by Patent L.R. 3-8.

### RFP Nos. 7-9, 16-29, 32-46, 48-49, 53-56, 58, 61, and 64-66

First, I note that Google's responses were served prior to any discussions concerning the ambiguities in Overture's definition of "Google's Sponsored Search System." In any event, Google's search for and production of documents responsive to these RFP Nos. 7-9 was generally consistent with the notion that "Google's Sponsored Search System" means Google AdWords Select.

However, even a definition of "Google's Sponsored Search System" that is limited to Google AdWords Select is overbroad, as there are many aspects of Google's system that bear no relationship to any of the features claimed by the 361 patent – even assuming, for purposes of discovery, a very broad construction of the claim language. In conjunction with the broadening phrase "related to," this renders many aspects of the document requests overbroad.

I will address your concerns with respect to certain specific requests in this group below.

### RFP No. 24

It has come to my attention that Google inadvertently omitted to produce documents responsive to these requests. We will collect and review them, and produce such documents as soon as possible. However, as noted above, the request is overbroad even if "Google's Sponsored Search System" is limited to Google AdWords Select. Nonetheless, it may be that any disagreement we have on this point may be moot. I will review the documents Google has, so that I can determine whether we need to discuss narrowing the scope of this document request.

### RFP No. 25

I will look into this matter further. However, I note that invention disclosures submitted to Google by its employees are, as a general matter, privileged communications regarding potential or actual patent prosecution.

### RFP No. 28

I will look into this matter further, but (subject to my discussion of "Overture's Sponsored Search System," below) Google has not withheld any non-privileged documents of which it is aware that are responsive to this request.

308760.01

Jason C. White, Esq.
March 12, 2003
Page 4

### RFP Nos. 28-29 and 61

Google's responses were based on the understanding that "Overture's Sponsored Search System" refers to Overture's cost-per-click text ad system, as exemplified by searches that can be conducted using the "Search the Web" form at http://www.overture.com/d/home/ (or at Overture affiliate sites known to Google). Please let me know if this information resolves your concerns.

### RFP No. 31

I will look into this matter further. If there are such documents, we will produce them.

### RFP Nos. 46, 47 and 48

Executed agreements appear at GOE 30230-543. Many of those agreements also include indemnification provisions (see, e.g., GOE 30356). After you have reviewed those documents, please let me know if you have further concerns.

### RFP No. 51

Google has not withheld any non-privileged documents responsive to this request of which it is aware.

### RFP No. 58

As presently framed, this request would appear to encompass, for example, every complaint regarding billing made by any advertiser using the Google AdWords Select system. As such, it is overbroad. Please let me know what Overture intended by this request, and I will be better able to respond to any concerns you might have.

### RFP Nos. 64-66

Executed agreements between Google and AOL and AskJeeves are included among the documents Bates-stamped GOE 30230-543. I will look into this matter further as it relates to AT&T.

### RFP Nos. 67

Google has not withheld any non-privileged documents of which it is aware that are responsive to this request.

### RFP No. 68

Google did undertake to locate all documents responsive to this request, but I am checking with my client again to determine whether there are any such documents.

308760.01

Jason C. White, Esq.
March 12, 2003
Page 5

### Interrogatories No. 3 and 4

I believe all of your concerns are addressed in Google's supplemental responses, which were served on November 27, 2002. Once you have reviewed those responses, please let me know if you still have questions.

### Verifications

I will provide you with verifications for Google's interrogatory responses. It may take me a few days to get these to you.

Please let me know if there are issues that you would like to address further.

Sincerely,

Michael S. Kwun

MSK/jlc

308760.01

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188

7

## FACSIMILE TRANSMISSION COVER SHEET

March 12, 2003

| To | Telephone | Facsimile |
|---|---|---|
| Jason C. White, Esq. Brinks Hofer Gilson & Lione Chicago, IL 60611 | (312) 321-4200 | (312) 321-4299 |

| From | Telephone | Code |
|---|---|---|
| Michael S. Kwun, Esq. | (415) 391-5400 | 5784/jlc |

Re    Overture v. Google

Number of Pages (Including Cover): _____

### ORIGINAL WILL FOLLOW THIS TRANSMISSION

### COMMENTS

Please see attached.

Operator _____                              Time Sent _____

### IF YOU ENCOUNTER ANY DIFFICULTIES RECEIVING THIS TRANSMISSION, PLEASE CALL (415) 676-2277 OR (415) 391-5400

The information contained in this facsimile transmission is legally privileged and confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone, and return the original transmission to us at the above address via the U.S. Postal Service. Thank you.

290088.01