# EXHIBIT V

LAW OFFICES
# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

MICHAEL S. KWUN
MSK@KVN.COM

April 17, 2003

**VIA FACSIMILE & U.S. MAIL**

Jason C. White, Esq.
Brinks Hofer Gilson & Lione
NBC Tower - Suite 3600
455 N. Cityfront Plaza Drive
Chicago, IL  60611

Re:   *Overture Services, Inc. v. Google Inc.*

Dear Jason:

      I write to follow up on our previous discussions regarding Google's discovery responses, and specifically to address the issues raised in your April 16, 2003 letter.

      First, regarding Overture's Interrogatory No. 3, you take issue with my letter noting that it would take longer to supplement Google's response to that interrogatory than originally expected. You note that Google's response was due seven months ago. Of course, Google did respond seven months ago, and in its response it objected to Interrogatory No. 3 on several grounds. When Overture requested that Google supplement its response to Interrogatory Nos. 3 and 4, Google did so. At that time, the only issue Overture raised was which Google advertising programs were "Google's Sponsored Search Systems," within the meaning of that term as defined by Overture. Based on discussions between counsel, Overture clarified that the Overture-defined term "Google's Sponsored Search Systems" should be understood to be limited to "cost-per-click" systems. At no time during these discussions did Overture suggest that Google's objection to the interrogatory, on the ground that it is compound, was ill-taken. Only recently did Overture request that Google supplement its response to identify persons involved in the development of AdWords Select, and it was not until the end of last month that Google agreed to supplement its response. In light of the foregoing events, I disagree that Google's conduct is "unacceptable."

      With regard to prosecution histories for Google patent applications, I agreed to review Google's patent prosecution materials, to see whether it would be possible to avoid the need to address Google's concerns about the scope of Overture's request. Unfortunately, I now believe that that discussion is necessary. As I explained during our earlier telephone call, there simply is

310754.01

Jason C. White, Esq.
April 17, 2003
Page 2

no basis for assuming that all patent applications that relate to Google AdWords Select are relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence. Please explain why you believe these documents are all discoverable or, in the alternative, narrow the scope of the request.

Please also note that, even assuming Google ultimately does agree to produce some patent prosecution documents, we do not feel it would be appropriate to produce them to your firm or to allow your firm to review them. In reviewing the patent applications produced by Overture, we noted that your firm is still actively serving as patent prosecution counsel for Overture. Indeed, your firm is actively prosecuting applications that claim priority to the 361 patent application. In light of your firm's dual role as trial counsel and patent prosecution counsel, we believe that, in the event that Google produces any of its confidential patent prosecution documents, access to those documents should be limited to Overture's other trial counsel, Latham & Watkins.

Regarding Request for Production Nos. 1-15 and 61, my notes from our March 12, 2003 telephone conversation reflect that I agreed to produce a copy of the 361 prosecution history that was in Google's possession prior to Overture's production of the 361 prosecution history. Google produced this material on March 20, 2003. My notes do not reflect further matters that required additional investigation. Please let me know what you had in mind regarding these requests.

Request No. 24 seeks patent prosecution materials, which I have addressed above.

All Google invention disclosures are submitted to in-house counsel, and are privileged. As such, there are no non-privileged documents responsive to Request No. 25.

Aside from documents previously produced, Google is not aware of any non-privileged documents within its possession, custody or control that are responsive to Request Nos. 28 and 29, as those requests are understood by Google, per my explanation in my March 12, 2003 letter. My notes from our telephone call that day reflect that you were going to consider attempting to clarify your definition of "Overture's Sponsored Search System." Because I have not received any further correspondence on this point, I continue to rely on the explanation of that term that I set forth in my March 12, 2003 letter.

Google does not produce annual reports and does not have a written document retention policy. As such, there are no documents responsive to Request Nos. 31 and 68.

Google supplemented its production of documents responsive to Request Nos. 46 through 48 on March 24, 2003. Please let me know if you have further concerns.

In reviewing my notes, I see that I inadvertently omitted to follow up on issues relating to Request No. 58. I will do so and get back to you.

310754.01

Jason C. White, Esq.
April 17, 2003
Page 3

      Please note that the foregoing statements are subject to the caveats I raised in my March 12, 2003 letter – for example, regarding the e-mail discovery protocol. In that respect, please note that I am still awaiting a response from Charlie regarding the proposal I sent him by e-mail on April 3, 2003.

      In your April 16, 2003 letter, you suggested that we discuss the issues raised by your letter today at 2:00, Pacific Time. In light of my letter, if you believe there are still issues that require discussion, I will be available at that time.

                                                                    Sincerely,

                                                                    Michael S. Kwun

MSK/jlc

310754.01

LAW OFFICES
# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188

## FACSIMILE TRANSMISSION COVER SHEET

April 17, 2003

| To | Telephone | Facsimile |
|---|---|---|
| Jason C. White, Esq.<br>Brinks Hofer Gilson & Lione<br>Chicago, IL 60611 | (312) 321-4200 | (312) 321-4299 |

| From | Telephone | Code |
|---|---|---|
| Michael S. Kwun, Esq. | (415) 391-5400 | 5784/jlc |

Re   Overture v. Google

Number of Pages (Including Cover): 4

### ORIGINAL WILL FOLLOW THIS TRANSMISSION

### COMMENTS

Please see attached.

Operator _____                         Time Sent _____

### IF YOU ENCOUNTER ANY DIFFICULTIES RECEIVING THIS TRANSMISSION, PLEASE CALL (415) 676-2277 OR (415) 391-5400

The information contained in this facsimile transmission is legally privileged and confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone, and return the original transmission to us at the above address via the U.S. Postal Service. Thank you.

290088.01