1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  DARALYN J. DURIE - #169825
   CHRISTINE P. SUN - #218701
3  RAVIND S. GREWAL - #220543
   710 Sansome Street
4  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
5  Facsimile:  (415) 397-7188

6  Attorneys for Defendant and Counterclaimant
   GOOGLE INC.
7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12 | OVERTURE SERVICES, INC.,              | Case No. C 02-01991 JSW (EDL)
13 |         Plaintiff and Counterdefendant, | **GOOGLE'S MISCELLANEOUS ADMINISTRATIVE REQUEST RE: OVERTURE'S REVISED CLAIM CONSTRUCTIONS AND [PROPOSED] ORDER**
14 |     v.                                |
15 | GOOGLE INC.,                          |
16 |         Defendant and Counterclaimant. | **[Local Civil Rule 7-10]**

325409.01

GOOGLE'S MISCELLANEOUS ADMINISTRATIVE REQUEST RE: OVERTURE'S REVISED CLAIM
CONSTRUCTIONS AND [PROPOSED] ORDER
CASE NO. C 02-01991 JSW (EDL)

Dockets.Justia.com

**REQUEST**

Pursuant to Civil Local Rules 7-10(b) and 7-3(d), or in the alternative pursuant to Civil Local Rules 7-10(a) and 7-3(d), Google hereby seeks leave to file a sur-reply in connection with Overture's very recent revisions of its proposed constructions for "search listing" and "search result list." Google's sur-reply would be limited to addressing those revised terms and be no more than five pages, due seven days after Overture's reply brief. Overture has refused to stipulate to Google's proposed sur-reply.

The basis for Google's request is Overture's extreme delay in revising its constructions of these claim terms. Overture has had many months to consider Google's fully briefed objections in Google's responsive claim construction brief filed in August 2003, but only 10 days ago gave notice of its revisions. *See* Declaration of Christine P. Sun In Support of Miscellaneous Administrative Request, ¶ 2. Even worse is that Overture's notice failed to provide any support for its revisions, leaving Google only to guess at what Overture's arguments might be in its reply brief.

A prime example of Overture's lack of candidness, and the ambiguity resulting therefrom, is its revision of "search result list." Overture has changed its proposed construction of this term from "a *set* of search listings that is obtained by calculation" to "a *series* of search listings than is obtained as a consequence of the examination of data." Google's proposed construction is: "the *series* of entries, selected from the database being searched by a searcher, *arranged one after the other*, containing the information responsive to the searcher's search." Overture has explained, without more, that its replacement of "set" to "series" moots Google's objections. *Id.* at ¶ 5, Exh.C.

But Google, in addition to its concerns about the word "set," also objected to Overture's prior definition to the extent that it did not make clear that a search result list is an *ordered* series of search listings. As Overture has not expressly adopted Google's proposed language of "arranged one after the other," it remains unclear if Overture has conceded that a search result is not only a "series of entries," but also an *ordered* series of listings. The upshot is that Google has been forced to use its limited space in its responsive brief to address a dispute that may not

1  exist. More importantly, to the extent that Overture argues that a "search result list" is a series of
2  listings, but one which need not be *ordered*, Google has little clue what Overture's support for
3  that interpretation might be.

4  Similarly, Overture contends that it has replaced "calculation" with "the examination of
5  data" to "add clarity to Overture's proposed construction to search result list," without any
6  further explanation or any citations to intrinsic or extrinsic evidence that support its new
7  definition. *See* Sun Decl., Exh. A. Absent the opportunity to review and consider Overture's
8  *fully briefed* arguments and evidence in support of its revisions, Google will not have a fair shot
9  at responding to Overture's proposed definitions in its one filing permitted under the current
10 briefing schedule.

11 In sum, while Overture is correct that this Court's Patent Standing Order discourages but
12 does not prohibit a party from revising its proposed claim construction after the filing of the Joint
13 Claim Construction Statement, Overture should not be allowed to gain tactical advantage by its
14 lack of diligence in considering and responding to Google's arguments. Moreover, Overture is
15 wrong when it claims that Google will have the opportunity to respond to its revisions. As
16 shown above, Overture has provided no argument or evidence in support of its revised
17 constructions or even attempted to explain to Google what its revisions mean. Whether
18 Overture's circumspection is intentional or not, the result is that unless Google is permitted to
19 file a sur-reply, Google will not in fact have the ability to address the *merits* of Overture's
20 revisions. Finally, the Court should grant Google's request because the sur-reply would have no
21 effect on the schedule for this case, as the claim construction hearing and tutorial are set to occur
22 in March, 2004.
23 //
24 //
25 //
26 //
27 //
28

2
GOOGLE'S MISCELLANEOUS ADMINISTRATIVE REQUEST RE: OVERTURE'S REVISED CLAIM
CONSTRUCTIONS AND [PROPOSED] ORDER
CASE NO. C 02-01991 JSW (EDL)

325409.01

1  For the reasons stated above, Google respectfully requests that the Court grants its
2  request for leave to file a sur-reply.

3  Dated: January 30, 2004                    KEKER & VAN NEST, LLP

6  By:    /s/ Christine P. Sun
   CHRISTINE P. SUN
   Attorneys for Defendant and
7  Counterclaimant GOOGLE INC.

325409.01

3
GOOGLE'S MISCELLANEOUS ADMINISTRATIVE REQUEST RE: OVERTURE'S REVISED CLAIM
CONSTRUCTIONS AND [PROPOSED] ORDER
CASE NO. C 02-01991 JSW (EDL)

**[PROPOSED] ORDER**

The Court has considered the January 30, 2004 miscellaneous administrative request by Google Inc. ("Google") for an order permitting leave to file a sur-reply to Overture Services, Inc.'s claim construction reply brief.

Good cause appearing, the Court GRANTS the Google's request. Google is permitted to file a sur-reply limited to the terms "search listing" and "search result list" of no more than five pages. The sur-reply must be filed no later than February 20, 2004.

IT IS SO ORDERED.

Dated: _____

HON. JEFFREY S. WHITE
United States District Judge

4
GOOGLE'S MISCELLANEOUS ADMINISTRATIVE REQUEST RE: OVERTURE'S REVISED CLAIM CONSTRUCTIONS AND [PROPOSED] ORDER
CASE NO. C 02-01991 JSW (EDL)

325409.01