# HellerEhrman
### A T T O R N E Y S

January 22, 2004

Andrew C. Byrnes
AByrnes@hewm.com
Direct (650) 324-7021
Main (650) 324-7000
Fax (650) 324-0638

05392.0150

*Via Facsimile & U.S. Mail*

Christine P. Sun
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111-1704

**Re:     Overture Services, Inc. v. Google Inc.**

Dear Christine:

This letter responds to your letter of January 21, 2004 regarding Overture's revised proposed constructions of "search listing" and "search result list."

Overture has considered your demand that it stipulate to Google's filing of a sur-reply of no more than 5 pages one week after Overture's reply brief. For the reasons set forth below, Overture cannot agree to your request.

As an initial matter, the Court's Standing Order for Patent Cases does not provide for a sur-reply, even when a party proffers a revised construction in its reply brief. *See* Standing Order, ¶ 5. It would be improper, therefore, for the parties to stipulate to such a sur-reply.

In addition, there is nothing "improper" about the nature or timing of Overture's revised proposed constructions. Overture's revisions are designed to eliminate disputes between the parties and clarify the terms to accord better with their ordinary meanings. Specifically, Overture's revisions make four changes to its definitions. Two of those revisions deleted or changed words or phrases to which Google objected: "that includes at least one search term" in "search listing" and "set" in "search result list." These revisions moot objections that Google no longer needs to address in its brief. The other two revisions - - adding "which may be paid or unpaid" to "search listing" and substituting "obtained as a consequence of the examination of data" for "obtained by calculation" in "search result list" -- add clarity to Overture's proposed constructions and should either be unobjectionable or require little additional response. Additionally, the citations in the Joint Claim Construction Statement supporting Overture's previous constructions of the terms also support its revised constructions.

With respect to timing, while the Standing Order permits but discourages proposing new constructions in a reply brief, it does not discourage revisions proffered when the

---

Heller Ehrman White & McAuliffe LLP   275 Middlefield Road   Menlo Park, CA  94025-3506   www.hewm.com

San Francisco   **Silicon Valley**   Los Angeles   San Diego   Seattle   Portland   Anchorage   New York   Washington, D.C.   Madison, WI
Hong Kong   Singapore   *Affiliated Offices:*   Milan   Paris   Rome

Dockets.Justia.com

# HellerEhrman
ATTORNEYS

opposing party has an opportunity to respond. *See id.* Overture notified Google of its revised constructions well in advance of its reply brief, and fully 10 days prior to the date on which Google will file its response brief. Given the nature and scope of the revisions, Google should be able to address fully the revised constructions in its brief.

Please do not hesitate to contact me if you have any further questions regarding this matter.

Sincerely yours,

Andrew C. Byrnes

cc:    Jason C. White, Esq.