1  ROBERT T. HASLAM (#71134)
2  ROBERT D. FRAM (#126750)
   M. PATRICIA THAYER (#90818)
3  S. ELIZABETH MITCHELL (#187053)
   HELLER EHRMAN WHITE & MCAULIFFE LLP
4  333 Bush Street
5  San Francisco, CA 94104-2878
   Telephone: (415) 772-6000
6  Facsimile: (415) 772-6268

7  BRINKS HOFER GILSON & LIONE
8  JACK C. BERENZWEIG
   WILLIAM H. FRANKEL
9  JASON C. WHITE
   CHARLES M. MCMAHON
10 NBC Tower--Suite 3600
11 455 North Cityfront Plaza Drive
   Chicago, Illinois 60611
12 Telephone: (312) 321-4200
   Facsimile: (312) 321-4299
13

14 Attorneys for Plaintiff,
   OVERTURE SERVICES, INC.
15

16
                   UNITED STATES DISTRICT COURT
17
                   NORTHERN DISTRICT OF CALIFORNIA
18
                   SAN FRANCISCO DIVISION
19

20 OVERTURE SERVICES, INC., a Delaware | **E-Filing Case No.:** 02-01991 JSW (EDL)
   Corporation,
21
                                       | **OVERTURE SERVICES INC.'S**
                        Plaintiff,     | **OPPOSITION TO GOOGLE'S**
22                                     | **MISCELLANEOUS REQUEST RE**
        v.                             | **OVERTURE'S REVISED CLAIM**
23                                     | **CONSTRUCTIONS**
24 GOOGLE INC., a California Corporation,
                                       | **[Local Civil Rule 7-10]**
25                      Defendant.
                                       | The Honorable Jeffrey S. White
26

27

28

---

OVERTURE'S OPPOSITION TO GOOGLE'S MISCELLANEOUS ADMINISTRATIVE REQUEST
02-01991 JSW (EDL)

Pursuant to Civil Local Rule 7-10(b)(2), Overture Services, Inc. ("Overture") hereby opposes in part Google Inc.'s ("Google's") request for leave to file a sur-reply in connection with Overture's revised proposed constructions for two claims in dispute — "search listing" and "search result list." Overture apprised Google of these revised constructions on January 20, 2004, a full ten days before Google's response brief was due and thus ensured that Google would have an opportunity to respond, as required by the Standing Order On Patent Cases before Judge White. *See* Ex. A to Declaration of Christine P. Sun In Support of Miscellaneous Administrative Request ("Sun Decl."); Sun Decl. Ex. C. As previously explained to Google, Overture's revisions were based on further review of relevant dictionary definitions with an intent to clarify issues or moot, not add, disputes between the parties. *See* Sun Decl. Ex. A.

Although Google demands a sur-reply to address Overture's revised construction of "search listing," it has failed to identify any substantive reason for allowing further briefing on this term. Overture's revisions squarely address concerns previously raised by Google. Accordingly, Overture requests that the Court deny Google's sur-reply demand to the extent it applies at all to further briefing by Google on "search listing."

With respect to "search result list,"[1] as already explained by Overture and recognized by Google itself, changing the word "set" to "series" in Overture's proposed construction was intended to moot Google's objections. *See* Sun Decl. Ex. C; Google's Administrative Request at 1. As Overture has already conceded that a search result list is ordered, a sur-reply addressed to the ordering issue is wholly unnecessary and thus inappropriate.

//
//
//
//
//
//

---

[1] Overture's revised proposed construction of "search result list" is "a series of search listings that is obtained as a consequence of the examination of data." *See* Sun Decl. Ex. A.

1
OVERTURE'S OPPOSITION TO GOOGLE'S MISCELLANEOUS ADMINISTRATIVE REQUEST
02-01991 JSW (EDL)

1 | Google also argues it cannot fully respond to Overture's replacement of "calculation" with "the examination of data" without a sur-reply. As stated before to Google, this revision was intended to provide a construction that more closely tracks the relevant dictionary definitions, as made clear by the definitions already cited in the Joint Claim Construction Statement. *See* Sun Decl. Ex. A. To the extent Google insists on further addressing the specific 'issue' of "the examination of data," Overture does not oppose to allowing a sur-reply no longer than two pages, due seven days after Overture's reply brief, for this sole narrow purpose.

DATED: February 4, 2004              HELLER EHRMAN WHITE & McAULIFFE LLP


                                     By    /s/ S. Elizabeth Mitchell
                                        ROBERT T. HASLAM
                                        ROBERT D. FRAM
                                        M. PATRICIA THAYER
                                        S. ELIZABETH MITCHELL

                                        Attorneys for Plaintiff
                                        OVERTURE SERVICES, INC.