1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  DARALYN J. DURIE - #169825
   CHRISTINE P. SUN - #218701
3  RAVIND S. GREWAL - #220543
   710 Sansome Street
4  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
5  Facsimile: (415) 397-7188

6  Attorneys for Defendant and Counterclaimant
   GOOGLE INC.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12 | OVERTURE SERVICES, INC.,           | Case No. C 02-01991 JSW (EDL)
13 |       Plaintiff and Counterdefendant, | **DECLARATION OF CHRISTINE P. SUN IN SUPPORT OF GOOGLE'S**
14 |       v.                            | **OPPOSITION TO OVERTURE'S MOTION TO COMPEL PRODUCTION**
15 | GOOGLE INC.,                        | **OF DAMAGES DOCUMENTS**
16 |       Defendant and Counterclaimant. | Date:  March 9, 2004
17 |                                     | Time:  9:00 a.m.
   |                                     | Dept:  E, 15th Floor
   |                                     | Judge: Hon. Elizabeth D. Laporte

326547.01

DECLARATION OF CHRISTINE P. SUN IN SUPPORT OF GOOGLE'S OPPOSITION TO OVERTURE'S
MOTION TO COMPEL PRODUCTION OF DAMAGES DOCUMENTS
CASE NO. C 02-01991 JSW (EDL)

I, Christine P. Sun, declare and state as follows:

1. I am an attorney licensed to practice law in the State of California and am an associate in the law firm of Keker & Van Nest, LLP, counsel for Google Inc. ("Google") in the above-captioned matter. This declaration is in support of Google's Opposition to Overture's Motion to Compel Production of Damages Documents. I have personal knowledge of the facts stated in this Declaration, and I could competently testify to them under oath.

2. Overture is correct that the parties agreed in or about August 2002 to postpone discovery damages until after the claim construction hearing in this case. As noted on the top of page three of the letter of Charles McMahon, then counsel for Overture, to me dated February 12, 2003, Overture itself has objected to producing financial documents based on the parties' agreement. *See* Corrected Byrnes Decl., Ex. T. To date, Overture has neither withdrawn that objection nor, upon information or belief, produced the documents that it initially withheld pursuant to that objection.

3. On January 8, 2004, three weeks prior to the due date of Google's responsive claim construction brief, Overture's counsel, Andrew Byrnes, sent a letter to Google demanding that Google produce all documents responsive to its 50+ damages requests, as well as supplementing its discovery responses and updating its privilege log, by February 6, 2004. *See* Corrected Byrnes Decl., Ex. L. This was the first time that Overture indicated it wished to renege on its agreement to bifurcate damages discovery.

4. In response to Overture's January 8 letter, Google agreed to make a good faith effort to supplement its discovery responses and provide an updated privilege log by February 13, 2004, which it did. Attached hereto as Exhibit A is a true and correct copy of my letter to Andrew Byrnes dated January 9, 2004. Attached hereto as Exhibit B is a true and correct copy of paralegal Scott Riewerts' letter dated February 13, 2004, without attachments. As to damages discovery, citing Google's reliance on the parties' agreement and Overture's lack of diligence in discovery on substantive matters, Google disagreed with Overture's contention that it was appropriate to begin such discovery prior to the *Markman* hearing. *See* Ex. A.

5. On or about January 21, 2004, as a "compromise," Overture proposed that the

1
DECLARATION OF CHRISTINE P. SUN IN SUPPORT OF GOOGLE'S OPPOSITION TO OVERTURE'S
MOTION TO COMPEL PRODUCTION OF DAMAGES DOCUMENTS
CASE NO. C 02-01991 JSW (EDL)

326547.01

1  parties exchange damages discovery on a "date certain" shortly after the *Markman* hearing. *See*
2  Corrected Byrnes Decl., Ex. P. Overture stated that if Google did not provide a date by which it
3  could produce all damages-related documents within 3 business days, Overture would file a
4  motion to compel. *Id.*

5        6.     The previous day, on January 20, 2004, Overture informed Google that it intended
6  to revise its proposed claim construction of two key disputed terms, "search result list" and
7  "search listing." Attached hereto as Exhibit C is a true and correct copy of Andrew Byrnes'
8  letter to Daralyn Durie dated January 20, 2004. Overture demanded that Google respond in full
9  to those revisions in its January 30, 2004 responsive claim construction brief. When Google
10 requested that Overture stipulate to Google's filing of a sur-reply of no more than 5 pages to
11 address Overture's last-minutes revisions, Overture refused. Attached hereto as Exhibit D is a
12 true and correct copy of Andrew Byrnes' letter to me dated January 22, 2004. Overture's refusal
13 necessitated the filing of a motion by Google for a sur-reply, a request which the Court granted.
14 *See* Order dated February 6, 2004.

15       7.     On Friday, January 23, 2004, Google responded to Overture's January 21 demand
16 for a "date certain," explaining that Google was still considering Overture's request. *See*
17 Corrected Byrnes Decl., Ex. Q.

18       8.     On Monday, January 26, 2004, I telephoned Mr. Byrnes, counsel for Overture,
19 and proposed that the parties exchange summary financial data in early April and produce other
20 damages-related documents on a reasonable date thereafter. I advised Mr. Byrnes that it would
21 take time to respond to Overture's proposal for a "date certain" given the recentness of
22 Overture's request and the need to revise Google's *Markman* brief due to Overture's last-minute
23 changes to its proposed definitions. I also made clear to Mr. Byrnes that it was Google's
24 intention to work with Overture to work out a reasonable timetable for damage discovery. Mr.
25 Byrnes acknowledged Google's need for time to respond to his client's request. No mention was
26 ever made during this conversation of Overture's intent to bring a motion to compel if Google
27 did not comply with Overture's request for a "date certain" by noon on January 28, 2004 or any
28 other specified date.

2
DECLARATION OF CHRISTINE P. SUN IN SUPPORT OF GOOGLE'S OPPOSITION TO OVERTURE'S
MOTION TO COMPEL PRODUCTION OF DAMAGES DOCUMENTS
CASE NO. C 02-01991 JSW (EDL)

326547.01

9. On January 27, 2004, Overture's counsel sent a letter to me stating that Overture would move for a motion to compel if Google did not provide a "date certain" in less than 24 hours. Attached hereto as Exhibit E is a true and correct copy of Mr. Byrnes' January 27, 2004 letter. As the fax header indicates, I did not receive this letter until the afternoon of January 27. *Id.*

10. On January 27, 2004, in response to Mr. Byrnes' letter of earlier in the day, I sent a letter to Overture's counsel reiterating the need for additional time to assess the amount of discovery responsive to Overture's requests, and that Google would respond to Overture's demand for a "date certain" as soon as reasonably possible. Attached hereto as Exhibit F is a true and correct copy of my letter to Andrew Byrnes dated January 27, 2004. I also reminded Mr. Byrnes that the parties were required to meet and confer in good faith prior to filing motions to compel and that Google intended to seek sanctions against Overture if it continued to unilaterally set unreasonable deadlines for Google's responses to its requests. *Id.* I did not receive a response from Overture to my January 27, 2004 letter.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 17th day of February, 2004 at San Francisco, California.

                                        /s/ Christine P. Sun
                                        CHRISTINE P. SUN

3
DECLARATION OF CHRISTINE P. SUN IN SUPPORT OF GOOGLE'S OPPOSITION TO OVERTURE'S MOTION TO COMPEL PRODUCTION OF DAMAGES DOCUMENTS
CASE NO. C 02-01991 JSW (EDL)

326547.01