| | |
|---|---|
| 1 | ROBERT T. HASLAM (#71134) |
| 2 | ROBERT D. FRAM (#126750) |
|   | M. PATRICIA THAYER  (#90818) |
| 3 | S. ELIZABETH MITCHELL (#187053) |
|   | ANDREW C. BYRNES (#191516) |
| 4 | HELLER EHRMAN WHITE & MCAULIFFE LLP |
| 5 | 333 Bush Street |
|   | San Francisco, CA  94104-2878 |
| 6 | Telephone:  (415) 772-6000 |
| 7 | Facsimile: (415) 772-6268 |
| 8 | BRINKS HOFER GILSON & LIONE |
|   | JACK C. BERENZWEIG |
| 9 | WILLIAM H. FRANKEL |
|   | NBC Tower – Suite 3600 |
| 10 | 455 North Cityfront Plaza Drive |
| 11 | Chicago, Illinois  60611 |
|   | Telephone: (312) 321-4200 |
| 12 | Facsimile:  (312) 321-4299 |
| 13 | |
|   | Attorneys for Plaintiff and Counterdefendant, |
| 14 | OVERTURE SERVICES, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC., a Delaware corporation, | **E-Filing Case No.**: 02-01991 JSW (EDL) |
| Plaintiff and Counterdefendant, | **PLAINTIFF OVERTURE SERVICES, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DAMAGES DOCUMENTS** |
| v. | |
| GOOGLE INC., a California corporation, | Hearing Date:  March 9, 2004 |
| Defendant and Counterclaimant. | Hearing Time:  9:00 a.m. |
| | Hon. Elizabeth D. Laporte |
| AND RELATED COUNTERCLAIMS | |

OVERTURE'S REPLY MEMO. ISO  MOT. TO COMPEL
02-01991 JSW (EDL)

## I.  INTRODUCTION

The issue to be decided by the Court is whether Google should be compelled to produce to Overture inarguably responsive documents regarding damages on a date certain. None of Google's justifications in opposition – principally, that a 20-day meet and confer period is too short and that both Google personnel and Google's outside counsel are busy – is sufficient to defeat Overture's motion.

## II.  ARGUMENT

Overture contacted Google in early January to request that the parties commence damages-related discovery.[1]  In response to Google's concerns about the time and effort required to prepare such materials, Overture proposed a date, then months away (April 1, 2004), following the conclusion of the *Markman* hearing, for a mutual exchange.  During the meet and confer process, and even now in its opposition to Overture's motion, Google has refused either to accept Overture's proposal or to offer an alternative date certain.

Google has never argued (because it cannot) that Overture is not entitled to the damages discovery at issue in its motion.  Nor does Google argue that damages-related discovery has been formally stayed in this case.  Nonetheless, Google asks this Court to allow damages discovery to proceed on a rolling basis, on some unspecified future date(s), which could mean effectively that Overture does not obtain this discovery for another six months or more.  *See* Byrnes Decl., Ex. R (1/27/2004 Byrnes to Sun Letter).

As Google notes, the assessment of damages in patent litigation cases can be a complicated exercise.  *See* Opposition at 5.  That fact underscores Overture's need, two years into this case, to obtain the basic discovery necessary to start that exercise in time to prepare expert damages reports, schedule corresponding depositions, inform meaningful efforts at mediation, and advance case preparation overall.

---

[1] Much earlier the parties had informally agreed to postpone some damages-related discovery until after the claim construction hearing in this case.  However, the repeated rescheduling of that hearing, coupled with the length of time that the case has been pending overall, now require prompt attention to discovery related to damages.

1

OVERTURE'S REPLY MEMO. ISO MOT. TO COMPEL
02-01991 JSW (EDL)

1 | Google asserts that because its attorneys are busy attending to other aspects of this
2 | litigation and because its personnel have upcoming or ongoing business to conduct, it
3 | cannot be expected to set a date certain for the production of these documents.  Such an
4 | assertion is unsupportable, and, if given credence, would hand any defendant a ready excuse
5 | to delay fulfilling discovery obligations unreasonably, even indefinitely.

6 | Contrary to Google's contention in opposition, Overture met and conferred in good
7 | faith on this issue.  Overture only filed this motion after the parties reached an impasse over
8 | the setting of a date certain for a mutual exchange of damages discovery.  Overture, by this
9 | motion, simply seeks to end Google's delaying tactics.

10 | Overture first notified Google on January 8, 2004 of its need to calendar a date for
11 | the exchange of damages-related discovery.  Twenty days later, the parties had yet to agree
12 | on such a date certain – in fact, Google had yet even to propose one.  Even were a 20-day
13 | meet and confer process somehow considered too short, Google had ample opportunity
14 | either before filing its opposition (41 days after meet and confer began) or before the filing
15 | of this reply (nearly two months after meet and confer began) to propose a reasonable date
16 | by which time this discovery could be completed.  The fact that Google has not done so
17 | belies its repeated suggestion that it would "respond as soon as reasonably possible" and
18 | confirms Overture's conclusion at the time that it filed this motion that further efforts to
19 | meet and confer were unlikely to bear fruit.  *See* Sun Decl., ¶10, Ex. F (1/27/2004 Sun to
20 | Byrnes Letter).

2

OVERTURE'S REPLY MEMO. ISO MOT. TO COMPEL
02-01991 JSW (EDL)

**III. CONCLUSION**

For the reasons stated above, this Court should require that Google produce on or before April 1, 2004 all "damages documents" responsive to Overture's outstanding document requests, including Requests Nos. 26, 32, 36-45, 52-57, 59-60, 99, 107-110 and 112.[2]

DATED: February 24, 2004            HELLER EHRMAN WHITE & McAULIFFE LLP


By /s/ S. Elizabeth Mitchell
     S. ELIZABETH MITCHELL

Attorneys for Plaintiff and Counterdefendant,
OVERTURE SERVICES, INC.

---

[2] Google's opposition seeks costs under Rule 37(a)(4)(B) in the event that the Court denies Overture's motion. Overture notes that it is entitled to the discovery sought, that it met and conferred in good faith to secure the discovery sought, and that Google's repeated refusal to set a date certain for production of the discovery sought substantially justifies Overture's appeal to this Court for assistance. *See* F.R.Civ.P. 37(a)(4)(B).

3

OVERTURE'S REPLY MEMO. ISO MOT. TO COMPEL
02-01991 JSW (EDL)