KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
DARALYN J. DURIE - #169825
CHRISTINE P. SUN - #218701
RAVIND S. GREWAL - #220543
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendant and Counterclaimant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC.,<br><br>　　　　Plaintiff and Counterdefendant,<br><br>　　v.<br><br>GOOGLE INC.,<br><br>　　　　Defendant and Counterclaimant. | Case No. C 02-01991 JSW (EDL)<br><br>**GOOGLE INC.'S AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO OVERTURE'S MOTION TO COMPEL PRODUCTION OF DAMAGES DOCUMENTS**<br><br>Date:　　March 9, 2004<br>Time:　　9:00 a.m.<br>Dept:　　E, 15th Floor<br>Judge:　　Hon. Elizabeth D. Laporte |

327315.01

GOOGLE INC.'S AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO OVERTURE'S
MOTION TO COMPEL PRODUCTION OF DAMAGES DOCUMENTS
CASE NO. C 02-01991 JSW (EDL)

Dockets.Justia.com

## I. INTRODUCTION[1]

By its Motion, Overture Services, Inc. ("Overture") requests that the Court compel Google Inc. ("Google") to produce <u>all</u> documents responsive to its comprehensive damages requests by no later than April 1, 2004. Google does not object generally to producing the damages-related documents that Overture seeks; what Google does object to is Overture's demand that Google complete its damages production according to Overture's unilaterally set deadlines.

As Overture acknowledges, the parties agreed in 2002 to postpone damages discovery until after the claim construction hearing in this case, due in large part to the burden on <u>both</u> parties of litigating damages issues simultaneously with liability and claim construction issues. Yet, in the midst of claim construction briefing and despite the parties' more than 16 months old agreement to stay damages discovery, Overture recently and suddenly demanded that Google respond in full to approximately 50 damages requests by April 1, 2004, a mere 5 business days after the *Markman* hearing in this case.

Overture's request, which curiously comes during a period of intense public focus on Google, is unreasonable. Overture has not articulated any reason for its sudden interest in Google's financial documents, except for its vague representation that it needs these documents to "prepare for its case." Motion at 11-12. More importantly, as discussed below, Overture's unilateral deadline for the production of <u>all</u> damage-related discovery is simply untenable given the other, pressing business demands on Google's financial department in March and April of this year. *See* Declaration of Pietro Dova ISO Google's Opposition ("Dova Decl."), ¶¶ 3-8; Declaration of Mark Fuchs ISO Google's Opposition ("Fuchs Decl."), ¶¶ 3-6.

In light of the lack of any case-related need for the production of <u>all</u> damages documents by April 1 and the serious disruption on Google's business that would result from compliance with Overture's request, the most practical course of action would be to conduct damages discovery on a rolling basis after the *Markman* hearing, a proposal that Overture has rejected.

---

[1] This amended memorandum of points and authorities is being filed pursuant to the Court's February 24, 2004 Order Granting In Part And Denying In Part Google's Request To File

1
GOOGLE INC.'S AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO OVERTURE'S MOTION TO COMPEL PRODUCTION OF DAMAGES DOCUMENTS
CASE NO. C 02-01991 JSW (EDL)

327315.01

1  Accordingly, Google respectfully requests that the Court deny Overture's motion in its entirety.
2  Google also requests that the Court deny the motion, as well as award Google reasonable
3  expenses, for the independent reason that Overture failed to properly meet-and-confer prior to
4  seeking the assistance of the Court.

## II.     FACTUAL BACKGROUND

The parties agreed in or about August 2002 to postpone damages discovery until after the claim construction hearing in this case. Motion at 2. From that date up to January of this year, both sides proceeded under the understanding that documents related primarily to damages would be produced at some unspecified time after the claim construction hearing. *See* Corrected Byrnes Decl., Ex. T at 3. Indeed, to date, Overture has maintained its objections to Google's damages requests on the grounds that the parties agreed to defer discovery on those issues. *See* Declaration of Christine P. Sun ISO Google's Opposition ("Sun Decl.") at ¶ 2. In reliance on the parties' mutual determination that damages discovery could more efficiently proceed after the claim construction hearing, Google has devoted its resources and attention to the numerous other substantive and discovery-related issues in this case.

