PAGES 1 - 121

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JEFFREY S. WHITE, JUDGE

| | |
|---|---|
| OVERTURE SERVICES, INC., ) | |
| ) | |
| PLAINTIFF, ) | COPY |
| ) | |
| VS. ) | NO. C 02-1991 JSW |
| ) | |
| GOOGLE, INC., ) | |
| ) | WEDNESDAY, MARCH 24, 2004 |
| ) | SAN FRANCISCO, CALIFORNIA |
| DEFENDANT. ) | |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

FOR PLAINTIFF         HELLER, EHRMAN, WHITE & MCAULIFFE
                      333 BUSH STREET
                      SAN FRANCISCO, CALIFORNIA  94104
                 BY:  ROBERT HASLAM, ESQUIRE
                      ROBERT D. FRAM, ESQUIRE


FOR DEFENDANT         KEKER & VAN NEST
                      710 SANSOME STREET
                      SAN FRANCISCO, CALIFORNIA  94111
                 BY:  DARALYN J. DURIE, ESQUIRE
                      CHRISTINE P. SUN, ESQUIRE


REPORTED BY:          JOAN MARIE COLUMBINI, CSR 5435
                      OFFICIAL COURT REPORTER

COMPUTERIZED TRANSCRIPTION BY ECLIPSE

JOAN MARIE COLUMBINI, CSR
OFFICIAL COURT REPORTER
415-255-6842

1   LIST," AND, THEREFORE, WE'VE GOT TO JAM EVERYTHING IN THERE
2   THAT WE CAN IN ORDER TO AVOID IT.  BUT WE HAVE, AS WE SEE,
3   OTHER ELEMENTS OF THIS CLAIM WHICH ARE GOING TO DISTINGUISH
4   BANNER ADS.
5           BUT BEFORE WE GET THERE LET'S LOOK AT WHAT THE
6   SPECIFICATION SAYS ABOUT BANNER ADS.  THIS IS AT COLUMN 3,
7   LINE 16 THROUGH 30.  IT STARTS WITH THE CURRENT PARADIGMS,
8   BANNER ADVERTISING.
9           FIRST THING, "TYPICALLY PRICED ON A PER IMPRESSION
10  BASIS"; IN OTHER WORDS, IF IT'S SHOWN, YOU PAY FOR IT
11  REGARDLESS OF WHETHER ANYONE CLICKS THROUGH, VISITS YOU OR
12  DOES ANYTHING.  IT'S LIKE THE STORE IN THE BACK OF THE MALL
13  THAT NO ONE EVER GETS BACK TO, BUT YOU'RE PAYING A THOUSAND
14  DOLLARS A MONTH REGARDLESS OF WHETHER ANYONE COMES IN OR NOT,
15  AS CONTRASTED WITH WHAT'S CARRIED FORWARD IN THE CLAIMS,
16  SOMETHING THAT IS MORE AKIN TO A RENT THAT'S BASED ON GROSS
17  RECEIPTS, SO IF NO ONE COMES IN, YOU DON'T PAY ANY RENT; IF
18  YOU GET TONS OF BUSINESS, YOU ARE GOING TO PAY MORE.
19          THAT'S THE DISTINCTION BETWEEN WHAT THEY ARE SAYING
20  IS WRONG WITH BANNER ADS AND THIS INVENTION.
21          **THE COURT:**  DOES THIS PURPORT TO DESCRIBE THE PRIOR
22  ART?
23          **MR. HASLAM:**  THIS PURPORTS TO DESCRIBE THE PRIOR
24  ART, THE PRIOR ART BANNER ADVERTISING, WHICH IT SAYS FOLLOWS
25  TRADITIONAL ADVERTISING PARADIGMS, AND THEN IT GOES ON TO SAY

