KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
DARALYN J. DURIE - #169825
CHRISTINE P. SUN - #218701
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendant and Counterclaimant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC., <br><br> Plaintiff and Counterdefendant, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant and Counterclaimant. | Case No. C 02-01991 JSW (EDL) <br><br> **GOOGLE INC.'S SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF (REDACTED VERSION)** |

331947.01

GOOGLE INC.'S SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF (REDACTED VERSION)
CASE NO. C 02-01991 JSW (EDL)

1  Defendant Google Inc. ("Google") submits this supplemental brief to address claim
2  construction evidence on the terms" database" and "search result list" that was produced by
3  Plaintiff Overture Services, Inc. ("Overture") subsequent to the March 24, 2004 Markman
4  hearing. *See* Declaration of Christine P. Sun ISO Google's Misc. Admin. Request, ¶ 2.  The new
5  evidence consists of testimony from Overture witnesses taken in *Overture v. FindWhat*, which is
6  currently pending in the Central District of California.

## A.     Database

Overture contends that the term "database" is restricted to specialized databases.  *See* Markman Hearing Transcript (Ex. A to Sun Decl.), 51:18-25.  Overture finds no support in the specification for its restrictive definition; rather, Overture argues (without <u>any</u> evidentiary support) that one of ordinary skill in the art would have understood the term to have this narrow meaning.  *Id.*; *see also* Overture's Markman Reply Brief, 14:9-25 (filed February 13, 2004).

But, as Google recently discovered, Jeffrey Brewer, who co-founded GoTo.com[1] and was Overture's CEO at the time of his deposition in the *FindWhat* litigation, has admitted that the ordinary meaning of database is not so restricted.  Specifically, when questioned about the features of Overture's pre-critical date system, Mr. Brewer explained:

> [………………………………………………………………………
> …………………………………………………………………………
> …………………………………………………………………………
> …………………………………………………………………………
> …………………………………………………………………………
> …………………**\*REDACTED\***…………………………………
> …………………………………………………………………………
> …………………………………………………………………………
> ……………………………………………………..]

Declaration of Ravind Grewal ISO Google's Misc. Admin. Request, Ex. A at 210:24-211:7.

Mr. Brewer confirmed that a database is […………..**REDACTED\***……….] and without regard to whether it is, as Overture has proposed, "organized in such a way that its contents can be accessed, managed, and updated by a computer."  The testimony of a party's CEO may be

---

[1] The '361 patent was originally assigned to GoTo.com.  In 2001, GoTo changed its name to Overture.

1  trustworthy evidence of what persons of ordinary skill in the art understand a claim term to mean
2  – particularly when that testimony is against interest.  *See AFG Indus., Inc. v. Cardinal IG Co.,*
3  *Inc.*, 239 F.3d 1239, 1246-49 (Fed. Cir. 2001).

4  **B.     Search Results List**

5  Overture's proposed definition of "search result list" would encompass banner ads and
6  other items returned in response to a search request, so long as those items are in arranged in an
7  order.  At the Markman hearing, Overture appeared to concede that the patent claims do not
8  encompass things such as banner ads, but argued that this exclusion derives <u>not</u> from the phrase
9  "search result list" or "search listing," but from other limitations in the claims.  *See* Sun Decl.,
10 Ex. A at 19:18-20:17.  The recent testimony of Tod Kurt, one of the named inventors, however,
11 illustrates that in fact the disputed claim terms do, in and of themselves, exclude banner ads and
12 the like.  In describing a screen shot of Overture's early search engine, Mr. Kurt testified:

   [……………………**REDACTED**…………………………….]
   ……………………………………………………………………...

15 Grewal Decl., Ex. B at 210:24-211:7 (emphases added).  Thus, to one skilled in the art, the term
16 "search result list" inherently excludes banner ads and other items that are not responsive to the
17 searcher's search.  The Court may not rely on other claim limitations as reason for expanding the
18 scope of this term beyond its proper meaning.  *See Combined Systems, Inc. v. Defense Tech.*
19 *Corp. of America*, 350 F.3d 1207, 1210 (Fed. Cir. 2003) ("Claim terms must be construed as they
20 would be understood by a person of ordinary skill in the art to which the invention pertains.").

21 Mr. Kurt's testimony also confirms that the definition of "search result" must exclude a
22 banner ad even when it is targeted to the user's search query.  *See* '361 Patent, Col. 3:28-30.

RESPECTFULLY SUBMITTED,

Dated:  May 10, 2004                         KEKER & VAN NEST, LLP

By:     /s/ Christine P. Sun
CHRISTINE P. SUN
Attorneys for Defendant and
Counterclaimant GOOGLE INC.