1  ROBERT T. HASLAM (#71134)
   ROBERT D. FRAM (#126750)
2  M. PATRICIA THAYER  (#90818)
   S. ELIZABETH MITCHELL (#187053)
3  ANDREW C. BYRNES (#191516)
4  HELLER EHRMAN WHITE & MCAULIFFE LLP
   333 Bush Street
5  San Francisco, CA  94104-2878
   Telephone:  (415) 772-6000
6  Facsimile: (415) 772-6268

7  BRINKS HOFER GILSON & LIONE
8  JACK C. BERENZWEIG
   WILLIAM H. FRANKEL
9  JASON C. WHITE
   NBC Tower--Suite 3600
10 455 North Cityfront Plaza Drive
   Chicago, Illinois  60611
11 Telephone: (312) 321-4200
   Facsimile:  (312) 321-4299
12

13 Attorneys for Plaintiff,
   OVERTURE SERVICES, INC.
14

15                UNITED STATES DISTRICT COURT
16                NORTHERN DISTRICT OF CALIFORNIA
17                    SAN FRANCISCO DIVISION
18

19 OVERTURE SERVICES, INC., a Delaware corporation,  | **E-Filing Case No.**: 02-01991 JSW (EDL)

20                        Plaintiff,  | **PLAINTIFF OVERTURE SERVICES, INC.'S RESPONSE TO GOOGLE INC.'S SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF**

21       v.

22 GOOGLE INC., a California corporation,
23                        Defendant.

OVERTURE'S RESPONSE TO GOOGLE'S SUPPLEMENTAL CLAIM CONSTRUCTION. BRIEF
02-01991 JSW (EDL)

Dockets.Justia.com

Google Inc.'s ("Google") supplemental claim construction brief proffers two snippets of deposition testimony that are inapposite to claim construction. Google's belated filing[1] should not distract this Court from properly construing the claims based solely on the ordinary meaning of the claim language.

## I.   DATABASE

The cited passage from Jeffrey Brewer's deposition is irrelevant to the proper meaning of "database." The Court may consider extrinsic evidence, including inventor and expert testimony, regarding the meaning of claim terms *only* if the claim language or the intrinsic record is ambiguous. *Sunrace Roots Enterprise Co. v. SRAM Corp.*, 336 F.3d 1298, 1307 (Fed. Cir. 2003); *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1584 (Fed. Cir. 1996). No such ambiguities exist with respect to "database." *Compare AFG Indus., Inc. v. Cardinal IG Co., Inc.*, 239 F.3d 1239, 1249 (Fed. Cir. 2001) (chiding district court for not considering Markman hearing testimony of a person of ordinary skill in the art to the extent that specification was ambiguous). Rather, contemporaneous dictionaries and treatises confirm that the ordinary meaning of "database" is "a collection of related data, organized in such a way that its contents can be accessed, managed, and updated by a computer," as Overture has proposed.

Moreover, even assuming *arguendo* that testimony were proper evidence, the Court may only consider testimony *by a person of ordinary skill in the art* regarding a claim term's contemporaneous meaning. Testimony by a party's CEO, without a showing that he is a person of ordinary skill, is inapposite. *See AFG Indus.*, 239 F.3d at 1246 & n.1 (noting that defendant's president "appear[ed] to be a person of ordinary skill in the art"). Google has not made such a showing. Therefore, this Court should refrain from considering Mr. Brewer's testimony.

## II.   SEARCH RESULT LIST

Nor is '361 inventor Tod Kurt's testimony apposite to the construction of "search result

---

[1] Google acknowledges that it had the Brewer and Kurt deposition transcripts in its possession for five weeks prior to filing its supplemental brief, but provides no explanation for why it waited so long to file its brief. Declaration of Christine P. Sun ISO Google's Misc. Admin. Request (May 11, 2004), ¶ 2.

list." The claim language and intrinsic record leave no ambiguity as to its proper meaning: a series of search listings that is obtained as a consequence of the examination of data. Further, Mr. Kurt did not even use the term "search result list," let alone purport to testify as to its meaning in the claims when the patent was filed. *See ResQNet.com, Inc. v. Lansa, Inc.*, 346 F.3d 1374, 1378 (Fed. Cir. 2003); *Schering Corp. v. Amgen Inc.*, 222 F.3d 1347, 1353 (Fed. Cir. 2000).

Certainly, Mr. Kurt's testimony separately identifying a "banner ad" and "search results" does not support Google's assertion that "to one skilled in the art, the term 'search result list' inherently excludes banner ads *and other items that are not responsive to the searcher's search.*" *See* Google Br. at 2 (emphasis added). Mr. Kurt said nothing about the relationship between the banner ads he was shown and the searcher's presumed subjective intent, the fulfillment of which Google's view of "responsive" requires. In addition, Mr. Kurt testified solely about banner ads, not "other items that are not responsive to the searcher's search." *Id.*

Moreover, as Google acknowledges, the parties agree that the claims do not cover "banner ads" as described in the patent. *See* '361 patent, 3:16-41. Nothing in the claims or the intrinsic record, though, requires that "search result list" *alone* differentiate the claims from banner ads. Rather, the ordinary meaning of the claim language as a whole, consistent with the specification, excludes advertisements not ordered in a series using bid amounts and pay-per-impression (as opposed to pay-per-click) ads, characteristics the specification attributes to banner ads. Overture's proposed construction of "search result list," unlike Google's, both accords with the ordinary meaning of the term *and* does not include within the scope of the claims the "banner ads" differentiated in the specification.

DATED: May 18, 2004                 HELLER EHRMAN WHITE & McAULIFFE LLP


By /s/ Andrew C. Byrnes
   ANDREW C. BYRNES

Attorneys for Plaintiff
OVERTURE SERVICES, INC.