1   KEKER & VAN NEST, LLP
    JOHN W. KEKER - #49092
2   DARALYN J. DURIE - #169825
    CHRISTINE P. SUN - #218701
3   710 Sansome Street
    San Francisco, CA  94111-1704
4   Telephone:  (415) 391-5400
    Facsimile:  (415) 397-7188
5
    Attorneys for Defendant and Counterclaimant
6   GOOGLE INC.

7
                    UNITED STATES DISTRICT COURT
8
                  NORTHERN DISTRICT OF CALIFORNIA
9
                      SAN FRANCISCO DIVISION
10

11
    OVERTURE SERVICES, INC.,              Case No. C 02-01991 JSW (EDL)
12
            Plaintiff and Counterdefendant,   **[PROPOSED] ORDER GRANTING
13                                            GOOGLE INC.'S MOTION TO COMPEL
                                              PRODUCTION OF DOCUMENTS AND
14      v.                                    TESTIMONY RE: PROSECUTION OF
                                              THE '361 PATENT**
    GOOGLE INC.,
15
            Defendant and Counterclaimant.
16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING GOOGLE INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND TESTIMONY RE: PROSECUTION OF THE '361 PATENT
CASE NO. C 02-01991 JSW (EDL)

Dockets.Justia.com

1    The hearing on Defendant and Counterclaimant Google Inc.'s ("Google") Motion to

2    Compel Production of Documents And Testimony Re: Prosecution of the '361 Patent came on

3    regularly for hearing on August 3, 2004 at 9:00 a.m. before this Court.  Upon consideration of

4    the papers filed in support of and in opposition to the Motion to Compel, and the arguments of

5    counsel in connection therewith, as well as the relevant papers and pleadings in this action, the

6    Court finds:

7        1.   Plaintiff and Counterdefendant Overture Services, Inc. ("Overture") has waived the

8    attorney-client privilege over any and all communications related to the prosecution of U.S.

9    Patent 6,269,361 ("the '361 patent") by voluntarily disclosing the substance of such

10   communications on that subject matter.  *See Weil v. Inv. Indicators*, 647 F.2d 18, 24 (9th Cir.

11   1981); *ACLARA Biosciences, Inc. v. Caliper Tech. Corp.*, 2001 WL 777083,*6 (N.D. Cal. June

12   16, 2000).

13       2.   Brinks, Hofer, Gilson & Lione ("Brinks Hofer"), prosecution counsel for the '361

14   patent, has not met its burden of establishing that its attorney work product related to the '361

15   patent was created in anticipation of litigation.  *See Connor Peripherals, Inc. v. Western Digital

16   Corp.*, 1993 WL 726815, *4 (N.D. Cal. June 8, 1993).  The Court further finds that Brinks Hofer

17   has voluntarily revealed the prosecuting attorneys' mental impressions about the events that are

18   at the core of Google's inequitable conduct allegations.  Thus, to the extent that work product

19   immunity applies to information related to the '361 prosecution, Brinks Hofer's disclosure has

20   placed such information directly at issue and Google's need for production of that information is

21   compelling.  *See Bio-Rad Labs., Inc. v. Pharmacia, Inc.*, 130 F.R.D. 116, 122 (N.D. Cal. 1990);

22   *ACLARA Biosciences, Inc.*, 2001 WL 777083 at *9.

23       3.   Google has met its burden of making a *prima facie* showing that inventor Darren

24   Davis and attorney John Rauch committed fraud on the patent office during the prosecution of

25   '361 patent.  *See Starsight Telecast, Inc. v. Gemstar Dev. Corp.*, 158 F.R.D. 650, 655 (N.D. Cal.

26   1994).

27       Good cause appearing therefore, IT IS HEREBY ORDERED THAT:

28       1.   Overture shall produce any and all communications within its possession, custody, or

1

328822.01

1  control between and among Brinks Hofer and Overture (including GoTo.com) related to the

2  prosecution of the '361 patent, including but not limited to any and all documents summarizing

3  or reflecting such communications, by no later than August 31, 2004.

4      2.  Overture shall permit any and all testimony about the communications between and

5  among Brinks Hofer and Overture (including GoTo.com) related to the prosecution of the '361

6  patent.

7      3.  Overture shall produce any and all work product of Brinks Hofer within its

8  possession, custody, or control related to the prosecution of the '361 patent by no later than

9  August 31, 2004.

10     4.  Overture shall permit any and all testimony about the work product of Brinks Hofer

11  related to the prosecution of the '361 patent.

12     5.  Overture shall make James Naughton available for a second day of deposition and

13  permit Google to obtain testimony that is consistent with Order.

14     6.  In the alternative, Overture shall produce any and all communications between Mr.

15  Rauch and Mr. Davis within its possession, custody, or control for an *in camera* inspection by

16  the Court, so that the Court may determine if those communications were made in furtherance of

17  fraud, by no later than August 31, 2004.

18     IT IS SO ORDERED.

19

20  Dated: _____                _____

21                                       Honorable Elizabeth D. Laporte
                                         Magistrate Judge of the United States
22                                       District Court, Northern District of
                                         California

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING GOOGLE INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND TESTIMONY RE: PROSECUTION OF THE '361 PATENT
CASE NO. C 02-01991 JSW (EDL)

328822.01