# Grewal Decl., Exhibit J

#10
4-15-05
P.2.

I hereby certify that this correspondence is being deposited with the United States Postal Service, with sufficient postage, as first class mail in an envelope addressed to:
Assistant Commissioner for Patents
Washington, D C 20231
on April 6, 2000
_____
Date of Deposit

John G. Rauch, Reg. No. 37,218
_____
Name of applicant, assignee or Registered Representative

_____
Signature
4/6/2000
_____
Date of Signature



Our Case No. 9623/112

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: | )
| Davis, Darren, et al. | ) |
| Serial No. 09/322,677 | ) Examiner: Nguyen, C. |
| Filing Date: May 28, 1999 | ) Group Art Unit No.: 2764 |
| For    SYSTEM AND METHOD FOR INFLUENCING A POSITION ON A SEARCH RESULT LIST GENERATED BY A COMPUTER NETWORK SEARCH ENGINE | ) |

### RESPONSE

Assistant Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

This Amendment is in response to the Office Action mailed January 31, 2000, and having a response due on or before April 30, 2000.

### REMARKS

Claims 1-68 are pending in the application. Reconsideration and allowance of claims 1-68 in light of the arguments herein is respectfully requested.

GOG 31652

Claim Rejections

Claims 1-68 stand rejected under 35 U.S.C. 102(b) as being anticipated by an article published May 19, 1998 about "Goto.com announces first round of financing." This rejection is respectfully traversed.

Independent claims 1, 11, 13, 14, 15, 30, 52, and 68, as amended, contain limitations nowhere shown in any of the prior art of record, including the cited reference. For example, claim 1 was amended by the Preliminary Amendment dated January 12, 2000 to recite that each search listing is associated with "a modifiable bid amount that is independent of other components of the search listing." Independent claims 11, 13, 14, 15, 30, 52, and 68 have been amended to include similar limitations. This aspect of the invention defined by claims 1, 11, 13, 14, 15, 30, 52, and 68 is nowhere shown, described or suggested in the cited reference.

Further, each of independent claims 1, 11, 13, 14, 15, 30, 52, and 68 contains limitations not shown in the cited reference. For example, claim 1 recites "recording a retrieval request event in database corresponding to the searcher's retrieval request." Claim 11 recites "estimating the cost of a search listing for a specified time period upon receiving a request from a web site promoter." Claim 13 recites "generating a search listing activity report including information on retrieval requests received from searchers during a specified time period." Claim 14 recites "suggesting alternative search terms to the searcher for generating additional search result lists relative to the searcher's search request." Claim 15 recites "determining a position substantially in real time for the updated search listing in a search result list generated by the search engine in response to a search request received from a searcher using the computer network, where the search term of the updated search listing generates a match with the search request and the position of the updated search listing in the search result list is determined using the bid amount." Similarly, claim 30 recites "generating a search result list comprised of search listings wherein the search term for each search listing generates a match with the search request, the search listings in the search result list arranged in an order corresponding to the bid amounts of the search listing." Claim 52 recites a number of limitations not disclosed in the cited reference, including at least "providing the web site promoter with login access...." Similarly, claim 68 recites a number

GOG 31653

of limitations not disclosed in the cited reference, including at least "programming code for providing the advertising web site promoter with login access...."

Accordingly, since the quoted limitations of independent claims 1, 11, 13, 14, 15, 30, 52, and 68 are nowhere shown, described or suggested in the cited reference, the cited reference can not anticipate any of these claims. Accordingly, each of these claims is allowable over the cited reference. Dependent claims 2-10, 12, 16-29, 31-51 and 53-67 are each allowable for the same reasons. Withdrawal of the 35 U.S.C. § 102(b) rejection of claims 1-68 is respectfully requested.

The Drawings

The examiner notes that the application was filed with informal drawings and has required formal drawings. Formal drawings will be filed when the application is allowed.

With this Amendment, the application is in condition for allowance. Should the Examiner deem a telephone conference to be helpful in expediting allowance of this application, the Examiner is invited to call the undersigned attorney at the telephone number shown below.

Respectfully submitted,

John G. Rauch
Registration No. 37,218
Attorney for Applicant

April 6, 2000

BRINKS HOFER GILSON & LIONE
P.O. BOX 10395
CHICAGO, ILLINOIS 60610
(312) 321-4200

3

GOG 31654