# Grewal Decl., Exhibit O

Charles M. McMahon
312-321-4782
cmcmahon@brinkshofer.com

**BRINKS**
**HOFER**
**GILSON**
**& LIONE**

A PROFESSIONAL CORPORATION
INTELLECTUAL PROPERTY ATTORNEYS

NBC TOWER · SUITE 3600
455 N. CITYFRONT PLAZA DRIVE
CHICAGO, ILLINOIS 60611-5599
www.brinkshofer.com
FAX 312-321-4299
TELEPHONE 312-321-4200

SAN JOSE, CA
INDIANAPOLIS, IN
ANN ARBOR, MI
ARLINGTON, VA

November 5, 2003

*via facsimile and first class mail*

Christine P. Sun, Esq.
KEKER & VAN NEST, L.L.P.
710 Sansome Street
San Francisco, CA 94111-1704

Re:   *Overture Services, Inc. v. Google Inc.,*
      Civ. No. C02-01991 (N.D. Cal.)

Dear Christine:

I write in response to your letter of October 31, 2003, regarding Google's request for production of Overture's privileged documents. For the reasons set forth below, we disagree that Google is entitled to production of privileged documents.

With respect to Google's contention regarding waiver, we disagree that the cited deposition testimony rises to the level of waiving the attorney-client privilege with respect to any of the documents listed on Overture's privilege log. *See Libbey Glass, Inc. v. Oneida, Ltd.*, 197 F.R.D. 342, 346-47 (N.D. Ohio 1999). Please explain how the cited testimony demonstrates waiver of any privilege.

We also disagree with Google's contention regarding the crime-fraud exception. To establish that the crime-fraud exception applies to any particular communication, Google must demonstrate a *prima facie* case of fraud, including: (1) a representation of material fact; (2) the falsity of that representation; (3) the intent to deceive; (4) a justifiable reliance upon the misrepresentation by the party deceived; and (5) injury to the party deceived as a result of reliance on the misrepresentation. *See In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 807 (Fed. Cir. 2000). Google has not specifically identified a single allegedly false communication, much less provided *prima facie* evidence that the statement is in fact false. Moreover, Google has not identified any evidence of intent to deceive. Without providing at least some evidence on these issues, Google cannot establish a *prima facie* case of fraud. Please explain the basis for Google's allegations.

Christine P. Sun, Esq.
November 5, 2003
Page 2

      I expect that Jason White and/or Jack Berenzweig will be involved in any telephone call to meet-and-confer regarding these issues, but neither Jason nor Jack are available on the dates you specified. We request that you address the questions posed above regarding Google's contentions prior to any meet-and-confer. We expect that Google's urgency to resolve this issue has subsided now that the mediation has been rescheduled for January.

      Best regards,

      Charles M. McMahon