# Grewal Decl.,

# Exhibit P

Dockets.Justia.com

United States District Court
For the Northern District of California

1
2
3
4
5
6
7               UNITED STATES DISTRICT COURT

8               NORTHERN DISTRICT OF CALIFORNIA

9
10   TV INTERACTIVE DATA
     CORPORATION,
11
                    Plaintiff,                    No. C-02-2385 JSW (EDL)
12
          v.                                      **ORDER GRANTING IN PART AND DENYING**
13                                                **IN PART PLAINTIFF'S MOTION TO**
                                                  **COMPEL AND GRANTING IN PART AND**
14                                                **DENYING IN PART DEFENDANT'S MOTION**
                                                  **TO COMPEL**
15
16   MICROSOFT CORPORATION,

17                    Defendant.
                                              /
18
19        In this patent infringement case, Plaintiff filed a motion to compel seeking discovery responsive to

20   certain interrogatories and requests for production of documents. Plaintiff also seeks an order permitting

21   additional days of deposition of Defendant's employee Ron Radko. Defendant filed a motion to compel

22   seeking discovery responsive to Interrogatory 9 and production of documents based on the subject matter

23   waiver of the attorney-client privilege. On November 18, 2003, the Court held a hearing on both motions.

24   For the reasons stated at the hearing and the reasons stated below, the Court makes the following Order.

25   **PLAINTIFF'S MOTION TO COMPEL**

26        **Interrogatories 5 and 15**

27        These interrogatories relate to Defendant's position that Windows predates Plaintiff's invention and

28   therefore, assuming *arguendo* that Plaintiff prevails on its infringement contention, renders the patents invalid.

     See 35 U.S.C. § 102(g). Importantly, Defendant does not concede infringement. Plaintiff argues that it needs

**United States District Court**
For the Northern District of California

1  further responses to these interrogatories because Defendant has not complied with Patent Local Rule 3-3,

2  which requires each party opposing a claim of patent infringement to serve Preliminary Invalidity Contentions

3  containing, *inter alia*, "the identity of each item of prior art that allegedly anticipates each asserted claim or

4  renders it obvious." Pat. L.R. 3-3(a). That rule also requires that "[p]rior art under 35 U.S.C. § 102(g) shall

5  be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding

6  the making of the invention before the patent applicant(s)."

7        Plaintiff's argument that Defendant must comply with Patent Local Rule 3-3 with respect to this

8  particular defense under 35 U.S.C. § 102(g) is an attempt to apply the patent rules in an unfair manner. At this

9  early stage of the litigation, a mechanical application of Patent Local Rule 3-3 to a party that denies that its

10  invention reads on each of Plaintiff's claims but merely argues in the alternative that its invention is entitled to

11  priority would be contrary to the spirit of the patent rules and inconsistent with caselaw. See also Benedict v.

12  General Motors Corp., 61 U.S.P.Q. 2d 1953, 1955 (N.D. Fla. 2002) (citing Vanmoor v. Wal-Mart Stores,

13  Inc., 201 F.3d 1363 (Fed. Cir. 2000) and Evans Cooling Sys., Inc. v. General Motors Corp., 125 F.3d 1448

14  (Fed. Cir. 1997)) ("Vanmoor and Evans establish that when a patent holder's entire claim is that an accused

15  product infringes the patent, then, for purposes of determining on motion for summary judgment whether the

16  patent is invalid because the accused product was earlier-invented or earlier-on-sale, no further showing of

17  identity of the patented and accused products is required."). Accordingly, it is **HEREBY ORDERED** that

18  Plaintiff's motion to compel further responses to interrogatories 5 and 15 is **DENIED**. Defendant should take

19  note, however, that if the claims construction favors Plaintiff such that there may be infringement, Defendant may

20  need to amend the claims chart or possibly risk preclusion.

21        **Interrogatory 9**

22        This interrogatory focuses on when Defendant became aware of the patents-in-suit. Defendant's

23  response and supplemental response to this interrogatory were too narrowly limited and did not account for

24  awareness by agents and attorneys on behalf of Defendant. Accordingly, it is **HEREBY ORDERED** that

25  Plaintiff's motion to compel a further response to interrogatory 9 is **GRANTED IN PART**. Defendant need

26  not admit that a particular agent or attorneys' awareness constituted awareness on the part of Defendant if it

27  has a good faith argument to the contrary, but Defendant must state the facts regarding any awareness by agents

28  or attorneys acting on behalf of Defendant in response to the following revised interrogatory 9: Identify the date

United States District Court

For the Northern District of California

1  and circumstances under which Microsoft or its agents, including its attorneys, first became aware of each
2  patent-in-suit.

