1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  DARALYN J. DURIE - #169825
   CHRISTINE P. SUN - #218701
3  710 Sansome Street
   San Francisco, CA 94111-1704
4  Telephone: (415) 391-5400
   Facsimile: (415) 397-7188

Attorneys for Defendant and Counterclaimant
6  GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OVERTURE SERVICES, INC., | Case No. C 02-01991 JSW (EDL) |
|     Plaintiff and Counterdefendant, | **SUPPLEMENTAL DECLARATION OF CHRISTINE P. SUN IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TESTIMONY RE: PROSECUTION OF '361 PATENT** |
| v. | |
| GOOGLE INC., | |
|     Defendant and Counterclaimant. | Date: August 10, 2004<br>Time: 9:00 a.m.<br>Courtroom: E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |

334776.01

SUPPLEMENTAL DECLARATION OF CHRISTINE P. SUN IN SUPPORT OF MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND TESTIMONY RE: PROSECUTION OF '361 PATENT
CASE NO. C 02-01991 JSW (EDL)

I, CHRISTINE P. SUN, declare as follows:

1. I am an attorney licensed to practice in the State of California and am an associate at the law firm of Keker & Van Nest, LLP, counsel for Defendant and Counterclaimant Google Inc. in this matter. I submit this supplemental declaration in support of Google's Motion To Compel Production of Documents and Testimony Re: Prosecution of the '361 Patent. Based on communications with Overture Services, Inc. subsequent to the filing of Google's Motion, I understand that Overture now takes the position that Google has not complied with its meet and confer obligations. I submit this declaration to set forth in full Google's meet and confer efforts prior to the filing of the Motion.

2. In addition to the letter attached as Exhibit O to the Declaration of Ravind S. Grewal (filed June 29, 2004), as discussed further below, the parties exchanged numerous letters and had a telephonic conference about the issues raised in the Motion prior to its filing.

3. Google made its initial attempt to meet and confer by letter dated October 17, 2003. Attached hereto as Exhibit A is a true and correct copy of a letter from Christine P. Sun to Charles McMahon dated October 17, 2003. In the letter, Google requested that Overture produce all documents and communications related to the prosecution of the '361 patent on the grounds that Overture had waived privilege and that the crime-fraud exception to privilege applied. *See* Ex. A at 3. As part of that request, Google identified to Overture the legal and factual bases for the present Motion, including the deposition testimony that Google contends effects a waiver and the fraudulent misrepresentations that Google contends may constitute a fraud on the Patent Office. *Id.* at 3-5. Google also stated that if the parties were unable to informally resolve the matter, Google would bring a motion to compel. *Id.* at 3.

4. In response, Overture denied that it had waived privilege or that the crime-fraud exception to privilege applied. Attached hereto as Exhibit B is a true and correct copy of a letter from Charles McMahon to Christine P. Sun dated November 5, 2003. Overture also asked that Google further explain its position.

5. Google responded to Overture's request by letter dated November 7, 2003. Attached hereto as Exhibit C is a true and correct copy of a letter from Christine P. Sun to

1

334776.01

SUPPLEMENTAL DECLARATION OF CHRISTINE P. SUN IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TESTIMONY RE: PROSECUTION OF '361 PATENT
CASE NO. C 02-01991 JSW (EDL)

1  Charles McMahon dated November 7, 2003.  In the letter, Google once again identified to
2  Overture specific deposition testimony that Google contends waived privilege.  Google also
3  discussed the case cited by Overture for the proposition that it had not waived privilege.  Google
4  proposed that the parties have a telephonic meet and confer conference to further discuss the
5  parties' disagreements.
6        6.  In response, Overture once again denied that it had waived privilege or that the
7  crime-fraud exception applied.  Attached hereto as Exhibit D is a true and correct copy of a letter
8  from Charles McMahon to Christine P. Sun dated November 10, 2003.  Overture proposed that
9  the parties' telephonic conference occur on November 14, 2003.
10       7.  By letter dated November 11, 2003, Google confirmed that it would be available
11 for a telephonic conference on November 14, 2003.  Attached hereto as Exhibit E is a true and
12 correct copy of a letter from Christine P. Sun to Charles McMahon dated November 11, 2003.
13       8.  On November 14, 2003, I had a telephonic conference with current counsel for
14 Overture at Brinks Hofer Gilson & Lione.  To the best of my recollection, present on the call
15 from Brinks Hofer were Charles McMahon, Jason White, and Jack Berenzweig.  During the call,
16 the parties further discussed Google's contentions that Overture had waived privilege and that
17 John Rauch and Darren Davis may have made fraudulent representations to the Patent Office.
18 The parties were unable to resolve their disagreements.  At the conclusion of the call, I informed
19 Overture that Google would be filing a motion to compel and one of the attorneys for Overture
20 responded with something to the effect of, "Go ahead and file your motion then."
21       9.  Since that telephonic conference and prior to the filing of Google's motion,
22 Overture had not indicated to Google that it had changed its position.
23 I declare under penalty of perjury under the laws of the United States that the foregoing is
24 true and correct.  Executed this 7th day of July, 2004, at San Francisco, California.

                              /s/ Christine P. Sun
                              CHRISTINE P. SUN

334776.01

2
SUPPLEMENTAL DECLARATION OF CHRISTINE P. SUN IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TESTIMONY RE: PROSECUTION OF '361 PATENT
CASE NO. C 02-01991 JSW (EDL)