# EXHIBIT C

LAW OFFICES
## KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

CHRISTINE P. SUN
CPS@KVN.COM

November 7, 2003

**VIA FACSIMILE**

Charles M. McMahon, Esq.
Brinks Hofer Gilson & Lione
NBC Tower - Suite 3600
455 N. Cityfront Plaza Drive
Chicago, IL 60611
FAX (312) 321-4782

Re:   *Overture v. Google*

Dear Charlie:

I write in response to your letter dated November 5, 2003.

With respect to your contention that Overture and Brinks have not waived attorney-client communications, the case you cited is unhelpful. *Libbey Glass v. Oneida* stands for the unremarkable proposition that "opaque references" and "passing allusions" to attorney-client communications will not necessarily effect a waiver of attorney-client privilege. In stark contrast, Overture and Brinks Hofer have allowed Mr. Rauch, Ms. Lee, and Mr. Davis to reveal the substance of their communications, as the numerous examples I cited in my previous letter illustrate. Take, for example, the following testimony by Mr. Rauch:

> Q.   During this conversation with Mr. Davis, do you recall whether he told you anything about the features of the GoTo beta system?
>
> A.   I believe he told me that the beta system was just an editorial driven system, that what they referred to as the DTC system or the on-line access provided to advertisers was -- wasn't existing in the beta system.
>
> Q.   Can you recall anything else that Mr. Davis told you during that conversation?

Charles M. McMahon, Esq.
November 7, 2003
Page 2

> A.   During that conversation, Mr. Davis and I at our respective locations looked at each of the independent claims, and I asked him to tell me in each respective claim what was not existing, at least one limitation that was not existing in the beta system. This was what the examiner had asked for, and this was already explained, and I needed to -- from Mr. Davis in order to complete the declaration. And this was specifically what I asked him for, and that's what he told me.

Deposition of John Rauch, at 90-91.

With respect to your contention that Google has not specifically identified a single allegedly false statement or any evidence of an intent to deceive in support of its contention that the crime-fraud exception applies, I refer you to the evidence and testimony cited in my October 17 letter – none of which you have addressed.

As you have chosen to respond to Google's contentions with nothing more than blanket denials, I do not believe that further written discussion will advance the meet-and-confer process. I propose that we have a meet-and-confer telephonic conference on **Tuesday, November 11 at 10 a.m., PST.** If you are not available, please propose other times and dates on Tuesday or Wednesday of next week.

Lastly, given that your letter did not object to Google's contention that work product privilege had been waived, I expect that Overture will be promptly producing attorney work product documents related to the '361 prosecution.

Very truly yours,

CHRISTINE P. SUN

CPS/lhl

321534.01