

E-SERVED
05/21/04
07:11 PM ET
Enron Securities

1  Jerry L. Marks (No. 135395)
2  Michael L. Cypers (No. 100641)
   Jeffrey A. Richmond (No. 155808)
3  HELLER EHRMAN WHITE & MCAULIFFE LLP
   601 S. Figueroa Street, 40th Floor
4  Los Angeles, CA 90017-5758
   Telephone: (213) 689-0200
5  Facsimile: (213) 614-1868

6
7  Attorneys for Defendants
   CREDIT SUISSE FIRST BOSTON, INC.,
8  CREDIT SUISSE FIRST BOSTON (USA) INC.,
   and DONALDSON LUFKIN & JENRETTE
9  SECURITIES CORP. and Defendant/Cross-Complainant
   CREDIT SUISSE FIRST BOSTON LLC
10

11  [additional parties and counsel on following pages]

12              SUPERIOR COURT OF CALIFORNIA

13              COUNTY OF LOS ANGELES

14

| | |
|---|---|
| Coordination Proceeding Special Title (Rule 1550(b)) | ASSIGNED FOR ALL PURPOSES TO THE HONORABLE VICTORIA CHANEY, DEPARTMENT 324, CCW |
| | **OPPOSITION TO MOTIONS FOR STAY BY CROSS-DEFENDANTS ANDREW S. FASTOW AND MICHAEL J. KOPPER** |
| **THE ENRON SECURITIES CASES** Included actions: | **JUDICIAL COUNCIL COORDINATION PROCEEDING No. 4306** |
| OCM Opportunities Fund III, L.P. v. Citigroup, Inc. | SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES No. BC 283342 |
| Pacific Investment Management Company, LLC v. Citigroup, Inc. | SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE No. 02CC00300 |
| and related cross-actions. | Date:    June 21, 2004 Time:    2:00 p.m. |

Heller
Ehrman
White &
McAuliffe LLP

28

Dockets.Justia.com



E-SERVED
05/21/04
07:11 PM ET
Enron Securities

1  Richard W. Clary
   Julie A. North
2  CRAVATH, SWAINE & MOORE LLP
   Worldwide Plaza
3  825 Eighth Avenue
   New York, NY 10019-7475
4  Telephone: (212) 474-1000
   Facsimile: (212) 474-3700
5
   Attorneys for Defendants
6  (in both cases)
   CREDIT SUISSE FIRST BOSTON, INC., CREDIT SUISSE FIRST BOSTON (USA)
7  INC., and DONALDSON LUFKIN & JENRETTE SECURITIES CORP., and
   Defendant/Third-Party Plaintiff CREDIT SUISSE FIRST BOSTON LLC
8

9  Ronald J. Nessim (No. 94208)            Brad S. Karp
   John K. Rubiner (No. 155208)            Michael E. Gertzman
10 Paul S. Chan (No. 183406)               Jonathan Hurwitz
   BIRD, MARELLA, BOXER &                  PAUL, WEISS, RIFKIND, WHARTON &
11 WOLPERT, APC                            GARRISON LLP
   1875 Century Park East, 23rd Floor      1285 Avenue of the Americas
12 Los Angeles, CA 90067                   New York, NY 10019-6064
   Telephone: (310) 201-2100               Telephone: (212) 373-3000
13 Facsimile: (310) 201-2110               Facsimile: (212) 757-3990
14 Attorneys for Defendants/Third-Party Plaintiffs
   (in both cases)
15 CITIGROUP, INC., CITICORP, CITIBANK, N.A., CITICORP NORTH AMERICA, INC.,
   and CITIGROUP GLOBAL MARKETS INC.
16

