# EXHIBIT S

Dockets.Justia.com



**UNITED ST.. _S DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
            Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/322,677 | 05/28/99 | DAVIS | D    9623/112 |

| EXAMINER |
|---|
| NGUYEN, C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2165 | 17 |

TM01/1122

ELAINE K LEE
BRINKS HOFER GILSON & LIONE
P O BOX 10395
CHICAGO IL 60610

DATE MAILED:
11/22/00

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

| *Office Action Summary* | Application No. 09/322,677 | Applicant(s) Davis et al. |
|---|---|---|
| | Examiner Cuong H. Nguyen | Group Art Unit 2185 |

☒ Responsive to communication(s) filed on _Oct 2, 2000_

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _____3_____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claim**

☒ Claim(s) _1-68_ is/are pending in the application

Of the above, claim(s) _____ is/are withdrawn from consideration

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) _1-68_ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☒ None of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) _____.

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☒ Notice of Informal Patent Application, PTO-152

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

S.N.: 09/322,677
Art Unit: 2165

### DETAILED ACTION

1.   This Office Action is the answer to the communication received on 10/02/2000 (the amendment), which paper has been placed of record in the file.

2.   Claims **1-68** are pending in this application.

### Response:

3.   Applicants' arguments received on 4/10/2000 have been fully considered but they are not persuasive with previous cited references, and newly found references; the examiner withdraws previous FINAL REJECTION according to the affidavit of the main inventor; therefore, previous presented arguments about 35 U.S.C. 102(b) rejections are moot.

### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office Action:

> *(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.*

4.   Claims 1-51 are rejected under 35 U.S.C. 103(a) as being unpatentable over **Dialog Information Service, Inc.** (a commercial

09/322,677
Art Unit 2165

search company), in view of a **Business Wire** article title
"GoTo.com announces first round of financing, totaling more than
$6 million, led by Draper Fisher Jurvetson" published on May 19,
1998, in view of **Buck** et al. (US Pat. 6,078,866), further in view
of the Official Notice.

Since the subject matter of these claims are notoriously
well-known in network searching business, the examiner would like
to point-out that these limitations/features are in the prior art
that the examiner showed in previous Office Action; some claims
are analyzed herein as examples, and the other rejected claims
are obvious with the same rationale set forth:

Re. to claim 1: A method of generating a (search) result list,
comprising:

- maintaining a database including search listings (it is
notoriously well-known in **Dialog Inc.** reference "in searching
business"), and a modifiable bid amount (it is inherent with
"increase a bid" in **Business Wire**);

- receiving a search request (it is notoriously well-known
in **Dialog Inc.** reference "in searching business");

- identifying a match of search terms (it is notoriously
well-known in **Dialog Inc.** reference "in searching business");

09/322,677
Art Unit 2165

    - putting into order/sorting search listings according to
respective bid amounts (this limitation is inherent in Dialog
Classic 'in searching business" for obvious/analogous to 'result
sorting", 'hits" sorting e.g. patent issue number or date of
publishing .etc.);

    - receiving a retrieval request (it is notoriously well-
known in Dialog Inc. reference 'in searching business");

    - recording a request in a database (it is notoriously well-
known in Dialog Inc. reference 'in searching business").

    Dialog Inc. does not disclose exactly claimed languages as
of the applicants.

    However, the Official Notice is taken here that all
claimed's limitations are well-known in the art of searching
using available database in a network (see extra cited
references); cited prior art's limitations are not necessary
spelled-out exactly claimed languages, because these prior
references are also directed to a similar system/method for
computer searching.  Cited prior arts are not limited to the
described embodiments in these references.  It is reasonable that
various modifications and variations of the described method and
system of the cited prior art would be apparent to those skilled
in the art without departing from the scope and spirit of the
invention.  Although these disclosures have been described in

09/322,677
Art Unit 2165

connection with specific preferred embodiments, it should be understood that the invention as claimed should not be unduly limited to such specific embodiments.

