# EXHIBIT T

# HellerEhrman
ATTORNEYS

July 15, 2004

*Via Facsimile*

Michael P. Wickey
MWickey@hewm.com
Direct (650) 324-7158
Direct Fax (650) 324-6641
Main (650) 324-7000
Fax (650) 324-0638

05392.0150

Christine P. Sun, Esq.
Keker & Van Nest LLP
710 Sansome Street
San Francisco, California 94111

Re:   Overture v. Google

Dear Christine:

    I write in response to your letter dated July 9, 2004, rejecting Overture's proposal concerning limited additional discovery with respect to the inventorship standard and the prior art search. The principle guiding Overture's position throughout our discussions on these issues has been to provide Google the discovery to which it is entitled but to withhold materials properly protected from disclosure, either as privileged attorney-client communication or protected opinion work product. Unlike the cases on which Google relies in its motion to justify an expansive waiver over the entire '361 prosecution, Overture has never voluntarily waived either of these protections – by affirmatively injecting the state of mind of any of its patent prosecutors or otherwise – in order to defend itself against Google's inequitable conduct allegations.

    In its motion, Google questions the distinction between documents listed on Overture's privilege log described as relating to the prosecution of the '361 patent application and those described as relating to the enforcement of patent rights. Except for the two instances discussed below, the entries on Overture's privilege log accurately reflect the nature of the documents described – *i.e.*, some documents relate to procuring patent rights through the application process before the PTO and others relate to enforcing the rights sought or so procured.

    We have noted, however, two errors in Overture's log. On p. 177 of Overture's privilege log, the privilege listed for the October 22, 1999 document "with handwritten attorney notes reflecting privileged communication with client regarding prosecution of the '361 patent application" by J. Naughton is "WP". The privilege designation for that document should in fact be "AP/WP" and the description should refer to enforcing patent rights, not prosecution of the application. Also, the June 15, 1999 correspondence "regarding

Heller Ehrman White & McAuliffe LLP   275 Middlefield Road   Menlo Park, CA 94025-3506   www.hewm.com

San Francisco   Silicon Valley   Los Angeles   San Diego   Seattle   Portland   Anchorage   New York   Washington, D.C.   Madison, WI
Hong Kong   Beijing   Singapore     *Affiliated Offices:*   Milan   Paris   Rome

**HellerEhrman**
ATTORNEYS

Christine P. Sun, Esq.
July 15, 2004
Page 2

the '361 patent application" between J. Naughton, R. Turer, and E. Lee was erroneously withheld as protected work product. That letter concerns a request for a prior art search that is not covered by the work product immunity. Overture will produce that document in short order.

If you have other concerns about specific entries on Overture's privilege log, I would be happy to discuss them with you further.

Sincerely,

Michael P. Wickey