# Exhibit A

Dockets.Justia.com

## Lauren Hartz-Lewis

**From:** Byrnes, Andrew C. [AByrnes@HEWM.com]
**Sent:** Wednesday, May 26, 2004 6:42 PM
**To:** Christine Sun
**Subject:** JAMS Confidentiality Agreement

Dear Christine:

Please find attached a JAMS confidentiality agreement which we obtained from JAMS. The parties should sign this agreement in advance of the mediation, so please advise with any comments or fax back the signed signature page. The form agreement, which Overture has not revised, is drafted to require the signature both of counsel and client representatives.

Further, with respect to your query regarding Google's attaching OCO materials to its mediation submission, we have no objection to your attaching such materials as long as they are attached to a confidential submission that will be seen only by the mediator and/or counsel (and also, if you attach Overture's own confidential documents/information to your mediation brief, perhaps also Overture/Yahoo employees). Please advise as to whether you intend to attach the OCO documents to such a confidential submission.

Finally, please confirm that you will email us a pdf of your mediation brief this Friday; we will do the same. If the documents are too voluminous to email, please have them messengered to Rob Fram to arrive by close of business on Friday.

Please do not hesitate to contact me regarding the above. Thank you.

<<2036736_1.rtf>>
**Andrew C. Byrnes** | Attorney | HellerEhrman | 275 Middlefield Road | Menlo Park, CA 94025
tel: 650.324.7021 | fax: 650.324.6078 | email: abyrnes@hewm.com | web: www.hewm.com
Heller Ehrman White & McAuliffe LLP

The information contained in this email message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this email message in error, please notify the sender by reply email and delete the message and any attachments.

7/30/2004

page 1/6

# JAMS

## CONFIDENTIALITY AGREEMENT (CALIFORNIA)

Re: Mediation of _____
JAMS Reference Number_____

In order to promote communication among the parties and to facilitate resolution of the dispute, the participants agree as follows:

1. This mediation process is to be considered settlement negotiations for the purpose of all state and federal rules protecting disclosures made during such process from later discovery and/or use in evidence.

2. The provisions of California Evidence Code §§ 1115-1128 and 703.5, as attached hereto, apply to this mediation. THIS CONFIDENTIALITY AGREEMENT ("AGREEMENT") EXTENDS TO ALL PRESENT AND FUTURE CIVIL, JUDICIAL, QUASI-JUDICIAL, ARBITRAL, ADMINISTRATIVE OR OTHER PROCEEDINGS.

3. The participants' sole purpose in conducting or participating in mediation is to compromise, settle or resolve their dispute, in whole or in part.

4. The privileged character of any information or documents is not altered by disclosure to the mediator. The mediation process may continue after the date appearing below. Therefore, the mediator's subsequent oral and written communications with the mediation participants in a continuing effort to resolve the dispute are subject to this Agreement. This Agreement may be signed before, during or after the mediation.

5. ANY WRITTEN SETTLEMENT AGREEMENT PREPARED DURING OR AT THE CONCLUSION OF THE MEDIATION IS SUBJECT TO DISCLOSURE, BINDING, ENFORCEABLE, AND ADMISSIBLE to prove the existence of and/or to enforce the agreement under California Code of Civil Procedure §664.6, if applicable, or otherwise.

6. Because the participants are disclosing information in reliance upon this Agreement, any breach of this Agreement would cause irreparable injury for which monetary damages would be inadequate. Consequently, any party to this Agreement may obtain an injunction to prevent disclosure of any such confidential information in violation of this Agreement.

7. The mediator is serving as a neutral intermediary and settlement facilitator and may not act as an advocate for any party. THE MEDIATOR'S STATEMENTS DO NOT CONSTITUTE LEGAL ADVICE TO ANY PARTY. ACCORDINGLY, THE PARTIES ARE STRONGLY ENCOURAGED TO SEEK LEGAL ADVICE FROM THEIR OWN COUNSEL. If the mediator assists in preparing a settlement agreement, each participant is advised to have the agreement independently reviewed by their own counsel before executing the agreement.

