# Exhibit C

CONFIDENTIAL - UNDER PROTECTIVE ORDER

1

```
 1              UNITED STATES DISTRICT COURT
 2            NORTHERN DISTRICT OF CALIFORNIA
 3                 SAN FRANCISCO DIVISION
 4
 5
 6   OVERTURE SERVICES, INC.,        )
 7   a Delaware Corporation,         )
 8              Plaintiff,           )
 9        vs.                        ) C02-01991 JSW
10   GOGGLE INC., a California       )
11   Corporation,                    )
12              Defendant.           )
13
14
15         The videotaped deposition of JOHN G.
16   RAUCH, taken before DEBORAH A. MILLER, a Notary
17   Public within and for the County of DuPage, State
18   of Illinois, and a Certified Shorthand Reporter of
19   said state, at Suite 3600, 455 North Cityfront
20   Plaza Drive, Chicago, Illinois, on the 23rd day of
21   July, A.D. 2003, at 9:08 a.m.
22
23                    ORIGINAL
24
```

| | | |
|---|---|---|
| 09:07 | 1 | THE VIDEOGRAPHER: This is Ben Stanson of |
| | 2 | Legal Video Services, Incorporated, 205 West |
| | 3 | Randolph Street, Chicago, Illinois. I'm the |
| | 4 | operator of this camera. This is the videotaped |
| 09:08 | 5 | deposition of John G. Rauch. It's being taken |
| | 6 | pursuant to Federal Rules of Civil Procedure on |
| | 7 | behalf of the plaintiff. |
| | 8 | We are on the record on July 23rd, |
| | 9 | 2003. The time is 9:08 a.m. as indicated on the |
| 09:08 | 10 | video screen. We are at 455 Cityfront Plaza in |
| | 11 | Chicago, Illinois. This case is captioned |
| | 12 | Overture Services, Incorporated, versus Google |
| | 13 | Incorporated, Case No. C02-019910 JSW (EDL). |
| | 14 | Will the attorneys please identify |
| 09:09 | 15 | themselves for the video record. |
| | 16 | MS. DURIE: Daralyn Durie for defendant |
| | 17 | Google. |
| | 18 | MR. BERENZWEIG: Jack Berenzweig for the |
| | 19 | plaintiff Overture Services. |
| 09:09 | 20 | And I'd like to make a correction. |
| | 21 | This deposition is being taken by the defendant, |
| | 22 | not by the plaintiff. |
| | 23 | THE VIDEOGRAPHER: Sorry. Thank you. |
| | 24 | MR. WHITE: Do you want to announce me on |

|       |    |                                                              |
|-------|----|--------------------------------------------------------------|
|       | 1  | (WHEREUPON, the record was                                   |
|       | 2  | read by the reporter.)                                       |
|       | 3  | MR. BERENZWEIG: I object to the form of the                  |
|       | 4  | question.                                                    |
| 10:22 | 5  | MS. DURIE: I'll reask it.                                    |
|       | 6  | BY MS. DURIE:                                                |
|       | 7  | Q.   Did you understand the beta system to                   |
|       | 8  | constitute an experimental use as of the time of             |
|       | 9  | your initial conversation with Mr. Naughton?                 |
| 10:22 | 10 | A.   Can you explain what you mean by                        |
|       | 11 | "experimental use"?                                          |
|       | 12 | Q.   Okay. Do you have an understanding of                   |
|       | 13 | the term "experimental use" in the context of the            |
|       | 14 | patent laws?                                                 |
| 10:22 | 15 | A.   I do.                                                   |
|       | 16 | Q.   What is your understanding?                             |
|       | 17 | A.   Some public use of an invention on an                   |
|       | 18 | experimental basis more than a year prior to                 |
|       | 19 | filing a patent application can be, I guess, an --           |
| 10:23 | 20 | an exclusion from a statutory bar.                           |
|       | 21 | Q.   Okay. Let's use that definition.                        |
|       | 22 | A.   Okay.                                                   |
|       | 23 | Q.   Did you have an understanding from your                 |
|       | 24 | initial conversation with Mr. Naughton that the              |

```
13      1   beta system was an experimental use?
        2        A.   Not an experimental use as we've
        3   described it here.
        4        Q.   Fine.  Have you ever come to that
10:23   5   conclusion?
        6        MR. BERENZWEIG:  Which conclusion?
        7        MS. DURIE:  Fair enough.
        8   BY MS. DURIE:
        9        Q.   Have you ever come to the conclusion
10:23  10   that the beta system that existed more than one
       11   year prior to the filing date was an experimental
       12   use as you have defined it?
       13        A.   I haven't analyzed it closely.  As I
       14   understand the law to be on the issue of
10:24  15   experimental use, so I haven't come to such a
       16   conclusion.
       17        Q.   I take it then that you did not tell
       18   the examiner that the beta system that existed at
       19   GoTo more than one year prior to the filing date
10:24  20   was an experimental use as you have defined it?
       21        A.   That's correct.
       22        Q.   Do you recall whether when you first
       23   saw what has been marked as Exhibit 10 you made
       24   any efforts to ascertain why you had not been
```

14   1   provided with a copy of it earlier?

2   A.   I don't recall any such efforts, no.

3   Q.   Okay. Do you recall whether when you

4   first saw Exhibit 27 you made any efforts to

10:25   5   ascertain why you had not been provided with a

6   copy of it earlier?

7   A.   No, I don't recall such efforts.

8   Q.   Would it be your normal practice if you

9   learned that you had not been provided with a

10:25   10   client's press release in putting together an

11   initial IDS to make an inquiry as to why that

12   information had not been provided to you?

13   MR. BERENZWEIG: May I hear that question

14   back, please.

15   (WHEREUPON, the record was

16   read by the reporter.)

17   MR. BERENZWEIG: Your question is limited to

18   the witness' practice?

19   MS. DURIE: Yes.

20   BY THE WITNESS:

21   A.   I think it depends on the nature of the

22   press release.

23   BY MS. DURIE:

24   Q.   Let us assume that the press release is

1   my hand and affix my seal of office at Chicago,

2   Illinois, this 28th day of July, 2003.

3

4        *Deborah A. Miller* (signature)

5        Notary Public, DuPage County, Illinois.

6   My commission expires 3/01/06.

7

8

9   C.S.R. Certificate No. 84-3889.

OFFICIAL SEAL
DEBORAH A MILLER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 03/01/06

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24