On January 8, 2004, Overture sent a letter demanding that Google produce all documents responsive to its 50+ damages requests, in addition to supplementing its discovery responses and updating its privilege log, by February 6, 2004. *See* Corrected Byrnes Decl., Ex. L. Prior to that time, Overture had not indicated that it wished to renege on its agreement to bifurcate damages discovery. *See* Sun Decl., ¶ 3. In response to Overture's demand, Google agreed to make a good faith effort to supplement its discovery responses and to provide an updated privilege log by February 13, both of which it did. *Id.*, ¶ 4, Exs. A, B. As to damages discovery, citing Google's reliance on the parties' agreement and Overture's lack of diligence in discovery on substantive matters, Google disagreed with Overture's contention that it was appropriate to begin such discovery prior to the *Markman* hearing. *Id.*, Ex. A.

On or about January 21, 2004, as a "compromise," Overture proposed that the parties exchange discovery damages on a "date certain" shortly after the *Markman* hearing. *See*

Documents Under Seal.

1  Corrected Byrnes Decl., Ex. P.  Overture stated that if Google did not provide a date by which it
2  could produce all damages-related documents within 3 business days, Overture would file a
3  motion to compel.  *Id.*  The day before, Overture informed Google that it intended to revise its
4  proposed construction of two key disputed terms, and that it expected Google to respond in full
5  to those revisions in its responsive claim construction brief due on January 30, 2004.  *See* Sun
6  Decl., ¶ 6, Ex. C.
7       On Friday, January 23, 2004, Google responded to Overture's January 21 demand for a
8  "date certain," explaining that Google was still considering Overture's request.  *See* Corrected
9  Byrnes Decl., Ex. Q.  The next Monday, January 26, Google proposed to Overture by telephone
10 that the parties exchange summary financial data in early April and produce other damages-
11 related documents on a reasonable date after that.  *See* Sun Decl*.,* ¶ 8.  During the telephone call,
12 Google stressed to Overture that given the recentness of Overture's demand for a "date certain"
13 and Google's need to revise its claim construction brief in light of Overture's last-minute
14 changes to its definitions of "search result list" and "search listing," it would take some time for
15 Google to respond to Overture's proposal but that Google desired to work with Overture to
16 devise a reasonable time frame for damages discovery.  *Id.*  In response, Overture acknowledged
17 Google's need for a reasonable amount of time to respond to Overture's request.  *Id.*  At no time
18 during the conversation did Overture suggest to Google that it intended to bring a motion to
19 compel if it did not receive a "date certain" from Google by noon on Wednesday, January 28, or
20 any other specified date for that matter.  *Id.*
21      The next afternoon, January 27, Overture demanded by letter that Google provide a "date
22 certain" in less than 24 hours or face a motion to compel.  *See* Sun Decl., ¶ 9, Ex. E.  That same
23 afternoon, Google reiterated by letter that it needed some time to assess the amount of discovery
24 responsive to Overture's requests and that Google would respond as soon as reasonably possible
25 with a "date certain."  *See* Sun Decl., ¶ 10, Ex. F.  In the letter, Google also reminded Overture
26 of its obligation to meet and confer in good faith.  *Id.*  In addition, the letter placed Overture on
27 notice that Google intended to seek sanctions for Overture's failure to meet and confer if
28 Overture continued unilaterally to set unreasonable deadlines for Google's responses.  *Id.*

3
GOOGLE INC.'S AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO OVERTURE'S
MOTION TO COMPEL PRODUCTION OF DAMAGES DOCUMENTS
CASE NO. C 02-01991 JSW (EDL)

327315.01

1  Overture did not respond. *Id.*

2  On Wednesday, January 28, 2004, Overture filed this Motion to compel Google to
3  produce <u>all</u> documents responsive to approximately 50 document requests by no later than April
4  1, 2004.