1  WHAT IT PERCEIVES TO BE THE SHORTCOMINGS OF THAT PRIOR ART

2  BANNER ADVERTISING, AND GOOGLE SAYS, BANNER ADVERTISING -- YOU

3  MUST AVOID BANNER ADVERTISING BECAUSE THEY DISPARAGE IT, BUT

4  THEY DISPARAGE IT BECAUSE ONE THING WAS PAID ON A PER

5  IMPRESSION.

6           AND THE CLAIMS -- CAN WE PUT UP CLAIM ONE AGAIN,

7  ERIC?

8           THE CLAIMS ELSEWHERE HAVE THE DISTINCTION.  THERE'S

9  A BID AMOUNT ASSOCIATED WITH THE SEARCH LISTING.  THE BID

10 AMOUNT IS CHARGED UPON RECEIPT OF A RETRIEVAL REQUEST, WHICH

11 IS SOMETHING THAT IS CLICKED THROUGH.

12          THE SEARCH RESULT LIST IS ORDERED -- MR. FRAM WILL

13 TALK ABOUT THIS -- IN THIS CLAIM IN ACCORDANCE WITH THE VALUES

14 OF THE RESPECTIVE BID AMOUNTS, RECEIVING A RETRIEVAL REQUEST.

15          SO ELSEWHERE IN THE CLAIM WE SEE THE DISTINCTION

16 BETWEEN THAT ASPECT OF BANNER ADS AND THIS.  WE DON'T NEED TO

17 CRAM IT INTO "SEARCH RESULT LIST."

18          WHAT ELSE AT COLUMN 3, LINES 30 THROUGH 41?  THIS

19 CONTINUES THE PARAGRAPH WE SAW ABOUT WHAT IS ANOTHER PROBLEM

20 WITH BANNER ADS, IS THAT PEOPLE ARE PAYING FOR EXPOSURE; IN

21 OTHER WORDS, IT'S BEING DISPLAYED, AND I'M PAYING FOR IT

22 BECAUSE IT'S BEING DISPLAYED ON A PAGE WHERE PEOPLE MIGHT NOT

23 BE INTERESTED, NOT INTERESTED IN WHAT THAT BANNER AD IS.  OR

24 PEOPLE MIGHT BE INTERESTED, BUT BECAUSE BANNER ADS WERE

25 GENERALLY NOT SEARCHABLE, THEY WOULDN'T FIND IT.

1  INFORMATION DISPERSED ACROSS COUNTLESS INDIVIDUAL
2  COMPUTER SYSTEMS THAT'S CONSTANTLY CHANGING AND HAS NO
3  RECOGNIZABLE ORGANIZATION OR MORPHOLOGY."
4       SO GOOGLE'S TREATISE IS AT WAR WITH GOOGLE'S SPEC
5  CITE.  ITS TREATISE SAYS, YOU'VE GOT TO HAVE ORGANIZATION;
6  RANDOM COLLECTION CANNOT BE A DATABASE.  THEY CITE THE SPEC TO
7  SAY, A-HA, BUT IN THIS PATENT IT CAN BE.  WE WOULD SUBMIT THEY
8  MISEMPHASIZE THAT FIRST SENTENCE.  THEY MISS THE WORD, "UNIQUE
9  DISTRIBUTED DATABASE."  IT'S NOT A DATABASE AS PEOPLE NORMALLY
10 THINK OF IT.  PERHAPS THIS IS A METAPHORIC STATEMENT ABOUT THE
11 WEB.  IT'S A PARTICULAR KIND OF SET OF DATA, BUT IT IS NOT, WE
12 WOULD SUBMIT, LET'S SAY WHAT DATABASE 40 IS, WHEN MR. HASLAM
13 PUT UP FIGURE 1, AND THE WAY A DATABASE IS SUPPOSED TO
14 OPERATE.
15       CERTAINLY, AN ACCOUNT DATABASE HAS TO BE SOMETHING
16 WHERE THE DATA IS ORGANIZED IN RELATIONSHIP TO SOMETHING,
17 NAMELY AN ACCOUNT.
18       **THE COURT:**  SO YOU WOULD ARGUE YOUR DEFINITION OF
19 DATABASE IS MORE SPECIALIZED DATABASE, IN EFFECT, A RELATIONAL
20 DATABASE?
21       **MR. FRAM:**  AT LEAST ORGANIZED, AND "RELATIONAL" WE
22 BELIEVE IS THE COMMON TERM IN THE ART AS OF THE TIME -- WE
23 HAVE TWO ASPECTS, ORGANIZED AND RELATIONAL, IN THE SENSE THAT
24 THAT IS WHAT IS IN THE ART, THE COMMON SENSE OF "DATABASE" IN
25 THE ART AS OF THE TIME ONE GETS TO THIS PATENT APPLICATION.

CERTIFICATE OF REPORTER

I, JOAN MARIE COLUMBINI, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN C 02-1991 JSW, OVERTURE SERVICES, INC. V. GOOGLE INC., PAGES NUMBERED 1 THROUGH 121, WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AT THE TIME OF FILING.

**THE INTEGRITY OF THE REPORTER'S CERTIFICATION OF SAID TRANSCRIPT MAY BE VOID UPON REMOVAL FROM THE COURT FILE.**

_____
JOAN MARIE COLUMBINI, CSR 5435