3  **Interrogatory 14/Document requests 72, 82, 83**

4  Plaintiff sought a detailed list of Defendant's products using Autoplay as well as exemplars of and
5  marketing documents relating to Windows products.  The Court agrees that Plaintiff is entitled to some
6  summary financial data on accused products, and may be entitled to some data regarding some unaccused
7  products, but that these discovery requests are overbroad under Federal Rule of Civil Procedure 26.
8  Therefore, it is **HEREBY ORDERED** that Plaintiff's motion to compel further responses to these discovery
9  requests is **GRANTED IN PART** and **DENIED IN PART**.  Defendant does not have to produce
10  exemplars, but the parties must meet and confer after upcoming depositions to try and agree on a subset of
11  Defendant's products for which Defendant will provide responses to these discovery requests.

12  **Document request 28**

13  Plaintiff seeks information relating to Defendant's document retention policy, but Plaintiff seems to have
14  abandoned its motion to compel further response to this document request.  Therefore, it is **HEREBY**
15  **ORDERED** that Plaintiff's motion to compel further response to this document request is **DENIED AS**
16  **MOOT**.

17  **Radko deposition**

18  Plaintiff is scheduled to depose Ron Radko, Defendant's employee and an inventor of Defendant's
19  '966 patent, on December 8-9, 2003, for one day as a 30(b)(6) witness and for one day as a 30(b)(1) witness,
20  but contends that it needs one additional day for Mr. Radko's deposition because Mr. Radko is not only an
21  inventor, but he was significantly involved with the development of the Autoplay technology and has unique
22  knowledge.

23  While it is not unlikely that Plaintiff will need extra time to depose Mr. Radko, this request is premature
24  at this time.  The parties shall plan accordingly and if possible reserve an extra consecutive day in the event
25  further time is needed.  As the deposition progresses, the parties shall meet and confer in an effort to agree on
26  extra time to depose Mr. Radko.  If the parties cannot agree, and the Court grants a motion for extra time, the
27  Court may shift fees and costs for the extra deposition to Defendant.

28  **DEFENDANT'S MOTION TO COMPEL**

**Scope of Subject Matter Waiver**

**United States District Court**
For the Northern District of California

1   The primary issue in Defendant's motion is the subject matter waiver of the attorney-client privilege by

2   Plaintiff as a result of voluntary production by Plaintiff of privileged documents. <u>Weil v. Investment/Indicators,</u>

3   <u>Research and Management, Inc.</u>, 647 F.2d 18, 24 (9th Cir. 1981) (recognizing that voluntary disclosure of the

4   content of an attorney-client communication waives the attorney-client privilege as to all other communications

5   on the same subject matter.). The scope of the waiver is determined by balancing: (1) the subject matter of

6   the documents disclosed; (2) the need to protect the frankness of client disclosure; and (3) the need to preclude

7   unfair partial disclosures. <u>See</u> <u>Starsight Telecast, Inc. v. Gemstar Dev. Corp.</u>, 158 F.R.D. 650, 655 (N.D. Cal.

8   1994). The waiver exception should be construed narrowly and should only be found where it would be unfair

9   to deny discovery to the opposing party. <u>Aclara Biosciences, Inc. v. Caliper Techs. Corp.</u>, 2001 WL 777083,

10  *5 (N.D. Cal. 2000) (citing <u>Starsight</u>).

11  Both parties agree there has been a waiver, but they disagree as to its scope. Plaintiff contends that

12  the waiver is limited to "all privileged information related to the diligent prosecution of TVI's patents up to the

13  constructive reduction to practice of TVI's patents-in-suit." Pl.'s Opp'n at 2:10-12. Defendant contends that

14  the waiver is extremely broad and encompasses all confidential communications regarding "prosecution of the

15  patents-in-suit, confidential communications regarding TVI's patents, legal advice about patent rights,

16  knowledge of prior art, corporate issues and legal advice about the validity of the patents-in-suit." Def.'s Reply

17  at 2:5-8. Having conducted the balancing test as described in <u>Starsight Telecast</u> and being mindful of the

18  admonition to construe subject matter waiver narrowly, the Court adopts Plaintiff's version of the waiver's

19  scope. Although there is some authority stating that subject matter waiver should not be limited on a temporal

20  basis, under the specific facts and circumstances of this case, a temporal limit makes sense given that the subject

21  matter is due diligence for which the relevant period ends on the filing date, in this case, July 1, 1994.

22  Therefore, it is **HEREBY ORDERED** that the subject matter waiver of the attorney-client privilege is limited

23  to documents and information related to the diligent prosecution of Plaintiff's patents up to July 1, 1994, the

24  date of the constructive reduction to practice of the patents. Because Plaintiff represented to the Court that

25  it produced every document dated prior to July 1, 1994, and the Court's review of the privilege log does not

26  reveal any documents dated prior to the July 1, 1994 date, there appears to be no further documents for which

27  the Court can compel production.