17 Bryan A. Merryman (No. 134357)          Lawrence Byrne
   Michael Houske (No. 218830)             Owen Pell
18 WHITE & CASE LLP                        Lance Croffoot-Suede
   633 West Fifth Street, Suite 1900       Joseph B. Schmit
19 Los Angeles, CA 90071                   WHITE & CASE LLP
   Telephone: (213) 620-7700               1155 Avenue of the Americas
20 Facsimile: (213) 687-0758               New York, NY 10036
                                           Telephone: (212) 819-8200
21                                         Facsimile: (212) 354-8113
22 Attorneys for Defendants
   (in both cases)
23 DEUTSCHE BANC ALEX. BROWN and DEUTSCHE BANC ALEX. BROWN INC. and
   Defendant/Third-Party Plaintiff DEUTSCHE BANK SECURITIES INC.
24

25

26

27

Heller
Ehrman   28
White &
McAuliffe LLP

i

OPPOSITION TO CROSS-DEFENDANTS' MOTIONS TO QUASH: JCCP 4306


E-SERVED
05/21/04
07:11 PM ET
Enron Securities

1  Chet A. Kronenberg (No. 222335)                  Thomas C. Rice
   SIMPSON THACHER & BARTLETT LLP                  Bruce D. Angiolillo
2  1999 Avenue of the Stars, 29th Floor            David J. Woll
   Los Angeles, CA  90067-4607                      Jonathan K. Youngwood
3  Telephone:  (310) 407-7500                       SIMPSON THACHER & BARTLETT LLP
   Facsimile:  (310) 407-7502                       425 Lexington Avenue
4                                                    New York, NY  10017
                                                     Telephone:  (212) 455-2000
5                                                    Facsimile:  (212) 455-2502

6  Attorneys for Defendants/Third-Party Plaintiffs
   (in OCM case only)
7  J.P. MORGAN CHASE & CO., J.P. MORGAN SECURITIES INC., and JPMORGAN
   CHASE BANK
8

9  Philip E. Cook (No. 149067)                      David L. Carden
   Michael G. Morgan (No. 170611)                   Robert C. Micheletto
10 JONES DAY                                         JONES DAY
   555 West Fifth Street, Suite 4600                222 East 41st Street
11 Los Angeles, CA  90013                            New York, NY  10017
   Telephone:  (213) 489-3939                        Telephone:  (212) 326-3939
12 Facsimile:  (213) 243-2539                        Facsimile:  (212) 755-7306

13

14 Attorneys for Defendants/Third-Party Plaintiffs
   (in OCM case only)
   LEHMAN BROTHERS HOLDINGS INC. and LEHMAN BROTHERS INC.
15

16 Neal S. Robb (No. 107701)                         Barry H. Berke
   KEESAL, YOUNG & LOGAN, APC                        Stephen Sinaiko
17 400 Oceangate                                     KRAMER LEVIN NAFTALIS &
   Post Office Box 1780                              FRANKEL LLP
18 Long Beach, CA  90801                             919 Third Avenue
   Telephone:  (562) 436-2000                        New York, NY  10022
19 Facsimile:  (562) 436-7416                        Telephone:  (212) 715-9100
                                                     Facsimile:  (212) 715-8000
20

21 Attorneys for Defendants/Third-Party Plaintiffs
   (in both cases)
   THE BEAR STEARNS COMPANIES, INC. and BEAR, STEARNS & CO. INC.
22

23 Robert A. Sacks (No. 150146)                      Brendan P. Cullen (No. 194057)
   SULLIVAN & CROMWELL LLP                           SULLIVAN & CROMWELL LLP
24 1888 Century Park East                            1870 Embarcadero Road
   Los Angeles, CA  90067                            Palo Alto, CA  94303
25 Telephone:  (310) 712-6600                        Telephone:  (650) 461-5600
   Facsimile:  (310) 712-8800                        Facsimile:  (650) 461-5700
26

27 Attorneys for Defendant/Third-Party Plaintiff
   (in OCM case only)
   UBS SECURITIES LLC
28

Heller
Ehrman
White &
McAuliffe LLP

OPPOSITION TO CROSS-DEFENDANTS' MOTIONS TO QUASH: JCCP 4306

E-SERVED
05/21/04
07:11 PM ET
Enron Securities

## I.    INTRODUCTION

Cross-Defendants Andrew S. Fastow and Michael J. Kopper ask this Court to stay their obligations to respond to the cross-complaint and to respond to discovery.  Kopper requests that such stay remain in place until October 15, 2004, and his request at least implicitly encompasses jurisdictional discovery.  See Memorandum of Points and Authorities filed by Cross-Defendant Michael J. Kopper on April 23, 2004 ("Kopper Br.") at 1, 8.  Fastow's request is indefinite in duration, and does not specify whether it encompasses jurisdictional discovery.  See Memorandum of Points and Authorities filed by Cross-Defendant Andrew S. Fastow on April 30, 2004 ("Fastow Br.") at 6.