Therefore, it would have been obvious to one of ordinary skill in the art at the time of invention to suggest a system for combining available teaching references in the field of network searching to apply above available suggestions in the disclosure of Dialog Inc., Business Wire and Buck et al. because this would be apparent to artisan in searching business.

5. Re. to claim 13: The subject matter is similar to claim 1; therefore, it is rejected based on 35 U.S.C.103(a) for obvious reason with references set forth.

Dialog Inc. does not disclose exactly claimed languages as of the applicants.

However, the Official Notice is taken here that all claimed's limitations are well-known in the art of searching using available database in a network (see extra cited references); cited prior art's limitations are not necessary spelled-out exactly claimed languages, because these prior references are also directed to a similar system/method for computer searching. Cited prior arts are not limited to the described embodiments in these references. It is reasonable that various modifications and variations of the described method and

09/322,677
Art Unit 2165

system of the cited prior art would be apparent to those skilled in the art without departing from the scope and spirit of the invention. Although these disclosures have been described in connection with specific preferred embodiments, it should be understood that the invention as claimed should not be unduly limited to such specific embodiments.

Therefore, it would have been obvious to one of ordinary skill in the art at the time of invention to suggest a system for combining available teaching references in the field of network searching to apply above available suggestions in the disclosure of Dialog Inc., Business Wire and Buck et al. because this would be apparent to artisan in searching business.

6. Re. to claims 4, 6: A step of including listings having all bid amounts (including zero) is a designer's choice. The subject matter is similar/analogous in these claims; therefore, the Official Notice is taken that it is rejected based on 35 U.S.C.103(a) for obviousness.

7. Re. to claim 11: Besides the inherent steps as in claim 1, this claim further including:

- estimating the cost of a search listing for a specified period upon receiving a request from a web site promoter. This is similar/analogous to a feature that Dialog Classic offered e.g. estimating cost at the end of a search session.

09/322,677
Art Unit 2165

Dialog Inc. does not disclose exactly claimed languages as
of the applicants.

However, the Official Notice is taken here that all
claimed's limitations are well-known in the art of searching
using available database in a network (see extra cited
references); cited prior art's limitations are not necessary
spelled-out exactly claimed languages, because these prior
references are also directed to a similar system/method for
computer searching.  Cited prior arts are not limited to the
described embodiments in these references.  It is reasonable that
various modifications and variations of the described method and
system of the cited prior art would be apparent to those skilled
in the art without departing from the scope and spirit of the
invention.  Although these disclosures have been described in
connection with specific preferred embodiments, it should be
understood that the invention as claimed should not be unduly
limited to such specific embodiments.

Therefore, it would have been obvious to one of ordinary
skill in the art at the time of invention to suggest a system
for combining available teaching references in the field of
network searching to apply above available suggestions in the
disclosure of Dialog Inc., Business Wire and Buck et al. because
this would be apparent to artisan in searching business.

09/322,677
Art Unit 2165

8. Re. to claim 14: Besides the inherent steps as in claim 1,
this claim further including:

   - suggesting alternative search terms for generating
additional search result lists. This is similar to a limitation
that STN/CAS commercial search database offered; wherein a
thesaurus and a dictionary are available to use for finding
synonyms. Therefore, it is rejected based on 35 U.S.C.103(a) for
obviousness.

   Dialog Inc. does not disclose exactly claimed languages as
of the applicants.

   However, the Official Notice is taken here that all
claimed's limitations are well-known in the art of searching
using available database in a network (see extra cited
references); cited prior art's limitations are not necessary
spelled-out exactly claimed languages, because these prior
references are also directed to a similar system/method for
computer searching. Cited prior arts are not limited to the
described embodiments in these references. It is reasonable that
various modifications and be apparent to those skilled in the art
without departing from the scope and spirit of the invention.
Although these disclosures have been described in connection with
specific preferred embodiments, it should be understood that the

09/322,677
Art Unit 2165

invention as claimed should not be unduly limited to such
specific embodiments.

Therefore, it would have been obvious to one of ordinary
skill in the art at the time of invention to suggest a system
for combining available teaching references in the field of
network searching to apply above available suggestions in the
disclosure of Dialog Inc., Business Wire and Buck et al. because
this would be apparent to artisan in searching business.