Executed on_____

_____   _____
for                              for


_____   _____
for                              for

CALIFORNIA EVIDENCE CODE

Mediation

**§1115.** For purposes of this chapter:
(a) "Mediation" means a process in which a neutral person or persons facilitate communication between the disputants to assist them in reaching a mutually acceptable agreement.
(b) "Mediator" means a neutral person who conducts a mediation. "Mediator" includes any person designated by a mediator either to assist in the mediation or to communicate with the participants in preparation for a mediation.
(c) "Mediation consultation" means a communication between a person and a mediator for the purpose of initiating, considering, or reconvening a mediation or retaining the mediator.

**§1116.** (a) Nothing in this chapter expands or limits a court's authority to order participation in a dispute resolution proceeding. Nothing in this chapter authorizes or affects the enforceability of a contract clause in which parties agree to the use of mediation.
(b) Nothing in this chapter makes admissible evidence that is inadmissible under Section 1152 or any other statute.

**§1117.** (a) Except as provided in subdivision (b), this chapter applies to a mediation as defined in Section 1115.
(b) This chapter does not apply to either of the following:
(1) A proceeding under Part 1 (commencing with Section 1800) of Division 5 of the Family Code or Chapter 11 (commencing with Section 3160) of Part 2 of Division 8 of the Family Code.
(2) A settlement conference pursuant to Rule 222 of the California Rules of
    Court.

**§1118.** An oral agreement "in accordance with Section 1118" means an oral agreement that satisfies all of the following conditions:
(a) The oral agreement is recorded by a court reporter, tape recorder, or other reliable means of sound recording.
(b) The terms of the oral agreement are recited on the record in the presence of the parties and the mediator, and the parties express on the record that they agree to the terms recited.
(c) The parties to the oral agreement expressly state on the record that the agreement is enforceable or binding or words to that effect.
(d) The recording is reduced to writing and the writing is signed by the parties within 72 hours after it is recorded.

§1119.   Except as otherwise provided in this chapter:
(a) No evidence of anything said or any admission made for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation is admissible or subject to discovery, and disclosure of the evidence shall not be compelled, in any arbitration, administrative adjudication, civil action, or other noncriminal proceeding in which, pursuant to law, testimony can be compelled to be given.
(b) No writing, as defined in Section 250, that is prepared for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation, is admissible or subject to discovery, and disclosure of the writing shall not be compelled, in any arbitration, administrative adjudication, civil action, or other noncriminal proceeding in which, pursuant to law, testimony can be compelled to be given.
(c) All communications, negotiations, or settlement discussions by and between participants in the course of a mediation or a mediation consultation shall remain confidential.

§1120.   (a) Evidence otherwise admissible or subject to discovery outside of a mediation or a mediation consultation shall not be or become inadmissible or protected from disclosure solely by reason of its introduction or use in a mediation or a mediation consultation.
(b) This chapter does not limit any of the following:
(1) The admissibility of an agreement to mediate a dispute.
(2) The effect of an agreement not to take a default or an agreement to extend the time within which to act or refrain from acting in a pending civil action.
(3) Disclosure of the mere fact that a mediator has served, is serving, will serve, or was contacted about serving as a mediator in a dispute.

§1121.   Neither a mediator nor anyone else may submit to a court or other adjudicative body, and a court or other adjudicative body may not consider, any report, assessment, evaluation, recommendation, or finding of any kind by the mediator concerning a mediation conducted by the mediator, other than a report that is mandated by court rule or other law and that states only whether an agreement was reached, unless all parties to the mediation expressly agree otherwise in writing, or orally in accordance with Section 1118.

§1122.   (a) A communication or writing, as defined in Section 250, that is made or prepared for the purpose of, or in the course of, or pursuant to, a mediation or a mediation consultation, is not made inadmissible, or protected from disclosure, by provisions of this chapter if either of the following conditions is satisfied:
(1) All persons who conduct or otherwise participate in the mediation expressly agree in writing, or orally in accordance with Section 1118, to disclosure of the communication, document, or writing.
(2) The communication, document, or writing was prepared by or on behalf of fewer than all the mediation participants, those participants expressly agree in writing, or

orally in accordance with Section 1118, to its disclosure, and the communication, document, or writing does not disclose anything said or done or any admission made in the course of the mediation.

(b) For purposes of subdivision (a), if the neutral person who conducts a mediation expressly agrees to disclosure, that agreement also binds any other person described in subdivision (b) of Section 1115.