### III.   ARGUMENT

**A.   Overture Did Not Satisfy Its Obligation To Meet And Confer In Good Faith Prior To Filing This Motion**

Civil Local Rule 37-1(a) states in relevant part that the Court "will not entertain a request or motion to resolve a disclosure or discovery dispute unless, pursuant to FRCivP 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." *See also* Civil Local Rule 1-5(n) (definition of "Meet and Confer"). The duty to meet and confer in good faith requires more than demanding compliance with a discovery request. *See Soto v City of Concord*, 162 F.R.D. 603, 622-23 (N.D. Cal. 1995). "Rather, a live exchange of ideas is required." *Id.*; *see also Prescient Partners, LP v Fieldcrest Cannon, Inc.*, 1998 WL 67672 at *4 (S.D.N.Y. Feb. 18, 1998) (in order to satisfy meet and confer requirements, moving party must provide an account of "the positions taken by each side, the extent to which the parties compromised their positions, and why the negotiations proved fruitless."). Absent temporal exigencies requiring speedy action or a clear indication that efforts at informal compromise would have been futile, the failure to meet and confer mandates denial of a motion to compel. *See* Civil Local Rule 37(a); *see also Prescient Partners*, 1998 WL 67672 at *2-*3.

Here, Overture failed to meet and confer in good faith prior to bringing its motion to compel. As set forth in Section II, *supra*, immediately prior to the filing of Overture's motion, Google repeatedly expressed its willingness to work with Overture on devising a reasonable damages discovery time frame. *See also* Sun Decl., ¶¶ 8, 10. Indeed, Google further agreed to provide essentially what Overture proclaims that it desires: a "date certain" for the production of the damages documents. *Id.*, Ex. F. Google merely requested a reasonable amount of time to determine when Google could in good faith agree to provide Overture the comprehensive discovery it sought. *Id.* When Google did not accede to Overture's demand that it provide that

4

GOOGLE INC.'S AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO OVERTURE'S MOTION TO COMPEL PRODUCTION OF DAMAGES DOCUMENTS
CASE NO. C 02-01991 JSW (EDL)

327315.01

1  "date certain" within less than 24 hours, Overture filed this Motion. *Id.*, ¶ 10. Overture's

2  demand that Google comply with its timetable regardless of the circumstances fails to satisfy

3  either the letter or the spirit of its meet and confer obligations and certainly is no evidence that

4  the informal negotiations between the parties would have been fruitless. Accordingly, the Court

5  should deny Overture's motion to compel for its failure to meet and confer in good faith. Civil

6  Local Rule 37-1(a); *see also Prescient Partners*, 1998 WL 67672 at *2-*3.

7  **B.    Overture's Request Is Unreasonable In Light Of The Complexity Of Damages Discovery**

8

9  Should the Court determine that Overture has met and conferred in good faith, the Court

10 should nevertheless deny the Motion on its merits. As many district courts have acknowledged,

11 litigating damages issues in patent cases is particularly complex and often requires the

12 production of voluminous and highly confidential documents. *See, e.g., Novapharm Ltd. v.*

13 *Torpharm Inc.*, 181 F.R.D. 308, 311 (E.D.N.C. 1998) (noting the "heavy burden" on defendants

14 to produce damages documents); *Avia Group, Int'l v. Nike, Inc.*, 1991 WL 340569 at *2 (D. Or.