28  **Petition to Make Special**

United States District Court
For the Northern District of California

1   Defendant also contends that Plaintiff's counsel's statements to the Patent and Trademark Office in

2   Plaintiff's Petition to Make Special constituted a broad subject matter waiver. In that Petition and related

3   documents, Plaintiff's executive and patent counsel filed declarations regarding tests they did for infringement

4   by Windows on Plaintiff's patents that included counsel's opinion that Windows infringed. See Weinstein Decl.

5   Exs. BR, BS, BU. Again, the waiver of attorney-client privilege based on statements made in the Petition is

6   not as broad as Defendant suggests. Instead, the waiver based on the Petition includes documents and

7   information relied on or considered and rejected by the declarants in the time leading up to the opinions stated

8   by counsel in the Petition. Put another way, Defendant is entitled to any privileged documents or information

9   on which the declarants based their opinions, but is not entitled to any subsequent documents regarding the

10  issues contained in the declarations. Therefore, it is **HEREBY ORDERED** that Defendant's motion to

11  compel is **GRANTED** to the extent that Plaintiff must produce all documents within the scope of this waiver.

12  If Plaintiff believes that it has already produced all documents encompassed by this waiver, it shall submit to

13  Defendant a declaration from the person most knowledgeable to that effect.

14  **Gafford Communications**

15  Defendant claims that Plaintiff improperly withheld under the work product doctrine an e-mail and a

16  letter referred to as the Gafford communications. Defendant contends that these documents were not prepared

17  in anticipation of litigation and so are not protected. Even though they are dated in 1999, several years prior

18  to the filing of this lawsuit, they were generated after the Petition to Make Special, which demonstrates that

19  Plaintiff believed that Defendant's product infringed and tends to show that Plaintiff contemplated litigation at

20  that time. Moreover, these documents were sent to litigation counsel, not patent prosecution counsel.

21  Therefore, it is **HEREBY ORDERED** that Defendant's motion to compel production of the Gafford

22  communications is **DENIED.**

23

24  **Inadvertent Production**

25  Defendant contends that Plaintiff's production of a letter from David Ron, Plaintiff's former CFO, to

26  Jim Scheinman, an attorney at the law firm of Gray, Cary, Ware & Freidenrich discussing Plaintiff's belief that

27  Defendant's Autoplay infringes Plaintiff's patents and licensing strategies, constituted waiver of the privilege for

28  seven other documents sent to or received from Mr. Scheinman and Gray, Cary. See Weinstein Decl. Ex. BH,

items 10, 34-39. Plaintiff agrees that the letter was produced, but contends that the production was

5

**United States District Court**
For the Northern District of California

1   inadvertent. Plaintiff asked for the letter back on October 17, 2003, after this motion was filed. See MacLeod

2   Decl. Ex. 1.

3        In determining whether a privilege has been waived by inadvertent production, courts consider the

4   totality of the circumstances surrounding the disclosure including whether the party making the production took

5   reasonable measures to protect the privilege. See, e.g., United States ex rel. Bagley v. TRW, Inc., 204 F.R.D.

6   170, 177 (C.D. Cal. 2001); Hartford Fire Ins. Co. v. Garvey, 109 F.R.D. 323, 332 (N.D. Cal. 1985) (citing

7   Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co., 104 F.R.D. 103, 105 (S.D. N.Y. 1985)) (courts are

8   guided in this analysis by five factors: (1) the reasonableness of the precautions to prevent inadvertent

9   disclosure; (2) the time taken to rectify the error; (3) the scope of the discovery; (4) the extent of the disclosure;

10  and (5) the overriding issue of fairness). Here, given the extensive amount of discovery to date, inadvertent

11  production of one document is not unreasonable. Even though it took Plaintiff two months to seek return of

12  the letter, and Plaintiff only did so after Defendant's motion to compel was filed, as soon as Plaintiff found out

13  about the inadvertent production, it acted quickly in seeking the return. Accordingly, it is **HEREBY**

14  **ORDERED** that Defendant's motion to compel based on inadvertent production is **DENIED**.

15       **Mr. Surydevara's Deposition**

16       Given the Court's Order regarding the scope of the subject matter waiver for documents produced by

17  Plaintiff for the time prior to July 1, 1994, it is **HEREBY ORDERED** that Mr. Surydevara's deposition shall

18  be limited to events prior to that date.

19       **Interrogatory 9**

20       Plaintiff claims that it cannot respond to this interrogatory until Defendant complies with Patent Local

21  Rule 3-3 because Plaintiff does not know the location of the prior art. Given the ruling above in connection with

22  Plaintiff's motion to compel and Patent Local Rule 3-3, it is **HEREBY ORDERED** that the parties shall meet

23  and confer in an effort to resolve their dispute with respect to this interrogatory.

24

25  Dated: November 21, 2003

26                                    /electronic signature authorized/
                                      ELIZABETH D. LAPORTE
27                                    United States Magistrate Judge

28