Fastow's and Kopper's motions are based primarily on two California cases that suggest stays should be granted upon request by parties in criminal jeopardy, *if and only if* such stays will impose no prejudice on other parties or the judicial system.  The cases require a careful balancing of interests, and both make clear that any stay must be fashioned so as to avoid any prejudice to other parties.  Cross-Complainants[1] do not oppose the limited stays requested by Fastow and Kopper, provided that they are so fashioned.  This means that (1) neither Fastow nor Kopper should be excused from participating in discovery directed to others; and (2) this Court should not proceed to determine its personal jurisdiction over Fastow or Kopper without affording Cross-Complainants an opportunity to take jurisdictional discovery from them.  In addition, because Fastow and Kopper will need to give evidence (or invoke the Fifth Amendment) at some point in order for these cases to be brought to trial, this Court should re-evaluate the propriety of any limited stays, at a minimum, at each quarterly status conference called for in the Case Management Order.

---

[1] Cross-Complainants in the OCM action are Citigroup, Inc., Citicorp, Citibank, N.A., Citicorp North America, Inc., Citigroup Global Markets Inc., Credit Suisse First Boston LLC, Deutsche Bank Securities Inc., J.P. Morgan Chase & Co., JPMorgan Chase Bank, J.P. Morgan Securities Inc., Lehman Brothers Holdings Inc., Lehman Brothers Inc., Bear Stearns Companies Inc., Bear, Stearns & Co. Inc., and UBS Securities LLC.  Cross-Complainants in the PIMCO action are Citigroup, Inc., Citicorp, Citibank, N.A., Citicorp North America, Inc., Citigroup Global Markets Inc., Credit Suisse First Boston LLC, Deutsche Bank Securities Inc., Bear Stearns Companies Inc., and Bear, Stearns & Co. Inc.

Heller
Ehrman
White &
McAuliffe LLP

1

E-SERVED
05/21/04
07:11 PM ET
Enron Securities

## II.   Neither Fastow Nor Kopper Should Be Excused From Participating In Discovery Directed To Others

Both Fastow and Kopper represent to this Court that they seek stays like those previously ordered by Judge Melinda Harmon in the MDL proceeding in the U.S. District Court for the Southern District of Texas, In re Enron Corp. Securities Litigation (MDL 1446). See Fastow Br. at 1; Kopper Br. at 2. Importantly, while the stays ordered by Judge Harmon recognize Fastow's and Kopper's Fifth Amendment interests by shielding them from having to *respond* to discovery, they do not excuse Fastow or Kopper from participating in discovery *directed to others*. For obvious reasons of judicial economy and efficiency, neither Fastow nor Kopper will be permitted, at some later stage in the litigation, to retake or reopen other witnesses' depositions on the ground that they did not have an opportunity to participate.

It is critical to the efficient management of these cases – and of the MDL proceeding, because depositions are being coordinated – that the same rule apply here. Cross-Complainants do not understand Fastow or Kopper to be asking this Court to excuse them from participating in discovery. However, to avoid any possible confusion, Cross-Complainants respectfully request that this Court specify in any stay order that Fastow and Kopper are not excused from *participating* in discovery *directed to others* during such time as they may be excused from *responding* to some or all discovery directed to them.

## III.   This Court Should Not Decide Motions To Quash By Fastow Or Kopper Without Allowing Cross-Complainants To Take Jurisdictional Discovery

Along with his motion for stay, Fastow filed a motion to quash service of summons on the cross-complaint for lack of personal jurisdiction. Kopper has not filed such a motion, but the brief in support of his motion for stay suggests that he may intend to do so in the future. See Kopper Br. at 1 n.1.