### Allowable Subject Matter

9.    Claims 52, and 68 are allowed because their combination of
limitations are non-obvious to Dialog Inc., Business Wire, and
Buck et al. references.

10.    Claims 53-67 are allowed because they are dependent claims
of the allowable, independent claims 52.

### Conclusion

11.    Claims 1-51 are rejected.

    Claims 52-68 are allowed.

12.    These prior cited references are considered pertinent to
applicants' disclosure.

- Northern Light Technology, LLC, "Help & Hints Table of
Contents", from URL address:
http://www.sirocco.northernlight.com/docs/, copyright 1997-1998.

Page 9 of 11

09/322,677
Art Unit 2165

- Goto.com Inc., Goto Search Results: search engine, from URL
http://www.goto.com/d/search-results/, printed on 8/19/1998.

- Kim Komando, With about 320 million sites, search engines offer
some help, printed in 1998, Los Angeles Times Syndicate.

- "Disclosure Rules: ...", from The Industry Standard pg.2
http://www.thestandard.net/, posted on 8/10/1998.

- An article of "GoTo.com 's account management tool for...",
from dtc@goto.com (GoTo DirecTraffic Center), no date.

- Buck et al., (US Pat. 6,078,866), disclose about an Internet
site searching and listing service based on monetary ranking of
site listings, published on 6/20/2000; priority date is
6/24/1998.

- Hunt et al., (US Pat. 5,724,524), disclose a method and a
system for listing, brokering, and exchanging carrier capacity,
published on 3/03/1998.

- Kirsch, (US Pat. 5,659,732), discloses about document retrieval
over networks wherein ranking and relevance scores are computed
at the client for multiple database documents, published on
8/19/1997.

- Mauldin, (US Pat. 5,748,954), discloses about a method for
searching a queued and ranked constructed catalog of files stored
on a network, published on 5/05/1998.

09/322,677
Art Unit 2165

- Danny Sullivan, "Goto sells positions", from the search engine report, published on 3/03/1998.

- Laura B. Smith, 'Going ... gone, from PC Week, v13, n34, pE1(2), printed on 8/26/1996.

- Rich, "New search engine allows sites to pay their way to top", from MediaWeek, 02/23/1998, Vol.8, Issue 8, p28.

- Database of Corporate ResourceNet, "New service puts ad auction, search engine under one roof", from Electronic Advertising & Marketplace Report, 04/28/1998, Vol.12 Issue 8, p6.

- Espe, "Online search engines start to charge for listings", from Washington Business Journal, 05/07/1999, Vol.18 Issue 1, p31.

- Dawson et al., "2 search sites narrow their parameters", from Adweek—Western Edition, 10/19/1998, Vol.48 Issue 42, p5.

- Database of Corporate ResourceNet, "Bits", from Adweek-Eastern Edition, 04/05/1999, Vol.40 Issue 14, p46.

- Kim Komando, "Searching for search engines-from Dogpile to Deja News", Business First-Columbus, 06/19/1998, Vol.14 Issue 43, p46.

- Database of Corporate ResourceNet, "New services aim to boost efficiency of search engines", from Electronic Advertising & Marketplace Report, 07/14/1998, Vol.12 Issue 13, p6.

Page 11 of 11

09/322,677
Art Unit 2165

- Database of Corporate ResourceNet, "GoTo.com chooses Quest's SharePlex(R) for Oracle software to ensure uptime for business-critical Web site, from PR Newswire, 06/15/2000.

- Database of Corporate ResourceNet, "Capitalist tool", Time Canada, 03/02/1998, vol.151 Issue 8, p41.

- Database of DialogClassic(tm), "Homestead Technologies' Continued Success Draws $17.5 Million In Second Round of Venture Funding", PR Newswire, April 13, 1999.

- US Pat. 5,864,846 (Voorhees, et al.) filing date 6/26/1996 for "Method for facilitating world-wide-web searches utilizing a document distribution fusion strategy".