§1123. A written settlement agreement prepared in the course of, or pursuant to, a mediation, is not made inadmissible, or protected from disclosure, by provisions of this chapter if the agreement is signed by the settling parties and any of the following conditions are satisfied:

(a) The agreement provides that it is admissible or subject to disclosure, or words to that effect.

(b) The agreement provides that it is enforceable or binding or words to that effect.

(c) All parties to the agreement expressly agree in writing, or orally in accordance with Section 1118, to its disclosure.

(d) The agreement is used to show fraud, duress, illegality that is relevant to an issue in dispute.

§1124. An oral agreement made in the course of, or pursuant to, a mediation is not made inadmissible, or protected from disclosure, by the provisions of this chapter if any of the following conditions are satisfied:

(a) The agreement is in accordance with Section 1118.

(b) The agreement is in accordance with subdivisions (a), (b), and (d) of Section 1118, and all parties to the agreement expressly agree, in writing or orally in accordance with Section 1118, to disclosure of the agreement.

(c) The agreement is in accordance with subdivisions (a), (b), and (d) of Section 1118, and the agreement is used to show fraud, duress, or illegality that is relevant to an issue in dispute.

§1125. (a) For purposes of confidentiality under this chapter, a mediation ends when any one of the following conditions is satisfied:

(1) The parties execute a written settlement agreement that fully resolves the dispute.

(2) An oral agreement that fully resolves the dispute is reached in accordance with Section 1118.

(3) The mediator provides the mediation participants with a writing signed by the mediator that states that the mediation is terminated, or words to that effect, which shall be consistent with Section 1121.

(4) A party provides the mediator and the other mediation participants with a writing stating that the mediation is terminated, or words to that effect, which shall be consistent with Section 1121. In a mediation involving more than two parties, the mediation may continue as to the remaining parties or be terminated in accordance with this section.

    (5) For 10 calendar days, there is no communication between the mediator and any of the parties to the mediation relating to the dispute. The mediator and the parties may shorten or extend this time by agreement.

  (b) For purposes of confidentiality under this chapter, if a mediation partially resolves a dispute, mediation ends when either of the following conditions is satisfied:

    (1) The parties execute a written settlement agreement that partially resolves the dispute.

    (2) An oral agreement that partially resolves the dispute is reached in accordance with Section 1118.

  (c) This section does not preclude a party from ending a mediation without reaching an agreement. This section does not otherwise affect the extent to which a party may terminate a mediation.

  **§1126.** Anything said, any admission made, or any writing that is inadmissible, protected from disclosure, and confidential under this chapter before a mediation ends, shall remain inadmissible, protected from disclosure, and confidential to the same extent after the mediation ends.

  **§1127.** If a person subpoenas or otherwise seeks to compel a mediator to testify or produce a writing, as defined in Section 250, and the court or other adjudicative body determines that the testimony or writing is inadmissible under this chapter, or protected from disclosure under this chapter, the court or adjudicative body making the determination shall award reasonable attorney's fees and costs to the mediator against the person seeking the testimony or writing.

  **§1128.** Any reference to a mediation during any subsequent trial is an irregularity in the proceedings of the trial for the purposes of Section 657 of the Code of Civil Procedure. Any reference to a mediation during any other subsequent noncriminal proceeding is grounds for vacating or modifying the decision in that proceeding, in whole or in part, and granting a new or further hearing on all or part of the issues, if the reference materially affected the substantial rights of the party requesting relief.

  **§703.5.** Judges, arbitrators or mediators as witnesses; subsequent civil proceeding.

  No person presiding at any judicial or quasi-judicial proceeding, and no arbitrator or mediator, shall be competent to testify, in any subsequent civil proceedings, as to any statement, conduct, decision, or ruling, occurring at or in conjunction with the prior proceeding, except as to a statement or conduct that could (a) give rise to civil or criminal contempt, (b) constitute a crime, (c) be the subject of investigation by the State Bar or Commission on Judicial Performance, or (d) give rise to disqualification proceedings under paragraph (1) or (6) of subdivision (a) of Section 170.1 of the Code of Civil Procedure. However, this section does not apply to a mediator with regard to any mediation under Chapter 11 (commencing with Section 3160) of Part 2 of Division 8 of the Family Code.