15 Nov. 21, 1991) (noting complexity of calculations of lost profits and reasonable royalties). On

16 that basis and because in patent cases, the issue of damages is "easily severable" from the

17 primary issues of liability, it is not uncommon for courts to exercise their discretion to stay

18 damages discovery pending the resolution of infringement issues. *See Novapharm*, 181 FRD at

19 311; *Avia Group*, 1991 WL 340569 at *2; *Pioneer Hi-Bred Int'l, Inc. v. Asgrow Seed Co.*, 2000

20 WL 33363188 at *3 (S.D. Iowa May 5, 2000) ("No party would be prejudiced by bifurcating

21 damages and staying discovery. Discovery can then be appropriately tailored to the theories

22 upon which Plaintiff has prevailed.").

23 Here, by its objection to Overture's motion, Google does not propose a total bifurcation

24 of damages discovery, even though one may as well have been warranted had Google made such

25 a motion at the outset of this case. In fact, Google has expressed a willingness to work with

26 Overture to devise an appropriate and reasonable time frame for damages discovery. *See* Sun

27 Decl., ¶¶ 8, 10. This time frame would not only take into account the schedule in this case,

28 which includes Google's filing of a sur-reply on February 20, 2004, a tutorial on March 10, and

5

GOOGLE INC.'S AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO OVERTURE'S
MOTION TO COMPEL PRODUCTION OF DAMAGES DOCUMENTS
CASE NO. C 02-01991 JSW (EDL)

327315.01

1  the *Markman* hearing on March 24, but also the business exigencies of the parties.  As set forth
2  in the Dova and Fuchs declarations, Google's Finance Department – which holds a great deal of
3  the information that Overture seeks by its requests – is currently preparing for the company's
4  quarterly closing and is engaged in other intensive projects that cannot be postponed.  *See* Dova
5  Decl., ¶ 3-8; Fuchs Decl., ¶ 3-6.  In light of these business-related tasks in March and April, it is
6  as a practical matter impossible to comply with Overture's request without harmfully disrupting
7  Google's course of business.  *See* Dova Decl., ¶ 8.  In contrast, Overture has not – and cannot –
8  articulate a legitimate reason for why it needs <u>all</u> the documents it seeks by April 1, 2004.

9       In sum, while Overture makes much of the fact that the case will have been pending for
10 nearly 23 months by the time of the *Markman* hearing, Google has understandably relied on the
11 parties' agreement to stay damages discovery until very recently.  And, although Google now
12 understands that Overture desires, for whatever reason, the complete production of damages
13 discovery in the very near future, such a request is unreasonable.  *See* Dova Decl., ¶ 8.  Had
14 Overture indicated in September 2003, when the Court issued its order continuing the *Markman*
15 hearing to its current date in March 2004, that it wished to rescind the parties' agreement, the
16 parties might have been able to work out an acceptable schedule for the production of damages
17 documents prior to the claim construction hearing or shortly thereafter.  But having waited until
18 the weeks prior to the *Markman* hearing and during a well-publicized, heavily active time for
19 Google's Finance Department to make its demand, the urgency of Overture's "need" for
20 damages discovery not only rings hollow, but is, as a practical matter, unrealistic.
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

6
GOOGLE INC.'S AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO OVERTURE'S
MOTION TO COMPEL PRODUCTION OF DAMAGES DOCUMENTS
CASE NO. C 02-01991 JSW (EDL)

327315.01

### IV.     CONCLUSION

For the reasons above, Google respectfully requests that the Court deny Overture's motion to compel in its entirety. In addition, should the Court deny Overture's motion, Google requests leave to file a motion for sanctions for the reasonable fees incurred by Google in making its opposition. *See* F.R.Civ. P. 37(a)(4)(B). This request for fees is particularly warranted here given Overture's failure to meet and confer in good faith prior to the filing of its motion.

Dated: February 26, 2004                              KEKER & VAN NEST, LLP


By:      /s/ Christine P. Sun
CHRISTINE P. SUN
Attorneys for Defendant and
Counterclaimant GOOGLE INC.

7
GOOGLE INC.'S AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO OVERTURE'S
MOTION TO COMPEL PRODUCTION OF DAMAGES DOCUMENTS
CASE NO. C 02-01991 JSW (EDL)

327315.01