For the reasons set forth in their accompanying brief opposing Cross-Defendants' motions to quash, Cross-Complainants are entitled to take jurisdictional discovery before this Court decides any such motions. The Court indicated at the status conference

Heller
Ehrman
White &
McAuliffe LLP

2

E-SERVED
05/21/04
07:11 PM ET
Enron Securities

1  conducted on April 29, 2004 that it does not want to defer ruling on motions to quash until

2  Fastow and Kopper are no longer in criminal jeopardy. If this remains the Court's view, the

3  Court should carve out jurisdictional discovery from the requested stays. See Forbes v.

4  Eagleson, No. CIV. A. 95-7021, 1996 WL 420829, *7 (E.D. Pa. July 23, 1996) (staying

5  action pending disposition of criminal indictment but excepting jurisdictional discovery).

6      Fastow and Kopper may argue that they cannot respond even to jurisdictional

7  discovery without touching on issues relevant to the criminal proceedings against them, and

8  might therefore be "forced" to invoke the Fifth Amendment. So be it. A litigant's interest

9  in avoiding what Fastow and Kopper describe as a "Hobson's choice" between self-

10  incrimination and the purely civil consequences that flow from "taking the Fifth" is not of

11  constitutional dimension. See, e.g., United States v. Kordel, 397 U.S. 1, 11 (1970); SEC v.

12  First Fin. Group, Inc., 659 F.2d 660, 666-67 (5th Cir. 1981); SEC v. Dresser Indus., 628

13  F.2d 1368, 1375 (D.C. Cir. 1980). The California cases on which Fastow and Kopper base

14  their stay motions, Pacers, Inc. v. Superior Court, 162 Cal. App. 3d 686 (1984) and Avant!

15  Corp. v. Superior Court, 79 Cal. App. 4th 876 (2000), expressly require a movant's interest

16  to be balanced against all interests of other litigants and all interests of the Court. Pacers,

17  162 Cal. App. 3d at 690; Avant!, 79 Cal. App. 4th at 510. It would be extremely prejudicial

18  for this Court to allow Fastow and/or Kopper to use their Fifth Amendment rights as

19  swords, filing motions to quash and at the same time barring Cross-Complainants from

20  taking the jurisdictional discovery they need to defeat such motions. In this situation, the

21  balancing of interests required by Pacers and Avant! will require Fastow (and Kopper, if

22  and when he files a motion to quash) to respond to jurisdictional discovery – by giving

23  evidence, by invoking the Fifth Amendment, or by doing some of each, as they see fit.

24  **IV.  CONCLUSION**

25      For the foregoing reasons, if this Court determines that a balancing of all relevant

26  interests warrants an order staying Fastow's and/or Kopper's obligations to respond to the

27  cross-complaint and to discovery, such order should (1) specify that neither Fastow nor

28  Kopper is excused from participating in discovery directed to others; and (2) provide in

Heller
Ehrman
White &
McAuliffe LLP

3

E-SERVED
05/21/04
07:11 PM ET
Enron Securities

1  some manner that this Court will not grant motions to quash by Fastow or Kopper before

2  Cross-Complainants have had an opportunity to take jurisdictional discovery from them.

3

4  DATED:  May 21, 2004                    Respectfully submitted,

5

6                                          HELLER EHRMAN WHITE & MCAULIFFE LLP

7

8                                          By _____

9                                               JEFFREY A. RICHMOND

10

11                                         Attorneys for Defendant/Cross-Complainant
                                           CREDIT SUISSE FIRST BOSTON LLC
12

13                                         [By permission and on behalf of all Cross-
                                           Complainants]
14

15  LA 294173 v2
    5/21/04 11:46 AM (26962.0029)
16

17

18

19

20

21

22

23

24

25

26

27

Heller
Ehrman      28
White &
McAuliffe LLP

OPPOSITION TO CROSS-DEFENDANTS' MOTIONS TO QUASH: JCCP 4306