- US Pat. 5,918,014 (Robinson) filing date 12/26/1996 for "Automated collaborative filtering in world-wide-web advertising".

- US Pat. 5,920,854 (Kirsch, et al.) filing date 8/14/1996 for "Real-time document collection search engine with phrase indexing".

- US Pat. 5,920,859 (Li) filing date 2/02/1997 for "Hypertext document retrieval system and method".

- APS Search Tools - Patent Search Client Strategy publishing date 9/17/1997 by US Patent & Trademark Office.

- Frequently Asked Questions NT Image Search & Retrieval (IS&R) modified 12/04/1997 by US Patent & Trademark Office.

09/322,677
Art Unit 2165

- Chapter 1 - Introduction to Dialog, pp.1-1 to 1-14 by Dialog Information Service, Inc.

- `Automated Patent System (APS)Workstation Reference Manual published on 7/01/1996 by US Patent and Trademark Office.

- Frentzen, `Help for getting the word out about Web sites. (Site promotion tools)", PC Week, v14, n46, p27(1), published on 11/03/1997.

- Miller, `Improve your ranking (building Web sites to attract Web searches)", Home Office Computing, v16, n1, p51(2), published on Jan. 1998.

- Lash, `Open Text updates tools" CNET News.com (http://www.news.com/News/Item/0,4,6118,00.html) published on 12/11/1996.

- Aguillar, `New ad model charges by the click", http://www.news.com/News/Item/0,4,1199,00.html published on 4/29/1996.

- Wingfield, Engine sells results, draws fire, from CNET News.com, printed on 6/21/1996.

- `ClickMail Central Directory Specifications", from URL address http://www.oneclick.com/server/, dated on 8/18/1998.

- Wingfield, `Another engine takes ads by the click", http://www.news.com/News/Item/0,4,1387,00.html published on 5/22/1996.

09/322,677
Art Unit 2165

- Pelline, "New search engine goes commercial", by CNET NEWS.COM
published on 2/18/1998.

- Wang "Engines Battle Irrelevance of Results - New search
service hope to fill the void", by Internet World, published on
2/26/1998.

- Vonder Haar, "Searching for the highest bidder" from
Inter@ctive Week, published on 2/19/1998.

- Riedman, "Search engine startup to auction listings" from
Interactive - advertising, published on 2/23/1998.

- Rich, "New search engine allows sites to pay this way to top"
from http://www.adweek.com/iq/iqnews02.asp, published on
2/23/1998.

- Mardesich, "Web site operators pay for top billing - Search
engine allows site sponsors to buy place on special list", from
Knight Ridder Newspapers or Alexander Communications, published
on 3/02/1998.

- Hilty, "GoTo.Hell - What happens when an online search engine
accepts cash from Web sites?",
http://www.ocweekly.com/ink/archives/97/27byte-3.11.98-1.html,
published on 3/11/1998.

- Flynn, "With Goto.com's Search Engine, the Highest Bidder Shall
Be Ranked First", by the New York Times, published on 3/16/1998.

09/322,677
Art Unit 2165

- Clark, "Start-up plans Internet search service tying results to advertising spending" from The Wall Street Journal, published on 2/20/1998.

- "Going, Going ..." from A closer look of The Wall Street Journal - Marketplace, published on 4/02/1998.

- "coursey.com" David Coursey's insider report on Personal Computing, the Internet, and Communications, published on 3/18/1998.

- Glaser, "Who will GoTo.com", from OnlinePress.com, published on 2/20/1998.

- Mardesich, "Search engine charges hit sites", http://www.sjmercury.com/business/center/goto022198.htm, published on 2/29/1998.

- "News About Search Engines", from http://searchenginewatch.com/ness.html, published on 2/23/1998.

- Wang, "Engines Battle Irrelevance of Results", from Internet world, published on 2/23/1998.

- Swartz, "Browser only lists paying Web sites. Critics fear approach will squeeze out most small Internet players", from http://www.sfgate.com/cgi-bin/, published on San Francisco Chronicle 2/21/1998.

09/322,677
Art Unit 2165

- McWilliams, "Search engine to sell top positions on results lists", http://www.pcworld.com/news/daily/data/0298/...html, published on 2/23/1998.

- "Search engine startup to auction listings", from http://www.adage.com/interactive/daily/index.html, published on Feb. 1998.

- Alyson, "Searching the search engines", from Bacon's, published on 5/08/1998.

.- Pelline, "Pay-for-placement gets another shot", http://www.news.com/News/Item/0,4,19307,00.html, published on 2/19/1998.

13. Notes:

Applicants assert that "the amended claims 1, 11,13-15, 30, , contain limitations nowhere shown in any of the prior art of record, including the cited reference (e.g. claim 1 was amended by the Preliminary Amendment dated January 12, 2000 to recite that each search listing is associated with "a modifiable bid amount that is independent of other components of the search listing." Independent claims 11,13-15, 30 have been amended to include similar limitations.

The examiner disagrees; he submits that all claims' limitations are inherent/obvious with the implementation that Goto.com suggested in the article published on May 19,1998, about

09/322,677
Art Unit 2165

"GoTo.com announces first round of financing, totaling more than
$6 million, led by Draper Fisher Jurvetson" and Dialog Inc. It
obviously/inherently sets forth the mode contemplated by prior
art of carrying out the subject matter in "Bidding for higher
placement offers big benefit to advertisers ... Any advertiser
can increase a bid for a listing in order to obtain a higher
ranking", this feature inherently mentions about "a modifiable
bid amount that is independent of other components of the search
listing". Other related articles are cited to indicate that the
concept in this application already disclosed. That means the
claims' subject matter is not original.

    In re Fine, 5 USPQ2d 1596 (CA FC 1988), the court said:
The PTO can satisfy the burden under section 103 to establish a prima
facie case of obviousness "by showing some objective teaching in the
prior art or that knowledge generally available to one of ordinary skill
in the art would lead that individual to combine the relevant teachings
of the references.

    In re Bozek, 163 USPQ 545 (CCPA 1969), the court said:
"Having established that this knowledge was in the art, the examiner
could then properly rely, as put forth by the solicitor, on a conclusion
of obviousness from common knowledge and common sense of the person of
ordinary skill in the art without any specific hint or suggestion in a
particular reference."

09/322,677
Art Unit 2165

  *In re Gershon, Goldberg, and Neiditch*, 152 USPQ 602 (CCPA 1967),

*the court said:*

'Although references do not disclose or suggest the existence of

applicants' problem or its cause, claims are rejected under 35 U.S.C.

103 since references suggest a solution to problem; it is sufficient

that references suggest doing what applicants did, although they do not

teach or suggest exactly why this should be done, other than to obtain

the expected superior beneficial results."

  In re Conrad. 169 USPQ 170 (CCPA 1971), the court said:

  The test for obviousness under 35 U.S.C. 103 is not the

express suggestion of the claimed invention in any or all of the

references but what the references taken collectively would

suggest.149. Any inquiry concerning this communication or

earlier communications from the examiner should be directed to

examiner Cuong H. Nguyen, whose telephone number is (703)305-

4553. The examiner can normally be reached on Monday-Friday from

7:00 AM-4:30 PM.

  If attempts to reach the examiner by telephone are

unsuccessful, the examiner's supervisor, Vincent A. Millin, can

be reached on (703)308-1065.

  Any response to this action should be mailed to:

Box Issue Fee      Amendments

  Commissioner of Patents and Trademarks

09/322,677
Art Unit 2165

    c/o Technology Center 2700

    Washington, D.C. 20231

or faxed to:    (703) 308-9051, (for formal communications

              intended for entry)

Or:      (703) 305-0040  (for informal or draft communications,

          please label "PROPOSED" or "DRAFT")

Hand-delivered responses should be brought to Crystal Park II,  2121 Crystal

Drive, Arlington. VA., Sixth Floor  (Receptionist).

    Any inquiry of a general nature or relating to the status of

this application should be directed to the Group receptionist

whose telephone number is (703)305-3900.

Cuong H. Nguyen
Patent Examiner, AU 2165
Nov. 08, 2000